# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

                     Plaintiff,      :      Case No. 3:13-cv-416

                                        District Judge Thomas M. Rose
- vs -                                  Magistrate Judge Michael R. Merz

CITY OF MIAMI TOWNSHIP, et al.,

                     Defendants.     :

## DECISION AND ORDER ON MOTION TO STAY

      This case is before the Court on Plaintiff's Motion to Stay (Doc. No. 59). As grounds therefor, Plaintiff notes:

1.    The question of whether General Motors, LLC ("New GM"), Motors Liquidation Company ("Old GM"), or both can be parties in this case must be adjudicated by the United States Bankruptcy Court for the Southern District of New York. Plaintiff agreed with New GM to file a motion to place that issue before the bankruptcy court by June 15, 2014 (Motion, Doc. No. 59, PageID 504).

2.    The underlying criminal case against Plaintiff remains pending in the Montgomery County Common Pleas Court, but that court's obligation to re-try Plaintiff under this Court's conditional writ of habeas corpus is stayed pending the outcome in the Sixth Circuit Court of

1

Appeals of the State of Ohio's appeal from this Court's denial of the State's motion to vacate the judgment in the habeas corpus case.

Plaintiff seeks a stay only pending the outcome of the bankruptcy matter and reports that a stay of this length is not opposed by Defendants Montgomery County, Kenneth Betz, Denise Rankin, and New GM (Motion, Doc. No. 59, PageID 505).

The Motion was filed May 19, 2014, so that any opposition was due to be filed not later than June 12, 2014 per S. D. Ohio Civ. R. 7.2 and Fed. R. Civ. P. 6(d).  Defendant Matthew Scott Moore filed a Brief in Opposition on May 23, 2014 (Doc. No. 63).  Defendant Richard Wolfe filed a Response in Opposition the same day (Doc. No. 64).

Defendants Miami Township, Matthew Scott Moore, Tim Wilson, Thomas Angel, Marvin Scothorn, John DiPietro, and Stephen Gray had previously jointly moved this Court for judgment on the pleadings or a stay until the criminal proceedings against Plaintiff have been concluded (Doc. No. 53, PageID 449).  Plaintiff's time to respond to this Motion was extended to June 18, 2014 and Plaintiff timely moved for an additional extension (Doc. No. 72).

On May 28, 2014, the undersigned denied the Miami Township Defendants' Motion to Recuse the undersigned (Decision, Doc. No. 65).  The Court had previously set a deadline of May 1, 2014, for any motions for disqualification (Doc. No. 46); the Miami Township Defendants were the only parties who filed such a motion.  Under Fed. R. Civ. P. 72, the deadline for appealing to District Judge Rose from the denial of recusal was June 16, 2014, and no appeal was taken.  Thus it is now the law of the case that the undersigned is not disqualified from adjudicating matters in this case on the basis of the claims made by the Miami Township Defendants in their Motion to Recuse or on the  basis of any other matter known to or

2

discoverable by any Defendant as of May 1, 2014.  The Magistrate Judge has delayed ruling on the Motion to Stay until the recusal question was finally determined.

Having considered the positions of all the parties, the Magistrate Judge believes the proper course is to stay these proceedings until the criminal case in the Ohio courts is final.  The Court's authority to grant such a stay is recognized by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007).  Defendant Moore would prefer to have the motion for judgment on the pleadings decided first, but concedes the result would be dismissal without prejudice, resulting in a re-filing if Plaintiff is acquitted.  Defendant Wolfe would prefer to have the merits completely adjudicated now, but that also may lead to piecemeal litigation.

Accordingly, further proceedings herein are STAYED pending completion of Ohio court adjudication of Plaintiff's criminal case.  The parties shall keep this Court currently informed of the status of those proceedings and of proceedings in the United States Bankruptcy Court for the Southern District of New York.

So as not to create a misimpression that this Court is not attending to its business in a diligent manner, all pending motions (Doc. Nos. 47, 51, 53, 59, and 72) to the extent not decided herein are found to be MOOT without prejudice to their renewal upon the lifting of the stay.

June 24, 2014.



Jun 24 2014 12:50 PM

X _____
Michael R. Merz