# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROGER DEAN GILLISPIE,

              Plaintiff,    :    Case No. 3:13-cv-416

                                  District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

THE CITY OF MIAMI TOWNSHIP, et al.,

              Defendants.    :

## ORDER

On June 25, 2014, this Court ordered all further proceedings in this action "stayed pending completion of Ohio court adjudication of Plaintiff's criminal case (Decision and Order, ECF No. 74, PageID 1484). On November 30, 2015, The Honorable Steven K. Dankof, Judge of the Montgomery County Common Pleas Court, entered an Order dismissing the Indictment in the criminal case on a basis that this Court reads as dispositive, i.e., that the State is unable to produce to Gillispie material required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963). *State v. Gillispie*, Case No. 1990 CR 02667 (unreported; copy attached and available on the website of the Montgomery County Clerk of Courts).

1

Accordingly, the parties are ORDERED to advise the Court in writing not later than December 15, 2015, on their positions as to whether the stay should be dissolved at this time.

December 1, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, November 30, 2015 2:01:00 PM
CASE NUMBER: 1990 CR 02667 Docket ID: 29021721
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
CRIMINAL DIVISION

| | |
|---|---|
| STATE OF OHIO, | CASE NO.: 1990 CR 02667 |
| Plaintiff, | JUDGE STEVEN K. DANKOF |
| -vs- | |
| ROGER DEAN GILLISPIE, | **ORDER GRANTING DEFENDANT ROGER DEAN GILLISPIE'S MOTION TO DISMISS INDICTMENT** |
| Defendant. | |

Montgomery County Common Pleas Court
General Division

### I. PROCEDURAL HISTORY

This matter is before the Court on Defendant Roger Dean Gillispie's ("Gillispie") January 18, 2013 Motion to Compel Discovery, and If Required Discovery Is Not Produced, to Dismiss Indictment ("Motion").

In August 1988, three women during two separate incidents in Montgomery County, Ohio were forced at gunpoint to perform oral sex on their attacker.[1] The grand jury indicted Gillispie in October 1990 on charges stemming from those incidents.[2] In February 1991, a jury found Defendant guilty of all counts against him except two counts of robbery.[3] Based on the discovery of new evidence, Gillispie was granted a new trial, but was again convicted of all charges[4] after a second jury trial in June 1991 and sentenced to a period of incarceration of twenty two to fifty six years.[5] The Second District denied Gillispie's initial appeal in 1993.[6] Thereafter and until the present, Gillispie has pursued every avenue available to him seeking reversal of his conviction.[7]

---

[1] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 486-487 (quoting *State v. Gillispie*, 2d Dist. Montgomery Nos. 22877 and 22912, 2009-Ohio-3640, ¶¶ 3-11).
[2] *Id.* at 487.
[3] *Id.* (further citations omitted).
[4] Except the two robbery counts where the jury in the February 1991 trial found Gillispie not guilty. *Id.* at 488.
[5] *Id.* Gillispie has served over twenty years of that sentence.
[6] *See State v. Gillespie*, 2d Dist. Montgomery Nos. 12941 and 13585, 1993 Ohio App. LEXIS 203, 1993 WL 10927 (Jan. 21, 1993) (Gillispie's surname is misspelled in the caption).
[7] *See State v. Gillespie*, 2d Dist. Montgomery No. 18852, 2002-Ohio-1774; *State v. Gillespie*, 2d Dist. Montgomery No. 14595, 1995 Ohio App. LEXIS 323, 1995 WL 41334 (Feb. 1, 1995) (Gillispie's surname is misspelled in the captions).

In July 2009, the Second District affirmed the trial court's denial of Gillispie's second petition for post-conviction relief and affirmed in part and reversed in part the trial court's denial of Gillispie's motion for a new trial, remanding the matter to the trial court for a hearing to determine whether Gillispie's evidence regarding alternate suspect Kevin Cobb ("Cobb") merited a new trial.[8]  On remand from the Second District's 2009 decision, this Court's predecessor "conducted a hearing on Gillispie's motion for a new trial and concluded that most of the newly discovered evidence [regarding Cobb] is inadmissible hearsay."[9]  But on April 13, 2012, the Second District found "that the trial court acted beyond its discretion in holding that the newly discovered evidence is hearsay and that the evidence is not material to Gillispie's defense,"[10] and concluded "that the newly discovered evidence creates a **strong probability that the jury would reach a different conclusion**[11] if the newly discovered evidence were before it[,]"[12] remanding the case for yet a third trial.[13]

Importantly, however, Gillispie also had sought relief in federal court **and before the Second District issued its April 13, 2012 Decision granting a new trial,** on December 15, 2011, Magistrate Judge Michael R. Merz[14] ("Judge Merz") of the U.S. District Court for the Southern District of Ohio ("Southern District") issued his Decision and Order Granting Conditional Writ of *Habeas Corpus* ("Conditional Writ").[15]  "[T]he **only** issue that [was] a part of [Gillispie's] Petition is the *Brady* [*v. Maryland*[16]] claim stemming from the **missing** supplemental reports [("Supplemental Reports")] that eliminated Gillispie as a suspect."[17] Although

---

[8] *State v. Gillispie*, 2d Dist. Montgomery Nos. 22877 and 22912, 2009-Ohio-3640, ¶ 154.
[9] *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 26.  The Second District explained that the "new evidence consisted primarily of the following: (1) Cobb has used the name Roger; (2) Cobb's voice is distinctively authoritative; (3) Cobb has bragged about working for the CIA as a contract killer; (4) Cobb asked how the 'ladies' had described their assailant although he had not been told that there were multiple rape victims; and (5) three photographs of Cobb, including one from 1990, are similar to the composite sketches and to the victims' descriptions of their attacker." *Id.* at ¶ 25 (citing *State v. Gillispie*, 2d Dist. Montgomery Nos. 22877 and 22912, 2009-Ohio-3640, ¶ 138).
[10] *Id.* at ¶ 59.
[11] Stated simply - that Mr. Gillispie would be found ***not*** guilty.
[12] *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 59 (emphasis added).
[13] *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 61 (emphasis added).  *See also State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-2942, ¶¶ 26 and 49 (The Second District, upon motions for reconsideration filed by both Gillispie and the State, granted Gillispie's motion, denied the State's motion, and deleted paragraph 45 from the original opinion, which dealt with reverse Evid.R. 404(b) analysis, but declined Gillispie's request to delete paragraph 44 of the original opinion.).
[14] Of note here is that the parties unanimously consented to Judge Merz' jurisdiction pursuant to 28 U.S.C. Section 636(c).
[15] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482 (S.D.Ohio 2011).
[16] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[17] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 496 (S.D.Ohio 2011) (quotation mark omitted; citation omitted; emphasis in original and emphasis added).

2

Judge Merz conducted an evidentiary hearing on March 10, 2011 ("March 10, 2011 Hearing"), shortly thereafter, the U.S. Supreme Court issued its *Cullen v. Pinholster*[18] decision precluding federal courts in *habeas* proceedings pursuant to 28 U.S.C. 2254(d)(1) from considering any evidence not in the state court record.[19] Expressly following *Pinholster* to the letter and based solely on the state court record, Judge Merz found that Gillispie "was denied his right to due process pursuant to the Fourteenth Amendment as interpreted by *Brady*, to be apprised of all material exculpatory and impeachment information which the State holds."[20]

While the State appealed issuance of the Conditional Writ to the Sixth Circuit,[21] thereafter, the State inexplicably moved to dismiss its appeal voluntarily, and the Sixth Circuit granted that motion.[22]

Understanding that the Second District's order for a new trial effectively removed the predicate for continuing federal *habeas* jurisdiction, Judge Merz ordered the State to show cause no later than November 19, 2012 why he should not dissolve the federal stay pending appeal in the Sixth Circuit.[23] Thereafter on December 20, 2012, Judge Merz issued his Decision and Order Denying the State's Fed.R.Civ.P. 60(b) Motion to Vacate,[24] and the Sixth Circuit affirmed that decision,[25] noting that Judge Merz was now without further jurisdiction.[26] The Sixth Circuit also declined to opine about the effect of issue preclusion in any subsequent retrial of Gillispie.[27]

On February 13, 2015, this Court conducted a status conference on the record with counsel for the parties. Thereafter on March 30, 2015, Gillispie filed his Supplemental Brief on Issue Preclusion. Also on March 30, 2015, the State filed its Pre-Trial Brief on the Mandate of the Court of Appeals and the Question of Issue Preclusion ("State's March 30, 2015 Brief").

---

[18] 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011).
[19] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 495 (S.D.Ohio 2011). Judge Merz also **re-emphasized** this point in his December 22, 2011 Decision and Order Granting Petitioner's Motion for Bond and Respondent's Motion for Stay Pending Appeal. *Gillispie v. Timmerman-Cooper*, S.D.Ohio No. 3:09-cv-471, 2011 U.S. Dist. LEXIS 147841, 3-4 (Dec. 22, 2011) (further citations omitted).
[20] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 509 (S.D.Ohio 2011).
[21] *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 325 (6th Cir.2014).
[22] *Id.*
[23] *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 326 (6th Cir.2014) (further citations omitted).
[24] *Gillispie v. Timmerman-Cooper*, S.D.Ohio No. 3:09-cv-471, 2012 U.S. Dist. LEXIS 180324, 2012 WL 6644624 (Dec. 20, 2012).
[25] *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 331 (6th Cir.2014).
[26] *Id.* at 330.
[27] *Id.* (further citations omitted).

3

Subsequently, on June 4, 2015, this Court conducted a follow-up status conference by telephone, following which Gillispie filed his July 15, 2015 Post-Status Conference Brief on Issue Preclusion ("Gillispie's July 15, 2015 Brief"). On August 17, 2015, the State filed its Brief After Status Conference on the Mandate of the Court of Appeals and the Question of Issue Preclusion ("State's August 17, 2015 Brief"). Gillispie filed his Post-Status Conference Reply Brief on Issue Preclusion on August 31, 2015 ("Gillispie's August 31, 2015 Reply").

## II.   ISSUES TO BE DECIDED AND SUMMARY OF OUTCOME

Gillispie asserts that "[t]he doctrine of collateral estoppel prohibits the re-litigation in this Court[28] of an issue ruled upon by the federal court in a prior action between the same parties"[29] and that "[t]o hold an additional hearing in this Court on an issue that the federal court has previously ruled on would be the functional equivalent of denying the application of collateral estoppel, which prohibits the mere re-litigation of an issue that is covered by a prior court's decision between the parties."[30]  And while Gillispie emphasizes that Judge Merz did not err in his analysis regarding the Conditional Writ, Gillispie urges that, pursuant to *State v. Slagle*,[31] even if the federal court had erred, "the error would be immaterial."[32]  Finally, Gillispie correctly underscores that, per *Pinholster*, Judge Merz based his decision ***solely*** on the state court record[33] and made explicit and specific factual finding regarding the existence of the Supplemental Reports.[34] Indeed.

For the reasons articulated below, Gillispie's Motion is **GRANTED** and the Indictment is **DISMISSED**.

## III.   FACTS

*The Court accepts, as it must,*[35] *Judge Merz' following factual findings set forth in his Conditional Writ:*

During the early stages of the investigation in late 1989 or early 1990, Detectives Gary Bailey ("Det. Bailey") and Steven Fritz ("Det. Fritz") of the Miami Township Police Department ("MTPD") initially

---

[28] Or ***any*** state court, for that matter.
[29] Gillispie's July 15, 2015 Brief p. 2 (emphasis omitted).
[30] Gillispie's July 15, 2015 Brief p. 2 (emphasis omitted). The State agrees that any further evidentiary hearing by this Court is unnecessary.  *See* State's August 17, 2015 Brief p. 35.
[31] 2d Dist. Montgomery No. 23934, 2012-Ohio-1575.
[32] Gillispie's July 15, 2015 Brief p. 2 (citing *Slagle*).
[33] *Id.*
[34] *See Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 508-509 (S.D.Ohio 2011).
[35] *See State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012-Ohio-1575, ¶ 41.

4

considered Gillispie a suspect after Rick Wolfe ("Wolfe") – who had just terminated Gillispie from his position with General Motors – presented Gillispie's photos to Dets. Bailey and Fritz.[36] Importantly, Wolfe *never* brought Gillispie to MTPD's attention as a suspect until *after* he had a fight with and terminated Gillispie.[37] In any event, Dets. Bailey and Fritz <u>*eliminated Gillispie*</u> "*as a suspect because he did not fit the physical description of the rapist which the victims had given nor did he fit the profile of the rapist*."[38] Eventually, Det. Fritz informed Wolfe that "he and Det. Bailey did not consider [Gillispie] a good suspect and that *there were <u>not</u> going to be charges brought against* [*Gillispie*]."[39] When Wolfe approached Dets. Bailey and Fritz again about the case and brought several photos to them, Det. Fritz simply placed the photos in the case file *because Gillispie had already been eliminated as a suspect*.[40]

Det. Bailey prepared the Supplemental Reports "describing the events involving [Wolfe], their investigation of [Gillispie], their elimination of [Gillispie] as a suspect, and their reasons therefor [*sic*]."[41]

In June 1990, recently-promoted MTPD Detective Scott Moore ("Det. Moore")[42] took over the investigation "*almost two years after the crimes were committed*."[43] Det. Moore contacted the victims and administered a photospread where Gillispie was depicted closer and larger than the individuals in the other photos, and "unlike the other photos, [Gillispie's] had a matte finish."[44] Perhaps not surprisingly, then, the victims identified Gillispie as their attacker.[45]

The jury in Gillispie's June 1991 retrial *never* heard testimony from Dets. Bailey and Fritz or the reasons why they eliminated Gillispie as a suspect.[46]

In his Conditional Writ, Judge Merz noted that the Southern District owed deference to the Second District's 2009 decision "unless it was 'contrary to, or involved an unreasonable application of clearly established' [U.S.] Supreme Court precedent * * * or it was 'based on an unreasonable determination of the

---

[36] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 508 (S.D.Ohio 2011).
[37] *Id.*
[38] *Id.* at 508-509 (emphasis added).
[39] *Id.* at 509 (emphasis added).
[40] *Id.*
[41] *Id.*
[42] Tellingly, while Dets. Bailey and Fritz and Gillispie's trial counsel Dennis Lieberman testified at the March 10, 2011 Hearing, Det. Moore did <u>*not*</u> testify. *Gillispie v. Timmerman*-Cooper, 835 F.Supp.2d 482, 494 (S.D.Ohio 2011). And there is no affidavit from Det. Moore in the state court record. *See* Gillispie's July 15, 2015 Brief p. 9.
[43] *Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 509 (S.D.Ohio 2011) (emphasis added).
[44] *Id.*
[45] *Id.*
[46] *Id.*

5

facts in light of the evidence presented in the State court proceeding.'"[47] Although Judge Merz agreed with the Second District's holding in its 2009 decision that the State was required, pursuant to *Brady*, to disclose the Supplemental Reports,[48] Judge Merz held, "in light of the total record,"[49] that he could and would not defer to the Second District's materiality conclusion regarding the Supplemental Reports[50] because "'[m]ateriality for purpose of *Brady* analysis is a **mixed question of law *and* fact**."[51] And Judge Merz concluded that the Second District's "determination that the evidence in question is not material is **both an unreasonable determination of the facts** in light of the evidence presented to those courts **and an objectively unreasonable application of Brady and its progeny**[,]"[52] and "Gillispie was denied his right to due process pursuant to the Fourteenth Amendment as interpreted in *Brady*, to be apprised of all material exculpatory and impeachment information which the State holds."[53]

    IV.    **LAW**

"The doctrine of *res judicata* involves **both claim preclusion** (historically called estoppel by judgment in Ohio) ***and*** issue preclusion (historically known as ***collateral estoppel***)."[54]

"As to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a ***complete bar*** to any subsequent action on ***the same claim between the same parties or those in privity with them***."[55]

Collateral estoppel applies anytime that: 1) the issue or fact in question was actually and directly litigated in the prior action; 2) was passed upon and determined by a court of competent jurisdiction; and 3) where the party against whom collateral estoppel is asserted is a party in privity with a party to the prior action.[56]

---

[47] *Id.* at 508 (quoting 28 U.S.C. 2254(d)(1); 28 U.S.C. 2254(d)(2)).
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.* at 509 (emphasis added).
[52] *Id.* (emphasis added).
[53] *Id.*
[54] *State ex rel. McCuller v. Cuyahoga Co. Court of C.P.*, 143 Ohio St.3d 130, 2015-Ohio-1563, 34 N.E.3d 905, ¶ 16 (citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226 (citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989))) (emphasis added).
[55] *Id.* (citing *Grava* at 381 (citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943))) (emphasis added).
[56] *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358, 637 N.E.2d 917.

6

Ohio courts have held that issue preclusion applies between federal *habeas* decisions and subsequent state court retrial proceedings, prohibiting relitigation of issues previously decided in the federal *habeas* litigation.[57]

Importantly, and pursuant to the Second District's decision in *State v. Slagle*,[58] ***even if the state court disagrees with the decision of the federal district court in the federal habeas proceedings***, "*the doctrine of collateral estoppel <u>precludes</u> <u>relitigation of that issue</u>*."[59]  Indeed.

## V.  ANALYSIS

Here, the doctrine of *res judicata*, *i.e.*, claim preclusion and collateral estoppel,[60] clearly prevents this Court from relitigating Judge Merz's conclusions of fact and law delineated in his December 15, 2011 Conditional Writ – the Supplemental Reports not only existed, they were material pursuant to *Brady*.[61] And thus Gillispie cannot be retried because, as the State ***admits***, the State does not have the Supplemental Reports and cannot produce them.[62]

Simply stated, Judge Merz's Conditional[63] Writ is "a final judgment or decree rendered on the merits by a court of competent jurisdiction [and] is a ***complete bar*** to any subsequent action on the same claim between the ***same parties <u>or</u> those in privity with them***."[64]  Of course the State of Ohio here and the Warden as Respondent before Judge Merz are in clear privity, having the exact same goal: defeating Gillispie's *Brady* claim.  And Judge Merz' Conditional Writ was clearly a final judgment from a court of competent jurisdiction.

---

[57] *See State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012-Ohio-1575; *State v. Valentine*, 8th Dist. Cuyahoga No. 96047, 2011-Ohio-5828; *State v. O'Neal*, 8th Dist. Cuyahoga No. 72662, 1998 Ohio App. LEXIS 4878, 1998 WL 723166 (Oct. 15, 1998); *State v. Apanovitch*, 107 Ohio App.3d 82, 667 N.E.2d 1041 (1995).
[58] 2d Dist. Montgomery No. 23934, 2012-Ohio-1575.
[59] *Id.* at ¶ 41 (emphasis added).  *See also id.* (quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112, 254 N.E.2d 10 (1969) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877); Restatement of the Law, Judgments, Section 45, Comment (c) and Section 68(2))).
[60] *State ex rel. McCuller v. Cuyahoga Co. Court of C.P.*, 143 Ohio St.3d 130, 2015-Ohio-1563, 34 N.E.3d 905, ¶ 16 (citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226 (citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989))).
[61] *See Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 509 (S.D.Ohio 2011).
[62] State's March 30, 2015 Brief p. 3
[63] Judge Merz' Writ was only "conditional" because it was "conditioned" on retrying Mr. Gillispie within a certain time period.  *See Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 509 (S.D.Ohio 2011).
[64] *McCuller* at ¶ 16 (citing *Grava* at 381 (citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943))) (emphasis added).

7

As stated above, Ohio courts have held consistently that issue preclusion applies with respect to federal *habeas* decisions and subsequent state court retrial proceedings, thereby prohibiting the relitigation of issues already decided in the federal *habeas* litigation.[65] And so it must be here.

And as noted by the Second District in *Slagle*, this Court could not relitigate Judge Merz' conclusions that the Supplemental Reports existed and were material per *Brady* even were this Court to believe Judge Merz' decision was reached in error.[66] Were the law otherwise, federal *habeas* relief and the doctrine of collateral estoppel would be ***eviscerated*** and the Supremacy Clause[67] turned on its head.

This Court acknowledges that the State's tactical decision to eschew filing with the State court affidavits contradicting those of Dets. Bailey and Fritz in order to establish that the Supplemental Reports never existed is odd.[68] But the State made precisely that tactical decision[69] and pursued only its formalistic, legal argument that Gillispie's affidavits did not establish a *Brady* violation as a matter of law. Judge Merz now has ruled otherwise[70] – a ruling binding upon this Court.[71]

### VI. CONCLUSION

The Court has necessarily grappled with the issues set forth herein because they are of such great import, certainly to Gillispie, but also to the three victims who were raped at gunpoint by somebody. But to ignore the jurisprudence of issue preclusion and the clear and controlling authority of *Slagle* because dismissal of the indictment may be controversial in some quarters and embarrassing in others would be the height of hubris by this Court, knowing as it does, that the victims cannot be put through yet a third trial of this matter unless and until this Court's instant decision is fully and finally vetted through the appellate process.

---

[65] *See State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012-Ohio-1575; *State v. Valentine*, 8th Dist. Cuyahoga No. 96047, 2011-Ohio-5828; *State v. O'Neal*, 8th Dist. Cuyahoga No. 72662, 1998 Ohio App. LEXIS 4878, 1998 WL 723166 (Oct. 15, 1998); *State v. Apanovitch*, 107 Ohio App.3d 82, 667 N.E.2d 1041 (1995).
[66] Which this Court most certainly does not. *See Slagle*.
[67] U.S. Constitution, Article VI, cl. 2.
[68] Unless, of course, the State knew that the Supplemental Reports existed at one time as Dets. Bailey and Fritz stated.
[69] The Second District noted in its 2009 decision that "[t]he State offered no evidence to refute Gillispie's assertion that the defense had no knowledge, at the time of trial, that Gillispie had been considered and eliminated as a suspect." *State v. Gillispie*, 2d Dist. Montgomery Nos. 22877 and 22912, 2009-Ohio-3640, ¶ 99. *See also Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482, 502 (S.D.Ohio 2011) (quoting *State v. Gillispie*, 2d Dist. Montgomery Nos. 22877 and 22912, 2009-Ohio-3640, ¶ 99).
[70] *See Gillispie v. Timmerman-Cooper*, 835 F.Supp.2d 482 (S.D.Ohio 2011).
[71] *See State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012-Ohio-1575.

Based upon the foregoing, and because the State *admits* that it cannot produce the Supplemental Reports as ordered by Judge Merz, Gillispie's Motion is **GRANTED** and the Indictment is **DISMISSED**.

SO ORDERED:

_____
JUDGE STEVEN K. DANKOF

This document is electronically filed by using the Clerk of Courts e-Filing system. The system will post a record of the filing to the e-Filing account "Notifications" tab of the following case participants:

CARLEY J. INGRAM
Assistant Prosecuting Attorney
(937) 225-5757

MARK GODSEY
Attorney for Defendant, Roger Dean Gillispie
(513) 556-0752

PIERRE H. BERGERON
Attorney for Defendant, Roger Dean Gillispie
(513) 361-1200

Elizabeth Hall, Bailiff (937) 225-4409 halle@montcourt.org

9



General Divison

Montgomery County Common Pleas Court

41 N. Perry Street, Dayton, Ohio 45422

**Type:**  Order:

**Case Number:**  1990 CR 02667

**Case Title:**  STATE OF OHIO vs ROGER DEAN GILLESPIE

So Ordered

Electronically signed by SDankof on 2015-11-30 14:01:16     page 10 of 10