UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | JUDGE ROSE |
| Plaintiff, | : | MAGISTRATE MERZ |
| | : | |
| v. | : | CASE NO. 3:13-CV-416 |
| | : | |
| CITY OF MIAMI TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT GENERAL MOTORS, LLC'S**
**RESPONSE TO DECEMBER 1, 2015 ORDER REGARDING STAY**

On December 1, 2015, the Court ordered the parties to this case to advise the Court of their positions regarding whether this case should remain stayed. Defendant General Motors LLC ("New GM") respectfully submits that, for the foregoing reasons, the stay in this case should remain in place and not be dissolved at this time.

As an initial matter, New GM notes that, on December 4, 2015, Plaintiff Roger Dean Gillispie ("Plaintiff") filed a document captioned "Plaintiff's Position Regarding Stay" in which he likewise requested this case remain stayed, particularly given that the State of Ohio will likely appeal Judge Dankof's November 30, 2015 decision in *State of Ohio v. Gillispie*, Case No. 1990 CR 02667 (Montgomery County Common Pleas) dismissing the State's indictment against Plaintiff. Since Plaintiff's filing, 11 of the defendants in this case have requested the stay remain in place for reasons similar to those articulated by Plaintiff.

New GM agrees the case should remain stayed. However, New GM respectfully submits that this case should remain stayed regardless of the status of the state court criminal case, including whether or not it is appealed. This is because Plaintiff may not prosecute this case against New GM without first obtaining leave to do so from the bankruptcy court in the *In re Motors Liquidation Company et al f/k/a General Motors Corp. et al* case, Case No. 09-50026

(REG), which is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case").  Indeed, for this reason, Plaintiff filed a Motion in the Bankruptcy Case requesting such leave.  New GM opposed Plaintiff's Motion.  Plaintiff's Motion is fully briefed and Plaintiff and New GM are awaiting the Bankruptcy Court's decision.  However, under no circumstances may Plaintiff proceed in this case against New GM unless the Bankruptcy Court first grants Plaintiff's Motion.

Absent the Bankruptcy Court granting Plaintiff's Motion, Plaintiff will be prohibited from suing New GM under the injunction provisions of the July 5, 2009 Sale Order.  The Bankruptcy Court's decision turns on whether or not it finds that New GM purchased the assets of debtor Motors Liquidation Company f/ka/ General Motors Corp. ("Old GM") free and clear of Plaintiff's claims in this case, pursuant to the "Sale Order" entered by the Bankruptcy Court on July 5, 2009.  If the Bankruptcy Court finds that New GM purchased those assets free and clear of Plaintiff's claims (because they arose from activities occurring before the closing date of the Sale Order), Plaintiff will be prohibited from suing New GM in this case.  Instead, he will be limited to seeking potential recovery on his claims from the bankruptcy estate of Old GM in the Bankruptcy Case.  New GM can provide this Court with copies of the pertinent Bankruptcy Court filings related to Plaintiff's Motion, if the Court wishes to review them.

The Bankruptcy Court has made clear, including in recent Orders, that it has the exclusive jurisdiction to determine whether persons, such as Plaintiff, are entitled to leave to pursue claims against New GM in other courts when those claims in whole or in part arise from activities that occurred before the July 5, 2009 Sale Order.  To this end, in its November 9, 2015 "Decision on Imputation, Punitive Damages, and other No-Strike and No-Dismissal Pleadings," the Bankruptcy Court specifically held "[t]he Court believes that it should not leave for a nonbankruptcy court matters that require interpretation and enforcement of the Court's earlier

[July 5, 2009] Sale Order and Judgment…The Court's role then, is a 'gatekeeper' role.  It should be the court to decide what claims and allegations get through the 'gate,' under the Sale Order." See Attached Exhibit A at pp. 12-13.  For example, on October 19, 2015, the Bankruptcy Court refused to allow a plaintiff to sue New GM in California State Court based upon claims that, like Plaintiff's claims here, he was imprisoned due to the alleged actions of Old GM/Old GM employees, all of which occurred before the July 5, 2009 Sale Order.  See Exhibit B.

For these reasons, New GM respectfully submits that Plaintiff's claims in this case cannot proceed unless Plaintiff's Motion in the Bankruptcy Case is granted.  Accordingly, New GM respectfully submits that the stay in this case should not be dissolved now, but should remain in place until the Bankruptcy Court rules on Plaintiff's Motion and all appeals therefrom, if any, are exhausted.

                                      Respectfully submitted,

                                      /s/ Jeffrey A. Lipps
                                      Jeffrey A. Lipps (0005541)
                                      Joel E. Sechler (0076320)
                                      CARPENTER LIPPS & LELAND LLP
                                      280 Plaza, Suite 1300
                                      280 North High Street
                                      Columbus, Ohio  43215
                                      Telephone:  (614) 365-4100
                                      Facsimile:  (614) 365-9145
                                      lipps@CarpenterLipps.com
                                      sechler@CarpenterLipps.com

                                      *Attorneys for Defendant*
                                      *General Motors LLC f/k/a General Motors*
                                      *Company and NGMco, Inc.*

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing was filed electronically on December 14, 2015, and that notice of this filing was sent that same day to the other parties to this case by operation of the Court's electronic filing system.

/s/ Joel E. Sechler
*One of the Attorneys for Defendant*
*General Motors LLC f/k/a General Motors*
*Company and NGMco, Inc.*

127:927:645348