# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| ROGER DEAN GILLISPIE, | : | Case No. 3:13-cv-416 |
| --- | --- | --- |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| MIAMI TOWNSHIP, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

After spending over twenty years in prison for crimes he alleges he did not commit, Plaintiff brings this suit against Defendants alleging under 42 U.S.C. § 1983, suppression of exculpatory material, suggestive identification, fabricated evidence, malicious prosecution, and destruction of exculpatory evidence; and under Ohio law, malicious prosecution, infliction of emotional distress, spoliation of evidence, and indemnification. *See* Doc. #18.

After a stay of over three years, this case is presently before the Court upon Plaintiff's Motion to Lift Stay (Doc. #98); Defendant General Motors, LLC's Response in Opposition and Motion to Continue Stay (Doc. #103); Plaintiff's Response and Reply (Doc. #104); Defendant General Motors, LLC's Reply (Doc. #106); Defendants Kenneth

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

M. Betz, John Dipietro, Stephen Gray, Miami Township, Montgomery County, Ohio, Matthew Scott Moore, Denise Rankin, Marvin Scothorn, Tim Wilson's Response in Opposition (Doc. #110); the Parties' Joint Status Report (Doc. #114); and the record as a whole.

## II. Background

In May 2014, Plaintiff filed a Motion to Stay, asserting, "in light of the pending matters before the bankruptcy court and on-going criminal prosecution, Plaintiff requests that the Court stay this matter until the bankruptcy proceedings have completed and, if necessary at that time, revisit whether any criminal proceedings might warrant a continued stay." (Doc. #59, *PageID* #505). Magistrate Judge Michael R. Merz granted Plaintiff's Motion: "further proceedings herein are STAYED pending completion of Ohio court adjudication of Plaintiff's *criminal* case." (Doc. #74, *PageID* #1484 (emphasis added)). He further found all then-pending motions (Doc. #s 47, 51, 53, 59, 72) moot without prejudice to renewal upon lifting of the stay. (Doc. #74, *PageID* #1484). Seventeen months later, in December 2015, Judge Merz ordered the parties to advise the Court of their positions as to whether the stay should be dissolved. (Doc. #82, *PageID* #s 1504-15). The parties generally indicated that at that time, because the criminal case was not yet complete, lifting the stay would be premature. *See* Doc. #s 83-88, 90-92, 94.

Plaintiff's criminal case has a long, complicated history and, to fully understand the present case, a brief summary is helpful. In August 1988, three women were attacked in Montgomery County, Ohio, and in February 1991, Plaintiff was convicted of several

2

crimes related to those attacks. Shortly after he was convicted, Plaintiff was granted a new trial based on newly discovered evidence. In June 1991, he was again convicted and sentenced to prison for twenty-two to fifty years. Plaintiff appealed his case in both state and federal court. Ultimately, Plaintiff's appeals led to the remand of his case for a third trial. But, before the third trial began in the Common Pleas Court of Montgomery County, Ohio, Judge Steven K. Dankof granted Plaintiff's "Motion to Compel Discovery, and If Required Discovery Is Not Produced, to Dismiss Indictment" and dismissed the Indictment. *See State v. Gillispie,* No. 1990 CR 02667 (Ct. Com. Pl., Montgomery Cty., Nov. 30, 2015). Upon appeal by the State, the Second District Court of Appeals affirmed Judge Dankof's judgment. *See State v. Gillispie,* 2016-Ohio-7688, 65 N.E.3d 791 (Ohio App. 2d 2016). On July 26, 2017, the Ohio Supreme Court did not accept the State's appeal. *See State v. Gillispie,* 150 Ohio St. 1409, 2017-Ohio-6964, 78 N.E.3d 909 (Table). And, as Plaintiff says, "The Ohio court criminal adjudication of Plaintiff's criminal case is now over. Forever." (Doc. #98, *PageID* #1747).

Plaintiff's proceedings in bankruptcy court have a shorter—and only slightly less complicated—history. As Plaintiff explained, "due to GM's bankruptcy during the period of Mr. Gillispie's incarceration, the issue of whether Old GM [Defendant Motors Liquidation Company f/k/a General Motors Corporation], New GM [Defendant General Motors, LLC f/k/a General Motors Company and NGMCO, Inc.], or both [(GM Defendants)] can be parties to this lawsuit is the subject of upcoming litigation before the bankruptcy court for the Southern District of New York." (Doc. #59, *PageID* #504). On June 17, 2014, Plaintiff filed a Motion for Leave to Pursue Claims Against General

Motors, LLC, and, Alternatively, to File a Post-Bar-Date Proof of Claim in the Motors Liquidation Company Bankruptcy. (Doc. #73, *PageID* #690); *In re: Motors Liquidation Co.,* No. 1:09-bk-50026, ECF Doc. #12727 (Bankr. S.D.N.Y.). Several years later, on October 18, 2017, United States Bankruptcy Judge Martin Glenn denied Plaintiff's Motion. *In re: Motors Liquidation Co.,* No. 1:09-bk-50026, ECF Doc. #14133 (Bankr. S.D.N.Y. Oct. 18, 2017).

That brings things back to the current motion before the Court: Plaintiff's Motion to Lift Stay (Doc. #98). At the time Plaintiff filed his Motion in the present case, the bankruptcy court had not ruled on his motion. Although the bankruptcy court has since issued its decision, Plaintiff, on October 26, 2017, filed a notice of appeal in that case. *In re Motors Liquidation Co.,* No. 1:09-bk-50026, ECF Doc. #14138. Thus, Plaintiff's bankruptcy-related legal issues are not yet fully resolved, and the parties' arguments in this case concerning the Stay remain extant.

### III. Standard of Review

It is well established that "'[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.,* 299 U.S. 248, 255, 57 S.Ct. 163,

166, 81 L.Ed 153 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935)); *see Ohio Envtl. Council*, 565 F.2d at 396.

Courts have generally considered four factors: "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee,* 325 F.Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis,* 299 U.S. at 255, 57 S.Ct. 163).

## IV. Discussion

### A. GM Defendants

In light of the Bankruptcy Court's Decision and Plaintiff's pending appeal—as noted in the Parties' Joint Status Report—Plaintiff "cannot currently pursue claims in this action against New GM or Old GM." (Doc. #114, *PageID* #1961). Accordingly, Plaintiff's claims against GM Defendants must remain stayed.

### B. Remaining Defendants

Plaintiff asserts, "at this juncture, there should be no dispute that Plaintiff is entitled to now pursue this action against the following Defendants: Miami Township, Matthew Scott Moore, Tim Wilson, Thomas Angel, Marvin Scothorn, John DiPietro,

5

Stephen Gray, Montgomery County, Kenneth M. Betz, Denise Rankin, Ralph Nickoson,[2] Rick Wolfe, Keith Stapleton, Robert Miller, David Burke, Robert Burke from Miami Township, and any appropriate unidentified individuals affiliated with the above." (Doc. #104, *PageID* #1933 (footnote added)).

These Defendants—at least prior to the bankruptcy court's decision—disagree. (Doc. #110). They assert that lifting the stay would be premature: "if the stay is lifted in the present case while GM is still unable to participate, Defendants may be forced to conduct discovery now, and repeat the discovery process if the Bankruptcy Court allows Plaintiff to proceed with his suit against GM." *Id.* at 1953. And, New GM asserted, "This case must remain stayed in its entirety until Plaintiff's bankruptcy motion is decided." (Doc. #106, *PageID* #1939 (emphasis in original)).

The first factor—the potentiality of another case having a dispositive effect on the present case—and the second factor—the judicial economy to be saved by waiting on a dispositive decision—weigh in favor of the stay being lifted. The outcome of Plaintiff's bankruptcy appeal does not have a dispositive effect on Plaintiff's case against non-GM Defendants. Further, there is no potential for conflicting rulings. Plaintiff's bankruptcy case does not involve legal issues similar to the constitutional or other issues in this case. The bankruptcy appeal outcome will not simplify matters as they relate to non-GM Defendants. Accordingly, these factors weigh heavily in favor of the stay being lifted.

---

[2] Plaintiff filed a Notice of Voluntary Dismissal of Defendant Ralph Nickoson without prejudice (Doc. #52). Plaintiff cannot, therefore, pursue this action against him.

The third factor—the public welfare—weighs in favor of lifting the stay. *See AES-Apex Emp'r Servs., Inc. v. Rotondo*, No. 13-CV-14519-DT, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015) ("The public, and this court, has an interest in the just and speedy resolution of its cases.").

Last, the fourth factor—the hardship/prejudice to the party opposing the stay—also favors lifting the stay. Defendants argue, "continuing the stay in this matter will not impose hardship or prejudice upon Plaintiff. This case is in its infancy. Motions to dismiss and for judgment on the pleadings are pending before this Court, and discovery has not yet begun." (Doc. #110, *PageID* #s 1953-54 (citing *Ramcharitar v. Proctor & Gamble Co.*, No. 1:15-cv-457, 2016 WL 796129, at *3 (S.D. Ohio Mar. 1, 2016)(Black, D.J.))). And, Defendants contend, "as this case has already been stayed for over three years, continuing the stay will not prejudice Plaintiff." *Id.* at 1954.

Despite this case being over four years old, Defendants are correct that discovery has not yet begun. And, prior to the stay, there were pending motions to dismiss and for judgment on the pleading. But this does not establish that Plaintiff would not be prejudiced by a continuation of the stay. *See AES-Apex Emp'r Servs., Inc.,* 2015 WL 12990376, at *1 ("a stay to allow the parties to pursue appellate options in the state case would delay this action for a lengthy period of months, if not years. Motions would grow stale and require refreshing with current law and perhaps updated facts. Additional attorney fees would be expended. Numerous motions would languish on this court's docket. This result is unpalatable to the court ….").

Further, Defendants' assertion that because this case has already been stayed for such a long period, it is not prejudicial to Plaintiff to continue the stay lacks merit. "[A] party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Plaintiff's filed his motion with the Bankruptcy Court in 2014, and the Court did not rule on his motion until October 2017—more than three years later. Plaintiff's appeal could last just as long or even longer. *See Landis,* 299 U.S. at 256, 57 S.Ct. 163 ("We are satisfied that the limits of a fair discretion are exceeded in so far as the stay is to continue in effect after the decision by the District Court …, and until the determination by this court of any appeal therefrom. Already the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by …. For the moment we fix the uttermost limit as the date of the first decision in the suit selected as a test ….").

Magistrate Judge Merz stayed this case "pending completion of Ohio court adjudication of Plaintiff's *criminal* case." (Doc. #74, *PageID* #1484 (emphasis added)). Plaintiff's criminal case is complete. Plaintiff's pending matters in bankruptcy court do not warrant a continuation of the stay.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion to Lift Stay (Doc. #98) be DENIED, in part, as to GM Defendants, and GRANTED, in part, as to the remaining Defendants;

2. Defendant New GM's Motion to Continue Stay (Doc. #103) be GRANTED, in part, as to GM Defendants, and DENIED, in part, as to the remaining Defendants;

3. The Stay (Doc. #74) be lifted as to Plaintiff's claims against all non-GM Defendants; and

4. Parties, excluding GM Defendants, be ordered to submit an Fed. R. Civ. P. 26(f) Report.

December 8, 2017											*s/Sharon L. Ovington*
															Sharon L. Ovington
															United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).