# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ROGER DEAN GILLISPIE,** | : | |
| | : | **Case No. 3:13-cv-00416** |
| PLAINTIFF, | : | |
| | : | |
| v. | : | **Judge Thomas Rose** |
| | : | |
| **CITY OF MIAMI TOWNSHIP, et al,** | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

## DEFENDANTS THOMAS ANGEL, JOHN DIPIETRO, AND STEPHEN GRAY'S MOTION FOR JUDGMENT ON THE PLEADINGS

Comes now Defendants, Thomas Angel, John DiPietro, and Stephen Gray (collectively, "Defendants"), by and through counsel, and move this Honorable Court to grant them judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) for all claims filed against these Defendants by Plaintiff Roger Dean Gillispie. Defendants' arguments in support of this request are set forth more fully herein.

Respectfully submitted,

*/s/ Lawrence E. Barbiere*
Lawrence E. Barbiere (0027106)
Jonathan T. Deters (0093976)
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
5300 Socialville Foster Road, Suite 200
Mason, OH 45040
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@smbplaw.com
Email: jdeters@smbplaw.com
*Attorneys for Defendants Stephen Gray,*
*and John DiPietro*

**M E M O R A N D U M**

I. **INTRODUCTION**

Plaintiff, Roger Dean Gillispie, seeks damages from Defendants Thomas Angel, John DiPietro, and Stephen Gray (collectively, "Defendants"), alleging they along with other former members of law enforcement worked to "frame" and "wrongfully convict" him for a series of rapes that occurred over twenty-five years ago. See First Amended Compl., ¶1 (Doc. No. 18, PageID 77). Thomas Angel was the Chief of Police with the Miami Township Police Department and Plaintiff alleges that as the Chief of Police, he instructed department investigators to investigate whether or not Mr. Gillespie perpetrated the August 1988 rapes. See First Amended Compl., ¶34, 36 (Doc. No. 18, PageID 84). However, the Supreme Court has explicitly held that "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, the claims against Thomas Angel must be dismissed.

Regarding John DiPietro and Stephen Gray, Plaintiff alleges several claims pursuant to 42 U.S.C. §1983 and other state law claims against DiPietro and Gray. None of claims are specific to these two other than to reference them as "Defendant Officers" or to name them in an extended list of former members of the Miami Township Police Department. See First Amended Compl., ¶ 77, 91, 98, 105, 112, 118, 123 (Doc. No. 18, PageID 94-100). The Amended Complaint contains no factual allegations against DiPietro or Gray which demonstrate any involvement in an alleged conspiracy to violate Plaintiff's constitutional rights. Plaintiff's specific references to DiPietro and Gray are infrequent, and can be found at paragraphs 7, 98, 105, 112, 118 and 123 of the Amended Complaint. First Amended Compl., ¶ 7, 98, 105, 112, 118, 123 (Doc. No. 18, PageID 94-100).

None of these references to Gray and DiPietro allege any specific conduct by these Defendants other than generally stating they were involved with the investigation. DiPietro and Gray were not involved in the alleged unlawful acts that Plaintiff claims occurred in his Amended Complaint and, as a result, Plaintiff has not sufficiently alleged Gray and DiPietro's personal involvement in the various counts alleged.  Because Plaintiff has failed to allege any specific conduct by either DiPietro or Gray, this Court should determine that Plaintiff cannot present a claim to relief that is plausible on its face. Thus, all claims against Gray and DiPietro should be dismissed.

It is of note that Angel, DiPietro and Gray, along with Defendants represented by other counsel, filed on May 7, 2014 a Joint Motion for Judgment on the Pleadings, or in the Alternative, to Stay the Proceedings. (Doc. 53). Due to the extended court ordered stay, all parties in this matter agreed that Defendants who wish to supplement an existing motion directed at the pleadings could do so. Rule 26(f) Report of the Parties. (Doc. 118, PageID 2018). This Court has not yet ruled on that Motion. (Doc. 53).   Thus, this Motion serves as a supplement to the previously filed Motion (Doc. 53) by these Defendants.

## II. STANDARD OF REVIEW

The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed.

R. Civ. P. 8 "does not require 'detailed factual allegations' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (C.A.6 (Ohio) 2001); *Composite Technologies, L.L.C. v. Inoplast Composites SA DE CV*, 925 F.Supp.2d 868, 873 (S.D.Ohio,2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— the pleader is entitled to relief.' " *Id.* at 679 (citing Fed.R.Civ.P. 8(a)(2)).

Applying these well-settled standards to this case, the Court should grant these Defendants' Motion for Judgement on the Pleadings because the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendants Angel, DiPietro, and Gray.

### III. ARGUMENT

#### A. All Claims against Thomas Angel, John DiPietro, and Stephen Gray Should be Dismissed.

##### 1. Federal Claims

The federal law claims against Thomas Angel, John DiPietro, and Stephen Gray include: Count I: 42 U.S.C. §1983 –Suppression of Exculpatory Material; Count III: 42 U.S.C. §1983 – Fabricated Evidence; Count [IV]: 42 U.S.C. §1983 –Malicious Prosecution; and Count V: 42 U.S.C. §1983 – Destruction of Exculpatory Evidence.

Plaintiff's federal claims against Defendant Thomas Angel should be dismissed as he is only named in this suit as being a supervisor of the detectives who investigated this matter. Thomas Angel was the Chief of Police with the Miami Township Police Department and Plaintiff simply alleges that as the Chief of Police, he instructed department investigators to investigate whether or not Mr. Gillespie perpetrated the August 1988 rapes. See First Amended Compl., ¶34, 36 (Doc. No. 18, PageID 84). Plaintiff's Amended Complaint simply alleges Angel was responsible for the actions of his officers and investigators under federal law and 42 U.S.C. §1983. The Supreme Court has explicitly held that "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) "This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each defendant* did to violate the asserted constitutional right." *Lanman v.*

5

*Hinson*, 529 F.3d 673, 684 (6th Cir.2008) (Emphasis added). Thus, all of the federal claims against Thomas Angel, even construing all of the facts of the Amended Complaint in a light most favorable to the Plaintiff, still must be dismissed.

Moreover, all the federal claims should also be dismissed against Defendants John DiPietro, and Stephen Gray because the Amended Complaint fails to put these Defendants on notice of their involvement in the claims alleged by Plaintiff. Service of the complaint should put a party on notice of the allegations against them, and DiPietro and Gray's alleged wrongdoing against Plaintiff is undefined, except for mere speculation due to Plaintiff's lack of specificity. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 718 (6th Cir. 2010) (highlighting that "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible.").

The Sixth Circuit has held it is not enough for a complaint under 42 U.S.C. §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971). Here, Plaintiff does not include even one factual allegation as to the conduct of either John DiPietro or Stephen Gray against him specifically. Plaintiff does not plead facts that establish DiPietro and Gray had any involvement in the alleged wrongs committed. In fact, the only times these two Defendants are mentioned in the Amended Complaint, Plaintiff references these Defendants as part of an extensive list and does not specifically reference any conduct or actions by DiPietro or Gray. It is settled law that a person may not be liable under 42 U.S.C. §1983 unless he or she was personally involved in the violation at issue. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982)

6

("What is required is a causal connection between the misconduct complained of and the official sued. Liability may be found only if there is personal involvement of the officer being sued.")

Ultimately, Plaintiff fails to allege that DiPietro and Gray specifically engaged in any wrongful conduct. Instead, Plaintiff relies on generalities in an attempt to encapsulate all Defendants. Plaintiff's Amended Complaint lacks any particularized facts of wrongful acts by DiPietro or Gray beyond stating the elements of the claim couched as facts, which is insufficient under *Iqbal*.

Under *Iqbal*, more than just the "sheer possibility" that the Defendants acted unlawfully is required to withstand a motion for judgment on the pleadings. Plaintiff has not pled sufficient facts to show that he is plausibly entitled to damages from John DiPietro or Stephen Gray. Despite the broad allegations against DiPietro and Gray, Plaintiff's Amended Complaint fails to allege specific facts that would support recovery under any viable legal theory against these Defendants. His allegations are vague, conclusory, and speculative.

Moreover, these Defendants are entitled to qualified immunity on these federal claims. In order to prevail on a civil rights claim under 42 U.S.C. § 1983, Plaintiff must establish that each person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Everson v. Leis*, 556 F.3d 484, 493–94 (C.A.6 (Ohio),2009) citing *Smoak v. Hall,* 460 F.3d 768, 777 (6th Cir.2006). Plaintiff must also overcome the defense of qualified immunity, which shields government officials from personal liability "for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

The issue of qualified immunity is essentially a legal question for the court to resolve. *Id.* citing *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994); *Tucker v. City of Richmond,* 388 F.3d 216, 219 (6th Cir.2004). Qualified immunity attaches when an official's conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *White v. Pauly*, 137 S.Ct. 548, 551 (U.S.,2017) citing *Mullenix v. Luna,* 577 U.S., at —— – ——, 136 S.Ct., at 308. "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Everson* at 494. "The doctrine protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted).

When, as here, the Defendants raise the qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *Everson v. Leis*, 556 F.3d 484, 493–94 (C.A.6 (Ohio) 2009) citing *Baker v. City of Hamilton,* 471 F.3d 601, 605 (6th Cir.2006). The plaintiff has the burden of showing that a right is clearly established. *Barrett v. Steubenville City Sch.,* 388 F.3d 967, 970 (6th Cir.2004). However, the defendant carries the burden of showing that the challenged act was objectively reasonable in light of the law existing at the time. *Tucker,* 388 F.3d at 220. As Plaintiff has not alleged these specific Defendants violated a clearly established right and also cannot show their conduct was not objectively reasonable, these Defendants are entitled to qualified immunity.

Accordingly, because the Amended Complaint is insufficient under *Iqbal* and these Defendants are entitled to qualified immunity, the Court should dismiss these federal claims against Defendants Thomas Angel, John DiPietro, and Stephen Gray pursuant to Civ. R. 12(c).

8

### 2. State Law Claims

#### A. Supplemental Jurisdiction should be Denied.

To the extent all federal claims are dismissed, this Court should not exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Where no subject matter jurisdiction exists over a federal claim, a federal court should not rule on pendent state issues, but instead dismiss these claims. See *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 184 (6th Cir. 1990). Exercising supplemental jurisdiction would not advance judicial economy and would result in an unnecessary resolution of state law. In addition, dismissal of these state law claims early in the proceedings minimizes any delay and inconvenience to these Defendants. See M*usson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (suggesting that dismissal of state claims is more appropriate "when the court has not yet invested a great deal of time" into their resolution).

#### B. In the event Supplemental Jurisdiction is Accepted, Plaintiff's State Law Claims Still Fail against John DiPietro and Stephen Gray.

##### 1. Count VI: Ohio State Law – Malicious Prosecution

Count VI was brought against Angel and DiPietro but not Gray. Count VI is a claim pursuant to Ohio law for malicious prosecution, under which Plaintiff alleges Angel, DiPietro, and others conspired with law enforcement to "instigate[] and continue[] the prosecution of Plaintiff without probable cause and acting out of malice." See Am. Compl, ¶112 (Doc. No. 18, PageID 99). Under Ohio law, "before a defendant can be found liable on a claim for malicious prosecution, a plaintiff must demonstrate that the defendant instituted or continued the underlying criminal proceedings against the plaintiff." *Copas v. Emro Marketing, Inc.*, 2d Dist. Montgomery No. 17275, 1999 Ohio App. LEXIS 839, at *6-7 (Mar. 5, 1999).

As set forth in detail above, the Amended Complaint fails to allege factual allegations

9

Against Mr. Angel or Mr. DiPietro to demonstrate they "instituted" criminal proceedings against Plaintiff, or had any interactions with any of the other defendants concerning the investigation and prosecution of Plaintiff. Where the Amended Complaint fails to describe any conduct to infer Angel or DiPietro had any part in the instituting of criminal proceedings against Plaintiff, Plaintiff has failed to state a claim against this defendant, and dismissal of this claim is therefore warranted.

        2.        **Count VII: Ohio State Law – Infliction of Emotional Distress**
                    **Count VIII: Ohio State Law – Spoliation of Evidence**

Ohio Revised Code 2744.04(A) is a special provision governing the statute of limitations in tort cases against political subdivisions and it prevails over the general statutes of limitations contained in R.C. Chapter 2305." *Davis v. Clark Cty. Bd. of Commrs.*, 994 N.E.2d 905, 909–10, 2013 -Ohio- 2758, ¶ 23 (Ohio App. 2 Dist.,2013) citing *Read v. Fairview Park*, 146 Ohio App.3d 15, 20, 764 N.E.2d 1079 (8th Dist.2001) (Emphasis sic.) "It applies to political subdivisions and their employees." *Id*. at 19, 764 N.E.2d 1079.

Plaintiff has made a claim for the intentional infliction of emotional distress. For the most part, Ohio courts have applied the four-year statute of limitations contained in Ohio Revised Code § 2305.09(D) to claims of intentional infliction of emotional distress. *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666, 672 (Ohio 1983), abrogated on other grounds by *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (2007); *Monak v. Ford Motor Co.,* 95 Fed.Appx. 758, 761 (6th Cir.2004). However, one Ohio court has held that where a claim for intentional infliction of emotional distress is brought against a political subdivision or its employees, the two-year statute of limitations found in Ohio Revised Code § 2744.04(A) applies. *Gnezda v. City of N. Royalton*, 2004 WL 637781 *3 (Ohio Ct.App. Apr. 1, 2004) (explaining that two-year statute of limitations under section 2744.04(A) applies because special provision governing the statute of limitations in tort cases against political subdivisions prevails over the general statutes of

limitations contained in Ohio Revised Code Chapter 2305) (citing *Koncsol v. Niles*, 105 Ohio App.3d 535, 664 N.E.2d 616, 618 (Ohio Ct.App.1995)).21

Regardless of whether the two-year statute of limitation under Ohio Revised Code § 2744.04(A) or the four-year statute of limitation under Ohio Revised Code § 2305.09(D) is applied, Plaintiff's claim for intentional infliction of emotional distress is untimely. Plaintiff's allegations relate to allegedly tortious conduct and an alleged injury that occurred more than 25 years ago. A cause of action for intentional infliction of emotional distress accrued at the time that the injury is incurred and the emotional impact is felt. *Cummins v. Madison Correctional Institution,* 2011-Ohio-1608, ¶ 10 (10 Dist., Ohio).

Similarly, the claimed spoliation of evidence allegedly occurred far more than two years before the filing of the present case. Under Ohio law, spoliation is an intentional tort. See, e.g., *Smith v. Howard Johnson Co., Inc.,* 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). As stated above, the limitations period in R.C. 2744.04(A) applies to both political subdivisions and their employees. *Davis v. Clark Cty. Bd. of Commrs*., 2d Dist., 2013-Ohio-2758, 994 N.E.2d 905, ¶ 23; *Gnezda v. N. Royalton*, 8th Dist. No. 83268, 2004-Ohio-1678, 2004 WL 637781, ¶ 15. R.C. 2744.04(A) is a special provision governing the statute of limitations in tort cases against political subdivisions and their employees and, thus, it prevails over general statutes of limitations. As such, this claim is barred also. Therefore, both Count VII and VIII are barred by the two-year statute of limitations provided for in Ohio Revised Code 2744.04.

### 3. Angel, DiPietro and Gray are entitled to statutory immunity under Ohio law.

Defendants are entitled to immunity from suit under Ohio Revised Code 2744.03. Under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability, unless one of the following applies: (a) The employee's acts or omissions were manifestly outside the scope

11

of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. There are no allegations in the Amended Complaint that these Defendants acted outside the scope of their employment or official responsibilities. There is also no sufficient allegations claiming that the police officers' conduct was wanton or reckless so as to abrogate immunity. O.R.C. § 2744.03(A)(6)(b).  In defining the terms *wanton and reckless*, the Ohio Supreme Court has held "Wanton misconduct" is purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. *Anderson v. Massillon*, 134 Ohio St. 3d 380, 388 (2012).  "Reckless conduct" is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id.*  In this case, Plaintiff has not alleged that specific wanton misconduct or reckless conduct by these Defendants. Furthermore, Plaintiff has proffered no allegations that civil liability is expressly imposed upon these Defendants by a section of the Ohio Revised Code. Accordingly, the conduct of Angel, DiPietro, and Gray does not rise to the level necessary to remove the cloak of statutory immunity and Plaintiff's state law claims fail.

### III. CONCLUSION

For the reasons stated above, Defendants Thomas Angel, John DiPietro, and Thomas Gray request that this Honorable Court grant this Motion for Judgment on the Pleadings, and dismiss Plaintiff's claims against these Defendants with prejudice.

Respectfully submitted,

*/s/ Lawrence E. Barbiere*
Lawrence E. Barbiere (OH #0027106)
Jonathan T. Deters (OH #0093976)
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
5300 Socialville- Foster Road
Mason, OH 45040
(513) 583-4204
513-583-4203 (Fax)
Email: jdeters@smbplaw.com
*Attorneys for Defendants Stephen Gray,*
*and John DiPietro*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017 a copy of the foregoing was filed using the Clerk of Court's CM/ECF filing system which will send Notification of such to all counsel of record.

*/s/ Lawrence E. Barbiere*
Lawrence E. Barbiere (0027106)