# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| ROGER DEAN GILLISPIE, | : | CASE NO. 3:13-CV-416 |
|---|---|---|
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| v. | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | **DEFENDANT, THE CITY OF MIAMI TOWNSHIP'S SUPPLEMENTAL MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| Defendants. | : | |

Defendant, Miami Township, Ohio (erroneously designated as The City of Miami Township), through its undersigned counsel, and pursuant to Rule 12(c) and the agreement of the parties in their Rule 26(f) report (Doc. 118) and email correspondence dated February 1, 2018, respectfully submits its Supplemental Motion for Partial Judgment on the Pleadings. Defendant, Miami Township respectfully moves this Honorable Court for an Order granting it judgment on the pleadings as to Plaintiff's claim for Ohio State Law – Indemnification under Count IX (erroneously designated Count VIV) of Plaintiff's Amended Complaint. The reasons for this Motion are set forth in the attached Memorandum.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
SURDYK, DOWD & TURNER, CO., L.P.A
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 || (937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
cherman@sdtlawyers.com
Trial Attorneys for Defendant, Miami
Township, Ohio

1

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff filed suit against Defendant, Miami Township, Ohio ("Miami Township") concerning the investigation, prosecution, and conviction of Plaintiff for the rapes of three women in 1988. He brought federal claims against Miami Township under 42 U.S.C. § 1983 for suppression of exculpatory material, suggestive identification, fabricated evidence, malicious prosecution, and destruction of exculpatory evidence, and a state law claim for indemnification under Ohio Revised Code 1729.031. Miami Township now moves this Court for judgment on the pleadings with respect to the indemnification claim because such a claim cannot be filed by a tort claimant against a political subdivision under Ohio law and R.C. 1729.031 does not apply to a political subdivision. Accordingly, this Court should grant Miami Township judgment on the pleadings with respect to Plaintiff's indemnification claim.

**II.   STATEMENT OF FACTS**

Miami Township incorporates, herein, the statement of facts in its Joint Motion for Judgment on the Pleadings (Doc. 53, PageID 444-46).

**III.   LAW AND ARGUMENT**

**A.   Plaintiff cannot prevail on his indemnification claim against Miami Township**

The Amended Complaint asserts that "pursuant to Ohio Revised Code, § 1729.031, Defendant Miami Township *** [has] a statutory duty to indemnify [its] current and/or former employees for any judgment entered against them personally in this action for their conduct taken while they were employed by Defendant Miami Township ***." (Doc. 18, PageID 101.) Although R.C. 1729.031 creates a statutory duty for an association to indemnify a person who "acted in good faith and in a manner the person reasonably believed to be in or not opposed to the

best interests of the association," Miami Township is not subject to R.C. 1729.031, and, therefore, it does not apply. Revised Code 1729.031(G) defines "association" as follows:

> As used in this section, "association" includes all constituent associations and entities in a consolidation or merger and the new or surviving association or entity.

Plaintiff has not alleged that Miami Township is an "association" as that term is used in R.C. 1729.031, nor has he alleged any facts to support that it is an entity that was involved in a consolidation or merger such that it could be considered an "association." Indeed, Miami Township cannot be any of those types of organizations because, as admitted in its Answer to Plaintiff's First Amended Complaint, it is a political subdivision within the State of Ohio. (Doc. 36, PageID 284.) Counsel for Miami Township has found no precedent where a court applied the indemnification duties under R.C. 1729.031 to a political subdivision, and so it is clear that Plaintiff's indemnification claim against Miami Township under this section must fail.

Assuming, *arguendo*, Plaintiff intended to assert an indemnification claim against Miami Township under Ohio Revised Code 2744.07, his claim still must fail. Revised Code 2744.07(A)(2) provides:

> Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages from injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities.

R.C. 2744.07(A)(2). A plain reading of the statute shows that the employee against whom a judgment is obtained has standing to bring a private cause of action to enforce the political subdivision's obligations under the statute – it does not authorize a tort claimant to sue the political

3

subdivision directly for alleged damages. This premise is well-established and overwhelmingly supported by both Ohio state and federal case law.

The Ohio Eighth District Court of Appeals recently considered this issue in *Ayers v. City of Cleveland*, 8th Dist. Cuyahoga No. 105074, 2017 WL 5499303 (Nov. 16, 2017). Ayers prevailed in an action against city detectives on civil claims alleging police misconduct, and then brought a statutory indemnification claim against the city. The court considered whether Ayers, as a judgment creditor, had standing to bring a private cause of action against the city to enforce its obligations to the detectives, and ultimately found that he did not. *Id.* at *5. After reviewing and finding that Ayers did not meet the criteria of the test for determining whether a private cause of action arises by implication under a particular statute, namely R.C. 2744.07, the court stated that:

> [T]he purpose of R.C. 2744.07(A)(2) is not to benefit third parties who have been injured by the acts of a state employee, but rather, to shield the employee from financial ruin resulting from an act committed in good faith and within the scope of employment.

*Id.* at *6. The *Ayers* court also found that its interpretation of the statute was consistent with other state courts that considered the issue. *See Piro v. Franklin Twp.*, 102 Ohio App.3d 130, 131, 656 N.E.2d 1035 (9th Dist. 1995) (holding that R.C. 2744.07(A)(2) obligates the political subdivision to indemnify its *employees* if they are found liable for a good faith act that is related to a governmental or proprietary function); *Stengel v. Columbus*, 74 Ohio App.3d 608, 612, 600 N.E.2d 248 (10th Dist. 1991) ("R.C. 2744.07(A)(2) creates a statutory obligation to indemnify rather than a means to enforce a judgment.").

Federal courts have likewise reached similar conclusions. *See Ajamu v. Cleveland*, N.D.Ohio No. 1:12-cv-1320, 2016 WL 4013596, at *2 (July 27, 2016) ("[T]he right of indemnification [under R.C. 2744.07(A)(2)] is the right of the employee; it does not create a cause

of action or any enforceable right against the city in favor of a plaintiff who sues a municipal employee." (citation omitted)); *Shoup v. Doyle*, 974 F.Supp.2d 1058 (S.D.Ohio 2013) ("R.C. 2744.07(A)(2) does not provide Shoup with a cause of action against the City or anyone…"); *Jackson v. City of Cleveland*, No. 1:15-cv-989, 2016 WL 3952117, at *2 (N.D.Ohio July 20, 2016) (dismissing indemnification claim and citing same Ohio state and federal cases)[1].

Even if Plaintiff could allege a direct claim for indemnification against Miami Township, the allegations supporting such a claim under R.C. 2744.07(A)(2) fail to allege sufficient facts to establish the claim. A political subdivision's duty to indemnify its employee arises only if "the employee was acting in good faith and within the scope of employment or official responsibilities." R.C. 2744.07(A)(2). Here, although Plaintiff alleges Miami Township's officers acted within the scope of their employment, Plaintiff's Amended Complaint does not allege that they acted in good faith. Instead, he alleges a litany of conduct that sounds in bad faith and, in fact, he uses the term bad faith. Consider the following allegations:

- Defendant Moore "fabricated evidence, withheld and destroyed evidence, unlawfully undermined Mr. Gillispie's defense, and ultimately provided false and misleading testimony at Mr. Gillispie's criminal trials" (Doc. 18, PageID 86 at ¶ 45);

- Defendant Officers removed case file supplemental reports which included exculpatory evidence for Mr. Gillispie and destroyed these reports to prevent Mr. Gillispie from using them in his defense (id., PageID 87 at ¶ 49-51);

- Defendant Officers "concealed, destroyed (or took actions designed to cause the destruction of) evidence," and Defendant Moore destroyed recordings of interviews of witnesses and suspects (id., PageID 89 at ¶ 56-58);

- Defendant Officers identified, obtained, and destroyed registration cards from a campground supporting Mr. Gillispie's alibi (id., PageID 90 at ¶ 60);

---

[1] Plaintiff's counsel in this case also represented the plaintiff in the *Jackson* case.

5

- Defendant Officers caused alleged exculpatory DNA evidence to be lost, compromised, and destroyed (id., PageID 92 at ¶ 69, 71); and

- Defendant Officers "suppressed, destroyed, or caused to be destroyed exculpatory and materially-favorable evidence, including but not limited to police reports, audio recordings, alibi evidence, and crime-scene evidence containing genetic material" in bad faith (id., PageID 98-99 at ¶ 105).

These allegations clearly sound in bad faith, thereby preventing Plaintiff from making a direct claim for indemnification (which, based on the case law, he cannot do). For this additional reason and all of the other reasons, the Court should find that Miami Township is entitled to a judgment on the pleadings as to Plaintiff's indemnification claim.

## IV.   CONCLUSION

In light of the foregoing, because Plaintiff is unable to prove any set of facts entitling him to relief against Defendant Miami Township on his state law indemnification claim, Defendant Miami Township respectfully moves this Honorable Court for an Order granting its Supplemental Motion for Partial Judgment on the Pleadings and dismissing the aforementioned claim against it, with prejudice.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
SURDYK, DOWD & TURNER, CO., L.P.A
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 || (937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
cherman@sdtlawyers.com
Trial Attorneys for Defendant, Miami Township, Ohio

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on February 8, 2018, using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

Michele L. Berry, Esq.
The Law Office of Michele Berry, LLC
114 East 8th Street
Cincinnati, Ohio 45202

Michael Kanovitz, Esq.
David B. Owens, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
*Attorneys for Plaintiff*

Laura G. Mariani, Esq.
Joseph D. Saks, Esq.
Benjamin A. Mazer, Esq.
Montgomery County Prosecutor's Office
301 West Third Street, P.O. Box 972
Dayton, Ohio 45422
*Attorneys for Defendants, Montgomery County, Ohio, Kenneth M. Betz, Denise Rankin, and Unidentified Employees of the Miami Valley Regional Crime Lab*

Jeffrey A. Lipps, Esq.
Joel E. Sechler, Esq.
Carpenter & Lipps LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
*Attorneys for Defendant, General Motors, LLC f/k/a General Motors Company and NGMCO, Inc.*

Steven P. Goodin, Esq.
Anthony R. Robertson, Esq.
Graydon Head & Ritchey LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
*Attorney for Defendants, Keith Stapleton and David Burke*

Lawrence E. Barbiere, Esq.
Jonathan T. Deters, Esq.
Schroeder, Maundrell, Barbiere & Powers
5300 Socialville Foster Road, Suite 200
Mason, Ohio 45040
*Attorneys for Defendants, Thomas Angel, Stephen Gray, and John DiPietro*

Dwight Dean Brannon, Esq.
Matthew C. Schultz, Esq.
Brannon & Associates
130 West Second Street, Suite 900
Dayton, Ohio 45402
*Attorney for Defendant, Richard Wolfe*

Todd M. Raskin, Esq.
Cara M. Wright, Esq.
Carl E. Cormany, Esq.
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
*Attorneys for Defendant, Matthew Scott Moore*

Patrick Kasson, Esq.
Keona R. Padgett, Esq.
Kari Hehmeyer, Esq.
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
*Attorneys for Defendants, Tim Wilson and Marvin Scothorn*

Rory E. Garrity, Esq.
Freund Freeze & Arnold
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
*Attorney for Defendant, Robert Miller*

/s/ Edward J. Dowd
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)