# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ROGER DEAN GILLISPIE,** | : | **CASE NO.: 3:13-cv-416** |
| Plaintiff, | : | Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| **THE CITY OF MIAMI TOWNSHIP, et al.,** | : | **MOTION OF DEFENDANTS MONTGOMERY COUNTY OHIO,** |
| | : | **KENNETH M. BETZ, and DENISE** |
| Defendants. | | **RANKIN TO SEQUENCE ISSUES AND** |
| | : | **TO STAY DISCOVERY PENDING** |
| | | **DISPOSITIVE MOTION RULING** |
| | : | |

Defendants Montgomery County, Ohio, Kenneth M. Betz, and Denise Rankin (the "County Defendants"), move to sequence the issues and, pursuant to Fed. R. Civ. P. 26(c), to stay written discovery as to the County Defendants pending the Court's decision on the County Defendants' Motion to Dismiss (Doc. 51) and Supplemental Motion to Dismiss (Doc. 124). Kenneth M. Betz is the former Director of the Miami Valley Regional Crime Laboratory ("MVRCL"). Denise Rankin is a former employee of the MVRCL, who analyzed the physical evidence in Plaintiff's criminal case, including hair samples from the clothing of twin sexual assault victims B.W. and C.W.

The First Amended Complaint ("FAC") (Doc. 18) fails to satisfy Rule 12(b)(6) standards: Plaintiff pleads almost no facts as to the County Defendants, and the facts that Plaintiff does plead are threadbare, conclusory allegations. Moreover, the County Defendants' motions to dismiss establish that Plaintiff cannot state a claim for any constitutional violation; that the County Defendants are entitled to immunity under both federal and state law; and that Plaintiff cannot state a claim for the sole state-law claim against the County Defendants, spoliation.

This Court should set a sequence of issues to be decided, started with whether the First Amended Complaint states a claim as to the County Defendants. Further, this Court should stay written discovery as to the County Defendants pending the Court's decision on the County Defendants' Motion to Dismiss and Supplemental Motion to Dismiss. It appears likely that discovery in this case will be expansive. Plaintiff's allegations against the County Defendants, such as they are, are frivolous. A stay of discovery will spare the County Defendants the burden and expense of discovery in this matter, but will not unduly prejudice or tactically disadvantage the Plaintiff. A certification pursuant to Loc.R. 37.2 is attached hereto. A Memorandum in Support of this Motion follows.

    Respectfully submitted,

    MATHIAS H. HECK, JR.
    PROSECUTING ATTORNEY

    By: /s/ Joseph D. Saks
    Joseph D. Saks (0088082)
    Benjamin A. Mazer (0087756)
    Assistant Prosecuting Attorneys
    301 West Third Street
    P.O. Box 972
    Dayton, Ohio 45422
    Telephone: (937) 225-5705
    Fax Number: (937) 225-4822
    E-mail: saksj@mcohio.org
           mazerb@mcohio.org

    Attorneys for Defendants Montgomery County, Ohio, Kenneth M. Betz and Denise Rankin

**MEMORANDUM IN SUPPORT**

The allegations in Plaintiff's First Amended Complaint ("FAC") break down into two separate sets of alleged misconduct. Plaintiff devotes the vast majority of his First Amended Complaint to alleging a conspiracy between Miami Township police officers and General Motors employees to convict him by destroying evidence, using suggestive procedures to cause Plaintiff to be misidentified, and pressuring and manipulating witnesses. *See* FAC, ¶¶ 1, 29-71. Plaintiff separately devotes a handful of paragraphs in his First Amended Complaint to allegations that his wrongful incarceration "was extended" when Defendants Denise Rankin and Kenneth Betz discarded forensic evidence—specifically, hair samples. *See id.* at ¶¶ 1, 67-69. Plaintiff sets forth nine claims in his First Amended Complaint but does not allege any facts against the County Defendants as to the following five claims: suggestive identification under § 1983 (Count II); fabricated evidence under § 1983 (Count III); malicious prosecution under § 1983 (Count IV (mislabeled ("Count VI")); malicious prosecution under state law (Count VI); or intentional infliction of emotional distress under state law (count VII).

The County Defendants seek a limited and temporary stay of discovery pending the resolution of the County Defendants' Motion to Dismiss (Doc. 51) and Supplemental Motion to Dismiss (Doc. 124). The County Defendants seek a stay only of written discovery as to the County Defendants. This stay would not apply to initial Rule 26(a) disclosures, as the County Defendants made said disclosures on February 12, 2018. This Court should grant the proposed stay because Plaintiff's claims against the County Defendants are frivolous, and the County Defendants are entitled to qualified immunity as to Plaintiffs' claims. Moreover, the proposed

3

stay would simplify the issues in this case, reduce the burden of litigation for the parties and the court, and would not unduly prejudice or tactically disadvantage Plaintiff.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

A district court will commonly consider the following factors when deciding whether to grant the stay: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Hogan v. Cleveland Ave Restaurant, Inc.*, No. 2:15-CV-2883, 2017 WL 5005422, *2 (S.D. Ohio Nov. 1, 2017) (citing *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). "The movant bears the burden of showing both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Id.* (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

"Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir.2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir.1995)). A stay may be granted where a motion to dismiss "raises an issue such as immunity from suit, which would be

4

substantially vitiated absent a stay," or where "it is patent that the case lacks merit and will almost certainly be dismissed." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, *2 (S.D.Ohio Sept. 7, 2010). *Accord MacConnell v. Plummer*, No. 3:13CV00034, 2013 WL 3475164 (S.D. Ohio July 10, 2013) (Ovington, M.J.) (granting motion to stay discovery filed by Montgomery County Sheriff Phil Plummer to allow Court to decide motion to dismiss that raised a qualified immunity defense); *CareToLive. v. von Eschenbach*, No. 2:07-CV-729, 2007 WL 3232454 (S.D.Ohio Nov. 1, 2007) (Frost, J.) (granting motion to stay discovery to permit Court to consider qualified immunity defense raised in motion to dismiss).

Before this Court permits written discovery in this case as to the County Defendants, this Court should decide the threshold legal issues raised by the County Defendants in their motions to dismiss:  whether Plaintiff alleged sufficient facts to state any claims; whether the County Defendants could have violated Plaintiff's rights under *Brady* under the facts alleged; and whether the individual County Defendants are entitled to qualified immunity.  As is more fully detailed in the County Defendants' motions, Plaintiff's allegations against the County Defendants amount at most to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007).  The claims in Plaintiff's First Amended Complaint against the County Defendants are frivolous, and the County Defendants will be entitled to dismissal of all claims against them.

Requiring the County Defendants to engage in written discovery at this early state of the proceedings would be particularly burdensome on the County Defendants.  Plaintiff's allegations against the Miami Township and GM Defendants amount to a vast conspiracy to convict an innocent man.  These allegations have nothing to do with the County Defendants:  Plaintiff does not allege that the County Defendants participated in the alleged conspiracy amongst the Miami

Township and GM Defendants to secure Plaintiff's conviction by destroying, concealing, and fabricating evidence, and by manipulating witnesses.  Plaintiff's allegations against the County Defendants—that the County Defendants caused hair samples to be destroyed—are a sideshow: they have nothing to do with the alleged conspiracy to convict Plaintiff.  Staying written discovery as to the County Defendants would therefore simplify the issues in this case and reduce the burden of litigation on the parties and on the court.

Moreover, Plaintiff would not be unduly prejudiced or tactically disadvantaged by a temporary stay of written discovery as to the County Defendants.  Records of the Miami Valley Regional Crime Laboratory and of other Montgomery County agencies may be obtained by any party via a public records request.  Responses of the County Defendants to written discovery would have little, if any, impact on Plaintiff's separate claims of a conspiracy between the Miami Township and GM Defendants.  Finally, Plaintiff need not engage in any discovery in order to respond to the County Defendants' Motion to Dismiss and Supplemental Motion to Dismiss.

**Conclusion**

For all of the foregoing reasons, this Court should set a sequence of issues to be decided, started with whether the FAC states a claim as to the County Defendants.  This Court should also grant Defendants Montgomery County, Denise Rankin, and Kenneth Betz a stay of written discovery pending the resolution of the County Defendants' Motion to Dismiss and Supplemental Motion to Dismiss.

Respectfully submitted,

MATHIAS H. HECK, JR.
PROSECUTING ATTORNEY

By: /s/ Joseph D. Saks
Joseph D. Saks (0088082)
Benjamin A. Mazer (0087756)
Assistant Prosecuting Attorneys
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 225-5705
Fax Number: (937) 225-4822
E-mail: saksj@mcohio.org
mazerb@mcohio.org

Attorneys for Defendants Montgomery County, Ohio, Kenneth M. Betz and Denise Rankin

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties in this case registered with the CM/ECF system, or, if they are not registered users, by mailing a copy via certified United States mail.

By: /s/ Joseph D. Saks
Joseph D. Saks (0088082)