## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | CASE NO. 3:13-CV-416 |
| Plaintiff, | : | Judge Thomas Rose |
| v. | : | **DEFENDANT MIAMI TOWNSHIP'S FIRST SET OF** |
| CITY OF MIAMI TOWNSHIP, *et al.*, | : | **INTERROGATORIES AND REQUEST FOR PRODUCTION OF** |
| Defendants. | : | **DOCUMENTS TO PLAINTIFF** |

Now comes Defendant Miami Township, by and through counsel, and hereby demands that Plaintiff Roger Dean Gillispie answer the attached Interrogatories and Request for Production of Documents in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Said Interrogatories shall be answered in writing and under oath within thirty (30) days after service and shall be of a continuing nature and supplemented as necessary. All answers shall be provided on the basis of personal knowledge or on the basis of constructive knowledge as this may be imputed to you from any agent or attorney. Defendant Miami Township also hereby requests that Plaintiff Gillispie produce the requested documents for inspection and copying at the law offices of Surdyk, Dowd & Turner Co., L.P.A., 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458. Said documents shall be produced thirty (30) days from the date of this request.

### DEFINITIONS AND INSTRUCTIONS

1.    The terms "you," "your," "Plaintiff," "Plaintiff Gillispie" or "Gillispie" shall mean and refer to Plaintiff Roger Dean Gillispie and/or all persons, agents, and representatives acting or purporting to act on his behalf for any purpose whatsoever.



DEFENDANT'S EXHIBIT

2.     The term "Miami Township" or the "Township" shall mean and refer to Defendant Miami Township.

3.     The term "Complaint" shall mean and refer to the Amended Complaint filed by Plaintiff in the United States District Court for the Southern District of Ohio, Western Division, captioned *Roger Dean Gillispie v. The City of Miami Township, et al.* Case No. 3:13-CV-00416.

4.     "Document" shall mean each and every document as defined in Federal Rule of Civil Procedure 34 in your possession, custody or control, however and by whomever prepared, produced, reproduced, disseminated or made, in any form (including without limitation electronically or magnetically stored data), wherever located, whether a copy, draft or original, including, but not limited to the following: letters, minutes, correspondence, notes or summaries of conversations, memoranda, agreements, desk calendars, appointment books, diaries, books, manuals, bulletins, circulars, catalogs, charts, electronic mail or e-mail transcripts, text messages, reports, studies, evaluations, analyses, graphs, notices, notes, notebooks, journals, statistical records, maps, laboratory results, medical records, radiology studies, glass slides, sketches, data sheets, data compilations, computer data sheets, photographs, movie film, videotapes, sound recordings, microphone, microfiche and any other written, printed, typed, recorded or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useful form.

5.     The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. "Address" shall mean street number and street name, office or suite number, city or town, state and zip code.

8. The word "communication" means each and every disclosure, transfer or exchange of information (in the form of facts, ideas, or otherwise), whether oral or in writing, and whether in person, by telephone, by regular or electronic mail, text message, any other electronic communication or otherwise.

9. The words "relating to" mean constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

10. To "identify" a document means to state the type of document (e.g., letter, memo, notes, etc.), the date of the document, its author or originator, its addressee, those persons to whom copies were sent, a description of the subject matter of the document, and the identity of its custodian or present location. Please give this information in sufficient detail to enable a request for production or subpoena to sufficiently identify the documents sought. Instead of identifying the document in the manner set forth above, you may attach to your answers copies of the documents for which identification is sought, and specify the particular interrogatory to which the document is responsive.

11. To "identify" a person means to state the person's full name and present or last known home and business address and telephone numbers, the person's present or last

3

known employer and position, and the nature and dates of any past or present affiliation between the person and any party to this lawsuit.

12.     In answering these discovery requests, you must disclose information which is in your possession, custody or control or within the possession, custody or control of your attorneys, agents, experts, investigators, or other representatives of you or your legal counsel. If you are able to answer part but not all of a discovery request, you must nevertheless answer to the maximum extent possible. If you are unable to answer any discovery request because you lack sufficient information, you must describe what information you cannot provide and state what efforts you have made to obtain the unknown information. Further, if any part of any answer is based on information or belief, you must identify the source of your information or the basis for your belief.

13.     If you refuse to answer a discovery request on the grounds of privilege or work product, in a privilege log, describe the basis of the claim fully and in detail so that Defendant may make an informed judgment about whether to move to compel the answer.

14.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a continuing duty to seasonably supplement all discovery responses. In addition, if you later discover or obtain additional information that is responsive to any interrogatory or request to produce, you must submit supplemental answers disclosing that information as promptly and as long before the trial date as possible.

4

## INTERROGATORIES

1.      What is your full name, address, date of birth, and Social Security number?

**ANSWER:** Plaintiff objects to this request to the extent it seeks confidential and

protected information before the entry of a protective order. Subject to and

without waiving that objection, Plaintiff states his name is Roger Dean

Gillispie, he was born on 4/10/1965; that he lives in Fairborn, Ohio area; and

that he may be contacted through counsel.

2.      Are you presently or have you ever been enrolled in Medicare Part A or B?

**ANSWER:** No.

3.      What person or persons have any knowledge or information about any of the
allegations or any of the facts underlying any of the allegations set forth in the
Complaint? Include the last known address and telephone number of each
person.

**ANSWER:** Please see Plaintiff's Rule 26(a) disclosures and witness list. Plaintiff

reserves the right to supplement this list as discovery proceeds.

4.      What is the name and address of any other person you expect, hope or
anticipate calling as a lay witness on your behalf at the trial of this case, and
what is the subject on which each person is expected to testify?

**ANSWER:** Plaintiff objects to this request as overbroad, vague, and to the extent it

intrudes on the attorney-client privilege, and will further depend upon the

rulings of the Court. Without waiving and subject to those objections, see

Plaintiff's Rule 26(a) disclosures and witness list.

5.      What is the name and address and area of expertise of each person you expect,
hope or anticipate calling as an expert witness at the trial of this case, and what
is the subject on which each such expert is expected to testify?

**ANSWER:** Plaintiff objects to this request as premature. Plaintiff will disclose his

experts in accordance with the schedule set for by the Court and under Rule 26.

6.    What is the name, office address and specialty, if any, of each hospital, physician, or practitioner of any healing art, including but not limited to any psychologist, psychiatrist, counselor, or social worker, who has seen or treated you for any physical or mental complaint or condition, including but not limited to serious emotional distress, which you claim to be related in any way to the incidents which you describe in your Amended Complaint?

**ANSWER:** Plaintiff objects to this request as overbroad and presenting an undue burden, including but not limited to the phrase "related in any way" and due to the fact that it includes no temporal limitation. Subject to and without waiving these objections, Plaintiff states that, while at the Montgomery County Jail he suffered a tooth injury, and thereafter saw a number of dental professionals the names of which he does not recall. In further answering, Plaintiff states that after falling and injuring his back, he saw a medical professional at Warren Correctional Institution during his wrongful incarceration, but Plaintiff does not know the name of that person. Plaintiff also saw a foot doctor during his incarceration, but does not recall the name of this person. After his release, Plaintiff saw Dr. Jacob Dean, 7774 Dayton Springfield Rd. Suite B, Fairborn, OH 45324, (937) 864-7363, then saw John Accrocco, at Tuttle Rehab, 7590 Dayton Springfield Rd., Fairborn, OH 45505 (937) 340-6261, and later saw Dr. Hugh Moncrief, 30 E Apple St #5254, Dayton, OH 45409, a neurosurgeon in Dayton, Ohio, who performed a surgery on Plaintiff's back. Plaintiff reserves the right to supplement this response as discovery proceeds and as further documents are reviewed for their responsiveness to this request.

7.    What is the name, office address and specialty, if any, of each hospital, physician, or practitioner of any healing art, including but not limited to any psychologist, psychiatrist, counselor, or social worker, who has seen or treated

6

you for any physical or mental complaint or condition, including but not limited to serious emotional distress, within the past five (5) years?

**ANSWER:** Plaintiff objects to this request as overbroad and intruding on the attorney-psychotherapist privilege. Should Plaintiff disclose a retained expert concerning emotional damages, Plaintiff will supplement this response.

8.  With what employees, representatives, or agents, including but not limited to former employees, representatives, or agents, of Miami Township have you communicated [with] at any time concerning the matter surrounding the incidents described in your Amended Complaint, including the date of each communication and a description of the nature and content of that communication?

**ANSWER:** Plaintiff object to this request based upon its overbreadth, to the extent it is vague, and due to the fact that it is compound and, if counted separately, would exceed the permitted number of interrogatories under the federal rules. Subject to and without waving these objections, Plaintiff states that he spoke with the officers who arrested him at his home, namely Defendants Moore and DiPietro. In further answering, Plaintiff states that he spoke on the phone with Defendant Moore after Moore had called his home. Plaintiff's most significant recollection of this phone call was that Defendant Moore refused to tell Plaintiff why he wanted to speak with him or what he wanted to talk about. Plaintiff does not recall the specific date of this phone call. In further answering, Plaintiff states that, within a few weeks before his arrest Defendant Moore sent an "Ordered In" letter to Plaintiff, who then reported to the Miami Township police station. There, Defendant Moore took a polaroid picture of Plaintiff, asked Plaintiff questions about his whereabouts on particular days several years before the meeting (w which Plaintiff now knows are the dates of the crimes, though he

7

did not know that at the time); Defendant Moore also asked Plaintiff other

questions about the vehicle he drove, and other questions about his

whereabouts. Plaintiff recalls frequently asking Defendant Moore why he was

being interviewed and what it was all about. In further answering, Plaintiff

states that, during this conversation Defendant Moore refused to tell him why

he wanted to speak with him and what it was all about. Plaintiff reserves the

right to supplement this request as discovery continues.

9.      List all addresses where you have resided during the last five years including
        the city, township or village of such address, county of each address, and the
        dates you resided at each address.

**ANSWER:** Plaintiff objects to this request on the basis that it exceeds the bounds of

permissible discovery under Rule 26; that it is not relevant or likely to lead to

the discovery of discoverable evidence; and to the extent it presents an undue

burden. Subject to and without waiving those requests, Plaintiff states that in

the last five years he has resided at his parent's home in the Fairborn, Ohio.

10.     Please specifically identify all damages and injuries which you have allegedly
        suffered as a result of the incidents described in your Complaint, including but
        not limited to any attorney's fees incurred to date.

**ANSWER:** Plaintiff objects to this request to the extent that it is overbroad and could

be reasonably interpreted to require Plaintiff to describe every single day of his

wrongful arrest, prosecution, conviction, and incarceration, and time since

being released over the course of more than two decades, and continuing to this

day. Subject to these objections and without waiving the objections, Plaintiff

states that he has suffered the tremendous harm of being wrongfully convicted

and being deprived of his freedom and liberty while incarcerated for from

8

February 12, 1991, to December 22, 2011, for more than 9,000 days over the course of more than 20 years for a crime he did not commit. Plaintiff's time in prison was also made worse due to the type of crimes—sexual assaults—for which he was wrongfully convicted. Plaintiff further states that his damages include: being deprived of his young adult life; the pain of not being able to spend time with friends and family; damages related to not being able to pursue his life goals, both professionally and personally; physical pain and suffering, including severe back issues requiring surgery and dental issues that required treatment; the obvious, unquantifiable emotional distress that could be expected from being wrongfully convicted for two decades; and missing the opportunities normally afforded to free individuals. In addition, and further answering, Plaintiff has suffered harm since his release, including even after the charges against him were finally dismissed and until this day. In further answering, Plaintiff states that he suffered dignitary, personal, and emotional harms from being labeled as a sex offender and being on sex offender registries after his release. Plaintiff reserves the right to supplement this request as discovery continues.

11. Did any person, firm, corporation or other entity pay on your behalf any of the expenses which you incurred as a result of the incidents described in your Complaint, including but not limited to any attorney's fees?

**ANSWER:** Plaintiff objects to this request as vague, confusing, and overbroad. Subject to and without waiving these objections, Plaintiff states that, yes, his parents, Juana and Roger Gillispie, Plaintiff's parents, and Jody Repie (formerly Gillispie), Plaintiff's sister paid on behalf of Plaintiff for legal

9

expenses, including DNA testing and other forensic testing. Plaintiff's brother James Gillispie and his other sister, Zandra, also contributed money on behalf of Plaintiff's expenses related to his wrongful prosecution and conviction. Plaintiff does not personally know the dates of any particular payments, though some may be reflected in certain documents. Plaintiff's family members can be contacted via counsel.

In further answering, Plaintiff also believes that the University of Cincinnati, Ohio Innocence Project, via Mark Godsey and those working under his direction, in the course of the OIP's representation of Plaintiff over more than 14 years, incurred substantial costs and expenses in exonerating Plaintiff.

Plaintiff's friends and friends of his family—including but not limited Richie Winters, Jim Osborn, Brian Poulter, Charley Tallent, John Coppock, Bobby Fookes, Rob Price, Andrea McAdams, Chuck Taylor, Jimmy Baker, Chuck Schramel, Roger Lambalot, Gil Luers, Jerry Fyffe, John Montgomery, Nick Bowling, Scott Bowling, Bob Mittion, and Charlene Mittion—also donated money to Plaintiff's family or to him directly to provide him with some limited funds for commissary or his legal defense during his wrongful arrest, conviction, incarceration, and prosecution. Plaintiff is unable to identify specific dates of specific payments, and these witnesses may be contacted through Plaintiff's counsel. Plaintiff reserves the right to supplement this request as discovery and investigation continues.

12.     If your answer to the foregoing interrogatory is in the affirmative, please answer the following:

10

(a)     What is the name and address of each such person, firm, corporation or entity which paid said expenses?

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 11, which is incorporated by reference.

(b)     What specific expenses were paid by each such person, firm, corporation or entity?

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 11, which is incorporated by reference

(c)     On what dates were said payments made?

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 11, which is incorporated by reference

(d)     Has any person, firm, corporation, partnership or other entity become subrogated to any claim which you may have by virtue of any payments which it made on your behalf?

**ANSWER:** Plaintiff objects to this request as irrelevant, not likely to lead to the discovery of relevant evidence, and on the basis of privilege. Plaintiff further objects to this interrogatory as a distinct subpart that is actually an independent request, and, if treated separately, exceed the number of requests under Rule 33.

13.     Do you or anyone else acting in your behalf, have in your, his, her and/or their possession or control any statement made by any person, either oral or written, which is related to the incidents which are the subject of your Complaint? If so, what are the verbatim contents of each such statement or, in the alternative, attach a copy thereof in lieu of your response to this question.

**ANSWER:** Plaintiff objects to this request on the basis that it is vague and confusing and, to the extent Plaintiff understands what's being asked, includes matters that are subject to the attorney-client and/or work product privileges. Subject to and without waiving those objections, Plaintiff states that he believes all such non-privileged statements are being, or have been, produced with Plaintiff's document production. In further answering, Plaintiff states that his mother may

11

have spoken with additional individuals and obtain statements, but he is not personally aware of every such statement and whether, or to what extent, each of those are or are not reflected in the document production.

14. Describe the "other investigative steps" taken by Detective Bailey and Sergeant Fritz, as described in Paragraph 39 of your Amended Complaint.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it is vague and to the extent it intrudes on the attorney-client and/or work product privileges, and to the extent that Plaintiff is not in full knowledge of every single step Detective Bailey and Sergeant Fritz took relative to their investigation, which cleared him of the crimes. Plaintiff further objects because these witnesses, and the witnesses whom Plaintiff contends reviewed and destroyed the contemporaneous reporting of these "investigative" steps have not been deposed and discovery has just began, and to the extent this request, therefore, presents and undue burden. Subject to and without waiving these objections, Plaintiff states that some of these steps are described in the affidavits and testimony of Detective Bailey and Sergeant Fritz during the federal *habeas corpus* proceedings. Plaintiff reserves the right to supplement this request as investigation and discovery continues.

15. Identify and list the other "tips" or potential suspects considered by Detective Bailey as described in Paragraph 41 of your Amended Complaint.

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 14.

16. Identify with specificity the date upon which you learned of the supplemental reports allegedly authored by Bailey and approved by Fritz, which included exculpatory evidence, as described in Paragraph 49 of your Amended Complaint.

12

**ANSWER:** Plaintiff objects to the extent this request to the extent that it is vague and confusing (e.g., how does one state a "date" "with specificity"?). Plaintiff futher objects to this request on the basis of attorney-client privilege. Subject to and without waving the objection, Plaintiff's position is that the parties should confer about this request, in light of the privilege issues it raises.

17. Describe from whom and the manner in which you learned of the supplemental reports allegedly authored by Bailey and approved by Fritz, which included exculpatory evidence, as described in Paragraph 49 of your Amended Complaint.

**ANSWER:** See Plaintiff's response to Interrogatory No. 16.

18. Identify all of the facts upon which you base the allegation that the alleged supplemental reports were "later destroyed" in order to prevent you from using them in your defense as alleged in Paragraphs 50 and 51 and 64 of the Amended Complaint.

**ANSWER:** Plaintiff objects to this request on the basis that discovery has just begun and that the request presents an undue burden to Plaintiff as this information is held by others; e.g., Miami Township, and the Individually-Named defendants from Miami Township; and to the extent that this request invokes information subject to the attorney-client and/or work product privileges. Subject to and without waiving these objections, Plaintiff directs to and incorporates the federal *habeas corpus* proceedings, the rulings of the federal court in finding that the supplementary reports had not been produced to Plaintiff, the concession by the State of Ohio in further litigation before Judge Dankof that they could not and were not able to produce the supplementary reports; the investigative files in the possession of Miami Township, including but not

13

limited Defendant Moore's reports that purport to continue from previous supplements. In further answering, and to be clear, Plaintiff states that the existing reports produced by Miami Township also support his contention that the supplemental reports were suppressed and destroyed. Plaintiff reserves the right to supplement this request as discovery and investigation continues.

19. Identify any and all witnesses you intend to call to support your allegations that the alleged supplemental reports were destroyed.

**ANSWER:** Plaintiff objects to this request as premature, and reserves the right to supplement this request as appropriate and in light of the discovery demands and investigation of this case, including expert discovery as well. Subject to and without waiving the objection, see Plaintiff's Rule 26(a) disclosures and witness list.

20. Identify with specificity any facts upon which you base the allegation that camping receipts relevant to your alibi were obtained by Miami Township Officers and destroyed as alleged in Paragraph 60 of your Amended Complaint.

**ANSWER:** Plaintiff objects to this request on the basis that discovery has just begun and that the request presents an undue burden to Plaintiff as this information is held by others; e.g., Miami Township, and the Individually-Named defendants from Miami Township; and to the extent that this request invokes information subject to the attorney-client and/or work product privileges. Subject to and without waiving these objections, Plaintiff states that Defendant Moore's reports concerning this issue, which Plaintiff contends include lies and deliberate fabrications supports this contention. In further answering, Plaintiff states that portions of the testimony at trial as well as the anticipated testimony of a number of witnesses, including but not limited to Brian Poulter, Jerry Fife,

14

Nick Bowling, Warren Hensley, Chuck Taylor as well as other individuals who

may be disclosed in discovery are expected to support this allegation.

21.    Identify any and all witnesses you intend to call to support your allegations that the alleged camping receipts were obtained and then were destroyed.

**ANSWER:** *See* Plaintiff's Request to Interrogatory No. 20, which is incorporated by

reference.

22.    Identify with specificity any other instance in which you allege the Township Police Department, the Chief of Police or other high-ranking Department officers engaged in "rigging criminal prosecutions" against persons whom they and/or "friends of the Department" had a problem with, including but not limited the identifying the suspect, the crime, the involved officers and "friends of the Department."

**ANSWER:** Plaintiff objects to this request as premature, given that discovery has just

began and no witnesses have been deposed, and to the extent that Miami

Township, and the individually-named defendants from Miami Township are in

a better position to answer this question. Subject to and without waiving these

objections, see documents produced and bates stamped as Gillispie 30764-

30821. Plaintiff reserves the right to supplement this request as discovery and

investigation continue.

23.    Describe with specificity any "warning" the Township, Police Department, Chief of Police or other Department officer received regarding the alleged "rigging" of criminal prosecutions as alleged in Paragraph 74 of your Amended Complaint, including but not limited to the date of the "warning," the substance of the "warning," who gave the "warning" and to whom was the "warning" given.

**ANSWER:** Plaintiff objects to this request as vague, overbroad, and possibly calling

for legal conclusions and attorney-client and work-product privileges. To the

extent Plaintiff's counsel understands the request, or one possible interpretation

15

of this request, Plaintiff can foresee answering this, but, as presently stated, Plaintiff is unable to provide a clear answer to this vague and ambiguous request.

24. Identify any individuals with whom you have spoken regarding the supplemental report that you allege was written and then signed by Detective Baily and Sergeant Fritz.

**ANSWER:** Plaintiff objects to this request on the basis of the attorney-client privilege, and to the extent it is overbroad and vague. Subject to and without waiving these objections, Plaintiff states, outside of conversations with his attorneys, that he has spoken with his parents about the withheld supplemental reports, and that he has generally spoken about the "pant size" issue raised in those reports from time to time during speaking engagements. In further answering, Plaintiff states that some of his friends have probably heard him speak about the "pant size" issue, but that Plaintiff cannot recall sitting down and speaking with any of those individuals about the reports specifically.

RESPECTFULLY SUBMITTED,

**Dean Gillispie**

BY: /s/David B. Owens
*One of Plaintiff's Attorneys*

Michele L. Berry (0018939)
THE LAW OFFICE OF MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com

16

Mike Kanovitz
David B. Owens
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900

17

## CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, certify that I caused the foregoing to be served electronically on all counsel of record on June 15, 2018, hard copies to follow via U.S.P.S.

s/ David B. Owens

18