# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | Case No. 3:13-cv-00416 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| MIAMI TOWNSHIP, *et al.* | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER OVERRULING GILLISPIE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO PERMIT DISCLOSURE OF GRAND JURY TESTIMONY BE DENIED WITHOUT PREJUDICE TO RENEWAL (DOC. 197), ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 192), AND DENYING WITHOUT PREJUDICE TO RENEWAL PLAINTIFF'S MOTION TO PERMIT DISCLOSURE OF GRAND JURY TESTIMONY (DOC. 163)**

---

This case is before the Court on the Objection (Doc. 197) filed by Plaintiff Roger Dean Gillispie ("Gillispie") to Magistrate Judge Sharon L. Ovington's Report and Recommendation ("Report") (Doc. 192). Magistrate Judge Ovington determined that Gillispie's Motion to Permit Disclosure of Grand Jury Testimony (Doc. 163) should be denied without prejudice to renewal. Gillispie filed Objections (Doc. 197) to the Report, and defendants Matthew Scott Moore and Miami Township responded to the Objections (Doc. 200). Intervenor Mathias H. Heck Jr. also responded to the Objections. (Doc. 202.) This matter is therefore ripe for review.

Gillispie's Motion to Permit Disclosure of Grand Jury Testimony concerns a pretrial matter that is not dispositive of a party's claim or defense. *See, e.g., United States v. Sou*, No. 09-00345 SOM, 2011 U.S. Dist. LEXIS 41842, at *9 (D. Haw. Apr. 15, 2011) (recognizing that a motion to unseal grand jury transcripts and materials is a nondispositive matter). Specifically,

Gillispie requested the release of transcripts from the grand jury proceedings related to three rapes (Montgomery County Court of Common Pleas Docket Number, 90-CR-2667), or, in the alternative, that the Defendants be estopped from arguing that the grand jury indictment created any sort of presumption of probable cause. (Doc. 163 at PAGEID # 2546.) In the Report, Magistrate Judge Ovington analyzed the issue and determined that Gillispie should seek disclosure from the supervising state court before asking this Court to order a release of the transcripts from the grand jury proceedings, and that Gillispie's motion should be denied without prejudice to renewal (<u>i.e.</u>, that he may renew his motion with this Court if the state court refuses to disclose the grand jury records). (Doc. 192 at PAGEID # 4069-4073.) Among other things, Magistrate Judge Ovington's decision relied on the Supreme Court's decision in *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 225-226 (1979). (*See* Doc. 192 at PAGEID # 4068-4073.)

Pursuant to Federal Rule of Civil Procedure 72(a), when a party files timely objections to a magistrate judge's decision that involves nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *Accord*: *Am. Coal Sales Co. v. N.S. Power Inc.*, No. 2:06-cv-94, 2009 U.S. Dist. LEXIS 13550, at *35-37 (S.D. Ohio Feb. 23, 2009). A 'clearly erroneous' standard applies to factual findings made by the magistrate judge, while legal conclusions are reviewed under the more lenient 'contrary to law' standard. *Am. Coal Sales*, 2009 U.S. Dist. LEXIS 13550, at *36-37 (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (table)). "These standards 'provide considerable deference to the determinations of magistrates.'" *Am. Coal Sales*, 2009 U.S. Dist. LEXIS 13550, at *36, quoting *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296,

2

298 (S.D. Ohio 1995). *Accord*: *Cox v. Johnson*, No. C-3:13-cv-200, 2014 U.S. Dist. LEXIS 42032, at * 3-5 (S.D. Ohio Mar. 26, 2014) (Rose, J.).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Am. Coal Sales*, 2009 U.S. Dist. LEXIS 13550, at *36 (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id*. A magistrate judge's legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Am. Coal Sales*, 2009 U.S. Dist. LEXIS 13550, at *37, citing *Gandee*, 785 F. Supp. at 686.

In this case, this District Judge has reviewed the record and finds that the Report is not clearly erroneous nor is it contrary to law. Therefore, Gillispie's Objections (Doc. 197) to the Report are **OVERRULED**. The Court **ADOPTS** the Report (Doc. 192), **DENYING WITHOUT PREJUDICE TO RENEWAL** Plaintiff's Motion to Permit Disclosure of Grand Jury Testimony or, in the Alternative, to Estop Defendants from Arguing the Grand Jury Indictment Created a Presumption of Probable Cause (Doc. 163).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 25, 2019.

                s/Thomas M. Rose

                _____
                THOMAS M. ROSE
                UNITED STATES DISTRICT JUDGE