IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | Case No. 3:13-cv-416 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATIONS (DOC. 191); OVERRULING, IN PART, PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION THAT DEFENDANT MIAMI TOWNSHIP'S SUPPLEMENTAL MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS BE GRANTED, AND THAT DEFENDANT MILLER BE DISMISSED (DOC. 195); OVERRULING OBJECTIONS BY DEFENDANTS MOORE (DOC. 194) AND WOLFE (DOC. 196); GRANTING DEFENDANT ROBERT MILLER'S MOTION TO DISMISS (DOC. 117) AND DISMISSING ALL COUNTS AGAINST DEFENDANT ROBERT MILLER; DENYING DEFENDANTS MOORE AND WOLFE'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS VII AND VIII (DOC. 121); DENYING DEFENDANT WOLFE'S RENEWED MOTION TO DISMISS (DOC. 131); AND, DENYING MIAMI TOWNSHIP'S SUPPLEMENTAL MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 123)**

This case is before the Court on various Objections (Docs. 194, 195, 196) to the Magistrate Judge's Report and Recommendations ("Report") (Doc. 191). In the Report, Magistrate Judge Sharon L. Ovington addressed several motions and made the following recommendations.

First, the Report recommended that this Court grant the Motion to Dismiss filed by Defendant Robert Miller ("Miller") (Doc. 117) and that all counts against Miller be dismissed. Plaintiff Roger Dean Gillispie ("Plaintiff") filed an Objection to this recommendation. (Doc. 195.) Miller filed a Response to Plaintiff's Objection. (Doc. 199.)

1

Second, the Report recommended that this Court deny the Joint Motion for Judgment on the Pleadings on Counts VII and VIII filed by Defendants Matthew Scott Moore ("Moore") and Rick Wolfe ("Wolfe") (Doc. 121). Moore and Wolfe each filed an Objection to this recommendation. (Docs. 194, 196.) Plaintiff filed Responses to Moore's Objection and Wolfe's Objection. (Docs. 204, 205.)

Third, the Report recommended that this Court deny the Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Wolfe (Doc. 131). Wolfe filed an Objection to this recommendation. (Doc. 196.) Plaintiff filed a Response to Wolfe's Objection. (Doc. 205.)

Fourth, the Report recommended that this Court grant the Supplemental Motion for Partial Judgment on the Pleadings filed by Defendant The City of Miami Township ("Miami Township") (Doc. 123) and that Count IX against Miami Township be dismissed. Plaintiff filed an Objection to this recommendation. (Doc. 195.) Miami Township filed a Response to Plaintiff's Objection.[1] (Doc. 201.)

This matter is now ripe for review. Each of the motions addressed in the Report were dispositive motions, with respect to at least one claim against at least one party. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Therefore, with respect to the parts of the Report that have been properly objected to by a party, the Court has made a *de novo* review of the record in this case. *Id*. The Court addresses each of these recommendations in turn.

### I. **Recommendation to Grant the Motion to Dismiss filed by Miller (Doc. 117) and Dismiss All Counts Against Miller**

Plaintiff argues that dismissal of his claims against Miller are not warranted. The Court, however, agrees with Magistrate Judge Ovington's analysis in her Report.

---

[1] Without leave of Court, Moore filed an untimely "Brief Regarding Indemnification Claim" on June 18, 2019. (Doc. 212.)

2

Plaintiff also argues in his Objections that he should be given leave to amend his Complaint (again). (Doc. 195 at PAGEID # 4096.) Fed. R. Civ. P. 15(a)(2) provides that a party may only amend its pleading with the opposing party's written consent or the court's leave.[2] Fed. R. Civ. P. 7(b)(1) provides that a request for a court order must be made by a motion that fulfills certain requirements. Plaintiff did not file such a motion. Plaintiff's request, which is embedded within his Objection and fails to identify what amendments he would make to his amended complaint, is denied. *See Ayer v. Cmty. Mercy Health Partners*, No. 3:18-cv-327, 2019 U.S. Dist. LEXIS 71453, at *9-14 (S.D. Ohio Apr. 29, 2019); *Alexander v. Eagle Mfg. Co., LLC*, 714 F. App'x 504, 510 (6th Cir. 2017) ("a request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend").

II. **Recommendation to Deny the Motion for Judgment on the Pleadings on Counts VII and VIII filed by Moore and Wolfe (Doc. 121)**

Moore and Wolfe argue that the Report erroneously concludes that the allegations in the Amended Complaint do not affirmatively show that the Plaintiff's claims for Intentional Infliction of Emotional Distress (Count VII) and Spoliation[3] (Count VIII) are barred by the statute of limitations. The Court disagrees with Moore and Wolfe's argument and adopts the Report's recommendation.

III. **Recommendation to Deny the Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Wolfe (Doc. 131)**

Wolfe argues that denial of his renewed motion to dismiss the claims against him under 42 U.S.C. § 1983 ("Section 1983") was not warranted because the only overt acts Plaintiff alleges Wolfe engaged in are protected acts that cannot form the basis for liability. (Doc. 196 at PAGEID

---

[2] Given that Plaintiff has already amended his Complaint, and that the other conditions in Rule 15(a)(1) are not met, Rule 15(a)(2) applies.
[3] As the Report points out, Gillispie does not allege that Wolfe is liable for spoliation of evidence under Ohio law. (Doc. 191 at PAGEID # 4055, *citing* Doc. 18 at PAGEID # 100.)

# 4100-01.) While the Court agrees that certain actions cannot be the basis for a private individual's liability in a Section 1983 claim, the Court agrees with Magistrate Judge Ovington's analysis in her Report that the Amended Complaint's allegations are sufficient to state the Section 1983 claims against Wolfe. (Doc. 191 at PAGEID # 4041-43, 4045-50. *See also* Doc. 18 at PAGEID # 79-80, 83-84, 86-88, 90-91, 94-98.)

In his Objections, Wolfe also argues that the magistrate judge failed to consider one of his adopted arguments in support of dismissing the state law malicious prosecution claim against him (Count VI). (Doc. 196 at PAGEID # 4103-04.) Under Ohio law, the elements of a malicious criminal prosecution claim are: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and, (3) termination of the prosecution in favor of the accused. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732, 735 (Ohio 1990). Wolfe's specific argument is that the Amended Complaint does not allege that he was the complaining witness or the alleged victim, and that the Amended Complaint "fails to make any factual allegations against [him] to demonstrate he 'instituted or continued' criminal proceedings against Plaintiff." (Doc. 196 at PAGEID # 4104.)

In *Archer v. Cachat*, 165 Ohio St. 286, 135 N.E.2d 404 (Ohio 1956), the Ohio Supreme Court addressed the "instituting or continuing the prosecution" portion of the first element for a malicious prosecution claim. It endorsed the following standard:

> In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must…appear that [the private person's] desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution <u>or</u> that the information furnished by him upon which the official acted was known to be false.

*Id*. at 406 (emphasis added). *Accord: Robbins v. Fry*, 72 Ohio App. 3d 360, 594 N.E.2d 700, 701-02 (Ohio Ct. App. 1991) ("[A] citizen who serves only as an informer of criminal activity is not

4

regarded as having instituted the criminal proceedings. The protected status of informer can be lost, however, when the informer provides false information or the informer demonstrates a desire, direction, request or pressure for the initiation of criminal proceedings."); *Siegel v. The O.M. Scott & Sons Co.*, 73 Ohio App. 347, 56 N.E.2d 345, 347 (Ohio Ct. App. 1943) ("The test of liability in [a malicious prosecution] action is: Was defendant actively instrumental in putting the law in force? To sustain the action, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion."); *Harvey v. Republic Servs. Of Ohio II, LLC*, 2009-Ohio-1343, ¶¶31-37 (Ohio Ct. App. 2009) (plaintiffs presented sufficient evidence, to withstand summary judgment, that defendants maliciously initiated their prosecution where reasonable minds could conclude that the information provided by the defendants to the sheriff's deputies was false).

Here, the allegations in the Amended Complaint, construed in the light most favorable to the Plaintiff and accepting all factual allegations as true, are sufficient to state a claim against Wolfe for malicious prosecution under state law.[4] (*See* Doc. 18 at PAGEID # 83-87.) For example, the Amended Complaint alleges that Wolfe chose to implicate Gillispie in the rapes, used his connections to arrange a meeting with public officials, at that meeting attempted to direct the rape investigation toward Plaintiff and gave the public officials a photograph of Plaintiff, "claimed falsely that some GM employees had seen a composite [and] thought it looked like Mr. Gillispie," met again with public officials (after Plaintiff had allegedly been excluded as a suspect) "with the

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (internal quotation marks omitted).

5

goal of implicating" Plaintiff in the rapes, and—along with Defendant Moore—set out to frame Plaintiff. *Id*. (emphasis added). Wolfe's Objection concerning Count VI is overruled and his motion to dismiss that count is denied.

## IV. Recommendation to Grant the Supplemental Motion for Partial Judgment on the Pleadings filed by Miami Township (Doc. 123) and Dismiss Count IX Against Miami Township

Around the time that the magistrate judge issued the Report, the Sixth Circuit issued its opinion in *Jackson v. City of Cleveland*, Nos. 17-3840/3843, 2019 U.S. App. LEXIS 14809 (6th Cir. May 20, 2019).[5] In *Jackson*, the Sixth Circuit reversed a district court's decision to grant (with prejudice) a judgment on the pleadings as to a plaintiff's indemnification claim under state law. *Id*. at *13-19. In accordance with the Sixth Circuit's holding in *Jackson*, this Court will not adopt the Report's recommendation with respect to Miami Township's Supplemental Motion for Partial Judgment on the Pleadings (Doc. 123). The Court denies Miami Township's motion, but does so without prejudice to Miami Township's ability to bring an appropriate subsequent motion concerning the issue(s) raised in its motion, particularly given the uncertainty of the outcome in the case currently pending in the Ohio Supreme Court that is referenced in *Jackson*. *Jackson*, 2019 U.S. App. LEXIS 14809 at *13-19 (referencing *Ayers v. Cleveland*, 106 N.E.3d 65 (Ohio 2018) (Table)).

## V. Conclusion

In summary, the Court finds that Moore's Objections (Doc. 194), the part of Plaintiff's Objections (Doc. 195) concerning Miller's Motion to Dismiss, and Wolfe's Objections (Doc. 196) are not well-taken and are hereby **OVERRULED**. The Court hereby **ADOPTS** the Report (Doc.

---

[5] The cited opinion is the Sixth Circuit's "Amended Opinion." The Sixth Circuit issued its original opinion—with the same analysis on the indemnification issue—a few weeks earlier, on March 28, 2019, after briefing in this case had been completed for Miami Township's motion. 920 F.3d 340, 353-56 (6th Cir. 2019).

6

191) in its entirety, except with respect to that portion of the Report dealing with Miami Township's Supplemental Motion for Partial Judgment on the Pleadings (Doc. 123) and its recommendation that such motion be granted, and rules—in accordance with the above analysis—as follows:

1. Defendant Robert Miller's Motion to Dismiss for Plaintiff's Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 117) is **GRANTED** and all counts against Miller are **DISMISSED**;

2. Defendants Moore and Wolfe's Joint Motion for Judgment on the Pleadings on Counts VII and VIII (Doc. 121) is **DENIED**;

3. Defendant Wolfe's Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 131) is **DENIED**; and

4. Defendant Miami Township's Supplemental Motion for Partial Judgment on the Pleadings (Doc. 123) is **DENIED**, without prejudice to Miami Township's ability to bring a subsequent motion concerning the issue(s) raised in its motion.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 1, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE