# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROGER DEAN GILLISPIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13-cv-416 |
| ) | |
| vs. ) | Judge Thomas M. Rose |
| ) | |
| THE CITY OF MIAMI TOWNSHIP, et al., ) | |
| ) | |
| Defendants ) | |

### MOTION FOR LEAVE TO FILE AN OMNIBUS BRIEF IN RESPONSE TO MIAMI TOWNSHIP'S AND MOORE'S SUMMARY JUDGMENT MOTIONS, FOR LEAVE TO FILE A RESPONSE BRIEF IN EXCESS OF TWENTY PAGES AND TO EXTEND TIME TO RESPOND TO MIAMI TOWNSHIP'S AND MOORE'S SUMMARY JUDGMENT MOTIONS

Plaintiff Roger Dean Gillispie, by an through his attorneys, respectfully moves this Court for: 1) leave to file an omnibus brief in response to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement (ECF 257 & 260); 2) leave to file a response brief in excess of twenty pages; and 3) an extension of the time to respond to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement. In support, Plaintiff states:

As Plaintiff explains in the accompanying memorandum in support of this motion, Plaintiff should be granted leave to file an omnibus brief in the interest of judicial efficiency. Also, the myriad of issues presented in Defendants' lengthy motions necessitate Plaintiff being granted leave to file a response brief in excess of twenty pages. Finally, Plaintiff requires an extension of the time to respond to Defendants' motions because of professional responsibilities of Plaintiff's counsel. Therefore, Plaintiff requests the Court grant this motion.

RESPECTFULLY SUBMITTED,

*/s/ Omavi Shukur*
*One of Plaintiff's attorneys*

Mike Kanovitz
David B. Owens
Omavi Shukur
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900

Michele L. Berry (0018939)
THE LAW OFFICE OF MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com

## MEMORANDUM

Plaintiff seeks leave to file a combined, omnibus response to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement in the interest of judicial efficiency. Defendants themselves have recognized the factually-rich nature of this matter and, accordingly, sought leave to file summary judgment motions with excess pages. Still, despite being granted leave to file their lengthy briefs, Defendants' briefs omit myriad facts illustrating that factual disputes exist at nearly every juncture and that they have failed to take the facts in favor of Plaintiff, the non-movant. Plaintiff now respectfully requests the Court to: 1) give Plaintiff the latitude to exceed the preferred page limit in order to address Defendants' lengthy, involved summary judgment arguments and apprise the Court of the crucial facts omitted from Defendants' briefs; and 2) simplify matters by permitting Plaintiff to file a single omnibus response to Defendants Miami Township's and Matthew Scott Moore's motions for

summary judgement, instead of requiring separate response briefs that will inevitably contain several duplicative responses and arguments.

Plaintiff also requests the Court extend the time to respond to Defendants' summary judgment motions by three weeks in order to completely address the factual and legal issues presented in Defendants' motions. In addition, Plaintiff's counsel seeks additional time to respond due to several pressing, time-consuming professional obligations of Plaintiff's counsel that impair Plaintiff's ability to adequately respond to the motions by the current deadline.

## I. Plaintiff Should Be Granted Leave to File an Omnibus Brief in the Interest of Judicial Efficiency

The Court will be able to conduct a swifter and more convenient review of the manifold issues presented in Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement if Plaintiff were permitted to file an omnibus response to these motions, as opposed to having to file separate briefs containing duplicative responses to Defendants' statements of fact and legal arguments. For example, in their summary judgment briefs, both Defendants Miami Township and Moore argue that they did not violate Plaintiff's rights to due process as set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), despite the fact that Plaintiff's conviction was set aside in this Court on the basis that Gillispie's right to due process under *Brady* and its progeny was violated during the course of his criminal prosecution. *Compare* Def. Miami Township's Mot. for Summ. J., ECF 260, 21-23, PAGEID 8438-40; Def. Moore's Mot. for Summ. J., ECF 257, 14-15, PAGEID 8094-95 *with Gillispie v. Timmerman-Cooper,* 835 F. Supp. 2d 482 (S.D. Ohio 2011) (granting *habeas* relief on Plaintiff's *Brady* claim). In addition, these Defendants' statements of fact overlap substantially. ECF 257, 5-14, PAGEID 8085-94; ECF 260, 8-16, PAGEID 8425-33. Separate responses to these motions would undoubtedly require duplicative responses that would make the Court's summary judgment determination

3

more time-consuming and burdensome. Accordingly, Plaintiff seeks leave to file an omnibus response to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement.

## II. The Myriad of Issues Presented in Defendants' Lengthy Motions Necessitate Plaintiff Being Granted Leave to File a Response Brief in Excess of Twenty Pages

Plaintiff recognizes that, pursuant to this Court's Standing Order, memoranda are typically limited to 20 pages. Here, there are several reasons why it would be in the interest of justice to grant Plaintiff leave to file an omnibus response brief in excess of twenty pages. First, Defendants Miami Township and Moore were both granted leave to file motions for summary judgment in excess of the twenty-page limit, in recognition of this matter's lengthy, procedural history, extensive facts, voluminous record and numerous causes of action. Notation Orders Granting Leave to Exceed the Page Limits, Aug. 28, 2019 & Sept. 10, 2019. Plaintiff should be granted leave to file in excess pages in response to Defendants' motions for the same reasons.

Second, Defendants briefs seek dismissal of this *entire* civil-rights action, and in order to demonstrate to the Court why Plaintiff is entitled to present his cause to the a jury, it will require Plaintiff not only to address specific issues raised by defendants but also present a factual and legal recitation of these matters that, in Plaintiff's view, Defendants have omitted. Put differently, and particularly because Defendants are entitled to reply briefs, Plaintiff seeks further latitude to address all of the factual and legal issues in the case.

Third, and related, Defendants' briefs are exceptionally involved, in addition to being lengthy. In his forthcoming response brief, Plaintiff will have to address Defendants' manifold legal arguments, which involve such nuanced legal authorities as the *Rooker-Feldman* doctrine (ECF 260, 23-25, 8440-42) and the Ohio state public official immunity statutes (ECF 257, 25-26, PAGEID 8105-06). Plaintiff will also have to elucidate why there are genuine issues of material

fact for his claims of both individual and municipal liability. Such an extensive task, in this case, requires a seventy-five page omnibus brief (which will still result in Plaintiff having far fewer pages in response than Defendants will have in their opening and reply briefs combined).

Fourth, in their motions, Defendants omit swaths of facts that must be taken into account when the Court makes its summary judgment determinations. For example, both motions point to the deposition testimony of former prosecutor Paul Folfas. But, in so doing, both motions omit the fact that the veracity of Mr. Folfas's testimony is disputed and, in Plaintiff's view, directly contradicts not only the testimony of Plaintiff's defense attorney (Dennis Lieberman), a key witness in the case (form MTPD officer Sgt. Steve Fritz), but also Defendant Moore *himself*. So, it is necessary that Plaintiff be able to present to the Court the conflicting perspectives of the evidence, including the fact that—in Plaintiff's view and taking the facts in the light most favorable to Plaintiff—in moving for summary judgment Defendant Moore has relied upon testimony that contradicts *his own account.* Such factual omissions place Plaintiff in the position of having to apprise the Court of the missing facts himself, rather than being able to rely on the statements of fact put forth by Defendants. Accordingly, pages of Plaintiff's brief that could have contained legal argument will instead additionally require recitations of facts missing from Defendants' motions. Plaintiff should, therefore, be granted leave to file a 75-page omnibus brief.

### III. Plaintiff Requires an Extension of the Time to Respond to Defendants' Motions Because of Professional Responsibilities of Plaintiff's Counsel

This Court's rules provide that a response to a motion for summary judgment is typically due twenty-one days after it's filed; however, as detailed above, Plaintiff's case and the factual and legal issues involved therein are not typical. Plaintiff needs more time to adequately respond

5

to the aforementioned summary judgment motions, which are currently due on October 7, 2019, and seeks a 21-day extension *per* motion, given the issues described above.

In addition, on the day the responses are currently due, one of Plaintiff's counsel is scheduled to be in trial in the United States District Court in the District of Massachusetts. This trial will command the lion's share of Plaintiff's counsel's attention in the days and weeks leading up to the trial. Also, Plaintiff's other counsel has an oral argument before the United States Court of Appeals for the Ninth Circuit in two related, though distinct appeals in another substantial wrongful conviction case on October 15, 2019, that will require an exceptional amount of preparation.  Both the jury trial and the oral argument were scheduled months after the Court issued the Modified Scheduling Order (ECF 186) in April; the date for the October 7 jury trial was set in June and the date for the October 15 oral argument was set in August. The extensive attention and preparation these professional obligations entail will impair counsel's ability to give the response brief in this matter the attention it deserves by the current deadline. Accordingly, Plaintiff requests the Court extend the time to respond to Defendants' summary judgment motions to October 28, 2019.[1]

**WHEREFORE**, Plaintiff respectfully moves this Court for: 1) leave to file an omnibus brief in response to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement; 2) leave to file a response brief in excess of twenty pages; and 3) an

---

[1] On September 18, 2019, Plaintiff's counsel consulted, in good faith, with counsel for Defendants Miami Township and Moore, soliciting their consent to the requests stated herein. Defense counsel was asked to state their position by September 20, 2019. Defendant Moore indicated that was unwilling to take a position on the motion before it was filed. Defense counsel for Miami Township has indicated that they do not oppose Plaintiff's request for leave to file an omnibus response, but do oppose Plaintiff's request for a three-week extension and leave to file a 75-page response brief.

extension of the time to respond to Defendants Miami Township's and Matthew Scott Moore's motions for summary judgement until October 28, 2019.

RESPECTFULLY SUBMITTED,

*/s/ Omavi Shukur*
*One of Plaintiff's attorneys*

Mike Kanovitz
David B. Owens
Omavi Shukur
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900

Michele L. Berry (0018939)
THE LAW OFFICE OF MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com

## CERTIFICATE OF SERVICE

I, Omavi Shukur, an attorney, certify that on September 23, 2019, I filed the foregoing using the Court's CM/ECF system, which effected service on all defense counsel of record.

*/s/ Omavi Shukur*
*Counsel for Dean Gillispie*

Mike Kanovitz
David B. Owens
Omavi Shukur
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900