IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | CASE NO.  3:13-CV-416 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| v. | : | |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.,* | : | **DEFENDANT, MIAMI TOWNSHIP,** |
| | : | **OHIO'S RESPONSE IN OPPOSITION** |
| Defendants. | : | **TO PLAINTIFF'S MOTION FOR LEAVE** |
| | : | **TO FILE OMNIBUS BRIEF, FOR** |
| | : | **LEAVE TO FILE BRIEF IN EXCESS OF** |
| | : | **TWENTY PAGES, AND FOR LEAVE TO** |
| | : | **EXTEND TIME TO FILE RESPONSE TO** |
| | : | **MIAMI TOWNSHIP, OHIO'S AND** |
| | : | **SCOTT MOORE'S MOTIONS FOR** |
| | : | **SUMMARY JUDGMENT (Doc. 263)** |

Now comes Defendant, Miami Township, Ohio ("Miami Township"), by and through counsel, and hereby respectfully files its response in opposition to Plaintiff's Motion for Leave to file omnibus brief, for leave to file brief in excess of twenty pages, and for leave to extend time to file response to Miami Township, Ohio's and Scott Moore's Motions for Summary Judgment ("Mot. for Leave") (Doc. 263).  For the reasons that follow, the Court should 1) grant the Motion for Leave as it relates to Plaintiff's request to file an omnibus brief; 2) deny the Motion for Leave as it relates to Plaintiff's request to file a seventy-five (75) page omnibus brief in opposition to the Defendants' motions for summary judgment, but grant a shorter expansion to the page limit; and 3) deny the Motion for Leave as it relates to Plaintiff's request for a three (3) week extension of time to file his omnibus brief.

**I.       An Omnibus Brief Promotes Judicial Efficiency**

Miami Township does not oppose Plaintiff's request to file an omnibus brief in response to its Motion for Summary Judgment (Doc. 260) and Defendant, Scott Moore's Motion for

1

Summary Judgment (Doc. 257).  Plaintiff fittingly states that an omnibus brief will more swiftly and conveniently allow the Court to review one brief that would otherwise contain duplicative responses to Defendants' "statements of fact [that] overlap substantially" and common arguments, such as Defendants' due process *Brady* claim.  (Mot. for Leave, Doc. 263, PageID 8712.)  Indeed, there is precedent in this case of the Court permitting Plaintiff to file an omnibus brief when there have been common facts and legal arguments related to other legal issues where certain defendants' interests aligned and/or intersected.  (See Plaintiff's Omnibus Reply in Support of Motion to Permit Disclosure of Grand Jury Testimony, Doc. 181.)  Accordingly, based on Plaintiff's acknowledgment of the commonality between Miami Township's and Moore's motions for summary judgment, this Court should allow Plaintiff to file an omnibus brief.

**II.**     **Plaintiff's Request to file a Seventy-Five Page Omnibus Brief is Not Warranted**

Miami Township opposes Plaintiff's request for leave to file a seventy-five page response in opposition to Miami Township's and Moore's motions for summary judgment.  Miami Township and Moore both moved the Court for leave to file summary judgment motions in excess of the Court's standard twenty-page limit on memoranda (Doc. 247 and 251), and this Court duly granted them leave to file memoranda of thirty pages or less (Notation Orders dated August 28, 2019 and September 10, 2019).  Combined, the memoranda in support of their motions for summary judgment totaled fifty-five pages.  (See Doc. 257 and 260.)  Although Miami Township is not suggesting that Plaintiff should be denied leave to exceed the twenty-page limit, it is unclear why Plaintiff needs an additional twenty pages beyond Defendants' combined memoranda to fully brief the issues in their motions for summary judgment.  Instead, a page limit commensurate to that given the Defendants is appropriate.

First, Plaintiff already filed seven and one half pages of facts in his Response in Opposition

to Defendant Wolfe's Motion for Summary Judgment (Doc. 239, PageID 7159-66) (covering such facts as "Three Dayton-Area Women Are Raped in the [sic] August of 1988", "Wolfe Uses His Police Experience In a Failed Attempt to Implicate Gillispie", "Detective Moore Suppresses, and Likely Destroys, Material Evidence", "Moore Uses the Photo Provided By Wolfe to Fabricated [sic] False and Unreliable Identifications of Gillispie", "Moore Fabricates Reports Related to His Interactions with Gillispie", "Wolfe Actively Coordinated and Conspired to Seek Gillispie's Prosecution", and "Gillispie is Convicted and Eventually Exonerated")[1]. Plaintiff also exhaustively argued there is an alleged conspiracy between Defendant Wolfe and Moore (Doc. 239, PageID 7166-71), which relates to Miami Township's conspiracy analysis (Doc. 260, PageID 8451-52), and argued that Wolfe and Moore violated his constitutional rights with respect to his federal malicious prosecution and destruction of exculpatory evidence claims (Doc. 239, PageID 7171-73), which relate to Miami Township's analysis of Plaintiff's Section 1983 malicious prosecution and Section 1983 destruction of exculpatory evidence claims (Doc. 260, PageID 8443-48). Simply put, Plaintiff has already laid much of the foundation for his opposition brief and there is no apparent reason for needing an additional seventy-five pages to do so.

Plaintiff also argues that a "myriad of issues" in Defendants' lengthy motions and "nuanced legal authorities" and atypical legal issues involved therein necessitate the seemingly excessive page request. The legal issues involved and authorities are neither nuanced nor atypical. Specifically, Plaintiff alleged *Monell* claims under 42 U.S.C. § 1983, a state law claim for indemnification, and prayed for an award of punitive damages against Miami Township. Against

---

[1] The subject headings in Miami Township's fact section of its Motion for Summary Judgment included "Three women are raped in Montgomery County in August 1988", "Gary Bailey's investigation of the Best Products case", "Gary Bailey performs a cursory investigation of Gillispie as a suspect", "Scott Moore is assigned the Best Products case", "Scott Moore investigates Gillispie as a suspect", and "Plaintiff is arrested, charged, and convicted." (Doc. 260, PageID 8425-32.)

3

Defendant Moore, he alleged violations of his federal rights under 42 U.S.C. § 1983, the state law counterparts to those same claims, an intentional tort claim, and prayed for an award of punitive damages. It should come as no surprise to experienced civil rights litigators such as all of Plaintiff's counsel that Miami Township would argue that there is no evidence of a custom, policy, or practice to support Plaintiff's *Monell* claims; that Plaintiff cannot recover punitive damages against a political subdivision under Section 1983; and that Moore will argue that he is entitled to qualified immunity for the federal claims and statutory immunity for the state law claims.[2] Furthermore, Plaintiff and Miami Township have already briefed the indemnification claim at the motion for judgment on the pleadings stage (Doc. 123, 139, and 144), and the Township's renewal of those same arguments and additional bad faith argument in connection with the indemnification claim simply do not merit extensive briefing to the tune of seventy-five pages.[3] Accordingly, there is no justification for Plaintiff's request to file a seventy-five page omnibus brief in opposition to Miami Township's and Moore's motions for summary judgment. Instead, a page limit increase commensurate to that given to the Defendants is warranted under the circumstances.

### III. Plaintiff's Request to Alter the Briefing Schedule is Not Warranted

This Court set the September 16, 2019 dispositive motion deadline on April 4, 2019. (Agreed Modified Pre-Trial Order, Doc. 186.) Accordingly, Plaintiff's response brief is due October 7, 2019. Plaintiff indicates in his Motion for Leave that one of his counsel learned in June 2019 that he would be in a trial in the United States District Court for the District of Massachusetts beginning October 7, 2019. (Doc. 263, PageID 8715.) Indeed, the docket report for that case,

---

[2] Indeed, Moore's qualified immunity arguments and Miami Township's *Monell* arguments are based on similar facts.

[3] Miami Township acknowledges that it also argued that the *Rooker-Feldman* doctrine is a bar to Plaintiff's Section 1983 suggestive identification claim, that the Miami Township Police Department is not *sui juris*, and that Plaintiff has failed to file suit against the real party in interest. Those issues are not complex and, due to the record facts in this case, could be conceded by Plaintiff.

4

1:18-cv-10585-WGY, indicates that Attorney Omavi Kushukuru entered his appearance *pro hac vice* on June 14, 2019, and is one of *six* attorneys from Loevy & Loevy to have entered an appearance for the plaintiff in that matter.

Another of Plaintiff's counsel, presumably David Owens, is scheduled to argue before the Ninth Circuit Court of Appeals eight days after Plaintiff's deadline to file his response brief, on October 15, 2019. That date was set in August 2019. Four attorneys have entered their appearance for Plaintiff in this case. While Miami Township can appreciate the fact that conflicts arise in cases that are sometimes out of the parties' and attorneys' control, it seems that the bulk of the facts and the groundwork for some of Plaintiff's arguments in his response brief have already been developed in prior pleadings in this case, and that a three-week extension of his deadline is not warranted.

Miami Township obviously does not and could not know what role Attorney Kushukuru will play in the civil trial, but it seems that the Ninth Circuit Court of Appeals case is being given precedence over counsel's obligations in this case despite the argument being scheduled eight days after Plaintiff's response brief deadline in this case. Moreover, it appears that one, if not both of these issues could have been raised in the telephone status conference on August 8, 2019, but they were not. And, in fact, there was a brief discussion about whether the parties believed the case was still on track to proceed to trial in March 2020, and Plaintiff's counsel was adamant that the date should not be disturbed.

Finally, Miami Township opposes the requested three-week extension because, if granted, its reply brief would be due on November 11, 2019, thereby pushing back further this Court's decision on the dispositive motions. Miami Township and its counsel are well-aware of this Court's stated position as it relates to delays in dispositive motion briefing, and that the Court can

5

make no guarantee that it will rule on such a motion far in advance of the trial date. The closer such a decision falls to the trial date, the more likely all parties will have to incur fees and costs in preparation for a trial that may not go forward if Defendants are ultimately granted summary judgment. Given the number of attorneys representing Plaintiff and the apparent ability to meet the current deadline, it appears that the best course of action is to deny Plaintiff's request to alter the briefing schedule.

## IV.  Conclusion

For all of the foregoing reasons, Miami Township respectfully requests that this Court grant Plaintiff's request for leave to file an omnibus brief, deny his request to file a seventy-five page memoranda, and deny his request for an extension to file his omnibus brief.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
SURDYK, DOWD & TURNER, CO., L.P.A
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 || (937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
cherman@sdtlawyers.com
Trial Attorneys for Defendant, Miami Township, Ohio

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court on September 25, 2019, using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

              /s/ Edward J. Dowd
              Edward J. Dowd (0018681)
              Dawn M. Frick (0069068)
              Christopher T. Herman (0076894)