UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | ) | CASE NO.: 3:13-CV-416 |
| | ) | |
| Plaintiff, | ) | JUDGE: THOMAS M. ROSE |
| | ) | |
| vs. | ) | **DEFENDANT MATTHEW SCOTT** |
| | ) | **MOORE'S BRIEF IN OPPOSITION TO** |
| THE CITY OF MIAMI TOWNSHIP, et al., | ) | **PLAINTIFF'S MOTION TO STRIKE** |
| | ) | **NEW SUMMARY JUDGMENT** |
| | ) | **MATERIALS FILED FOR THE FIRST** |
| Defendants | ) | **TIME IN REPLY** |

Plaintiff's Motion to Strike New Summary Judgment Materials Filed for the First Time in Reply is not supported by law and must be denied. Instead, the 2019 Declaration of Pamela Moore (the only evidence submitted by Det. Matthew Scott Moore that is objected to by Plaintiff) was properly submitted to rebut the arguments asserted by Plaintiff. Such rebuttal evidence is permitted under federal law. There is no grounds upon which the Declaration of Pamela Moore should be stricken and Plaintiff's Motion must be denied.

**I.      STATEMENT OF THE ISSUE AND RELEVANT FACTS**

Det. Moore timely submitted his Motion for Summary Judgment on September 16, 2019. Doc. 257. Contrary to Plaintiff's assertions, Det. Moore's Motion for Summary Judgment did not construe the material facts against Plaintiff. Instead, the summary judgment motion appropriately informed the district court of the basis of his motion, and identified those portions of the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which Det. Moore believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiff submitted his Omnibus Response in Opposition to Defendants' Miami Township and Moore's Motion for Summary Judgment ("Plaintiff's Opposition Brief") on October 28, 2019.

Plaintiff's Brief in Opposition introduced and heavily relied upon an affidavit from 2011 from Det. Moore's ex-wife Pamela Moore (the "2011 Affidavit") in an effort to create a genuine issue of material fact.  Doc. 278, PageID 10467, 10469, 10470, 10472, 10476, 10477, 10488.

Det. Moore timely submitted his Reply in Support of his Motion for Summary Judgment ("Reply Brief") on November 12, 2019.  Doc. 281. The Reply Brief included as an exhibit a 2019 Declaration from Pamela Moore (the "2019 Declaration").  The 2019 Declaration was properly submitted as rebuttal evidence.  The 2019 Declaration corrected errors and clarified the statements contained within the 2011 Affidavit.

The 2019 Declaration was properly submitted as part of the summary judgment briefing. It should not be stricken and, instead, should be considered as part of the evidence that establishes that there are no genuine issues of material fact and that Det. Moore is entitled to summary judgment on all claims asserted against him.

## II.    LAW AND ARGUMENT

### A.    The 2019 Declaration is rebuttal evidence that was properly submitted with the Reply Brief.

The 2019 Declaration was submitted solely to rebut the evidence and arguments submitted by Plaintiff in his Opposition Brief.  Sixth Circuit has long held that "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief."  *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir.2002); *see also Smith v. Burns Clinic Medical Center, P.C.*, 779 F.2d 1173, FN6 (6th Cir.1985) (approving a defendant's use of affidavits to respond to issues raised in the plaintiffs' memorandum opposing summary judgment).

As one district court succinctly observed "It seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material… where the reply affidavit merely responds to matters placed in issue by the

opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers- both briefs and affidavits- may properly address those issues." *see also Baugh v. City of Milwaukee*, 823 F. Supp. 1452 (E.D.Wisc.1993), aff'd, 41 F.3d 1510 (7th Cir.1994).

The case law cited to by Plaintiff all relate to the submission of new legal arguments that are asserted for the first time in a reply brief. For example, in *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir.2010) the appellant argued in his opening brief that a witness's testimony was inadmissible and that, if the evidence were excluded, the evidence was insufficient to convict the appellant. The appellant in *Sanborn* argued for the first time in his reply brief that the evidence would nonetheless be insufficient even if the witness's testimony was admitted. The Sixth Circuit held that this argument, raised for the first time in the reply brief, had been waived. *Id.*

Similarly, in *Ross v. Choice Hotels Intern., Inc.*, 882 F.Supp.2d 951, 958 (S.D. Ohio 2012) the district court found that the defendant could not assert that the plaintiff's claims were barred by the economic loss rule when that argument was raised for the first time in the reply brief. *Id.*

Unlike the cases cited to by Plaintiff, the affidavit submitted by Det. Moore does not provide any new arguments in support of entering summary judgment in his favor. Instead, the Reply Brief and 2019 Declaration are appropriately limited to responding to those arguments first raised by Plaintiff in Plaintiff's Opposition Brief. The Sixth Circuit's clear and unambiguous precedent permits the submission of such a declaration. Plaintiff's Motion to Strike must be denied.

**B.      The 2019 Declaration further supports that there are no genuine issues of material fact.**

The 2019 Declaration should be properly considered in ruling on the pending summary judgment motion. Courts routinely permit the consideration of declaration and affidavit testimony that contradicts prior testimony so long as the affidavit is not intended to create a sham issue of

fact- that is if the witness has some legitimate justification for the contradiction. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908-909 (6th Cir. 2006). It is permissible for an affiant to correct sworn testimony where "the witness was confused at the earlier deposition or for some other reason misspoke." *Davis v. Brouse McDowell*, N.D. Ohio No. 5:08-CV-1356, 2009 WL 10703128 (May 22, 2009), *citing Martin v. Merrell Dow Pharm., Inc.*, 851 F.2d 703, 705 (3d Cir.1988). The 2019 Declaration provides a legitimate justification for the contradiction. *See* 2019 Declaration, ¶ 2.

As described in the pending Motion for Summary Judgment, the undisputed evidence in this case establishes that there are no genuine issues of material fact and that summary judgment should be entered in favor of Det. Moore.

### C. The 2019 Declaration should not be stricken as a discovery sanction.

Finally, Plaintiff asserts that the 2019 Declaration should be stricken as a discovery sanction. This is nothing but a red herring and should be rejected. There can be no dispute that Ms. Moore was properly disclosed as a witness and that Plaintiff was aware that Ms. Moore was likely to have discoverable information. Indeed, Plaintiff identified Ms. Moore as such a person in his April 19, 2019 Supplemental Witness Disclosure, *See* Ex. A, Plaintiff's Supplemental Initial Disclosure Pursuant to Rule 26(a)(1), and Plaintiff utilized the 2011 Affidavit in his Brief in Opposition. Quite clearly, Plaintiff was aware that Ms. Moore had discoverable information and had every opportunity to depose Ms. Moore if he chose to do so. There is no discovery violation and the affidavit of Ms. Moore should not be stricken as a discovery sanction.

### III. CONCLUSION

For these reasons, Plaintiff's Motion to Strike New Summary Judgment Materials Filed for the First Time in Reply.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Cara M. Wright*
TODD M. RASKIN  (0003625)
JEFFREY T. KAY  (0069371)
CARA M. WRIGHT  (0084583)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   traskin@mrrlaw.com
            jkay@mrrlaw.com
            cwright@mrrlaw.com

Counsel for Defendant Matthew Scott Moore

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, a copy of the foregoing Defendant Matthew Scott Moore's Brief in Opposition to Plaintiff's Motion to Strike New Summary Judgment Materials Filed for the First Time in Reply was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Cara M. Wright*
TODD M. RASKIN  (0003625)
JEFFREY T. KAY  (0069371)
CARA M. WRIGHT  (0084583)

Counsel for Defendant Matthew Scott Moore

PERS-140073/Moore BIO Mot to Strike New Evidenc