UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | ) | CASE NO.: 3:13-CV-416 |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | |
| vs. | ) | **DEFENDANT MATTHEW SCOTT** |
| | ) | **MOORE'S BRIEF IN OPPOSITION TO** |
| THE CITY OF MIAMI TOWNSHIP, | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| et al., | ) | **TO CONDUCT ADDITIONAL** |
| | ) | **DISCOVERY ON THE BASIS OF** |
| Defendants. | ) | **NEWLY DISCLOSED GRAND JURY** |
| | ) | **TRANSCRIPTS, TO SET A DEADLINE** |
| | ) | **FOR RECONSIDERATION OF** |
| | ) | **SUMMARY JUDGMENT WITH** |
| | ) | **RESPECT TO DEFENDANTS WOLFE** |
| | ) | **AND MIAMI TOWNSHIP FOLLOWING** |
| | ) | **THAT DISCOVERY, AND, IN THE** |
| | ) | **ALTERNATIVE, TO PROVIDE** |
| | ) | **PLAINTIFF LEAVE FOR FILING A** |
| | ) | **MOTION FOR RECONSIDERATION IF** |
| | ) | **LIMITED ADDITIONAL DISCOVERY** |
| | ) | **IS NOT PERMITTED** |

___

Now comes Defendant Matthew Scott Moore, by and through counsel, and respectfully submits his Brief in Opposition to Plaintiff's motion. Defendant submits that additional discovery is not required and that Plaintiff's request for reconsideration of the motion for summary judgment should be denied.

### I. Plaintiff's request for additional limited discovery should be denied as to Defendant Moore.

Plaintiff argues that he should be granted leave to conduct additional discovery based on "newly disclosed" grand jury transcripts. However, Defendant respectfully submits that "newly disclosed" grand jury transcripts, do not equate to "newly discovered" evidence. Further, Defendant Moore submits that Plaintiff has had ample opportunity to inquire as to known issues

and related issues of fact in a number of depositions over the past several years and does not deserve another bite at the apple.

As Plaintiff has also mentioned, Defendant is happy to engage in public briefing regarding arguments around the alleged import of the grand jury transcripts, but for the time being, submits that Plaintiff's "bombshell" claims are only duds.

Plaintiff would have this Court believe that the grand jury transcripts contain critical testimony from Defendant Moore regarding the composite sketches used in this case. Plaintiff's claim misses the mark, as the grand jury transcript does nothing more than re-affirm Defendant Moore's testimony that he was not the person responsible for creation of the composites in this case. (Plaintiff's Exhibit 3, p.8) This is consistent with Moore's deposition testimony. (Docket 170, p.3466) In the grand jury transcript, Defendant Moore also went on to identify Patrolman Gray as the individual that created the composites in this case. (Plaintiff's Exhibit 3, p.8) Almost three and a half years ago, Defendant Moore also provided 8 hours of deposition testimony and reiterated his grand jury testimony that he was not the person who created the composites. (Docket 170, pp. 3466-3468.) In addition, at his deposition in 2018, almost 30 years after giving his grand jury testimony, Mr. Moore indicated that he could not recall who was responsible for creating the composites. *Id.* Compelling Mr. Moore to endure an additional deposition just to attempt to refresh his recollection that he identified Patrolman Gray over 30 years ago is senseless. There is no "bombshell" here. Further, it is doubtful that Mr. Moore's memory and recollection of events has improved over the past three and a half years since his last deposition.

Additionally, Patrolman Gray was also deposed in 2018 and not one question was asked of him regarding any sketches or composites. (Docket 275.) Note, that Plaintiff conveniently fails to mention that he has already had a chance to cross-examine Patrolman Gray in the laundry list of

depositions listed in support of Plaintiff's diligent discovery efforts. (Plaintiff's Motion, p. 7.) The identity of Patrolman Gray, simply put, has no impact on Plaintiff's claims. The 2nd District Court of Appeals of Ohio said as much in its opinion stating "we see no probability that a failure to provide Gillispie with the identity of a sketch artist will deprive him of a fair trial in federal court." (Plaintiff's Exhibit 1, at ¶20.)

Plaintiff also attempts to "beat the dead horse" regarding his baseless claim that Moore met with Wolfe "repeatedly" regarding the investigation and implies that such interactions were somehow nefarious. Doc 278, p. 10468. This, however, is not supported by the record, more specifically, the grand jury transcripts. While Defendant will refrain from discussing specific content of the grand jury transcript, Defendant can readily inform this Court that there is only one reference to one single interaction between Wolfe and Mr. Moore and that this is not new evidence. Instead, the record already before this Court establishes that Moore was present for a meeting between Fritz and Wolfe prior to the case being assigned to Moore when Wolfe came to the department with GM security guard ID badges. Doc. 170, p. 3423. Moore then contacted Wolfe to find out if Plaintiff had been working on the dates that the crimes occurred. Doc. 170, p. 3620. Wolfe brought Plaintiff's work schedule to the department. *Id.* at p. 3625.

Again, there is no "bombshell" to be found in Mr. Moore's grand jury testimony. Mr. Moore has provided testimony regarding his interactions with Mr. Wolfe at a number of different depositions, hearings and trials over the past 30+ years. If it is Plaintiff's wish to cross-examine Mr. Moore one last time regarding those interactions, then Defendant Moore respectfully submits that should happen at the trial of this matter. Plaintiff's request should be denied.

Granting Plaintiff's request for additional discovery would only serve to give Plaintiff a second bite at the apple and muddy the waters in an attempt to create confusion and revive

3

irrelevant testimony. The grand jury transcripts are not "new evidence". Further, Defendant submits that even allowing additional depositions on purported "limited topics" would create an opportunity for Plaintiff to engage in a broadening of those topics and "creep" into previously covered territory. Plaintiff's request for additional discovery should be denied. However, in the event that this Honorable Court decides that limited discovery is required, Defendant suggests that this Court limit the format to deposition by written questions, where Plaintiff can ask Mr. Moore if he recalls that Patrolman Gray was the individual who created the composites, Mr. Moore can respond, and the case can move forward.

## II. Plaintiff's Motion for Reconsideration of Summary Judgment Should be Denied.

As discussed above, "newly released" document does not equate to "newly discovered" evidence. A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *Beamer v. Board of Crawford Township Trustees*, U.S. Dist. Ct., S.D. Ohio, Eastern Division, October 6, 2011, WL 13308716 at *2, citing *Database America v. Bellsouth Advertising & Publishing,* 825 F. Supp. 1216, 1219-20 (D. N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed.1995) (Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998) (citing *Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.' " *Database*, 825 F. Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *Beamer*, supra, at *2 citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220

Plaintiff is attempting to use his request for reconsideration as an opportunity to appeal this Court's ruling on the Defendants' motions for summary judgment. This Court's order on the Defendants' motions for summary judgment did not expressly determine that there is no just reason for delay as required by Rule 54(b) of the Federal Rules of Civil Procedure and Defendant Moore respectfully submits that as a result, it was not a final order from which an appeal may be taken. Plaintiff, is now asking this Court to serve as a quasi-appellate court and use Fed. Civ. Rule 54(b) to conduct an appeal of its summary judgment ruling based on nothing but conjecture.

Plaintiff's request is not based on "new evidence", to the contrary, Plaintiff intends to seek reconsideration even if additional discovery is not permitted. In addition, no court has declared Plaintiff innocent to support the malicious prosecution claim. The finding of exoneration only speaks to a procedural defect in the conviction. Further, that finding is not able to be used against the civil defendants as they were not parties to it.

The relevant claims with respect to Defendants Wolfe and Miami Township are tied to the alleged suppression of evidence and that somehow Miami Township had a custom, policy or practice that provided the framework for such suppression. This includes photo lineups and composites, of which voluminous testimony has already been provided and that Plaintiff has already had the opportunity to elicit through discovery. These claims have been fully briefed, considered and ruled upon by this Court. Despite, Plaintiff's bald assertion, Plaintiff has failed to

5

provide any support for his request for reconsideration.  The grand jury transcripts fail to provide any "bombshell" evidence that relate in any way to the claims against Moore, Wolfe and Miami Township.  There is no indication of support for a Monell claim which has not already been argued.

Plaintiff wants to conduct an appeal and have an additional opportunity to cross-examine witnesses before trial despite the fact that all of the witnesses in this matter have already provided testimony.  This testimony has occurred in a multitude of settings on a variety of topics and any future testimony at trial would not serve as a surprise to anyone associated with this matter.  If Plaintiff wants a review of this Honorable Court's ruling on Defendants' motions for summary judgment, then he should be required to appeal to the Sixth Circuit when the matter is ripe.  Plaintiff's request should be denied.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/David J. Sipusic*
JOHN T. MCLANDRICH (0021494)
DAVID J. SIPUSIC (0073699)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
             dsipusic@mrrlaw.com

Counsel for Defendant Matthew Scott Moore

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2022, a copy of the foregoing Defendant Matthew Scott Moore's Brief in Opposition to Plaintiff's Motion for Leave to Conduct Additional Discovery on the Basis of Newly Disclosed Grand Jury Transcripts, to Set a Deadline for Reconsideration of Summary Judgment with Respect to Defendants Wolfe and Miami Township Following that Discovery, and, in the Alternative, to Provide Plaintiff Leave for Filing a Motion For Reconsideration if Limited Additional Discovery is not Permitted was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/David J. Sipusic*
JOHN T. MCLANDRICH (0021494)
DAVID J. SIPUSIC (0073699)

Counsel for Defendant Matthew Scott Moore