**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART,
"PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL
LIMITED DISCOVERY ON THE BASIS OF THE NEWLY DISCLOSED
GRAND JURY TRANSCRIPTS, TO SET A DEADLINE FOR
RECONSIDERATION OF SUMMARY JUDGMENT WITH RESPECT TO
DEFENDANTS WOLFE AND MIAMI TOWNSHIP FOLLOWING THAT
DISCOVERY, AND, IN THE ALTERNATIVE, TO PROVIDE PLAINTIFF
LEAVE FOR FILING A MOTION FOR RECONSIDERATION IF LIMITED
ADDITIONAL DISCOVERY IS NOT PERMITTED" (DOC. NO. 312)**

---

This case comes before the Court on a motion filed by the Plaintiff, Roger Dean Gillispie ("Gillispie"). The motion is titled: "Plaintiff's Motion for Leave to Conduct Additional Limited Discovery on the Basis of the Newly Disclosed Grand Jury Transcripts, to Set a Deadline for Reconsideration of Summary Judgment with respect to Defendants Wolfe and Miami Township Following That Discovery, and, in the Alternative, to Provide Plaintiff Leave for Filing a Motion for Reconsideration if Limited Additional Discovery is Not Permitted" (Doc. No. 312) (the "Motion"). Defendant Matthew Scott Moore ("Moore") and Miami Township, Ohio (the "Township") filed written oppositions to the Motion, while counsel for Richard 'Rick' Wolfe ("Wolfe") voiced objection to the Motion during a phone conference with the Court but did not

file a written opposition to the Motion.[1]  For the reasons discussed below, the Court **GRANTS, IN PART, AND DENIES, IN PART,** the Motion.  More specifically, the Court grants Gillispie leave to conduct additional, limited discovery, as set forth in the CONCLUSION section below, but the Court denies Gillispie leave to file a motion for reconsideration of its summary judgment ruling.

## I.    <u>BACKGROUND</u>

Gillispie filed this lawsuit after spending over 20 years in prison for a series of sexual assaults for which he alleges he "was framed."  (Doc. No. 18 at PageID 77.)  Gillispie indicates that two relatively recent events triggered the Motion: (1) Ohio's Second District Court of Appeals issued an opinion permitting the release of portions of grand jury testimony from the underlying prosecution in which he had been convicted of those sexual assaults (Doc. No. 312-1); and (2) Ohio's Court of Common Pleas for Montgomery County issued an order that declared Gillispie a "Wrongfully Imprisoned Individual" (Doc. No. 312-2).  (*See* Doc. No. 312 at PageID 11009-11 (Gillispie arguing that "[t]hese new developments—which only became final recently despite Gillispie's diligence—demand relief").)

In the Motion, Gillispie makes three requests.  First, he requests "leave to conduct additional limited discovery on the basis of the newly disclosed Grand Jury transcripts."  (Doc. No. 312 at PageID 11009.)  Second, he requests that the Court "set a deadline for reconsideration of summary judgment with respect to Defendants Wolfe and Miami Township following that discovery."  (*Id.*)  Third, he requests that, if the Court does not allow him leave to conduct

---

[1] As explained in further detail below, in its September 21, 2020 order (Doc. No. 298) (the "MSJ Order"), the Court granted the Township summary judgment on counts one through eight of the Amended Complaint (Doc. No. 18) and dismissed, without prejudice, the only other count brought against the Township.  Also in the MSJ Order, the Court granted Wolfe summary judgment on counts one through seven of the Amended Complaint (Doc. No. 18) and clarified that the only other two counts in the Amended Complaint are not brought against Wolfe.  (Doc. No. 298 at PageID 10933.)  Gillispie explains that, "[o]ver Gillispie's respectful opposition, this Court granted judgment as a matter of law to Defendant Wolfe and Miami Township" in the MSJ Order.  (Doc. No. 312 at PageID 11011.)

additional discovery, then the Court "provide [him] with leave for filing a motion for reconsideration of summary judgment concerning Wolfe and Miami Township." (*Id.*) Thus, there are two issues presented in the Motion: (1) should Gillispie be granted leave to conduct additional, limited discovery related to the grand jury testimony recently released to him, and (2) should Gillispie be granted leave to file a motion for reconsideration of the Court's September 21, 2020 ruling on three summary judgment motions (the "MSJ Order"), with respect to the claims against Wolfe and the Township.

The Court is quite familiar with the case's lengthy history given that it has presided over this case for nearly a decade now and spent several weeks analyzing and ruling on the many arguments and issues presented in the parties' summary judgment briefing. Viewing the relevant background as a (non-exhaustive) timeline is helpful for purposes of determining the two main issues presented in the Motion.

- <u>1990/1991</u> – The grand jury proceedings at issue in the Motion take place in the Court of Common Pleas for Montgomery County. (Doc. No. 316-1; *see also* Doc. No. 298 at PageID 10845.)

- <u>November 7, 2012</u> – The Ohio Supreme Court denies the State of Ohio leave to appeal an Ohio appeals court's decision to vacate Gillispie's conviction and sentence and remand for a new trial. (Doc. No. 298 at PageID 10846 (citing *State v. Gillispie*, 977 N.E.2d 694, 2012-Ohio-5149 (Table)).

- <u>December 13, 2013</u> – Gillispie files his original complaint against the Township, Moore, Wolfe, and numerous other defendants. (Doc. No. 1.) The filing initiates this civil action and asserts—among other claims—claims for malicious prosecution under both federal law and Ohio state law. (*Id.*)

  - o Gillispie files his amended complaint (<u>i.e.</u>, the current complaint) about a month later, on January 17, 2014. (Doc. No. 18.)

- <u>June 25, 2014</u> – This Court grants Gillispie's motion to stay, thus staying this case "pending completion of Ohio court adjudication of Plaintiff's criminal case." (Doc. No. 74; *see also* Doc. No. 54 (Plaintiff's Motion to Stay).)

- <u>November 30, 2015</u> – The Court of Common Pleas for Montgomery County grants Gillispie's motion to dismiss the indictment against him. (Doc. No. 298 at PageID

10847 (citing Doc. No. 230-3).)

- November 10, 2016 – Ohio's Second District Court of Appeals affirms the November 30, 2015 decision by the Court of Common Pleas for Montgomery County. *State v. Gillispie*, 65 N.E.3d 791, 2016-Ohio-7688 (Ohio Ct. App. 2016).

- July 26, 2017 – The Ohio Supreme Court denies review of the November 10, 2016 decision by Ohio's Second District Court of Appeals. *State v. Gillispie*, 78 N.E.3d 909 (Table), 2017-Ohio-6964 (Ohio July 26, 2017).

- December 29, 2017 – This Court lifts the stay (which had been imposed on June 25, 2014) as to Gillispie's claims regarding all non-General Motors defendants. (Doc. No. 116.)

- February 4, 2019 – Gillispie files, in this Court, a "Motion to Permit Disclosure of Grand Jury Testimony or, in the Alternative, to Estop Defendants from Arguing the Grand Jury Indictment Created a Presumption of Probable Cause." (Doc. No. 163.) In that motion, Gillispie asks this Court "for an Order releasing the transcript from certain grand jury proceedings to all counsel in [this] matter, or, in the alternative, estopping Defendants from arguing the grand jury indictment created a presumption of probable cause." (*Id.* at PageID 2532.)

- February 12, 2019 – Wolfe files his motion for summary judgment. (Doc. No. 171.)

- February 26, 2019 – Gillispie files a motion for extension of time (until July 2, 2019) to respond to Wolfe's motion for summary judgment. (Doc. No. 177.) The Court subsequently grants Gillispie's requested extension. (05/07/2019 Notation Order.)

- March 29, 2019 – Gillispie files, in the Court of Common Pleas for Montgomery County, a Complaint for Declaration of Plaintiff as a Wrongfully Imprisoned Individual Per ORC 2743.48 and 2305.02. (*See* Docket for Court of Common Pleas for Montgomery County case number 2019 CV 01368 (available at https://pro.mcohio.org/pro/ (last visited April 21, 2022)).)

- March 29, 2019 – Gillispie files in this Court a proposed agreed modified pretrial order, which proposes an extension of deadlines, including extending the discovery cut-off date to August 8, 2019 and the cut-off date for filing summary judgment motions to September 16, 2019. (Doc. No. 185; *see also* Doc. No. 129.) The Court subsequently enters an agreed modified pretrial order with those two extended cut-off dates. (Doc. No. 186.)

- May 1, 2019 – Magistrate Judge Ovington issues a Report and Recommendation to deny Gillispie's motion to permit disclosure of the grand jury transcripts (*see* February 4, 2019 entry above). (Doc. No. 192.) Judge Ovington explains that Gillispie should seek disclosure of those transcripts from the state court that supervised the grand jury's activities and, "[i]f the state court refuses to disclose

4

the grand jury records, Mr. Gillispie may renew his motion with this Court." (*Id.* at PageID 4073.)

- <u>May 29, 2019</u> – Without waiting for a ruling on his objection to Magistrate Judge Ovington's May 1, 2019 Report and Recommendation (*see* Doc. No. 197), Gillispie files a motion for disclosure of grand jury testimony in the Court of Common Pleas for Montgomery County. (*See* Doc. No. 312-6 at PageID 11088.)

- <u>June 19, 2019</u> – Gillispie files another motion for extension of time to respond to Wolfe's motion for summary judgment, asking for one additional week beyond the July 2, 2019 date granted by the Court on May 7, 2019. The Court grants this request too. (06/20/2019 Notation Order.)

- <u>June 25, 2019</u> – The Court issues its order denying, without prejudice to renewal, Gillispie's motion to permit disclosure of grand jury testimony or, in the alternative, to estop defendants from arguing the grand jury indictment created a presumption of probable cause (referenced above at "February 4, 2019"). (Doc. No. 216.) In the order, the Court instructs Gillispie that he "should seek disclosure from the supervising state court before asking this Court to release transcripts from the grand jury proceedings" and that "he may renew his motion with this Court if the state court refuses to disclose the grand jury records." (*Id.* at PageID 4190-91.)

- <u>July 5, 2019</u> – Gillispie files another motion for extension of time to respond to Wolfe's motion for summary judgment, asking for an extension until at least July 12, 2019 to file an opposition. The Court grants this request as well. (07/08/2019 Notation Order.)

- <u>July 25, 2019</u> – After requesting an additional extension of time and having his response stricken for violating the Court's local rules (*see* Doc. No. 237 and 07/15/2019 Notation Order), Gillispie files his opposition to Wolfe's motion for summary judgment. (Doc. No. 239.)

  - The opposition does not reference the grand jury transcripts. (*See* Doc. No. 239.)

  - Although—in a footnote of a paragraph distinguishing a case cited by Wolfe—the opposition states that "[i]t is notable the Ohio Legislature considers a *Brady* violation such a favorable determination that the wrongful conviction statute was recently amended specifically to include Gillispie and others wrongfully convicted on account of a *Brady* violation" (citing Ohio Rev. Code § 2743.48(5)), Gillispie never indicates that he was in the process of seeking a declaration that he is a wrongfully imprisoned individual. (Doc. No. 239 at PageID 7177.)

- <u>August 8, 2019</u> – Discovery ends. (*See* Doc. No. 186 (agreed modified pretrial order setting discovery deadline).)

5

- <u>September 16, 2019</u> – Moore and the Township each file separate motions for summary judgment, on the deadline for filing a summary judgment motion (*see* March 29, 2019 entry, above). (Doc. No. 257; Doc. No. 260.)

- <u>September 23, 2019</u> – Gillispie files a motion asking for leave to file an omnibus brief in opposition to the motions for summary judgment filed by Moore and the Township, to allow such brief to be in excess of twenty pages, and to extend the time for filing such brief to October 28, 2019. (Doc. No. 263.) Four days later, on September 27, 2019, the Court grants Gillispie leave of Court to (1) file an omnibus brief in response to the motions for summary judgment filed by Moore and the Township; (2) file an omnibus brief of sixty pages or less; and (3) extend the deadline for him to file that brief. (Doc. No. 268.) The Court essentially granted all of Gillispie's requests in his motion for leave (Doc. No. 263), except to allow his omnibus response brief to be seventy-five pages long.

- <u>September 26, 2019</u> – Gillispie files a Notice of Related State Court Order, indicating that he "is currently seeking the grand jury transcripts" in accordance with the Court's June 25, 2019 order and "that the state court is still in the process of making its determination as to whether the grand jury transcripts should be disclosed." (Doc. No. 267.)

- <u>October 28, 2019</u> – Gillispie files his omnibus opposition to the motions for summary judgment filed by the Township and Moore (the "Omnibus Opposition"). (Doc. No. 278.)

  o Within the document, Gillispie references the grand jury transcripts and that he was still in the process of obtaining those transcripts. Gillispie makes this reference in the context of defending his claim for malicious prosecution under § 1983, arguing that a reasonable jury could find an absence of probable cause (one of the elements for the claim)—an argument with which the Court ended up agreeing. (Doc. No. 278 at PageID 10503-06; Doc. No. 298 at PageID 10872.) Despite acknowledging that he was still in the process of trying to obtain grand jury testimony, Gillispie tells the Court that it "should evaluate the record as it stands now." (Doc. No. 278 at PageID 10506.)

    ▪ Specifically, Gillispie states: "[A]s the Township points out, **Plaintiff sought, but has not been given access to the grand jury minutes. This Court directed Plaintiff to proceed in State Court, and that tribunal has recently ordered that the transcripts be prepared. Defendants have opposed Plaintiff's efforts to get these transcripts. Having succeeded in depriving Plaintiff of important evidence (at least for the time being)**, Defendants cannot rely on this evidentiary gap to affirmatively seek summary judgment. Moreover, none of the Sixth Circuit's recent cases on this issue *require,* as a prerequisite to rebutting the presumption of probable cause, a plaintiff to obtain the grand jury transcripts. If that

6

were the case, denial of a request for those transcripts would become a default judgment for defendants; a result certainly not contemplated by these cases or consistent with the Federal Rules of Civil Procedure. [citations omitted] That being the case, **the Court should evaluate the record as it stands now**: that record would easily enable a jury to conclude (1) Moore was the only witness who testified at the grand jury (none of the victims did), (2) that Moore gave testimony consistent with the reports he authored and disclosed in this case, and (3), as he has elsewhere, Moore did not disclose the *Brady* material or disclose the fact that he set out to intentionally fabricate the identifications and other evidence against Gillispie. Summary judgment should be denied." (Doc. No. 278 at PageID 10505-06 (emphasis added).)

   o The Omnibus Opposition never indicates that Gillispie was in the process of seeking a declaration that he was a wrongfully imprisoned individual. (*See* Doc. No. 278.)

- January 13, 2020 – After briefing on all of the pending motions for summary judgment had been completed, Gillispie files a "Notice of Supreme Court Order" concerning a case cited in its Omnibus Opposition, informing the Court that the cited case "remains binding precedent." (Doc. No. 292.) Gillispie explains that "Defendant Moore's reply brief in support of his motion for summary judgment pointed out that the defendants in [that case] had petitioned the Supreme Court for a writ of certiorari." (*Id.*)

- March 27, 2020 – The Township files a "Notice of Supplemental Authority in Support of Motion for Summary Judgment (Doc. No. 260) on Issue of Plaintiff's State Law Indemnification Claim." (Doc. No. 293.)

- September 21, 2020 – This Court issues its order ruling on the motions for summary judgment filed by Wolfe, the Township, and Moore (i.e., the "MSJ Order"). (Doc. No. 298.) Among other things, the MSJ Order dismisses or grants summary judgment to Wolfe and the Township on the claims against them, and it denies Moore's motion for summary judgment with respect to five of the claims against him. (*Id.* at PageID 10932-33.)

- October 16, 2020 – Moore files a Notice of Appeal concerning the Court's MSJ Order. (Doc. No. 299.)

- April 14, 2021 – Gillispie files a "Notice of New Evidence and Intervening Authority" in which he "provides Notice of" a March 25, 2021 decision by the Court of Common Pleas for Montgomery County that Gillispie is entitled to grand jury transcripts. (Doc. No. 303.) Gillispie states that he "provides this Court with **Notice** of [that decision] because Plaintiff believes the grand jury transcripts provide evidence relevant to portions of its summary judgment decision dismissing Gillispie's substantive claims against Wolfe and Miami Township." (*Id.* at PageID

10945 (citing Fed. R. Civ. P. 59(e)) (emphasis in original).) Gillispie also "further provides Notice that the State of Ohio has appealed" that March 25, 2021 decision. (*Id.*) Gillispie states that, "while Plaintiff believes this Court should have the grand jury transcripts at its disposal without any further delay, Plaintiff provides notice of these proceedings so the Court understands the reason Gillispie has not yet filed a motion for reconsideration in light of the grand jury transcripts (and why Gillispie has not yet discussed the information contained within them herein)." (*Id.* at PageID 10946.)

  o In his March 25, 2021 decision, the state court judge had "[o]rdered full disclosure and production of the grand-jury transcripts without exception or limitation." (Doc. No. 312-1 at PageID 11027 (internal quotation marks omitted).) However, on appeal, Ohio's Second District Court of Appeals found that, "[a]lthough the record supports releasing portions of one transcript, the trial court erred in ordering the release of all grand-jury testimony from all four witnesses." (*Id.*; *see also* November 24, 2021 entry, below.)

- <u>November 19, 2021</u> – Ohio's Court of Common Pleas for Montgomery County issues its order "Declaring Plaintiff a Wrongfully Imprisoned Individual." (Doc. No. 312-2.)

- <u>November 24, 2021</u> – Ohio's Second District Court of Appeals issues its opinion that permits the release of portions of one witness's testimony from the grand jury proceedings. (Doc. No. 312-1.)

- <u>November 30, 2021</u> – The Sixth Circuit dismisses Moore's appeal of the MSJ Order for lack of jurisdiction. (Doc. No. 304.)

- <u>January 26, 2022</u> – The Court holds a telephonic status conference.[2]

On February 17, 2022, Gillispie filed the Motion. (Doc. No. 312.) Following a telephone conference with counsel for Gillispie, Moore, the Township, and Wolfe on March 2, 2022, the Court set forth a Scheduling Order to govern briefing on the Motion. (Doc. No. 315.) In that Scheduling Order, the Court identified three issues that it expected the parties' briefing would address:

(a) whether a motion for reconsideration of the Court's September 21, 2020 order (Doc. No. 298) is an appropriate vehicle for Plaintiff to make his arguments concerning the Court granting summary judgment for Miami Township and Wolfe;

---

[2] The undersigned does not recall anyone ever mentioning, prior to this telephone conference, that Gillispie had been seeking—since March of 2019—a declaration that he was a wrongfully imprisoned individual.

(b) whether Plaintiff is barred—due to estoppel, waiver, or otherwise—from now arguing that the Court should reconsider its September 21, 2020 order (Doc. No. 298) on the basis of newly-disclosed transcript(s) of Grand Jury proceedings; and (c) whether Plaintiff is barred—due to estoppel, waiver, or otherwise—from now arguing that the Court should reconsider its September 21, 2020 order (Doc. No. 298) on the basis of the November 22, 2021 state court decision declaring Plaintiff a wrongfully-imprisoned individual.

(*Id.*)  On March 24, 2022, Moore and the Township each filed a brief opposing the Motion.  (Doc. No. 319; Doc. No. 320.)  Finally, on April 7, 2022, Gillispie filed a reply brief in support of the Motion.  (Doc. No. 321.)  The Motion is fully briefed and ripe for review.

## II.  <u>ANALYSIS</u>

Gillispie argues that limited discovery is appropriate in light of the recent state court decisions to release pages of grand jury testimony previously unavailable to him and to declare him a wrongfully imprisoned individual.  (Doc. No. 312 at PageID 11014-15.)  He asks that the Court allow "a 45 to 60 day window to complete additional" discovery limited in method and scope.  (*Id.* at PageID 11017-20.)  Gillispie also argues that, "even if additional discovery is not permitted, the Grand Jury transcripts and declaration of wrongful conviction warrant reconsideration" of the MSJ Order's decision concerning Wolfe and the Township.  (*Id.* at PageID 11009, 11011.)

### A.  <u>Gillispie's Request for Additional, Limited Discovery</u>

The Court first addresses Gillispie's request for leave to conduct additional, limited discovery.  As referenced in the timeline above, the discovery deadline in this case has passed.  However, a schedule may be modified "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The parties agree on the standard to be applied by the Court.  (*See* Doc. No. 320 at PageID 11297; Doc. No. 321 at PageID 11314.)  "The party seeking to reopen discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information."  *U.S. Diamond & Gold v. Julius Klein Diamonds*

*LLC*, No. C-3-06-371, 2008 U.S. Dist. LEXIS 57825, 2008 WL 2977891, at *11 (S.D. Ohio July 29, 2008) (after having ruled on summary judgment motions, denying motion to reopen discovery because the requested discovery was not shown to be relevant to any remaining issue in the case). "Courts consider five factors when determining whether to reopen discovery." *Id.* Those five factors are:

> (1) whether the movant has demonstrated good cause for reopening discovery; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevance of the discovery being sought; and (5) whether the party opposing the motion to reopen discovery will be prejudiced.

*Id.* A district court has broad discretion in deciding discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999) (referencing the district court's "wide latitude of discretion" in making its decision concerning a discovery dispute).

Here, Gillispie indicated his need for more discovery, what facts he hopes to uncover, and why he has not previously discovered the information. (*See, e.g.,* Doc. No. 312 at PageID 11015-20.) Consideration of the factors from *U.S. Diamond & Gold* leads to the conclusion that the discovery period should be reopened to allow Gillispie some limited discovery. Regarding the first factor, Gillispie has shown good cause for conducting discovery that is limited in both duration and scope. Regarding the second factor, Gillispie was diligent (not neglectful) in his pursuit of the grand jury testimony. Regarding the third factor, Gillispie seeks relatively specific discovery, all limited in scope concerning the contents of the approximately five pages of grand jury testimony: four depositions by oral examination (each either one hour or two hours in duration) and twenty requests for admission to Moore, Wolfe, and the Township.[3] (*See* Doc. No. 312 at PageID 11011;

---

[3] In his opposition brief, Moore argues that "even allowing additional depositions on purported 'limited topics' would create an opportunity for Plaintiff to engage in a broadening of those topics and 'creep' into previously covered territory." (Doc. No. 319 at PageID 11291.). The Court agrees with Gillispie's reply brief that this concern "is complete speculation," would be "something to be dealt with … contemporaneous[ly]," and "is not a basis for denying

Doc. No. 321 at PageID 11307-08.) Regarding the fourth factor, Gillispie argues that the proposed limited discovery is obviously relevant to his claims or "else the Ohio Court would not have agreed to produce the transcripts." (Doc. No. 312 at PageID 11017.) Gillispie says that he will be examining the four witnesses about the content of the recently released pages of grand jury testimony. For example, he "seeks to inquire of Moore to determine whether [Moore] is going to affirm, deny, or attempt to 'explain away' his [grand jury] testimony at trial." (*Id.* at PageID 11018.) Gillispie also argues that he "should be permitted to conduct the depositions of Moore and Wolfe, even if the Court overrules [his] request to reconsider the motion [for] summary judgment" because it will "prevent surprise at trial." (*Id.*) The Court finds that Gillispie appears to be seeking information relevant to issues that may be presented at trial. Regarding the fifth factor, the prejudice to the parties opposing the Motion will be limited. Neither Wolfe nor Moore identified any prejudice, and the Township's alleged prejudice is that Gillispie's "discovery quest is an exercise in futility because the subject matter has no bearing on the *Monell* claims" and "there is no witness that the Township could produce for deposition." (Doc. No. 320 at PageID 11300.) However, the Township was previously able to produce a witness for a deposition, and the Township's other argument does not indicate prejudice.

Therefore, the Court grants Gillispie's request for leave to conduct additional, limited discovery, in accordance with the parameters set forth in the CONCLUSION section below.

**B.  Gillispie's Request for Leave to File for Reconsideration of the Court's Summary Judgment Order Regarding Wolfe and the Township**

In his reply brief, Gillispie identified "the threshold issue before the Court: namely, whether Plaintiff should be given the *opportunity* to seek reconsideration based upon (1) grand jury transcripts that he spent years litigating, and (2) the adjudication of Plaintiff as a Wrongfully

discovery altogether." (Doc. No. 321 at PageID 11317-18.)

Convicted Individual under Ohio law." (Doc. No. 321 at PageID 11321 (emphasis in original).)

### 1) Framework for ruling on the request for leave to file a motion for reconsideration

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id.*; *see also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment," and "[a] district court may modify, or even rescind, such interlocutory orders").

The MSJ Order (Doc. No. 298) is not a final judgment, but instead is an interlocutory order that granted summary judgment to some parties with respect to some claims. Rule 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In the MSJ Order, the Court did not "expressly determine[] that there is no just reason for delay." *Id.* The MSJ Order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties," so it "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Given that no party moved for final judgment under Rule 54(b) and claims remain pending in this litigation, the proper vehicle to seek reconsideration of the MSJ Order is a motion for reconsideration pursuant

to Rule 54(b).  *See William B. Tanner Co., Inc. v. U.S.*, 575 F.2d 101, 102 (6th Cir. 1978) (order "granting summary judgment in favor of [one defendant] but not adjudicating the liability of other defendants" is not a final judgment without a Rule 54(b) certification that the order is a final judgment); *Horn v. City of Covington*, No. Civ. 14-73-DLB-CJS, 2019 U.S. Dist. LEXIS 92052, 2019 WL 2344773, at *7 (E.D. Ky. June 3, 2019) (in a case where the court had granted summary judgment for all but two defendants, the order remained interlocutory and the time limits set forth in Rule 59(e) did not apply).

Although a district court, therefore, has the authority to reconsider interlocutory orders and reopen any part of a case before entry of final judgment, "motions for reconsideration are generally disfavored."  *Scudder v. Mitchell*, No. 2:00-cv-17, 2021 U.S. Dist. LEXIS 58899, 2021 WL 1172221, at *1 (S.D. Ohio Mar. 29, 2021); *see also* 18B Charles Alan Wright, Arthur H. Miller, and Edward H. Cooper, Federal Practice and Procedure § 4478.1 (3d ed.) ("[a] presumption against reconsideration makes sense," even though "Federal Rule of Civil Procedure 54(b) confirms the trial court's necessary authority to correct itself").  Generally, "courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (alteration adopted) (internal quotation marks omitted).  The standard for determining whether to reconsider an interlocutory order "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n. 7.  "A movant has no right to reconsideration of an interlocutory order simply because the movant makes the motion in good faith."  *Id.*  Additionally, where the evidence that the party is submitting for the first time in its motion for reconsideration was in its possession at the time of the court's earlier decision, a court's refusal to reconsider its earlier decision is not

13

unjust.  *Id.* at 959.  "Further, justice does not require that" a district court allow a party moving for reconsideration "an opportunity to make a legal argument on an issue that would not alter the district court's prior decision."  *Id.* at 959-60.

> **2)  Application regarding whether to grant leave to file a motion for reconsideration due to the recent release of grand jury testimony and issuance of a declaration that Gillispie was a wrongfully imprisoned individual**

At the time he filed his oppositions to the summary judgment motions, Gillispie knew that portions of the grand jury testimony and/or a declaration that he was a wrongfully imprisoned individual (i.e., the "new" evidence) could become available to him.  This is because, as shown in the timeline above, he had been pursuing them for months by that time.  He also had that knowledge for more than a year before the Court issued its MSJ Order.  Yet, Gillispie never asked the Court to stay briefing on the summary judgment motions or hold off on deciding them, even though the Court had previously shown its willingness to grant a stay pending the outcome of a matter pending in another court.  (*See* Doc. No. 74 (order granting Gillispie's motion to stay).)  As the Township argued in its opposition brief, Gillispie "could have filed a motion under Rule 56(d) asking the Court to defer consideration of the motion or to allow additional time to take discovery until such time as the state court ruled on his motion to disclose grand jury testimony" (Doc. No. 320 at PageID 11303).  In fact, Gillispie did not even need to rely on Rule 56(d); as he had done earlier in this same case (*see* Doc. No. 59 (Gillispie's 5/19/14 Motion to Stay)), he simply could have filed a motion to stay pending resolution of the issue(s) in state court.  But he decided not to do so.  *See Poore-Rando v. U.S.*, No. C16-5094 BHS, 2017 U.S. Dist. LEXIS 190665, 2017 WL 5549580, at *3 (W.D. Wash. Nov. 17, 2017) (denying motion for reconsideration of order granting, in part, summary judgment motion; explaining that, although the evidence submitted in support of the motion for reconsideration was unavailable at the time the party filed its opposition brief, the

party had known at that time that the evidence could become available and, therefore, should have—prior to the court ruling on the summary judgment motion—moved for a continuance or requested leave to file supplemental briefing after the evidence was received).  The timeline above shows that Gillispie's counsel was not shy about asking for stays and extensions, and counsel for all parties were not shy about filing notices after briefing on the summary judgment motions had concluded but prior to this Court's ruling.  And, although it does not invite delays, this Court certainly had not been stingy about granting Gillispie's requests for a stay or an extension of time.

The Court does not know why Gillispie did not ask for a stay or continuance.  Perhaps Gillispie believed the grand jury testimony might contain information harmful to his positions.  Perhaps Gillispie was tired of waiting for this case to be resolved.  Regardless of the reason, the important point is that he did not do so.  *Poore-Rando*, 2017 WL 5549580, at *3; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1192 (W.D. Mich. 1995) (denying motion to consider previously unavailable evidence for purposes of altering or amending adverse summary judgment ruling, where the party had known that the evidence could become available; explaining that the party ought to have made a motion for extension of time "for the purpose of at least apprising the Court of the discovery difficulties" and explaining that "[h]er request for relief several months after the fact and only after receiving an adverse ruling comes too late").

Furthermore, not only did Gillispie never ask the Court for a stay (or to otherwise delay ruling on the pending summary judgment motions), but he actually indicated to the Court that it should <u>proceed with ruling</u>, despite him knowing that additional evidence could become available.  As set forth in the timeline above, in his Omnibus Opposition, Gillispie specifically said:  "[T]he Court should evaluate the record as it stands now."  (Doc. No. 278 at PageID 10506.)  Gillispie made this statement in the context of an argument concerning access to the grand jury testimony.

(*Id.*) And, Gillispie made this statement after he had notified the Court that he was "currently seeking the grand jury transcripts" in state court. (Doc. No. 267.)

The Court relied on Gillispie's statement in deciding to proceed with ruling on the summary judgment motions. His statement, coupled with the lack of any request to delay ruling on the pending summary judgment motions, convinced the Court to proceed with ruling on the those motions. Thus, in accordance with Gillispie's own request, the Court "evaluate[d] the record as it stands" and issued the MSJ Order. The result was a favorable ruling for Gillispie with respect to Moore's motion for summary judgment, but an unfavorable ruling against Gillispie with respect to Wolfe's and the Township's motions for summary judgment. (Doc. No. 298.) Gillispie now seeks another evaluation of the record.[4] But doing so would essentially amount to providing Gillispie a "second bite at the apple." *See McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (Table), 1996 U.S. App. LEXIS 6122, 1996 WL 94960, at * 2 (6th Cir. Mar. 4, 1996) (affirming district court's decision on summary judgment "in view of the record before the court at the time" and its decision to deny plaintiff's motion for reconsideration of that summary judgment ruling; holding that "[t]he district court was not required to give her a second 'bite at the apple' and grant the motion for reconsideration"). The Court will not permit it.

Additionally, the doctrine of judicial estoppel supports denying the Motion's request for leave to file a motion for reconsideration. That doctrine "is intended to protect the integrity of the judicial process." *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982). "When a party convinces a court to take a certain position, and later advocates an inconsistent position, the court can apply the doctrine of judicial estoppel to prevent that party from playing 'fast and loose' with the courts." *Han v. Hankook Tire Co.*, 799 F. App'x 347, 349 (6th Cir. 2020) (citing *Edwards*,

---

[4] Gillispie does not seek reconsideration of the MSJ Order in its entirety, but only asks for leave to file "a motion for reconsideration of summary judgment concerning Wolfe and Miami Township." (Doc. No. 312 at PageID 11009.)

690 F.2d at 598-99 (6th Cir. 1982)).

Gillispie had the opportunity to avoid this situation, or at least to ask this Court to avoid it, by seeking a stay or continuance, prior to the ruling on the summary judgment motions. Instead, Gillispie chose not to do so and essentially told this Court to go ahead and rule. Then, after receiving an unfavorable ruling from this Court regarding Wolfe and the Township, and a favorable outcome from the state court regarding the grand jury testimony, he told this Court that he was planning on filing a motion for reconsideration. (Doc. No. 303.) It is telling that, in that April 14, 2021 Notice (filed more than half a year after the MSJ Order was issued), Gillispie told the Court that he was "provid[ing] this Court with [n]otice of [the state court's decision] because [he] believes the grand jury transcripts provide evidence relevant to portions of its summary judgment decision dismissing Gillispie's substantive claims against Wolfe and Miami Township." (Doc. No. 303 at PageID 10945 (emphasis removed).)

In his Motion, Gillispie argues that the Court should grant him leave to file a motion to reconsider the MSJ Order's rulings concerning Wolfe and the Township "as a matter of *fairness*."[5] (Doc. No. 312 at PageID 11020 (emphasis in original).) He now alleges that he "was disadvantaged at [sic] prior to summary judgment because he was forced to oppose Wolfe and Miami Township's motions without the benefit of information contained within the Grand Jury transcripts." (*Id.*) But, he could have made this exact same argument—and asked this Court to hold off on ruling on the summary judgment motions—at any time before the MSJ Order was issued. He did not. (*See* Doc. Nos. 239, 278.) Instead, he indicated to this Court that it should go ahead and rule on the summary judgment motions; he did not indicate that he had been "disadvantaged" or that it would be unfair to rule without waiting for the state courts to decide the

---

[5] Of course, Moore and the Township essentially argue the opposite—that it would be unfair to them if the Court granted Gillispie leave to file such a motion.

then-pending requests for grand jury testimony and a declaration that he was a wrongfully imprisoned individual. After this Court ruled against him on the summary judgment motions filed by Wolfe and the Township (but not the one filed by Moore—for which Gillispie does not care to ask for reconsideration) and the state courts ruled favorably for him, Gillispie now asserts that it would be unfair not to reconsider certain issues with the "new" evidence. Given the scenario, the Court disagrees. *Brown v. U.S.*, 545 F. App'x 435, 438 (6th Cir. 2013) (affirming denial of motion for leave to file a motion to reconsider summary judgment; explaining that "the failure to make all of the arguments available to a party during the relevant briefing period, but not realizing this until after he/she has received an unfavorable ruling, does not constitute manifest injustice").

In his reply brief, Gillispie argues that "[r]econsideration is warranted, among other reasons, where there is 'newly discovered evidence that was not previously available to the parties.'" (Doc. No. 321 at PageID 11321 (quoting *Owner-Operator Indep. Drivers Assoc. v. Arctic Express*, 288 F. Supp. 2d 895 (S.D. Ohio 2003)).) As an initial matter, the Court agrees that reconsideration may be warranted in such a situation and that, as shown above, a court may exercise its discretion to reconsider its interlocutory orders "where there is … new evidence available." *Louisville/Jefferson Cnty. Metro Gov't*, 590 F.3d at 389. Although the evidence here (the grand jury transcript pages and the state court declaration that Gillispie was a wrongfully imprisoned individual) was not previously available to the parties, Gillispie had been actively pursuing that evidence for months before filing his opposition briefs and knew that, if he prevailed on his arguments before the state court(s), then the evidence would become available to him. Again, despite that knowledge, he did not ask this Court to delay ruling on the summary judgment motions but instead indicated that it should proceed with ruling as the record then stood. This scenario does not warrant allowing a subsequent motion for reconsideration based on that

evidence. *See Javetz*, 903 F. Supp. at 1192 (denying motion to consider previously unavailable evidence for purposes of altering or amending earlier summary judgment order); *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (although the evidence "did not technically exist prior to the" summary judgment order being issued, the "district court did not abuse its discretion in denying" the motion for reconsideration "on the basis of newly discovered evidence"). Gillispie's cited authority, *Owner-Operator Indep. Drivers Assoc.*, does not lend additional support for his argument for reconsideration; that case was not one where there was new evidence available, but instead involved an argument that the court had committed "a clear error of law" and there was "an intervening change in controlling law." *Owner-Operator Indep. Drivers Assoc.*, 288 F. Supp. 2d at 900-01 (denying motion for reconsideration).

Finally, Gillispie's other argument in his reply brief does not convince the Court that he should be permitted leave to file a motion to reconsider:

> [M]ost of Defendants' arguments seek to dip into the merits of any potential motion for reconsideration. Doing so is premature. The question right now is a threshold inquiry: whether the new evidence is sufficient to allow Gillispie to seek that reconsideration, under the standard for reconsideration not the ultimate merits.

(Doc. No. 321 at PageID 11322.) The Court agrees with Gillispie that arguments that seek to dip into the merits of any potential motion for reconsideration are premature. The Court finds that, based on the situation presented, Gillispie should not be granted leave to file a motion for reconsideration of the MSJ Order concerning Wolfe and the Township.

## III.    **CONCLUSION**

For the reasons stated above, the Court **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiff's Motion (Doc. No. 312). The Court **GRANTS** additional, limited discovery with the following parameters:

1. Available methods of discovery:  two-hour deposition by oral examination of Moore; one-hour deposition by oral examination of Wolfe; one-hour deposition by

oral examination of Gray; one-hour deposition by oral examination of the Township; twenty requests for admission to Moore; twenty requests for admission to Wolfe; and, twenty requests for admission to the Township.

2. Scope of discovery:  topics related to the contents of the portions of the grand jury testimony disclosed pursuant to the November 24, 2021 Opinion issued by Ohio's Second District Court of Appeals (Doc. No. 312-1).

3. Additional discovery period:  Entry of this Order until 60 days from its entry.

Additionally, in accordance with the Scheduling Order entered on March 3, 2022 (Doc. No. 315) and the Court's statement in the June 25, 2019 Order "that [Gillispie] may renew his motion [to permit disclosure of grand jury testimony] with this Court if the state court refuses to disclose the grand jury records" (Doc. No. 216), the Court sets the following deadline for filing any motion to disclose (or otherwise release) any additional portion of the transcript(s) of grand jury proceedings beyond what Ohio's Second District Court of Appeals ruled on November 24, 2021 must be disclosed and produced to Plaintiff:  14 days from the entry of this Order.

The Court **DENIES** Gillispie's request for the Court to set a deadline for reconsideration of summary judgment with respect to Wolfe and the Township.  The Court also **DENIES** Gillispie's request for leave to file a motion for reconsideration of the summary judgment order (Doc. No. 298).  This case will proceed through the additional period of discovery, after which the case will proceed to a final pretrial conference and trial on Gillispie's remaining claims against Moore.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C), and § 636(b)(3), the case is hereby **REFERRED** to United States Magistrate Judge Caroline H. Gentry until the close of the additional discovery period, at which time the referral will automatically expire.  Finally, the Court sets the following schedule:

a) Telephone status conference following the additional, limited discovery period: July 6, 2022 at 10:00 a.m.

20

b) Cut-off date for filing motions *in limine* with respect to trial testimony or exhibits: August 1, 2022

c) Cut-off date for filing the parties' joint proposed final pretrial order: September 28, 2022

d) Trial exhibits to be exchanged by: October 5, 2022

e) Deadline for filing transcripts of depositions with designations of testimony to be used: October 7, 2022

f) Final pretrial conference (in chambers) with all counsel who will participate in trying the case: October 13, 2022 at 1:30 p.m.

g) Cut-off date for filing (and submitting to chambers by email) proposed jury instructions, proposed special verdicts or interrogatories, and a joint statement of the case (which must be consistent with the joint proposed final pretrial order): October 14, 2022

h) Deadline for filing objections to designated deposition testimony and for filing counter-designations of deposition testimony: October 21, 2022

i) Deadline for filing objections to designated counter-designations of deposition testimony: October 26, 2022

j) Trial exhibits to be delivered to the courtroom deputy by: November 2, 2022

k) Trial on the merits to a jury beginning on: November 7, 2022 at 9:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 2, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE