ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, November 19, 2021 4:58:36 PM
CASE NUMBER: 2019 CV 01368 Docket ID: 35905122
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

> **EXHIBIT**
>
> A

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
CIVIL DIVISION

*(left margin, vertical text:)* **Montgomery County Common Pleas Court** General Division

| | |
|---|---|
| ROGER DEAN GILLISPIE, | CASE NO.: 2019 CV 01368 |
| Plaintiff(s), | JUDGE SUSAN D. SOLLE |
| -vs- | |
| THE STATE OF OHIO, | **DECISION, ORDER, AND ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DECLARING PLANTIFF A WRONGFULLY IMPRISONED INDIVIDUAL** |
| Defendant(s). | |
| | **SETTING HEARING DATE FOR DECEMBER 7, 2021 AT 3:00 PM** |

This matter is before the Court on *Defendant's Motion for Summary Judgment* and *Plaintiff's Motion for Summary Judgment*. Defendant, the State of Ohio ("the State"), filed its *Motion for Summary Judgment* on May 22, 2020. Plaintiff, Roger Dean Gillispie, filed his *Response in Opposition to Defendant's Motion for Summary Judgment* on July 7, 2020. The State filed its *Reply in Support of Summary Judgment* on July 14, 2020. Mr. Gillispie filed his *Motion for Summary Judgment Pursuant to Civil Rule 56 & Memorandum in Support* on May 25, 2020. The State filed its *Response in Opposition to Plaintiff's Motion for Summary Judgment* on July 7, 2020. Mr. Gillispie filed *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment* on July 14, 2020. This matter is properly before the Court.

## I.   FACTS & PROCEDURAL HISTORY

On October 4, 1990, Mr. Gillispie was indicted by the Montgomery County Grand Jury with nine counts of rape in violation of Ohio Revised Code 2907.02(A)(2), each with firearm specifications, three counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4), each with firearm specifications, three

counts of gross sexual imposition in violation of Ohio Revised Code 2907.05(A)(1), and three counts of aggravated robbery in violation of Ohio Revised Code 2911.01(A)(1), each with firearm specifications.

On October 11, 1990, Mr. Gillispie pled not guilty to all counts in the indictment. A jury trial was held in Montgomery County Common Pleas Court ("trial court") on February 12, 1991 and Mr. Gillispie was found guilty of everything except for two counts of aggravated robbery and the respective firearm specifications, of which he was found not guilty.

Mr. Gillispie filed a motion for a new trial on February 26, 1991 which was ultimately granted on the basis of newly discovered evidence. The matter was set for trial on all of the counts in which Mr. Gillispie was previously found guilty. On June 12, 1991, a jury returned guilty verdicts on all counts and the firearm specifications. Mr. Gillispie was ultimately given an aggregate sentence of twenty-two (22) to fifty-six (56) years in prison.

In February of 2008, after several failed appeals, motions for a new trial, and a post-conviction relief petition, Mr. Gillispie filed another motion for a new trial and post-conviction relief petition. In his motion, Mr. Gillispie argued that new evidence had come to light. Mr. Gillispie argued this evidence included identification of an alternate suspect and perhaps most importantly, he argued there were police reports in existence that possibly eliminated him as a suspect which were never turned over to him by the prosecution. To support his argument, Mr. Gillispie presented two affidavits from Detective Fritz and Detective Bailey, two former police detectives who were initially in charge of investigating the case until a new detective, Detective Moore, took over in June of 1990. In their sworn affidavits, Detectives Fritz and Bailey stated that they had investigated and eliminated Mr. Gillispie as a suspect prior to Detective Moore taking over the case.

On July 9, 2008, the trial court overruled Mr. Gillispie's motion for a new trial and denied his petition for post-conviction relief. Mr. Gillispie filed a motion to supplement the record and for reconsideration which was also denied. Mr. Gillispie appealed the trial court's decision. The Second District Court of Appeals ("Second District") remanded the case for a hearing on the motion for a new trial. After a hearing, the trial court concluded that most of the newly discovered evidence was inadmissible hearsay and found that none of the evidence was relevant. The trial court overruled the motion for a new trial and motion to reconsider. Mr. Gillispie appealed those decisions to the Second District in 2011. *See State v. Gillispie*, 2012-Ohio-1656, 2012 Ohio App. LEXIS 1453 ("*Gillispie V*").

2

In its opinion dated April 13, 2012, the Second District found the trial court abused its discretion in holding that the newly discovered evidence was inadmissible and not material to Mr. Gillispie's defense. *Id.* at ¶59. The Second District reversed the trial court's decision to deny the motion for a new trial, vacated Mr. Gillispie's convictions, and remanded the case for a new trial. *Id.* at ¶60. The State filed an appeal to the Ohio Supreme Court and the Second District's decision was stayed pending appeal. The Supreme Court denied leave to appeal on November 7, 2012.

During the pendency of the Second District appeal, the United States District Court for the Southern District of Ohio ("District Court") granted a *Conditional Writ of Habeas Corpus* ("*Writ*") ordering that Mr. Gillispie be released from custody unless retried and convicted by July of 2012. The District Court's decision, dated December 15, 2011, was based on the missing police reports which the State admitted they could not produce.[1] The District Court found that the missing reports were material to Mr. Gillispie's defense, "*Brady* material," and in turn found that Mr. Gillispie was denied his due process rights pursuant to the Fourteenth Amendment as interpreted by *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The State appealed the decision and the decision of the District Court was stayed pending the appeal on December 22, 2011.

At the same time it granted the stay, the District Court also released Mr. Gillispie from the state correctional facility where he was housed, on personal recognizance, subject to conditions.[2] The stay of the Second District's decision was lifted on November 7, 2012 and subsequently the State voluntarily filed a motion to dismiss its appeal in federal court which was granted. The District Court extinguished Mr. Gillispie's bond conditions on November 9, 2012. The State then filed a Fed. R. Civ. P. 60(b) motion ("60(b) motion") to vacate the *Writ* with the District Court.

The District Court denied the motion on December 20, 2012 finding that its *Writ* was neither moot nor void and that it had jurisdiction to enforce the writ. The District Court also found that the Second District's decision vacating the convictions did not conflict with the District Court's decision because the decisions from both courts granted new trials on entirely separate bases. The State appealed the denial of

---

[1] The State maintained the reports never existed.
[2] The conditions included house arrest, no violations of law, appearances in court, notification of changes in personal information, a DNA sample, no contact with the victims, and no firearms.

3

its 60(b) motion on January 17, 2013. The State sought to stay the District Court's decision but the stay was ultimately denied. The Sixth Circuit Court of Appeals ("Sixth Circuit"), affirmed the District's Court's denial of the 60(b) motion on November 13, 2014.

Once Mr. Gillispie's convictions were vacated by the Second District's decision in *Gillispie V* and the stay was lifted, the matter returned to the trial court. On December 26, 2012 the trial court set bond at "own recognizance" with conditions of no contact with the victims and cooperation with pretrial services. On January 18, 2013, during the pendency of the federal appeal on the 60(b) motion, Mr. Gillispie filed a *Motion to Compel Discovery or in the Alternative Dismiss the Indictment* ("*Motion to Dismiss*") in the trial court and the parties fully briefed the matter. The trial court proceedings were then stayed by agreement of the parties on April 24, 2013, pending the outcome of the of the of the federal appeal on the 60(b) motion.

On November 30, 2015, the Montgomery County Common Pleas Court issued its decision dismissing Mr. Gillispie's criminal case with prejudice, holding that the doctrine of collateral estoppel applied with regard to the *Brady* issue as decided by the District Court in 2011. The trial court found that Mr. Gillispie could never be retried because the State admitted they did not possess and could not produce the missing police reports. The State appealed the trial court's decision and the Second District upheld the trial court's decision on November 10, 2016. The Ohio Supreme Court declined to accept jurisdiction.

Mr. Gillispie asks this Court to find that there are no genuine issues of material fact regarding whether he is a wrongfully imprisoned individual and to find that he is entitled to judgment as a matter of law. The State also asserts that there are no genuine issues of material fact to resolve but argues that Mr. Gillispie does not meet all of the elements to be declared a wrongfully imprisoned individual and therefore requests judgment in its favor.

## II.    STANDARD OF REVIEW

Ohio Rule of Civil Procedure 56(C) states in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the

4

motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Ohio Rule of Civil Procedure 56(E) provides in relevant part:

When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate shall be entered against the party.

Upon a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue of material fact exists for trial. *See Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993); *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 152, 309 N.E.2d 924 (1974).

The burden then shifts to the non-moving party to set forth specific facts which show that there is a genuine issue of fact for trial. *Harless*, 54 Ohio St.2d at 65-66, 375 N.E.2d 46. The non-moving party has the burden "to produce evidence on any issue for which that party bears the burden of production at trial." *Leibreich*, 67 Ohio St.3d at 269, 617 N.E.2d 1068 (1993); *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Therefore, the non-moving party may not rest upon unsworn or unsupported allegations in the pleadings. *Harless*, 54 Ohio St.2d at 66, 375 N.E.2d 46. The non-moving party must respond with affidavits or other appropriate evidence to controvert the facts established by the moving party. *Id*. Further, the non-moving party must do more than show there is some metaphysical doubt as to the material facts of the case. *Matsushita Electric Ind. Co. v. Zenith Radio*, 475 U.S. 57 (1980).

### III.   LAW & ANALYSYS

Pursuant to R.C. 2743.48(A), in order to be declared a wrongfully imprisoned individual, one must satisfy all of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.

5

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:

    (a) No criminal proceeding is pending against the individual for any act associated with that conviction.

    (b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.

    (c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that this division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release.… In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

**A. There are no genuine issues of material fact as to whether Mr. Gillispie meets the requirements of 2743.48(A)(1)-(A)(4)(a).**

The facts of this case and the facts and procedural history of Mr. Gillispie's 1990 criminal case, Mr. Gillispie's state appeals, and his federal cases and appeals are undisputed. As there are no issues of fact to decide, the only issue in this matter is whether, based on those facts, Mr. Gillispie meets the requirements of R.C. 2743.48 to be declared a "Wrongfully Imprisoned Individual." In their motions and responses, the parties do not dispute that Mr. Gillispie meets the requirements under subsections (A)(1)-(A)(4)(a). The Court will briefly address why Mr. Gillispie meets those requirements.

6

### 1.  R. C. 2743.48(A)(1)

Under R.C. 2743.48(A)(1), Mr. Gillispie must have been charged with a violation of the Revised Code by indictment or information and those violations must have been felonies, aggravated felonies, or misdemeanors.   Mr. Gillispie was charged by indictment with nine counts of rape, all with firearm specifications, three counts of kidnapping, all with firearm specifications, three counts of gross sexual imposition, and one count of aggravated robbery, with a firearm specification.  All sixteen offenses are felony offenses.  Mr. Gillispie meets the first requirement under subsection (A)(1).

### 2.  R. C. 2743.48(A)(2)

Under R.C. section 2743.48(A)(2), Mr. Gillispie must have been found guilty but must not have plead guilty to the particular charge or a lesser-included offense by the court or a jury and the charge for which he was found guilty must have been an aggravated felony, felony, or misdemeanor.  Mr. Gillispie was found guilty in 1991 after a jury trial of all nine counts of rape and the firearms specifications, the three counts of kidnapping and the firearm specifications, three counts of gross sexual imposition, and one count of aggravated robbery and the firearm specification.  All of the offenses for which he was found guilty at trial are felony offenses. Mr. Gillispie never plead guilty to any of the offenses for which he was charged and found guilty.

### 3.  R. C. 2743.48(A)(3)

Subsection (A)(3) of R.C. 2743.48 requires Mr. Gillispie to have been sentenced to an indefinite or definite term of imprisonment in a state correctional institution as a result of the guilty finding.  Mr. Gillispie was sentenced to twenty-two to fifty-six years in a state correctional institution as a result of his being found guilty of the aforementioned charges.

### 4.  R.C. 2743.48(A)(4)

Under R.C. 2743.48(A)(4), Mr. Gillispie must show that his conviction was vacated, dismissed, or reversed on appeal and satisfy all three subsections (a-c).  The Court will address the first clause "one must show their conviction was vacated, dismissed, or reversed on appeal," separately because the same clause applies to all subsections of (A)(4).  There is no question the Second District vacated Mr. Gillispie's convictions by way of its decision dated April 13, 2012.  However, the decision was stayed pending appeal to

7

the Ohio Supreme Court. Mr. Gillispie's convictions were effectively vacated on November 7, 2012 when the stay of the Second District's decision was lifted after the Supreme Court declined to hear the case.

### 5. R.C. 2743.48(A)(4)(a)

In addition to showing one's conviction has been vacated, dismissed or reversed on appeal, R.C. 2743.48(A)(4)(a) requires an individual seeking to be declared a wrongfully imprisoned person to show that no criminal proceeding is pending against the individual for any act associated with that conviction. There is no criminal proceeding currently pending against Mr. Gillispie for any act associated with his conviction and there has not been since his case was dismissed with prejudice by the trial court in 2015, nor can there be. The State is forever barred from re-trying Mr. Gillispie for the offenses of which he was once convicted or any act associated with those convictions.

### B. Mr. Gillispie meets the requirements of R.C. 2743.48(A)(4)(b).

Subsection (A)(4)(b) requires Mr. Gillispie to show that the prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court. The Second District entered its decision vacating the trial court convictions on April 13, 2012. That decision was stayed, pending the State's appeal to the Ohio Supreme Court. The Supreme Court denied certiorari on November 7, 2012. The stay of the Second District decision was lifted and Mr. Gillispie's convictions were vacated on November 7, 2012. No further appeal was sought by the prosecuting attorney, as of November 7, 2013, one year after the date in which Mr. Gillispie's convictions were vacated.

It is not necessary to discuss the effect an appeal of any of the District's Court's decisions may have had on this element. As the State concedes in its *Motion for Summary Judgment* and its *Response in Opposition to Plaintiff's Motion for Summary Judgment*, the statute specifically requires the prosecuting attorney to not seek further appeal; in the federal cases it was not the prosecuting attorney representing the State of Ohio in the appeal, it was the Ohio Attorney General representing a state agency.

### C. Mr. Gillispie meets the requirements of R.C. 2743.48 (A)(4)(c).

Mr. Gillispie is required to prove that the prosecuting attorney, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against him for any act associated with that conviction. When Mr. Gillispie's convictions were vacated and remanded for a new trial on November 7, 2012, there was already an indictment pending against him, the same one which charged him with the crimes

8

for which he was convicted.[3]  The prosecuting attorney did not re-indict him for the acts which he was originally indicted.  Nor did the prosecuting attorney indict him for any new offenses relating to or arising out of the conduct which led to the originally charged acts.

Once the Second District vacated Mr. Gillispie's convictions, he filed his *Motion to Dismiss* in the trial court based upon the District Court's finding that a *Brady* violation occurred.  The trial court issued a briefing schedule for Mr. Gillispie's *Motion to Dismiss*.  On March 1, 2013, the trial court ordered the parties to inform the court of a proposed trial date.  Instead, the prosecuting attorney filed a *Motion for Stay* on March 26, 2013 asking the court to stay all proceedings pending appeal of District Court's denial of the State's 60(B) motion. The trial court did set a trial date but vacated it the very next day on April 24, 2013 and instead granted the State's *Motion for Stay*.  The stay was in effect until the Circuit Court ruled on the appeal which did not occur until November 13, 2014, a little over two years after Mr. Gillispie's convictions were vacated by the Second District.

A court's main objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 1995-Ohio-172, 647 N.E.2d 486 (1995).  The intent of the General Assembly must be determined primarily from the language of the statute itself. *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." *In re Adoption of Baby Boy Brooks*, 136 Ohio App.3d 824, 829, 737 N.E.2d 1062 (10th Dist.2000), quoting *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). "Ambiguity in a statute exists only if its language is susceptible of more than one reasonable interpretation." *Id.*, citing 668 N.E.2d 498 (1996).

> If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
>
> (A) The object sought to be attained;
> (B) The circumstances under which the statute was enacted;
> (C) The legislative history;
> (D) The common law or former statutory provisions, including laws upon the same or similar subjects;
> (E) The consequences of a particular construction;
> (F) The administrative construction of the statute.

---

[3] The only charges not pending from the original indictment were the two aggravated robbery charges and their respective firearm specifications of which he was found not guilty at his first trial.

9

R.C. 1.49. "It is the duty of the court to give effect to the words used and not to insert words not used." *State ex rel. Purdy v. Clermont County Bd. of Elections*, 77 Ohio St. 3d 338, 340, 673 N.E.2d 1351 (1996), quoting *State ex rel. Carter v. Wilkinson*, 70 Ohio St. 3d 65, 66, 637 N.E.2d 1, 2 (1994). "Words used in a statute must be accorded their usual, normal or customary meaning." *Id.* quoting *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections*, 75 Ohio St. 3d 275, 277, 662 N.E.2d 17, 19 (1996).

While this section seems straightforward, both Mr. Gillispie and the State have applied the facts to the language differently, showing the statute may be susceptible to more than one interpretation. The State claims that because an indictment was pending and because the prosecuting attorney indicated its intent to retry Mr. Gillispie, the prosecuting attorney did bring a criminal proceeding against him. The State relies on the prosecuting attorney's attempt to re-try Mr. Gillispie as evidence that Mr. Gillispie does not meet the criteria of subsection (A)(4)(c). Mr. Gillispie argues that because he was not brought to trial and it was impossible for the prosecution to do so, the prosecuting attorney did not bring a criminal proceeding within a year of the vacatur.

"Criminal Proceeding" is not defined in the Ohio Revised Code. Black's Law Dictionary defines a criminal proceeding as "A proceeding instituted to determine a person's guilt or innocence or to set a convicted person's punishment; a criminal hearing or trial." *Black's Law Dictionary*, 1039 (9th Ed.2010). There were only two motions pending before the trial court when the case was stayed, one was the *Motion to Dismiss* and the other was a combined *Post-Conviction Relief Petition and Motion for a New Trial* which Mr. Gillispie had filed in the trial court before the Second District vacated his convictions. The combined *Petition for Post-Conviction Relief and Motion for a New Trial* became moot once the vacatur took effect and is thus irrelevant to our analysis.

A motion to dismiss is not a proceeding to determine a person's guilt or innocence. In the context of a criminal case, a motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue." Crim.R. 12(C); *State v. O'Neal*, 114 Ohio App.3d 335, 336, 683 N.E.2d 105 (1996). Therefore, by definition, a motion to dismiss cannot be considered to be a criminal proceeding. Further, within one year of the vacatur there was never a hearing held on the *Motion to Dismiss*. In fact, the trial court did not hold any hearings in the year after the Second District vacated Mr. Gillispie's convictions. Even if the court

10

had held a hearing on the *Motion to Dismiss*, it still would not be a hearing to determine Mr. Gillispie's guilt or innocence and therefore, is not a criminal proceeding.

Mr. Gillispie was also not brought to trial within one year of the vacatur. Although it was outside of the one-year mark, in 2015 the trial court granted Mr. Gillispie's *Motion to Dismiss* and held that the prosecuting attorney was expressly prohibited from retrying Mr. Gillispie based upon the District Court's habeas decision. Within a year of the vacatur of his convictions, Mr. Gillispie's criminal case had been stayed and no criminal proceedings had been brought against him to determine his guilt or innocence.

The State seems to concede in its briefs as it continually relies on the word "attempt" when referring to the prosecution's efforts to bring a criminal proceeding to justify the proposition that Mr. Gillispie does not meet the criteria of subsection (A)(4)(c). The State claims, while acknowledging its failure, that because the prosecuting attorney attempted to or indicated its intent to retry Mr. Gillispie that this criterion is not met. The word "attempt," however, is not in the language of subsection (A)(4)(c) and cannot be read into it. The prosecuting attorney was unable to and was ultimately prohibited by the trial court from bringing any criminal proceedings against Mr. Gillispie.

The original indictment which remained pending also cannot be said to be a criminal proceeding which was brought within one year of the vacatur. The indictment was brought in 1990, not between November 7, 2012 and November 7, 2013. Further, the mere existence of a pending indictment does not qualify as a criminal proceeding. To hold otherwise would render the words "vacated" and "reversed on appeal" as used in R.C. 2743.48(A)(4)(c) meaningless. In any case in which a conviction has been vacated or reversed on appeal, a criminal indictment is going to remain pending.[4] To qualify a pending indictment as a criminal proceeding would mean that anyone whose convictions were vacated or reversed on appeal would be ineligible under the statute to be declared a wrongfully imprisoned person, because an indictment would remain pending.

Mr. Gillispie meets the requirements of 2743.48(A)(4)(c). It was a factual impossibility for the prosecuting attorney to bring any criminal proceeding against Mr. Gillispie once the District Court issued its December 15, 2011 decision granting the *Writ* because, as the trial court later found, the State did not possess

---

[4] Article V, Section 3(B)(2) and R.C. 2953.07 grants the appellate court power to affirm a *judgment* or reverse it, in whole or in part, or modify it, and order the accused to be discharged or grant a new trial. Crim. R. 48 grants the power to dismiss an indictment to the state and to the trial court.

11

the reports that the District Court ruled were *Brady* material. As of November 7, 2013, a year after Mr. Gillispie's convictions were vacated, the prosecuting attorney had not brought any criminal proceedings against Mr. Gillispie for any act associated with his conviction. The case was stayed with only the *Motion to Dismiss* pending which was ultimately granted, with prejudice, precluding the State from ever trying Mr. Gillispie for the crimes again. Mr. Gillispie meets the requirements of 2743.48(A)(4)(c).

### D. Mr. Gillispie meets the requirements of R.C. 2743.48(A)(5).

On December 15, 2011, while Mr. Gillispie was incarcerated at a state correctional facility, the District Court issued the *Conditional Writ of Habeas Corpus*, ordering Mr. Gillispie to be released from custody by July 1, 2012, if not retried and convicted by that date. The basis of this decision was that the State failed to turn over police reports which purportedly eliminated Mr. Gillispie as a suspect. The District Court found this was a violation of Mr. Gillispie's constitutional rights pursuant to the Supreme Court decision in *Brady v. Maryland*. "This Court concludes that Mr. Gillispie's ground for Relief 1 is meritorious. Specifically, the Court finds that Mr. Gillispie was denied his right to due process pursuant to the Fourteenth Amendment as interpreted by *Brady*, to be apprised of all material exculpatory and impeachment information which the State holds." *Gillispie* v. *Timmerman-Cooper*, 835 F. Supp. 2d 482, 509 (S.D. Ohio Dec. 15, 2011). As such, the District Court issued the *Writ*. Even though the *Writ* was stayed pending appeal, Mr. Gillispie was released from prison on December 22, 2011. At that point in time there were no orders from the trial court or from the Second District ordering Mr. Gillispie's release. The trial court did not issue its own order "releasing" Mr. Gillispie until December 26, 2012, when it set bond in Mr. Gillispie's case due to the vacatur going into effect the previous month.[5] The only decision ordering Mr. Gillispie's release as of December 22, 2011 was the District Court's *Writ* and subsequent order setting bond. Mr. Gillispie was released from prison on December 22, 2011 as direct result of the District Court's *Writ* and its order to release him.

The State argues that Mr. Gillispie was still not released for purposes of the statute even after he was released from prison because his release was not unconditional. The State cites no law to support its position that a conditional release is not a release for purposes of R.C. 2743.48. The decision which granted his release, filed by the District Court on December 22, 2011, used the word "release" several times when referring to Mr.

---

[5] Mr. Gillispie had already been released from the state correctional facility when the trial court issued this order setting bond at "Own Recognizance." Nowhere in the trial court's order is the word "released" used.

12

Gillispie's release from the state correctional institution and the court used the phrase "conditions of release" when referring to the conditions to be placed upon him. These bond conditions were extinguished on November 9, 2012 once the Sixth Circuit dismissed the appeal of the *Writ*. A little over a month later, the trial court set bond at own recognizance and also placed a few less-restrictive conditions upon Mr. Gillispie.

Fed. R. App. P. 23(c) states "While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be **released** on personal recognizance, with or without surety." (Emphasis added.) A simple reading of the federal rules indicates that Mr. Gillispie was "released" even though conditions were in place. Additionally, R.C. 2743.48 as a whole is regarding wrongful im-**prison**ment and the statute refers specifically to a "state correctional institution" in subsection (A)(3). Subsection (E) of R.C. 2743.48 lists the types of damages a wrongfully imprisoned person is entitled to recover. Subsection (E)(2)(b) specifically allows a wrongfully imprisoned individual to recover a specified amount of money for each year spent in a state correctional institution. Subsection (E) does not list any specific damages for a period of time someone is on pretrial supervision and not in a state correctional facility. It is clear from the language of the statute that the legislature intended "release" to relate to an individual's release from an institution.

The State claims that Mr. Gillispie was not "released" for purposes of the statute until November 20, 2015 when the trial court dismissed the indictment against him. The State's rationale is that the conditions of the release were not extinguished until November 20, 2015. The State also claims that based on this, Mr. Gillispie cannot meet the requirement under subsection (A)(5) because the trial court's decision did not release him as a result of a *Brady* violation. The Court agrees that the conditions of his release were not extinguished until the indictment was dismissed; however, the State's assertion that the indictment was not dismissed and Mr. Gillispie was not released as a result of a *Brady* violation is inherently false. The trial court dismissed his indictment because the District Court ruled the State violated the *Brady* rule, a ruling that the trial court was bound by, and the State could not produce the reports. Because of the District Court's ruling and the State's inability to produce the "material evidence," Mr. Gillispie could not be re-tried. There are no genuine issues of material fact as it relates to Mr. Gillispie's release from a state correctional institution as a result of a violation of the *Brady* rule. Mr. Gillispie meets the requirements of subsection (A)(5).

13

## IV.    CONCLUSION

Based upon the forgoing, Mr. Gillispie's *Motion for Summary Judgment* is hereby **GRANTED**. The State of Ohio's *Motion for Summary Judgment* is hereby **DENIED**. Mr. Gillispie meets the requirements of R.C. 2743.48. The Court finds and declares Mr. Gillispie to be a wrongfully imprisoned individual pursuant to R.C. 2743.48.

**This matter is set for a hearing on the 7th day of December, 2021 at 3:00 pm to fully apprise Mr. Gillispie of his rights pursuant to R.C. 2743.48(B)(2).**

SO ORDERED:

_____

JUDGE SUSAN D. SOLLE

This document is electronically filed by using the Clerk of Courts e-Filing system. The system will post a record of the filing to the e-Filing account "Notifications" tab of the following case participants:

MICHELE BERRY
(513) 919-5315
Attorney for Plaintiff, Roger Dean Gillispie

ZACHARY S ODRISCOLL
(614) 644-0739
Attorney for Defendant, The State of Ohio

ZACHARY HOLSCHER
Attorney for Defendant, The State of Ohio

Copies of this document were sent to all parties listed below by ordinary mail:

OHIO ATTORNEY GENERAL
DAVE YOST
30 EAST BROAD ST
COLUMBUS, OH 43215
Non Party - Service Of Electronic Notification

Diana Hofschild, Bailiff (937) 225-4392 Diana.Hofschild@montcourt.oh.gov

14



General Divison
Montgomery County Common Pleas Court
41 N. Perry Street, Dayton, Ohio 45422

**Case Number:**
2019 CV 01368

**Case Title:**
ROGER DEAN GILLISPIE vs THE STATE OF OHIO

**Type:**

Decision

So Ordered,

Electronically signed by solless on 11/19/2021 04:58:45 PM Page 15 of 15

PL 042986