**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| ROGER DEAN GILLISPIE, : | |
| : | |
| Plaintiff, : | Case No. 3:13-cv-416 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, : | |
| : | |
| Defendants. : | |

**ENTRY AND ORDER GRANTING THE MOTION TO INTERVENE FILED BY
MIAMI TOWNSHIP (DOC. NO. 370)**

This case is before the Court on a Motion to Intervene (Doc. No. 370) (the "Motion") filed by former defendant Miami Township (the "Township"). Plaintiff Roger Dean Gillispie ("Gillispie") filed a Response to the Motion (the "Response").[1] (Doc. No. 377.) The Township then filed a Reply, and Gillispie filed a permitted Sur-Reply. (Doc. No. 381; Doc. No. 391.) The Motion is fully briefed and ripe for decision.

In the Motion, the Township asks to be allowed to intervene "for limited participation in the trial of this matter," pursuant to Federal Rule of Civil Procedure 24, either as of right under subsection (a)(2) or, in the alternative, as a permissive intervenor under subsection (b)(1). (Doc. No. 370.) More specifically, the Township asks to intervene for the "limited purpose of questioning, argument, and submission of proposed jury instructions and interrogatories on the discreet issues of lack of good faith and scope of employment consistent with [Ohio Rev. Code §] 2744.07." (Doc. No. 370 at PageID 12697; *see also* Doc. No. 381 at PageID 12824 ("The

---

[1] Defendant Matthew Scott Moore (the only remaining defendant in this case and a former Township detective) did not file any response to the Motion.

1

Township … is not seeking to be a participant in all aspects of the trial," but "it does seek to be able to protect its position on the issue whether it is required to defend and indemnify Scott Moore").) For the reasons discussed below, the Court **GRANTS** the Motion, but specifies the scope of the Township's permitted intervention at trial in the CONCLUSION section below.

I. <u>BACKGROUND</u>

As the parties are aware, Gillispie's remaining claims are all claims against Moore pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 298 at PageID 10836, 10932-33.) Gillispie alleges that he "suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result" of each of the alleged Section 1983 violations. (Doc. No. 18 at PageID 94-98.) He seeks an award of compensatory damages, costs, and attorneys' fees, along with punitive damages. (*Id.* at PageID 101.)

The Final Pretrial Conference in this matter is scheduled to take place on October 13, 2022 at 1:30 p.m., and the trial in this matter is scheduled to begin on November 7, 2022 at 9:00 a.m. (Doc. No. 322 at PageID 11349.) In September of 2020, the Court granted, in part, and denied, in part, the Township's motion for summary judgment, which resulted in the Township no longer being a defendant in this case. (Doc. No. 298.) Prior to that time, the Township actively participated in all phases of litigation, including discovery, as a party defendant. (Doc. No. 370 at PageID 12699.) Additionally, the Township had limited participation in follow-up depositions conducted in 2022, as well as in state court proceedings involving the disclosure of grand jury testimony. (*Id.*)

In its Motion, the Township explains that—on July 29, 2022 and again on August 9, 2022—an Ohio state court held that an entity that provides liability coverage for certain claims against the Township and its employees "had no duty to provide a defense or to indemnify any

2

Township Defendant for any allegation against them in this lawsuit." (Doc. No. 370 at PageID 12696.) The Township also explains that, on August 23, 2022, Moore tendered the defense of this matter to the Township pursuant to Ohio Rev. Code § 2744.07, and that, on September 6, 2022, the Township's board of trustees passed a resolution to retain counsel for Moore (and a retention agreement was executed on September 12, 2022). (*Id.* at PageID 12697.) The Township has been required to take over the cost of defense for Moore and may be required to indemnify him if there is a judgment entered against him. (*Id.* at PageID 12700.) The Township asserts that both Gillispie and Moore have an interest in the Township being responsible to indemnify Moore in the event of a judgment. (*Id.* at PageID 12703.)

Ohio Rev. Code § 2744.07 addresses a political subdivision's duty to defend and duty to indemnify its employee. In certain circumstances, the statute requires a political subdivision to provide an employee's defense and/or to indemnify and hold harmless an employee. Specifically, the statute states, in part:

> (A)(1) <u>Except as otherwise provided in division (A)(2) of this section, a political subdivision shall provide for the defense of an employee</u>, in any state or federal court, in any civil action or proceeding which contains an allegation for damages for injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function. Amounts expended by a political subdivision in the defense of its employees shall be from funds appropriated for this purpose or from proceeds of insurance.
>
> (2) A political subdivision does not have the duty to provide for the defense of an employee under division (A)(1) of this section if any of the following apply:
>   (a) The act or omission occurred while the employee was not acting in good faith.
>   (b) The act or omission occurred while the employee was acting manifestly outside the scope of the employee's employment or official responsibilities.
>
> …
>
> (B)(1) <u>Except as otherwise provided in division (B)(2) of this section, a political subdivision shall indemnify and hold harmless an employee</u> in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is

3

>obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function.
>
>(2) A political subdivision is not required to indemnify and hold harmless an employee under division (B)(1) of this section if any of the following apply:
>    (a) At the time of the act or omission, the employee was not acting in good faith.
>    (b) At the time of the act or omission, the employee was not acting within the scope of the employee's employment or official responsibilities.
>
>….

Ohio Rev. Code §§ 2744.07(A)(1), (A)(2)(a), (A)(2)(b), (B)(1), (B)(2)(a), (B)(2)(b) (emphasis added). Thus, among other exceptions, a political subdivision is not required to provide for its employee's defense or indemnify the employee if (a) at the time of the act or omission, the employee was not acting in good faith, or (b) at the time of the act or omission, the employee was acting outside (or, for purposes of the duty to defend, "manifestly outside") of the employee's employment or official responsibilities. *See* Ohio Rev. Code §§ 2744.07(A)(2), (B)(2).

## II.    ANALYSIS

The Court finds that the Township should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b).[2]  Under Rule 24(b) (Permissive Intervention), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020) ("[s]o long as the motion for intervention is timely and there is at

---

[2] Therefore, the Court does not address the Township's alternative argument for intervention: intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). *ADT Servs. AG v. Brady*, No. 10-2107, 2014 WL 4415955, at *3 n.2 (W.D. Tenn. Sept. 8, 2014) (allowing permissive intervention under Rule 24(b); therefore, declining to address whether intervention was also warranted under Rule 24(a)).

4

least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion") (emphasis and internal quotation marks omitted). The Sixth Circuit Court of Appeals has instructed that "Rule 24 should be broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (internal quotation marks omitted); *see also Cooey v. Taft*, No. 2:04CV1156, 2005 WL 8161143, at *1 (S.D. Ohio Nov. 23, 2005) ("permissive intervention under Fed. R. Civ. P. 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation").

First, the Court finds that the Motion was timely. Despite the fact that the Township has been aware of potential indemnification issues (at least generally) for some time and that trial is only a few weeks away, the Court makes this finding given the circumstances that took place in July, August, and September of 2022 (set forth above) concerning the Township's interests in this case, the Township's familiarity with this litigation (which makes is unnecessary to disturb the case schedule), and the limited purpose for which its intervention is sought.

Next, the Court finds that the Township has a claim or defense that shares with the main action a common question of law or fact. For example, the Township's proposed intervenor complaint includes a claim for declaratory judgment regarding the Township's rights and obligations under Ohio Rev. Code § 2744.07 in connection with the claims currently pending in this case. (*See* Doc. No. 381-1.) The Township has an interest, pursuant to Ohio Rev. Code § 2744.07, in any determination regarding whether Moore was not acting in good faith, or was acting outside of his employment or official responsibilities, at the time of his actions or omissions that are the subject of this case (the main action).[3] And, the operative complaint in this case (Doc. No.

---

[3] In the main action, Gillispie is seeking a punitive damages award from the jury, and his remaining claims are Section 1983 claims that include a causation element regarding Defendant Moore's actions or omissions. *Ellison v. Garbarino*,

5

18) alleges that Moore took actions that (at least arguably) would not be acting in good faith or would have been taken outside of his employment or official responsibilities, while Moore denied those allegations in his Answer.  (*See, e.g.,* Doc. No. 18 at PageID 86-87, 89-92, 98-99; Doc. No. 43 at PageID 359-61, 363.)  Thus, there is at least one common question of law or fact.  *See City of Hartford v. Edwards*, 946 F.3d 631 (2d Cir. 2020) (Section 1983 case, demonstrating commonality regarding issues of punitive damages and exceptions in state statute for municipality's assumption of liability, based on jury's findings); *see also Stevens v. Cox*, 2009-Ohio-391, 2009 WL 223897, at *16 (Ohio Ct. App. 2009) (issues of fact remained as to whether defendant-municipal employee acted in good faith and within the scope of her official duties, which would entitle her to indemnification pursuant to Ohio Rev. Code § 2744.07); *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) ("[p]unitive damages are appropriate in a § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others") (internal quotation marks omitted); *Woodruff v. Ohman*, 29 F. App'x 337, 343 (6th Cir. 2002) (recognizing that punitive damages "cannot be awarded independent of a judgment of liability under" Section 1983).

Finally, the Court has considered whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  The Court finds that, with the clarifications and limitations on the scope of the Township's permitted intervention established in the CONCLUSION section below, it will not do so.[4]  Fed. R. Civ. P. 24(b)(3).

---

48 F.3d 192, 194 (6th Cir. 1995) ("[a] § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law").

[4] Additionally, from a more global perspective, allowing the Township to intervene at the upcoming trial for the limited purposes presented should facilitate an expedited resolution of anticipated additional issues, without causing undue delay or prejudice to the adjudication of the original parties' rights.  *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 578 (6th Cir. 2018) (reversing district court's denial of motion to intervene; stating that "the new issues that would have arisen had the [proposed intervenors] been allowed to intervene would likely have arisen anyway during the natural course of the litigation").

Therefore, the Court permits the Township to intervene.  Fed. R. Civ. P. 24(b); *Morocco v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:03-CV-523, 2003 WL 22327825, at *3-4 (S.D. Ohio Oct. 9, 2003) (alleged wrongdoer's employer permitted to intervene in action, pursuant to Rule 24(b), to protect its pecuniary interest in underlying lawsuit where it alleged that, to the extent defendant would be liable to plaintiff, it would be required to reimburse defendant); *ADT Servs. AG v. Brady*, No. 10-2107, 2014 WL 4415955 (W.D. Tenn. Sept. 8, 2014) (granting motion to intervene by non-party seeking a declaration that it did not have an obligation to defend or indemnify the defendants, and imposing limitations on the scope of the non-party's intervention at trial).

Gillispie argues that "strict guardrails" should be placed on the Township's participation.  This includes limits on which witnesses can be questioned; limits on the scope of questioning; providing Gillispie permission to rebut arguments regarding issues of Moore's good faith or bad faith[5]; being allowed to request that "appropriate limiting instructions" be offered; and, requiring the Township to propose any special interrogatories and/or jury instructions in advance of the pretrial conference.  (Doc. No. 377 at PageID 12766.)  Some of these limitations appear to be addressed by the Township's admission that it requests intervention "for the limited purpose of

---

[5] In his Response, Gillispie asserts that the "Court has already held that Moore's good or bad faith is irrelevant to Plaintiff's *Brady* claim, Dkt. 298, PAGEID#108777-78" (presumably meaning PAGEID # 10877-78).  The Court has reviewed those pages from its order ruling on the various motions for summary judgment (Doc. No. 298).  That portion of the summary judgment order relates to Gillispie's fifth claim (destruction of exculpatory evidence under § 1983). (*See* Doc. No. 298 at PageID 10875-78.)  The Court explained in the summary judgment order that there are separate tests applied to determine whether the government's failure to preserve evidence rises to the level of a due process violation in cases where material exculpatory evidence is not accessible versus where potentially useful evidence is not accessible; explained that, in cases involving material exculpatory evidence, "the good or bad faith of the state actor is irrelevant"; and, found "that, assuming as true the evidence of Gillispie and drawing all reasonable inferences in his favor, the supplemental reports would qualify as 'material exculpatory evidence'" and, "[t]herefore, good faith or bad faith on the part of Moore is irrelevant."  (Doc. No. 298 at PageID 10876-78.)  These statements were made in the context of ruling on a motion for summary judgment with its applicable standards.  The Court does not find that they are determinative of whether Moore's good faith or bad faith are irrelevant with respect to any of Gillispie's claims (or that they constitute any determination that Moore "was not acting in good faith" in the context of Ohio Rev. Code § 2744.07).

questioning, argument, and submission of proposed jury instructions and interrogatories on the discreet issues of lack of good faith and scope of employment consistent with [Ohio Rev. Code §] 2744.07." (Doc. No. 370 at PageID 12697.) The Court provides clarification regarding limitations on the Township's participation pre-trial and at trial in the CONCLUSION section, below. *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (a court may limit the scope of a non-party's permissive intervention); *ADT Servs. AG*, 2014 WL 4415955, at *3 (imposing limitations on the scope of the intervenor's participation at trial).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Intervene (Doc. No. 370). The Court clarifies that it is granting the Motion pursuant to Fed. R. Civ. P. 24(b) as permissive intervention, without addressing or ruling on the alternative request to permit the Township to intervene of right pursuant to Fed. R. Civ. P. 24(a). The Township is **ORDERED** to file its pleading within three (3) days of this order. The Court also clarifies that, at this time:

1. The Township is allowed to intervene at trial for the limited purpose of questioning and argument on only the discreet issues of lack of good faith and scope of employment consistent with Ohio Rev. Code § 2744.07. The Township should not attempt to solicit testimony or argue about other issues. As the Township stated in its reply brief, its questioning must "be on the limited issues of whether the actions for which Plaintiff is claiming Scott Moore is liable to him were (1) taken in good faith and (2) in the course and scope of his employment and official responsibilities." (Doc. No. 381 at PageID 12824.)

2. The Township is also allowed to intervene at trial for the limited purpose of submitting proposed jury instructions and interrogatories on only the discreet

issues of lack of good faith and scope of employment consistent with Ohio Rev. Code § 2744.07. However, this does not mean that the Court will necessarily include any of the Township's proposed jury instructions or proposed interrogatories in the final set of jury instructions that will be read to the jury. Additionally, this does not mean that the Court will necessarily include <u>any</u> jury instructions or interrogatories on those discrete issues in the final set of jury instructions that will be read to the jury.

3. Gillispie and Moore are allowed to question, argue, and submit proposed jury instructions and interrogatories regarding whether Moore was not acting in good faith and also regarding whether Moore was not acting within the scope of his employment or official responsibilities.

4. The Township, Gillispie, and Moore are each allowed to propose jury instructions concerning the presentation of evidence or questioning by the Township (*i.e.*, they may submit proposed limiting instructions).

5. At least one attorney for the Township must attend the Final Pretrial Conference, which is scheduled to take place (in person) on October 13, 2022 at 1:30 p.m. (and any other attorney for the Township who will participate in the trial must attend the Final Pretrial Conference or else will need to obtain Court permission, as set forth in General Order No. Day 12-01).

6. The Township is subjected to the same deadline as the other parties for filing (and submitting to chambers by email) proposed jury instructions, proposed special verdicts, and proposed jury interrogatories: October 14, 2022 (*see* Doc. No. 322 at PageID 11349).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 11, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
