# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1 (DOC. NO. 335); DENYING PLAINTIFF'S MOTION IN LIMINE NO. 2 (DOC. NO. 336); AND, DENYING PLAINTIFF'S MOTION IN LIMINE NO. 4 (DOC. NO. 338)**

---

This case is before the Court on three motions *in limine* filed by Plaintiff, Roger Dean Gillispie ("Gillispie"), titled: (1) "Plaintiff's Motion *in Limine* No. 1 Barring Opinion Testimony From Lay Witnesses" (Doc. No. 335); (2) "Plaintiff's Motion *in Limine* No. 2 to Exclude Witnesses, Evidence, or Expert Opinions Not Timely Disclosed" (Doc. No. 336); and (3) "Plaintiff's Motion *in Limine* No. 4 to Strike Affirmative Defenses" (Doc. No. 338). Defendant Matthew Scott Moore ("Moore") filed responses in opposition to each of these motions (*see* Doc. Nos. 344, 345, 347), and Gillispie filed replies in support (*see* Doc. Nos. 358, 359, 363). The motions are fully briefed and ripe for decision.

For the reasons discussed below, the Court (1) **DENIES** Gillispie's Motion In Limine No. 1 (Doc. No. 335); (2) **DENIES** Gillispie's Motion In Limine No. 2 (Doc. No. 336); and (3) **DENIES** Gillispie's Motion In Limine No. 4 (Doc. No. 338). This decision is without prejudice to Gillispie renewing his motion (or making objections) regarding specific testimony or evidence that would fall within a category identified in either Gillispie's Motion In Limine No. 1 (Doc. No.

1

335) or Gillispie's Motion In Limine No. 2 (Doc. No. 336).

## I. ANALYSIS

The Court assumes that the parties are familiar with the general background of this case and will not delve into its extensive history. For additional background, see *Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2020 WL 5629677 (S.D. Ohio Sept. 21, 2020) (order ruling on summary judgment motions) and *Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2022 WL 4922659 (S.D. Ohio Oct. 4, 2022) (order ruling on three other motions in limine). For purpose of ruling on these motions, it is sufficient to explain that Gillispie's remaining claims against Moore are all claims pursuant to Section 1983. (Doc. No. 298 at PageID 10836, 10932-33.) Section 1983 "created a species of federal tort liability for individuals to sue state and local officers for deprivations of constitutional rights." *Thompson v. Clark*, 212 L. Ed. 2d 382, 142 S. Ct. 1332, 1336-37 (2022). "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995).

### A. Legal Standards for Addressing Motions *In Limine*

District courts adjudicate motions in limine under their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). Courts should exclude evidence pursuant to a motion in limine "only when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.

1975). Courts are "almost always better situated during the actual trial to assess the value and utility of evidence." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d at 721.

Denial of a motion in limine does not necessarily mean the evidence that is the subject of the motion will be admissible at trial. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. This is because "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The district court may change its ruling on the motion in limine, whether prior to trial or at trial, "where sufficient facts have developed to warrant the change." *Id.*

### B. Gillispie's Motion in Limine No. 1

In Gillispie's Motion in Limine No. 1, he broadly "ask[s] this Court to exclude opinion testimony from lay witnesses" because he "is concerned Defendant Moore intends to offer significant opinion evidence from lay witnesses who he believes support his position or to otherwise attempt to undermine Plaintiff's case." (Doc. No. 335 at PageID 12420.) Gillispie argues that "[a]s a general matter, this evidence should be excluded pursuant to Rule 701 but should also be excluded under Rule 403 as well." (*Id.*) Gillispie then says that "[e]xamples of such testimony include but are not limited to: (1) testimony from any prosecutor about the guilt or innocence of Gillispie, or other legal opinions he might have (e.g., whether there was probable cause to arrest Gillispie, whether the identification procedures were lawful, etc.); and (2) opinion evidence from other Miami Township Officers, including Moore's former supervisors, about whether Moore's conduct was proper, lawful, or consistent with Miami Township policies and practices." (*Id.* at PageID 12420-21 (emphasis in original).) Thus, contrary to Gillispie's assertion in his reply, the motion does not only "concern[] [those] two things," but instead concerns a broader request. (Doc. No. 358 at PageID 12615; Doc. No. 335 at PageID 12420.)

3

The Court denies the motion. Rule 701 establishes limitations on opinion testimony by lay witnesses but does not exclude it outright. Fed. R. Evid. 701 ("[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Gillispie's motion implicates a broad category of evidence (opinion testimony from lay witnesses) at least some of which may be admissible at trial. For example, it is possible that other Miami Township Officers may be able to provide permissible lay witness opinion testimony that is relevant to, for example, the causation element for one or more of the Section 1983 claims. *Ellison*, 48 F.3d at 194. Additionally, the briefing shows that at least some of Gillispie's concern is unlikely to actually arise at trial. Moore specifically states in his response that prosecutor "Paul Folfas would not be providing any opinions, but would instead be testifying based [on] his personal knowledge as to facts relevant to the remaining claims against Defendant Moore." (Doc. No. 344 at PageID 12511.)

Therefore, the Court denies (without prejudice) Gillispie's Motion in Limine No. 1 (Doc. No. 335). *Sperberg*, 519 F.2d at 712. The Court stresses that Gillispie is not barred from objecting if a lay witness attempts to provide improper opinion testimony. Fed. R. Evid. 704; *Ind. Ins. Co.*, 326 F. Supp. 2d at 846 (denial of a motion in limine does not necessarily mean the evidence that is the subject of the motion will be admissible at trial). The Court also stresses that its ruling does not necessarily permit the type of testimony Gillispie hypothesized in the motion. Of course, in the course of a trial, any lay witness may end up attempting to offer testimony that runs afoul of Rule 701, including the two types of witnesses that Gillispie's motion identifies. *See, e.g., Torres v. Cnty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("[t]he problem with testimony containing

a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury," which "invades the province of the court to determine the applicable law and to instruct the jury as to that law") (internal quotation marks omitted; alteration adopted).

### C. Gillispie's Motion in Limine No. 2

In Gillispie's Motion in Limine No. 2, he asks that the Court "exclude witnesses, evidence, and expert opinions not timely disclosed." (Doc. No. 336 at PageID 12426.) Gillispie argues that "Defendant Moore must not be permitted to call or rely upon previously-undisclosed or identified witnesses" and "cannot be permitted to rely upon or present undisclosed documents that were not produced in discovery," and "Moore's experts should not be permitted to offer new opinions at trial, not disclosed in their reports." (*Id.* at PageID 12427-29; *see also id.* at PageID 12430 (moving the Court "for an order preventing Moore from producing new 'ninth-hour witnesses'; from producing or relying upon untimely disclosed documents and/or other evidence; and from eliciting new opinions from his experts that are not in their reports").) In response to the motion, Moore states that he "is unaware of any testimony or evidence which was not timely disclosed or unavailable to Plaintiff during the course of discovery." (Doc. No. 345 at PageID 12514-15.) He adds that Gillispie "seeks to exclude documents by Defendant Moore which [Moore] has stated were destroyed at his home over 20 years ago and to exclude witnesses who have not been timely disclosed, although Plaintiff admits no witness disclosures have been untimely." (*Id.*)

The Court denies much of this motion because it does not present a specific issue regarding "anticipated prejudicial evidence" that will be "actually offered" at trial, but instead essentially requests that the Court declare it will enforce the rules because Gillispie is concerned that Moore may run afoul of them. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("[a] motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered" and "a motion *in limine* is designed to narrow

the evidentiary issues for trial and to eliminate unnecessary trial interruptions") (internal quotation marks omitted). However, it is not the purpose of a motion in limine to have the Court simply declare that it will enforce the rules or direct the parties to present their case in accordance with the rules and the law. *Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) ("the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*") (internal quotation marks omitted; emphasis in original); *Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*, No. CIV. A. 96-6318, 1999 WL 225891, at *1 (E.D. Pa. Apr. 16, 1999) ("The purpose of a motion in limine is not to obtain a court order directing the parties to present their case in a manner consistent with the Federal Rules of Evidence and other well understood pertinent principles of law"). Gillispie's reply even acknowledges that there is only one issue presented in Motion in Limine No. 2 that appears to be a disputed issue over identified evidence that may be offered at trial: a declaration from Moore's ex-wife. (Doc. No. 359 at PageID 12623 ("[t]he extant item for which the parties have some dispute is a declaration of Moore's ex-wife, Pamela Moore").) Therefore, apart from this single issue, the Court denies (without prejudice) Gillispie's Motion in Limine No. 2 (Doc. No. 336). *Louzon*, 718 F.3d at 561; *Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d at 575.

Regarding the ex-wife's declaration (Doc. No. 281-1), the disputed issue involves Gillispie's request that Moore "not be permitted to rely upon a declaration produced by Moore from his ex-wife after discovery was long over." (Doc. No. 336 at PageID 12427.) Gillispie argues that this declaration contradicts the ex-wife's prior testimony in an affidavit and, "[h]ad this

6

document or anticipated testimony been timely disclosed, Plaintiff would have sought to depose Mr. Moore's ex-wife during discovery." (*Id.* at PageID 12428.) However, it was Gillispie who first filed an affidavit from the ex-wife.[1] (Doc. No. 229-5.) Gillispie then repeatedly relied on that affidavit from Moore's ex-wife in his response to Moore's motion for summary judgment. (Doc. No. 278 at PageID 10467, 10469, 10470, 10472, 10476, 10477, 10482, 10488.) Moore then submitted the declaration at issue with his reply brief, for purposes of impeaching statements in the ex-wife's affidavit. (Doc. No. 281-1; Doc. No. 336 at PageID 12428 (Gillispie acknowledging that the declaration is one "contradicting [the ex-wife's] prior testimony").) It certainly is not surprising that the declaration was not disclosed during discovery; it was not even executed until discovery had closed (and, again, was executed in response to assertions made in Gillispie's summary judgment briefing). (Doc. No. 281 at PageID 10541-42.) Therefore, Gillispie's complaint that the declaration was "produced" after discovery is bizarre because the declaration did not exist for Moore to produce during discovery. (Doc. No. 336 at PageID 12427.) Given the scenario, it also is clear that Gillispie knew about Moore's ex-wife prior to the close of discovery, anticipated using her testimony contained in an earlier affidavit against Moore, knew that she had potentially relevant information, and—as Moore points out—"had every opportunity to depose Defendant Moore's ex-wife but chose not to" do so. (Doc. No. 345 at PageID 12516.)

More importantly for purposes of the motion, it is unclear whether Moore's ex-wife will testify at trial, which could impact the potential use of the declaration—including for purposes of impeachment. Gillispie, but not Moore, listed her a potential witness in the parties' proposed final pretrial order. (Doc. No. 374-1 at PageID 12734.) A scenario could be presented at trial like the

---

[1] As Gillispie points out, the affidavit itself was executed in 2011. (Doc. No. 229-5.) However, Gillispie described it in his 2019 summary judgment briefing as "new, powerful evidence." (Doc. No. 278 at PageID 10482.) The ex-wife's subsequent declaration states that her affidavit was prepared by someone from the Ohio Innocence Project, prior to initiation of this case. (Doc. No. 281-1 at PageID 10566.)

7

one presented during the summary judgment briefing: Gillispie calls Moore's ex-wife to testify at trial, and Moore relies on the declaration to impeach some of her trial testimony. Ultimately, the Court will not enter an order at this time barring all use of (or reliance upon) Moore's ex-wife's declaration. That portion of Gillispie's Motion in Limine No. 2 is denied without prejudice too.

### D. Gillispie's Motion in Limine No. 4

In Gillispie's Motion in Limine No. 4, he asks that the Court "strike and exclude any affirmative defenses Defendant Moore may attempt to assert." (Doc. No. 338 at PageID 12437.)

Setting aside other potential problems,[2] the asserted factual and legal bases for the motion are faulty. Gillispie's motion is based on his argument that he "asked Defendant Moore to identify the factual basis for each of [Moore's nine asserted affirmative defenses], but Defendant Moore refused to answer them." (*Id.*) Therefore, according to Gillispie, based on Federal Rule of Civil Procedure 37(b), "having deprived [him] of discovery on these issues, Defendant Moore cannot be permitted to present them at trial." (*Id.*)

However, it appears that Moore properly objected to Gillispie's interrogatory, and the motion does not cite any court order requiring Moore to submit an answer to that interrogatory. The interrogatory at issue states, in part: "For any affirmative defenses that you will plead in this matter, please describe the entire factual basis or bases supporting those defenses. … Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted …. For instance, please identify the physical, documentary, or testimony evidence that supports any such defense." (Doc. No. 170-7 at PageID 3840.) Not

---

[2] A motion in limine does not seem to be the appropriate vehicle for Gillispie to present his request to strike all affirmative defenses. *Louzon*, 718 at 562. Although striking a party's affirmative defenses would likely have an effect on admissibility of evidence at trial (e.g., it could affect the scope of relevance), the motion's request itself does "not require any rulings relating to the admissibility of evidence at trial." *Id.* (finding that district court erred in ruling on motion in limine that did "not require any rulings relating to the admissibility of evidence at trial").

surprisingly, Moore objected to this interrogatory, in accordance with Rule 33(b)(3) and (4), on undue burden grounds and other grounds (*id.*).  *See* Fed. R. Civ. P. 33(b)(3) (requiring an answer to each interrogatory "to the extent it is not objected to").  Additionally, Gillispie's asserted legal basis for the requested relief (Rule 37(b)) only relates to failures to comply with a court order.  Fed. R. Civ. P. 37(b) (titled "Failure to Comply with a Court Order").  Again, Gillispie does not cite to any court order whatsoever, let alone a court order to which Moore failed to comply.  (*See* Doc. Nos. 338, 363.)  Therefore, the Court denies Gillispie's Motion in Limine No. 4 (Doc. No. 338).

## II.    CONCLUSION

For the reasons stated above, the Court (1) **DENIES** Gillispie's Motion In Limine No. 1 (Doc. No. 335); (2) **DENIES** Gillispie's Motion In Limine No. 2 (Doc. No. 336); and (3) **DENIES** Gillispie's Motion In Limine No. 4 (Doc. No. 338).  The Court clarifies that this order does not bar Gillispie from, in the future, objecting to or otherwise seeking to exclude any testimony or other evidence that would fall into the categories identified in Gillispie's Motion In Limine No. 1 or Motion In Limine No. 2.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 11, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE