**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DEAN GILLISPIE,** | : | |
| | : | **Case No. 3:13-cv-00416** |
| PLAINTIFF, | : | |
| | : | |
| v. | : | **Judge Thomas M. Rose** |
| | : | |
| **MIAMI TOWNSHIP, et al,** | : | |
| | : | |
| DEFENDANTS. | : | |

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
AND VERDICT FORM**

---

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**
**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the specific laws that govern this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Source:** 6th Cir. Pattern Instruction 1.01 (modified)[1]

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[1] Because the Sixth Circuit lacks pattern instructions for civil cases, Plaintiff's proposed instructions are on precedent from the Supreme Court and Courts of Appeals, jury instructions given in other analogous cases, and pattern instructions from other courts of appeals.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2
JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiffs have proven any of the Defendants liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:** 6th Cir. Pattern Instruction 1.02 (modified)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**
**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case Plaintiff Dean Gillispie is a private citizen and Defendant Scott Moore is a former police officer for Miami Township.  All parties are equal before the law and both Plaintiff and Defendant are entitled to the same fair consideration.

**Source:** 3 Fed. Jury Practice & Instructions § 103.11 (6th ed.) (modified); 7th Cir. Pattern Jury Instruction 1.03 (modified)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

4

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**
**NO INFERENCE FROM JUDGE'S QUESTIONS**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

**Source:** 3 Fed. Jury Practice & Instructions § 101:30 (6th ed.)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**
**EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:** 6th Cir. Pattern Instruction 1.04 (modified); 7th Cir. Pattern Instruction 1.04, 1.06 (modified)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

6

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**
**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Source:** 6th Cir. Pattern Instruction 1.05

**Plaintiffs' Requested Instruction No. 6**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:** 6th Cir. Pattern Instruction 1.06

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**
**INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Source:** 3 Federal Jury Practice & Instructions § 104.20

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiffs or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other

10

people. And then decide what testimony you believe, and how much weight you think it deserves.

**Source:** 6th Cir. Pattern Instruction 1.07

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

11

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**
**IMPEACHMEMT—INCONSISENT STATEMENTS**

A witness may be discredited or impeached by contradictory evidence or by evidence that At some other time the witness has said something, or has failed to say something that is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you

**Source:** Jury Instructions in Wheatt-Glover, attached as Exhibit 1, at 11 (citing O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions § 105.04 (5th ed. 2000)).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**
**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Source:** 7th Cir. Pattern Jury Instruction 1.16.

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

13

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**
**NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Source:** 6th Cir. Pattern Instruction 1.08

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**
**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Source:** 6th Cir. Pattern Instruction 8.10

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**
**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source:** 7th Cir. Pattern Instruction 1.08

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

16

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**
**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who might have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Source:** 3 Fed. Jury Practice & Instructions § 105.11 (6th ed.)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**
**LAWYERS' OBJECTIONS**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Source:** 6th Cir. Pattern Jury Instruction No. 1.09

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

18

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17**
**BURDEN OF PROOF**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Source:** 3 Fed. Jury Practice & Instructions §§ 101.41, 104:04 (6th ed.)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**
**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that

[*insert stipulations of fact*].

You must treat this fact as having been proven for the purpose of this case.

**Source:** 3 Fed. Jury Practice & Instructions § 102:11 (6th ed.)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

20

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**
**EXPERT WITNESSES**

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Source:** Seventh Circuit Pattern Instruction No. 1.21; see also 8th Circuit Model Instruction 3.05 ("You [have heard] [are about to hear] testimony from [expert] [witness's name] who [testified] [will testify] to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness. You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.")

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

21

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**
**ISSUES**

The Fourth Amendment to the United States Constitution guaranties all citizens the right to be free from detention absent probable cause. Plaintiff Gillispie claims that Defendant Moore violated his rights under the Fourth Amendment by causing him to be wrongfully imprisoned without probable cause.

The Fifth and the Fourteenth Amendments to the United States Constitution guaranty all citizens the right to due process of law which includes the right to a fair trial. Plaintiff Gillispie claims that Defendant Moore violated his right to a fair trial in one or more of the following ways:

First, that Defendant Moore violated his right to a fair trial through unreliable identifications that were used as evidence against him in the criminal case;

Second, that Defendant Moore violated his right to a fair trial by suppressing material evidence; and

Third, that Defendant Moore violated his right to a fair trial by fabricating evidence;

Fourth, that Defendant Moore violated his right to due process and a fair trial by destroying obviously exculpatory evidence.

Defendant Moore denies each of these claims.

I will instruct you on the elements of each of Plaintiffs' claims.

**Source:** 3 Fed. Jury Practice & Instructions §§ 101:03, 165:50 (6th ed.) (modified); *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Exhibit 2.

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

22

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**
**FIRST CLAIM: DUE PROCESS—UNRELIABLE IDENTIFICATION**

Plaintiff' Gillispie's first claim is that Defendant Moore violated his constitutional right to due process of law and a fair trial through unreliable identification evidence.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1.      Moore knowingly or recklessly used suggestive methods that resulted in unreliable identifications;

2.      Evidence of the identifications were offered into evidence in the criminal case; and

3.      Gillispie was injured as a result.

In order to determine whether Moore's actions were suggestive, you should consider if a witnesses attention was directed to Plaintiff through the circumstances of the identification process overall. To find the circumstances suggestive, you need not find that Moore intended to single-out Gillispie, only that the procedures and methods overall were suggestive.

With regard to evidence about the photo array identification offered against Gillispie at trial, you may consider the photo arrays themselves, the manner in which the array was presented, the details of the photographs, any conduct of Moore before or during the photo array you are considering, and any other evidence concerning the manner in which the identification was made.

With regard to identifications of Mr. Gillispie made in court, you may consider any of the foregoing evidence with regard to the photo array procedure prior to trial as well as any conduct of Moore after the photo arrays which resulted in unreliable identifications in court.

In order to determine whether a witness's identification was reliable, you must consider the totality of the circumstances concerning the identification. You may consider any factors that bear upon the reliability of the identification and determine which weight to accord or not to accord any factor. Factors to consider include but are not limited to:

1.      the opportunity of the witness to view the perpetrator at the initial time of the assault;

2.      the witness's degree of attention and whether it was distracted by any other issue (for example, like the presence of a weapon, disguise, etc.);

3.      the accuracy of the witness's prior description of the perpetrator;

4.      the level of certainty shown by the witness at the pretrial identification, and whether that level of certainty is trustworthy;

5.      the length of time between the observation and the identification;

6.      Whether the perpetrator was a stranger or someone familiar with any victim;

7.      The continuing impact of any suggestiveness on the identifications.

These factors are just examples and you are entitled to evaluate the evidence before you. The fundamental question is whether you consider the identifications to be reliable, fair evidence.

You need not find that an in-court identification was unreliable in order to find that a photo array was unreliable or vice versa.

If you find from your consideration of all the evidence Plaintiff Gillispie has proven this proposition Defendant Moore, then your verdict should be Plaintiff on this claim against Defendant Moore and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of these things against Defendant Moore, then you should find for Moore on this claim.

**Source:** Wheatt-Glover Instruction, Exhibit 1 (modified); *Gregory v. City of Louisville*, 444 F.3d 725, 745-46 (6th Cir. 2006); *Haliym v. Mitchell*, 492 F.3d 680, 704, 706-07 (6th Cir. 2007); *Howard v. Bouchard*, 405 F.3d 459, 469-70, 472 (6th Cir. 2005); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *Manson v. Brathwaite*, 432 U.S. 98, 112 (1975); *United States v. Wade*, 388 U.S. 218, 228 (1967); *United States v. Sanchez*, 24 F.3d 1259, 1262 (10th Cir.1994) (explaining the inquiry includes "the size of the [photographic] array, the manner of its presentation by the officers, and the details of the photographs themselves"); *U.S. v. Beverly*, 369 F.3d 516, 539 (6th Cir. 2004) ("Although these observations are not necessarily helpful in evaluating all of the Biggers factors outlined above, they do properly address the question of reliability, the fundamental inquiry."); *Howard v. Bouchard*, 405 F.3d 459, 470 (6th Cir. 2005) ("In considering this, we look to the effects of the circumstances of the pretrial identification, not whether law enforcement officers intended to prejudice the defendant."); *Simmons v. United States*, 390 U.S. 377, 383 (1968) ("Chance of misidentification is also heightened if the police indicate to the witness that they have other evidence that one of the persons pictured committed the crime."). *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2559 (2018) ("[R]eliability [of the eyewitness identification] is the linchpin of that evaluation.").

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22
SECOND CLAIM: DUE PROCESS—
SUPPRESSION OF MATERIAL EVIDENCE**

Plaintiff Gillispie's second claim is that Defendant Moore violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly or recklessly concealed from the prosecutor exculpatory and/or impeachment evidence during the criminal case and/or during Gillispie's appeal.

2. The evidence was material.

3. Gillispie was injured as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of a crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness, including the police officers themselves, who testified against the accused at the criminal trial.

Exculpatory evidence or impeachment evidence is "material" if there is a reasonable likelihood that the suppressed evidence could have affected the judgment of the jury. If you find multiple pieces of evidence were concealed or suppressed, you must consider the cumulative effect of each piece of evidence rather than considering them one by one or in isolation. To be material, it is not necessary that Plaintiff prove that he would have been acquitted. It is enough that withheld evidence, taken together, undermines confidence in the outcome of the criminal proceedings.

If you find from your consideration of all the evidence that Plaintiff has proven the three things, then your verdict should be for that Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of these three things, then you should find for Defendant on this claim.

**Source:** *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Exhibit 2 (modified); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *Moldowan v. City of Warren*, 578 F.3d 351, 379-81 (6th Cir. 2009); *id.* at 388 ("Where the exculpatory value of a piece of evidence is 'apparent,' the police have an unwavering constitutional duty to preserve and ultimately disclose that evidence" to the prosecutor, regardless of whether it can be shown that the evidence was destroyed or concealed

in bad faith); *id.* at 384 (rejecting bad faith requirement and emphasizing that "the critical issue in determining whether government conduct deprived a criminal defendant of a fair trial is the nature of the evidence that was withheld; it emphatically is not the mental state of the government official who suppressed the evidence" (citing *United States v. Agurs*, 427 U.S. 97, 112 (2009), *Napue v. Illinois*, 360 U.S. 264, 270 (1959), *Strickler v. Greene*, 578 U.S. 263 (1999)); *Gregory v. City of Louisville*, 444 F.3d 725, 737, 740-41 (6th Cir. 2006); *Spurlock v. Satterfield*, 167 F.3d 995, 998-99, 1005-06 (6th Cir. 1999); *Webb v. United States*, 789 F.3d 647, 667-70 (6th Cir. 2015); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (due process required production of impeachment evidence as well as exculpatory material); *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 468 (6th Cir. 2015) ("*Brady* requires the State to turn over *all* material exculpatory and impeachment evidence to the defense. It does not require the State simply to turn over *some* evidence, on the assumption that defense counsel will find the cookie from a trail of crumbs."); *Banks v. Dretke*, 540 U.S. 668, 695 (2004) ("Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed"); *Gumm v. Mitchell*, 775 F.3d 345, 370 (6th Cir. 2014) (explaining that "the prosecution fails to turn over numerous pieces of favorable evidence, the proper focus of *Brady*'s materiality inquiry is on the cumulative effect of the unsuppressed evidence on the jury's verdict"); *Bies v. Sheldon*, 775 F.3d 386, 399 (6th Cir. 2014) ("When the State fails to turn over numerous pieces of favorable evidence, as it did in this case, the proper focus of Brady's materiality inquiry is on the cumulative effect of the suppressed evidence on the outcome of the trial."). For the proposition that *Brady* material includes Moore's failure to disclose his own conduct *See, e.g., Fields v. Wharrie*, 672 F.3d 505, 517 (7th Cir. 2012) ("The constitutional violation occurs when the means by which the testimony was acquired are not disclosed at trial—or when other information that impeach the testimony's reliability are not shared with the defense."); *Bermudez v. City of New York*, 790 F.3d 368, 376 n.4 (2d Cir. 2015) (permitting *Brady* claim based upon the failure of officers to disclose full nature of photo identification procedures); *Carrillo v. Cty. of Los Angeles*, 798 F.3d 1210, 1227-28 (9th Cir. 2015) (similar); *Newsome v. McCabe*, 256 F.3d 747, 749, 752 (7th Cir.2001) (under Brady it was "clearly established in 1979 and 1980 that police could not withhold from prosecutors exculpatory information about ... the conduct of a lineup," and holding that the "details of how" police "induced the witnesses" was "vital to probe whether manipulation occurred," and their suppression violated due process).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**
**THIRD CLAIM: FABRICATION OF EVIDENCE**

Plaintiff Gillispie's third claim is that Defendants Moore violated his constitutional right to due process of law and a fair trial by fabricating evidence.

To succeed on this claim, Plaintiff Gillispie must prove the following three propositions by a preponderance of the evidence:

1.  Defendant Moore knowingly fabricated evidence;

2.  The evidence was material; and

3.  Plaintiff Gillispie was injured as a result.

As described above, evidence is "material" if there is a reasonable likelihood that it could have affected the judgment of the jury in some way.

If you find from your consideration of all the evidence that Plaintiff has proven these three propositions, then your verdict should be for that Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of these three propositions, then you should find for Defendant on this claim.

**Source:** *Gregory v. City of Louisville*, 444 F.3d 725, 737, 740-41 (6th Cir. 2006); *Spurlock v. Satterfield*, 167 F.3d 995, 998-99, 1005-06 (6th Cir. 1999); *Moldowan v. City of Warren*, 578 F.3d 351, 379-81 (6th Cir. 2009); *see also* Seventh Circuit Proposed 1983 Jury Instructions 7.14; *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) ("The basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant 'knowingly fabricated evidence against [a plaintiff], and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'" (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24**
**FOURTH CLAIM: DUE PROCESS/FAIR TRIAL**
**DESTRUCTION OF EVIDENCE**

Plaintiff Gillispie's fourth claim is that Defendant Moore violated his constitutional right to due process of law and a fair trial by destroying exculpatory evidence whose value was apparent.

To succeed on this claim, Plaintiff Gillispie must prove the following four propositions by a preponderance of the evidence:

1. Defendant Moore knowingly or recklessly destroyed exculpatory and/or impeachment evidence;

2. The exculpatory and/or impeachment value was apparent;

3. The evidence was material; and

4. Plaintiff Gillispie was injured as a result.

As described above, evidence is "material" if there is a reasonable likelihood that it could have affected the judgment of the jury in some way.

If you find from your consideration of all the evidence that Plaintiff has proven these four propositions, then your verdict should be for that Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of these four propositions, then you should find for Defendant on this claim.

**Source:** *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *California v. Trombetta*, 467 U.S. 479, 488-89 (1984); *Moldowan v. City of Warren*, 578 F.3d 351, 387-88 (6th Cir. 2009).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

28

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 25**
**FIFTH CLAIM: FOURTH AMENDMENT—**
**DETENTION WITHOUT PROBABLE CAUSE**

Plaintiff Gillispie's fifth claim is that Defendant Moore caused Gillispie to be detained without probable cause.

To succeed on this claim, Plaintiff must prove the following five propositions:

1.      A criminal proceeding was initiated against Gillispie;

2.      Defendant Moore made, influenced, or participated in the decision to detain or prosecute Gillispie;

3.      There was no probable cause for the criminal proceeding;

4.      As a result of the criminal proceeding, Gillispie suffered a deprivation of liberty; and

5.      The criminal proceeding was resolved in Gillispie's favor.

I will now define some of these terms.

An officer can "influence" a prosecution decision even if the officer never directly speaks with the prosecutor regarding the case. "Influence" over the prosecution is satisfied where the officer's investigatory materials contained "knowing misstatements" and/or material omissions upon which the prosecutor relied in filing criminal charges or continuing a criminal prosecution.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to Moore would warrant a reasonably prudent person in believing that the Plaintiff had committed the sexual assaults against B.W., C.W., and S.C. Probable cause cannot be based upon evidence that has been knowingly fabricated, statements that are reckless or misleading, or that is obviously unreliable.

It is undisputed that Gillispie was deprived of his liberty; and the criminal proceedings were resolved in his favor when the charges were dismissed with prejudice. You must take these facts as established.

If you find from your consideration of all the evidence that Plaintiff has proven these five propositions against Defendant Moore, then your verdict should be Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these propositions, then you should find for Defendant on this claim.

**Source:** *Manuel v. City of Joliet*, 137 S. Ct. 911, 919-920 n.8 (2017) ("Whatever its precise form, if the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights."); *Mills v. Barnard*, 869 F.3d 473, 479-80 (6th Cir. 2017); *Miller v. Maddox*, 866 F.3d 386, 390-91 (6th Cir. 2017) (setting forth elements of claim); ); *Jackson v. City of Cleveland*, 925 F.3d 793, 821 (6th Cir. 2019) (summary judgment improper on malicious prosecution claim where record illustrated evidence, including an identification, was fabricated); Harris v. Bornhorst, 513 F.3d 503, 521 (6th Cir. 2008) (Brady violation can rebut the presumption of probable cause). *Linetsky v. City of Solon*, 1:15-CV-52, 2016 WL 689276, at *13 (N.D. Ohio Nov. 23, 2016) (Gwin, J.) (holding that plaintiff's criminal prosecution was terminated in his favor where the charges were dismissed without prejudice); Dkt. 40 (Opinion and Order resolving East Cleveland Defendants' Motion to Dismiss) at 12; *Ayers Instruction*, Exhibit 2.

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

30

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26**
**MENTAL STATE**

Moore need not have acted with bad faith, malice, or ill-will toward Gillispie in order for you to find that he acted knowingly or recklessly.

**Source:** See Exhibit 1, Wheatt-Glover instructions, at 31; *County of Sacramento v. Lewis*, 523 U.S. 833, 849 ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Kingsley v. Hendrickson*, 576 U.S. 389, 396, 135 S. Ct. 2466, 2472 (2015) ("the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind"). In addition to *Lewis,* other authorities confirm a showing of bad faith or malice is not required on any of Plaintiff's claims here. For suppression of evidence, see *Brady v. Maryland*, 373 U.S. 83, 87(1963), *Moldowan v. City of Warren*, 578 F.3d 351, 384 (6th Cir. 2009) (the critical issue in determining whether government conduct deprived a criminal defendant of a fair trial is the nature of the evidence that was withheld; it emphatically is not the mental state of the government official who suppressed the evidence) (citing *United States v. Agurs*, 427 U.S. 97, 112 (2009), *Napue v. Illinois*, 360 U.S. 264, 270 (1959), *Strickler v. Greene*, 578 U.S. 263 (1999)); *Provience v. City of Detroit*, 529 F. App'x 661, 665 (6th Cir. 2013) (confirming *Moldowan* rejected bad faith requirement); *Carter v. City of Detroit*, 678 F. App'x 290, 293 (6th Cir. 2017) (citing *Brady* for the proposition that due process is violated "irrespective of the good faith or bad faith or the prosecution," and citing *Moldowan* in applying this rule to police officers).  For identification, *see, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 470 (6th Cir. 2005) ("In considering this, we look to the effects of the circumstances of the pretrial identification, not whether law enforcement officers intended to prejudice the defendant."). For fabrication, the Sixth Circuit has explained that "the basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant 'knowingly fabricated evidence against [a plaintiff], and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'" *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997). For destruction of evidence, given Gillispie's claim that the evidence destroyed was exculpatory and the value of that evidence was exculpatory, see *Moldowan*, 578 F.3d at 388. For Plaintiff's detention without probable cause claim, and despite the sometimes invoked label of "malicious prosecution," the "Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry." *Graham v. Connor*, 490 U.S. 386, 399 (1989); *cf. Franks v. Delaware,* 438 U.S. 154, 155-56 (1978) (recognizing Fourth Amendment violation in prosecutions for statements that are knowing, intentional, or involve recklessness).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

31

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 27**
**COMPENSATORY DAMAGES**

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff Gillispie for any injury that you find he sustained as a result of the Defendant Moore's conduct as well as any injury he is reasonable certain to sustain in the future. This is called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure. Compensatory damages include but are not limited to:

- The physical, mental, and emotional pain and suffering Plaintiff has experienced;
- The physical, mental, and emotional pain and suffering Plaintiff is reasonably certain to experience in the future;
- The loss of enjoyment of life Plaintiff has experienced;
- The loss of enjoyment of life Plaintiff is reasonable certain to experience in the future;
- The reasonable value of necessary medical care, treatment, and services received;
- The reasonable value of necessary legal services Plaintiff received;
- The wages, earnings, earning capacity, employment, business opportunities, and employment opportunities Plaintiff lost; and
- The wages, earnings, earning capacity, employment, business opportunities, and employment opportunities that Plaintiff is reasonably certain to lose in the future.

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.

**Source:** *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986) (observing that "out-of-pocket loss and other monetary harms [and] impairment of reputation …, personal humiliation, and mental anguish and suffering" were types of injuries for which compensatory damages may be recovered pursuant to Section 1983"); 7th Cir. Pattern Instruction 7.23 (modified); 9th Cir. Pattern Jury Instruction No. 5.2 (modified); 3d Cir. Proposed 1983 Instruction No. 3.8.1 (modified); *see also* 3 Fed. Jury Practice & Instructions § 165:70 (6th ed.)

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 28**
**DELIBERATIONS**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it's necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard to your individual judgment. You must each decide the case for yourself, but only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions if convinced that it had been erroneous. But do not surrender your honest convictions as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Now, remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your independent recollection of the evidence or the lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of this case.

Now, upon retiring to the jury room you will select one of your number to serve as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

During the trial, several items were received into evidence as exhibits. We do have a computer system in the deliberation room that enables you to view exhibits electronically. You'll get some instructions on that when you go to begin your deliberations.

**Source:** *Ayers Instruction*, Exhibit 2.

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 29**
**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE**
**COMMUNICATIONS**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Source:** 6th Cir. Pattern Instruction 8.02


_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 30**
**VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

For each claim, if you decide that Plaintiff Gillispie has proved his claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form. If you decide that Plaintiff has not proved a particular claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

**Source:** 6th Cir. Pattern Jury Instruction 8.06 (modified).

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

35

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DEAN GILLISPIE,** | : | |
| | : | **Case No. 3:13-cv-00416** |
| PLAINTIFF, | : | |
| | : | |
| v. | : | **Judge Thomas M. Rose** |
| | : | |
| **MIAMI TOWNSHIP, et al,** | : | |
| | : | |
| DEFENDANTS. | : | |

---

### PLAINTIFF'S PROPOSED AND VERDICT FORM

---

We, the jury, considering each claim individually, unanimously find as follows on

Plaintiff Gillispie's claims against Defendant Moore:

**<u>Claim One: Due Process/Fair Trial (Unreliable Identification)</u>**

We, the jury, find:

_____          _____
For Plaintiff                          For Defendant

**<u>Claim Two: Due Process/Fair Trial (Suppression of Material Evidence)</u>**

We, the jury, find:

_____          _____
For Plaintiff                          For Defendant

**<u>Claim Three: Due Process/Fair Trial (Fabrication of Evidence)</u>**

We, the jury, find:

_____          _____
For Plaintiff                                  For Defendant

**<u>Claim Four: Due Process/Fair Trial (Destruction of Exculpatory Evidence)</u>**

We, the jury, find:

_____          _____
For Plaintiff                                  For Defendant

**<u>Claim Five:  Detention Without Probable Cause</u>**

We, the jury, find:

_____          _____
For Plaintiff                                  For Defendant

**Damages**

We the jury having found in favor of Plaintiff Gillispie and against Defendant Moore on any one or more of Plaintiff's claims now assess damages as follows:

Compensatory Damages:

$_____

RESPECTFULLY SUBMITTED,

 /s/David B. Owens_____
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Mike Kanovitz |
| THE LAW OFFICE OF MICHELE BERRY, LLC | David B. Owens |
| | Megan Porter |
| 114 East 8th Street | LOEVY & LOEVY |
| Cincinnati, OH 45202 | 312 North May St., Suite 100 |
| Tel: 513.919.5315 | Chicago, IL 60607 |
| Fax: 513.376.8752 | (312) 243-5900 |
| mberry@mberrylaw.com | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

## Certificate of Service

I, David B. Owens, an attorney, certify that on October 14, 2022, that I served the foregoing on counsel of record for Scott Moore and the Township via the Court's ECF electronic filing system.

/s/ David B. Owens