**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 3
(DOC. NO. 337)**
_____

This case is before the Court on "Plaintiff's Motion *in Limine* No. 3 to Exclude Argument

or Suggestion that Defendant Moore Cannot Pay Compensatory Damages, to Preclude Argument

that Defendant Moore Cannot Pay Punitive Damages, and to Preclude Reference to Jurors'

Interests as Taxpayers" (Doc. No. 337), filed by Plaintiff, Roger Dean Gillispie ("Gillispie").

Defendant Matthew Scott Moore ("Moore"), the sole remaining defendant, filed a response in

opposition to the motion (Doc. No. 346), and Gillispie filed a reply in support of the motion (Doc.

No. 362).  The motion is fully briefed and ripe for decision.  For the reasons discussed below, the

Court **GRANTS** Gillispie's Motion In Limine No. 3 (Doc. No. 337).

**I.      ANALYSIS**

The Court assumes that the parties are familiar with the general background of this case

and will not delve into its extensive history.  For additional background, see *Gillispie v. City of

Miami Twp.*, No. 3:13-cv-416, 2020 WL 5629677 (S.D. Ohio Sept. 21, 2020) (order ruling on

summary judgment motions) and *Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2022 WL

4922659 (S.D. Ohio Oct. 4, 2022) (order ruling on three other motions in limine).  For purpose of

ruling on these motions, it is sufficient to explain that Gillispie's remaining claims against Moore are all claims pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Doc. No. 298 at PageID 10836, 10932-33.)  Section 1983 "created a species of federal tort liability for individuals to sue state and local officers for deprivations of constitutional rights."  *Thompson v. Clark*, 212 L. Ed. 2d 382, 142 S. Ct. 1332, 1336-37 (2022).  "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law."  *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995).  Gillispie alleges that he "suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result" of each of the alleged Section 1983 violations. (Doc. No. 18 at PageID 94-98.)  He seeks an award of compensatory damages, costs, and attorneys' fees, along with punitive damages.  (*Id.* at PageID 101.)

## A.  Legal Standards for Addressing Motions *In Limine*

District courts adjudicate motions in limine under their "inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).  "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial."  *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016).  Courts should exclude evidence pursuant to a motion in limine "only when evidence is clearly inadmissible on all potential grounds."  *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise."  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Courts are "almost always better situated during the actual trial to assess the value and utility of evidence."  *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d at 721.

2

Denial of a motion in limine does not necessarily mean the evidence that is the subject of the motion will be admissible at trial. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. This is because "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The district court may change its ruling on the motion in limine, whether prior to trial or at trial, "where sufficient facts have developed to warrant the change." *Id.*

**B. Gillispie's Motion in Limine No. 3**

In Gillispie's Motion in Limine No. 3, he asks this Court to (1) exclude any suggestion that Defendant Moore cannot pay compensatory damages; (2) preclude argument that Defendant Moore cannot pay punitive damages; and, (3) preclude reference to jurors' interests as taxpayers. (Doc. No. 337.) In his response, Moore opposes each request and argues that Gillispie's requests are "misplaced" (*see* Doc. No. 346 at PageID 12522), but the Court disagrees.

Regarding his first request, the Court initially notes that compensatory and punitive damages serve different purposes. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) ("[c]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct," while "punitive damages serve a broader function" because "they are aimed at deterrence and retribution") (internal quotation marks and citations omitted). The Court agrees with Gillispie that Moore's personal ability to pay compensatory damages is not relevant. *Sullivan v. Detroit Police Dept.*, No, 08-CV-12731, 2009 WL 1689643, at *3 (E.D. Mich. June 17, 2009) (a defendant's "financial status may generally be considered by a jury in determining a level of <u>punitive</u> damages if such are potentially due, but if unrelated to this point such evidence would be irrelevant and should be excluded") (emphasis added; internal citation omitted); *Echavarria v. Roach*, No. 16-cv-11118-ADB, 2022 WL 606076, at *2 (D. Mass. Mar. 1, 2022) (in a Section 1983 case, granting motion in limine to bar any

reference to the individual defendants' financial inability to pay a judgment for compensatory damages because such evidence would be irrelevant to any claims and may result in unfair prejudice). Therefore, at trial, Moore is barred from suggesting that he cannot pay compensatory damages. *Id.*; Fed. R. Evid. 402; Fed. R. Evid. 403.

Regarding his second request, Gillispie argues that Moore should be barred from submitting evidence at trial about his ability to pay punitive damages because, despite Gillipie asking for such information during the discovery period, Moore did not produce discovery related to any claim of an inability to pay. (Doc. No. 337 at PageID 12434.) Moore objected to Gillispie's interrogatory request for information regarding Moore's net financial worth; Gillispie had expressly explained that he was seeking such information "[f]or punitive damages purposes." (Doc. No. 170-7 at PageID 3840.) More importantly, during Moore's deposition, his counsel told Gillispie's counsel that he would instruct Moore not to answer <u>any</u> questions about his financial net worth or questions related to the punitive damages claim. (Doc. No. 170 at PageID 3712 (Moore's counsel stating "I would object and not allow him to answer any questions now relative to any punitive damages claim as I asserted in the interrogatory responses to begin with"), PageID 3715 (Moore's counsel responding "Yes" to Gillispie's counsel asking, "[i]f I were to ask him a question right now about his financial net worth, you would instruct him not to answer, correct?").) In Moore's response to the pending motion, although he opposes being precluded from arguing that he cannot pay punitive damages, Moore does not defend, attempt to explain, or even address his complete refusal to provide such information in discovery. (Doc. No. 346.)

As referenced above, a defendant's "financial status may generally be considered by a jury in determining a level of punitive damages if such are potentially due." *Sullivan*, 2009 WL 1689643, at *3 (internal citation omitted). However, "it is the defendant's burden to present

evidence of his ability to pay [a potential punitive damages award] when he would like that information to be considered by the jury." *Johnson v. Howard*, 24 F. App'x 480, 488 (6th Cir. 2001) (because the defendant "chose not to present evidence of his inability to pay a large punitive award," he was unable to complain on appeal that the jury did not consider such evidence); *see also Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) (a plaintiff is not required to introduce evidence of defendant's net worth, but a "defendant who cannot pay a large award of punitive damages can point this out to the jury").

It is apparent that Gillispie anticipated that Moore might argue (and submit supporting evidence) at trial that he would be unable to pay a punitive damages award, which Moore would generally be permitted to do in accordance with the authority set forth above. Therefore, during discovery, Gillispie sought information relevant to that anticipated argument—even specifically informing Moore that the reason for requesting the information was for punitive damages purposes. Yet, during discovery, Moore stonewalled Gillispie's efforts and completely refused to provide information regarding this potential defense to punitive damages, including when specifically asked about it during his deposition. Therefore, with discovery now closed and trial only weeks away, Moore cannot be permitted to submit such information at trial or argue an inability to pay punitive damages. The Court will not permit such gamesmanship. It would run counter to the fair and just determination of this action to allow Moore to refuse to answer any questions on that topic during his deposition (and during the entire discovery period), but then allow him to answer those questions at trial and argue an inability to pay punitive damages. Fed. R. Civ. P. 1; Fed. R. Evid. 102; *cf. Traficant v. C.I.R.*, 884 F.2d 258, 265 (6th Cir. 1989) (affirming lower court's decision to bar party from introducing evidence on a topic where that party had refused to answer questions on that topic during discovery by asserting the privilege against self-

incrimination); *Dunkin' Donuts Inc. v. Taseski*, 47 F. Supp. 2d 867, 874 (E.D. Mich. 1999) (barring defendant from introducing testimony or other evidence in support of his version of the damages amount because he invoked the privilege against self-incrimination and refused to answer any questions regarding the issue during his deposition); *Beach Mart, Inc. v. L&L Wings, Inc.*, No. 2:11-cv-44-FL, 2020 WL 6708236, at *2 (E.D.N.C. Nov. 13, 2020) (where defendant's witness "refused to answer [a] question during his deposition, he may not answer [the] question at trial, or otherwise allow [defendant] to use the attorney-client privilege impermissibility as a sword and shield"). Therefore, at trial, Moore is barred from arguing that he cannot pay punitive damages.

Regarding his third request, the Court agrees with Gillispie that arguments appealing to a juror's pecuniary interests as a taxpayer are improper. *Freedom's Path at Dayton v. Dayton Metro. Hous. Auth.*, No. 3:16-cv-466, --- F. Supp. 3d ---, 2022 WL 1786511, at *5 (S.D. Ohio June 1, 2022) ("[a]ppeals to the pecuniary interests of jurors are improper"); *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) (arguments as "to jurors' pecuniary interests as taxpayers are, of course, generally improper"). "Such evidence is improper under Federal Rules of Evidence 401, 402, and 403, as it serves only to elicit juror sympathy for the defendant and to encourage the jury to nullify." *Freedom's Path at Dayton*, 2022 WL 1786511, at *5. Therefore, at trial, Moore is barred from appealing to the pecuniary interests of the jurors as taxpayers.

## II.   **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Gillispie's Motion In Limine No. 3 (Doc. No. 337). The Court grants the three requests made by Gillispie in the motion. One, the Court bars Moore from suggesting, at trial, that he cannot pay compensatory damages. Two, the Court bars Moore from arguing, at trial, that he cannot pay punitive damages. Three, the Court bars Moore from appealing, at trial, to the pecuniary interests of the jurors as taxpayers.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, October 17, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE