**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-00416 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT MATTHEW SCOTT**
**MOORE'S MOTION TO DISMISS MIAMI TOWNSHIP'S INTERVENOR**
**COMPLAINT (DOC. NO. 434)**

---

Presently before the Court is Defendant Matthew Scott Moore's Motion to Dismiss Miami

Township's Intervenor Complaint ("Motion").  (Doc. No. 434.)  For the reasons stated below, the

Court **DENIES** the Motion.

### I.    BACKGROUND

The Miami Township Board of Trustees ("Township") moved to intervene in this case on

September 23, 2022.  (Doc. No. 370.)  The Court explained the factual background of this

intervention in depth in its Entry and Order Granting the Motion to Intervene Filed by Miami

Township (Doc. No. 392) and, therefore, will not repeat that background here.  Relevant to this

Motion, the Court permitted the Township to intervene in this case pursuant to Fed. R. Civ. P.

24(b), "for the limited purpose of questioning and argument on only the discreet issues of lack of

good faith and scope of employment consistent with Ohio Rev. Code § 2744.07."  (*Id*. at PageID

13693.)  In a separate order, the Court had directed the Township to comply with Fed. R. Civ. P.

24(c), which requires that a motion to intervene "be accompanied by a pleading that sets out the

1

claim or defense for which intervention is sought."  Moore did not file any response or indicate any opposition to the Township's motion to intervene.  (Doc. No. 392 at PageID 13686.)

The Township filed its Intervenor Complaint for Declaratory Judgment and Relief ("Intervenor Complaint") on October 13, 2022.  (Doc. No. 397.)  Moore filed the present Motion on October 28, 2022 (Doc. No. 434) and the Township filed its response on October 31, 2022.  (Doc. No. 442.)  Moore filed his reply on November 3, 2022.  (Doc. No. 448.)  The Motion is now ripe for review and decision.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).  Thus, if a plaintiff

has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III.    ANALYSIS

Moore's Motion is brought pursuant to Rule 12(b)(6) and argues that the indemnification claim that forms the basis of the Township's intervention is not ripe. (Doc. No. 434 at PageID 15074-75.) Moore further argues that the Township is not responsible for his defense because an order from the Montgomery County Court of Common Pleas has required the Township's insurance provider to continue funding Moore's defense. (*Id*. at PageID 15075-76.) In response, the Township argues that there are common issues of fact between the liability claims and the indemnity issues. (Doc. No. 442 at PageID 15360.) The Township also argues that, under O.R.C. 2744.07, the Township is required to provide a defense as soon as the main action is filed. (*Id*. at PageID 15359-60.)

Under Rule 24(b) (Permissive Intervention), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original

3

parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020) ("[s]o long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion") (emphasis and internal quotation marks omitted). The Sixth Circuit Court of Appeals has instructed that "Rule 24 should be broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (internal quotation marks omitted).

Moreover, "the ripeness doctrine is discretionary." *Jackson v. City of Cleveland*, 925 F.3d 793, 808 (6th Cir. 2019). Application of the ripeness doctrine "requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Id*. at 807 (citing *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985)). "[I]n evaluating whether a claim is ripe, the courts should determine (1) whether a matter is appropriate for judicial resolution and (2) whether the parties would undergo hardship if judicial relief is denied on their claim before it ripens further." *Jackson*, 925 F.3d at 808.

As the Court previously found when determining that the Township's intervention is appropriate under Rule 24(b), there are issues of fact that will overlap between the liability claims and the indemnification issue, specifically the issue of whether Moore was not acting in good faith and if he was acting outside the scope of his employment. (Doc. No. 392 at PageID 13690-91.) Indeed, the Township's intervention is for the limited purpose of determining those two points, and the Court has no reason to believe its intervention will cause any significant delay. *See Knowlton v. Const. Co. v. Liberty Mut. Ins. Co.*, No. 2:07-cv-0748, 2008 WL 1766894 (E.D. Ohio Apr. 11, 2008) (granting intervention prior to a finding of liability where the intervention was for the limited purpose of determining indemnification and the arguments of law overlapped). Trial

4

is scheduled to begin on Monday.  (Doc. No. 322.)  The Court, pursuant to its discretion, finds that the Township's intervention is permissible under the ripeness doctrine as it would both satisfy the purposes of intervention under Rule 24(b) and judicial resolution in this manner is desirable under the circumstances.

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Matthew Scott Moore's Motion to Dismiss Miami Township's Intervenor Complaint (Doc. No. 434).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, November 3, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE