## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

### ENTRY AND ORDER GRANTING MOTION TO QUASH (DOC. NO. 447)

---

This case is before the Court on the Motion to Quash Subpoena to Ronald Hess (Doc. No. 447) (the "Motion"), filed by Miami Township Board of Trustees and Ronald Hess ("Hess" and, collectively, "Movants"). Plaintiff, Roger Dean Gillispie ("Gillispie"), filed a response in opposition to the Motion. (Doc. No. 450.) The Movants then filed a reply. (Doc. No. 452.) The Motion is fully briefed and ripe for decision. For the reasons discussed below, the Court **GRANTS** the Motion and **QUASHES** the subpoena issued to Hess.

## I.      BACKGROUND

Gillispie's remaining claims in this matter are claims against Defendant Matthew Scott Moore ("Moore"), pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 18; Doc. No. 298 at PageID 10836, 10932-33.) As a broad overview of Gillispie's claims, he alleges that Moore—who was a police detective—engaged in various acts of police misconduct that "framed [Gillispie] for a series of sexual assaults that he did not commit," resulting in Gillispie being "deprived of his right to a fair trial," "wrongfully convict[ed]," and spending "over 20 years incarcerated as an innocent man." (Doc. No. 18 at PageID 77, 94-96, 98.)

1

Moore is a former Miami Township detective, and the sexual assaults and his alleged acts of police misconduct took place in the late 1980s and early 1990s.  (*See* Doc. No. 18; Doc. No. 447 at PageID 15383.)  Miami Township is a former defendant in this case (*see* Doc. No. 298), and Gillispie previously took two Rule 30(b)(6) depositions in which Hess was the Rule 30(b)(6) designee for Miami Township.  (Doc. No. 447 at PageID 15383.)  The Movants state that Hess retired from Miami Township on August 1, 2022, and they informed Gillispie's counsel on October 4, 2022 that Hess had retired.  (Doc. No. 447 at PageID 15383.)

On Wednesday, November 2, 2022, Hess was served with a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (the "Subpoena").  (Doc. No. 447 at PageID 15384; Doc. No. 450 at PageID 15419.)  The Subpoena is directed to "Ronald Hess," who is not a party to this action.  (Doc. No. 447-5.)  The Subpoena commands Hess to appear in the United States district court, with the Date and Time specified as "11/7-11/21 9:00 am."  (*Id.*)  It is not disputed that the subpoena failed to include fees tendered for attendance at trial.  (*See* Doc. No. 447 at PageID 15388; Doc. No. 450.)  The Movants filed the Motion on Thursday, November 3, 2022. (Doc. No. 447.)  Trial is scheduled to begin at 9:00 a.m. on Monday, November 7, 2022—a date that the Court set in a scheduling order several months ago, on May 2, 2022.  (Doc. No. 322 (setting forth various pre-trial deadlines and dates, including deadlines for filing motions *in limine* and for filing transcripts of depositions with designations of testimony to be used at trial and dates for the final pretrial conference and for the trial).)

II.     **ANALYSIS**

The Movants argue that the Subpoena should be quashed because "it fails to properly identify the location of the trial; it did not include fees tendered for attendance at trial; fails to allow reasonable time to comply and subjects Mr. Hess to an undue burden."  (Doc. No. 447 at PageID 15385.)  They assert that Gillispie "has served a non-party witness to appear for 11

business days at trial beginning at 9:00 a.m. and has provided only two business days' notice." (*Id.*) They also assert that, at the Rule 30(b)(6) depositions at which Hess was the Rule 30(b)(6) designee for Miami Township, "he was asked questions about a time in which he was not employed by the Township and was not involved with the situation." (*Id.* at PageID 15386.) They argue that Hess "has no personal knowledge of any relevant information." (*Id.*)

In response, Gillispie argues that the Motion should be denied. (Doc. No. 450 at PageID 15420.) Regarding the lengthy time frame for testifying that is set forth in the Subpoena, Gillispie states that he "certainly was willing to work with Mr. Hess to work with his schedule to find a time for him to testify" and does not "expect [Hess] to sit idly by in a courtroom hallway for a week and a half." (Doc. No. 450 at PageID 15420.) He also asserts: "Mr. Hess is a witness in this case. He was designated as the Township's representative." (*Id.*) He also takes issue with the Movant's cited legal authority and presents his own legal authority regarding Rule 30(b)(6) witnesses. (*Id.* at PageID 15420-22.)

Under Federal Rule of Civil Procedure 45, "[e]very subpoena must … command each person to whom it is directed to do the following at a specified time and place: attend and testify …." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 also states: "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015) ("Rule 45 requires, among other things, that the party serving it tender certain fees"). The Sixth Circuit Court of Appeals has explained that the requirements within Rule 45 "were not made to be 'tempered'; they were made to be 'technical'—from the specific amount of fees tendered, to the court issuing the subpoena, to the geographic scope of the request." *Hill*, 799 F.3d at 553.

3

Additionally, Rule 45 states that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; … or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). The Sixth Circuit has held that "[u]ndue burden is to be assessed in a case-specific manner." *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018). Relevance is a factor to be considered. *Id.* So too are the status of the person who has been subpoenaed (e.g., non-party) and that person's claimed lack of personal knowledge. *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-cv-505-TAV-HBG, 2020 WL 6470173, at \*2 (E.D. Tenn. Nov. 3, 2020) (quashing a subpoena for subjecting a person to undue burden, where the issuing party had failed to identify how the non-party person who had been subpoenaed possessed personal knowledge regarding relevant issues); *Satija v. Permanent Gen. Assurance Corp. of Ohio*, No. 1:13-cv-82, 2014 WL 12591693, at \*2 (N.D. Ohio Apr. 30, 2014) (same); *see also* Fed. R. Evid. 602 ("[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

Here, the Subpoena is issued to Hess, personally. (Doc. No. 447-5.) It does not indicate that it is issued to Miami Township or to Hess as a corporate representative for Miami Township. (*Id.*) Hess is not a party in this case. Gillispie says Hess has personal knowledge of "his actions taken when he was the Township's designee" ("*i.e.*, answering written discovery, providing oral discovery, etc."), but it is left unclear what relevance those limited, litigation-specific actions would have in the upcoming trial. Together with Hess' non-party status, the relatively short time frame between when Hess was served and the trial, and that Gillispie did not tender the fees for attendance and mileage (as required by Rule 45), the Court finds that the Subpoena subjects Hess to an undue burden. Fed. R. Civ. P. 45(b)(1); *Hill*, 799 F.3d at 553 (affirming district court's

4

decision to quash subpoena that, among other defects, failed to tender the required fees); *Mustafa Dogan Diary Consulting, LLC v. La Colombe Torrefaction, Inc.*, No. 1:17-cv-277, 2018 WL 9801022, at *2 (W.D. Mich. Sept. 7, 2018) (quashing subpoena; finding that issuing party's "fail[ure] to provide the individuals with the funds to cover their travel expenses … constitutes an undue burden"); *Adkisson*, 2020 WL 6470173, at *2; *Satija*, 2014 WL 12591693, at *2.  Therefore, the Court must quash the subpoena.  Fed. R. Civ. P. 45(d)(3)(A)(iv)

### III.   <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** the Motion to Quash Subpoena to Ronald Hess (Doc. No. 447) and **QUASHES** the subpoena issued to Hess.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 7, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE