**INSTRUCTION NO. 1**

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the specific laws that govern this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## INSTRUCTION NO. 2

### JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven Defendant liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 3

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case Plaintiff Dean Gillispie is a private citizen and Defendant Scott Moore is a former police officer for Miami Township.  All parties are equal before the law and both Plaintiff and Defendant are entitled to the same fair consideration.

## INSTRUCTION NO. 4

### NO INFERENCE FROM JUDGE'S QUESTIONS

During the trial, I sometimes asked a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

## INSTRUCTION NO. 5

### EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

A stipulation is an agreement between both sides that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 6**

**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 7

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 8**

**INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## INSTRUCTION NO. 9

### CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

9

believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. 10**

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## INSTRUCTION NO. 11

### IMPEACHMEMT—INCONSISENT STATEMENTS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said something, or has failed to say something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

## INSTRUCTION NO. 12

### LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## INSTRUCTION NO. 13

### NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 14

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**INSTRUCTION NO. 15**

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## INSTRUCTION NO. 16

### ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who might have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTION NO. 17

### STIPULATIONS OF FACT

The parties have stipulated, or agreed, that

1. On August, 20, 1988, two twin sisters, B.W. and C.W. were sexually assaulted after being abducted at gunpoint by a stranger in the parking lot of the Best Products Store in Dayton, Ohio. These crimes were investigated by the Miami Township Police Department.

2. After seeing news about the Best Products assaults, another woman, S.C., reported being assaulted on August 5, 1988 in a similar manner in a store parking lot in Montgomery County. This crime was investigated by the Montgomery County Sheriff's Office.

3. On September 5, 1990, Gillispie was arrested and then prosecuted for the Best Products crimes and those related to S.C.

4. Gillispie was convicted at a criminal trial in February 1991 and then granted a new trial. Gillispie was convicted again in June of 1991 for the Best Products crimes involving B.W. and C.W. as well as crimes against S.C.

5. Gillispie was confined for approximately two weeks after his arrest and on bond until his first trial in February 1991.  Gillispie was continuously incarcerated between February 5, 1991 and December 22, 2011.  Gillispie was released following a federal court's order to vacate the convictions and requiring a new trial on the basis of the claim that exculpatory evidence was not produced to Gillispie during the criminal prosecution.

6. In 2012, a separate Ohio court vacated Gillispie's conviction and ordered a new trial due to the existence of new evidence about an alternative suspect.

7.  Following an order by a judge in the Montgomery County Court of Common Pleas, which became final on July 26, 2017, the charges against Gillispie were dismissed with prejudice.

8.  On November 19, 2021, Gillispie was declared to be a wrongfully imprisoned individual pursuant to Ohio law by a judge in the Montgomery County Court of Common pleas.

9.  Plaintiff's Exhibit PX 59 at Page 16 and Plaintiff's Exhibit PX 285 at Pages 6 and 7 are color photographs of the photo array that do not necessarily replicate the location of the photographs in the array when they were administered.

You must treat these facts as having been proven for the purpose of this case.

## INSTRUCTION NO. 18

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 19

## BURDEN OF PROOF

Plaintiff Gillispie has the burden in a civil action, such as this, to prove every element of his claims by a preponderance of the evidence.  If the Plaintiff should fail to establish any element of his claims by a preponderance of the evidence, you should find for Defendant as to that claim.  When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 20

## INTRODUCTION TO PLAINTIFF'S CLAIMS

Plaintiff Gillispie makes two claims against Defendant Moore. Each one of those claims is a claim pursuant to 42 U.S.C. § 1983, typically referred to as Section 1983. The elements required to prove such a claim will be detailed for you in a separate instruction.

The Fifth and the Fourteenth Amendments to the United States Constitution guarantee all citizens the right to due process of law, which includes the right to a fair trial, before being deprived of life, liberty, or property. A fair trial requires the police to produce all materially exculpatory and impeachment evidence. A fair trial also requires the police to refrain from using eyewitness identifications that are unreliable. Plaintiff Gillispie claims that Defendant Moore violated his right to a fair trial in one or more of the following ways:

First, that Defendant Moore violated his right to a fair trial through unreliable identifications that were used as evidence against him in the criminal case; and

Second, that Defendant Moore violated his right to a fair trial by suppressing material evidence.

Defendant Moore denies each of these claims.

I will instruct you on the elements of each of Plaintiff Gillispie's claims.

22

## INSTRUCTION NO. 21

## ELEMENTS REQUIRED TO PROVE A CLAIM UNDER 42 U.S.C. § 1983

Again, each of Plaintiff Gillispie's claims is a claim under Section 1983.  In order to prove a Section 1983 claim, the burden is upon Plaintiff to establish by a preponderance of the evidence each of the following elements:

First:   Defendant Moore performed acts that operated to deprive Plaintiff of one of Plaintiff's federal Constitutional rights, as defined and explained in these instructions;

Second:   Defendant Moore acted under the color of state law; and

Third:   Defendant Moore's acts were the proximate cause of damages sustained by Plaintiff.

Because Defendant Moore was acting as a police officer of Miami Township at the time of the acts in question, he was acting under color of state law.  In other words, the second element is satisfied.

**INSTRUCTION NO. 22**

**PROXIMATE CAUSE**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Gillispie, and that Gillispie's injury or damage was either a direct result of, or a reasonably probable consequence of, the act(s) or omission(s) of Defendant Moore.

## INSTRUCTION NO. 23

### FIRST CLAIM: DUE PROCESS—SUGGESTIVE IDENTIFICATION

Plaintiff Gillispie's first claim is that Defendant Moore violated his constitutional right to due process of law and a fair trial through identification evidence.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1.      Moore knowingly or recklessly used unnecessarily suggestive identification procedures that resulted in one or more unreliable identifications;

2.      Evidence of the one or more unreliable identifications was offered into evidence in the criminal case; and

3.      Gillispie was injured as a result.

In order to determine whether Moore's actions were suggestive, you should consider if a witness's attention was directed to Plaintiff through the circumstances of the identification process overall. To find the circumstances suggestive, you need not find that Moore intended to single-out Gillispie, only that the procedures and methods overall were suggestive.

With regard to evidence about the photo array identification offered against Gillispie in the criminal case, you may consider the photo arrays themselves, the manner in which the array was presented, the details of the photographs, any conduct of Moore before or during the photo array you are considering, and any other evidence concerning the manner in which the identification was made.

With regard to identifications of Mr. Gillispie made in court, you may consider any of the foregoing evidence with regard to the photo array procedure prior to trial as well as any conduct of Moore after the photo arrays which resulted in unreliable identifications in court.

As indicated in item one of this instruction, if you find that Moore used unnecessarily suggestive identification procedures, then you must consider whether the identification was nevertheless reliable. In order to determine whether a witness's identification was reliable, you must consider the totality of the circumstances concerning the identification. You may consider any factors that bear upon the reliability of the identification and determine which weight to accord or not to accord any factor. Factors to consider include but are not limited to:

- the opportunity of the witness to view the perpetrator at the initial time of the assault;

- the witness's degree of attention and whether it was distracted by any other issue (for example, like the presence of a weapon, disguise, etc.);

25

- the accuracy of the witness's prior description of the perpetrator;

- the level of certainty shown by the witness at the pretrial identification, and whether that level of certainty is trustworthy;

- the length of time between the observation and the identification;

- whether the perpetrator was a stranger or someone familiar with any victim;

- the continuing impact of any suggestiveness on the identifications.

These factors are just examples and you are entitled to evaluate the evidence before you. The fundamental question is whether you consider the identifications to be reliable, fair evidence.

If you find from your consideration of all the evidence that Plaintiff has proven the three numbered items in this instruction, then your verdict should be for the Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of three numbered items in this instruction, then you should find for Defendant on this claim.

## INSTRUCTION NO. 24

### SECOND CLAIM: DUE PROCESS—
### SUPPRESSION OF MATERIAL EVIDENCE

Plaintiff Gillispie's second claim is that Defendant Moore violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Moore knowingly or recklessly concealed from the prosecutor readily apparent exculpatory and/or impeachment evidence during the criminal case and/or during Gillispie's appeal;

2. The evidence was material; and

3. Gillispie was injured as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of a crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness, including the police officers themselves, who testified against the accused at the criminal trial.

Exculpatory evidence or impeachment evidence is "material" if there is a reasonable likelihood that the suppressed evidence could have affected the judgment of the jury. If you find multiple pieces of evidence were concealed or suppressed, you must consider the cumulative effect on the jury's verdict in the criminal case in the context of the entire record.  To be material, it is not necessary that Plaintiff prove that he would have been acquitted. It is enough that withheld evidence, taken together, undermines confidence in the outcome of the criminal proceedings.

If you find from your consideration of all the evidence that Plaintiff has proven these three things, then your verdict should be for the Plaintiff on this claim and you should go on to consider the question of damages.

On the other hand, if you find that Plaintiff has failed to prove any one of these three things, then you should find for Defendant on this claim.

27

## INSTRUCTION NO. 25

### MENTAL STATE

For purposes of Plaintiff Gillispie's claims, Defendant Moore need not have acted with bad faith, malice, or ill-will toward Gillispie in order for you to find that he acted knowingly or recklessly.

A person acts recklessly when that person acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

**INSTRUCTION NO. 26**

**COMPENSATORY DAMAGES**

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff Gillispie for any injury that you find he sustained as a result of Defendant Moore's conduct as well as any injury he is reasonable certain to sustain in the future. This is called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure. Compensatory damages include but are not limited to:

- The physical, mental, and emotional pain and suffering Plaintiff has experienced
- The physical, mental, and emotional pain and suffering Plaintiff is reasonably certain to experience in the future
- The loss of enjoyment of life Plaintiff has experienced
- The loss of enjoyment of life Plaintiff is reasonable certain to experience in the future

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.

Present value is the proper measure for all aspects of any damages award.

## INSTRUCTION NO. 27

## AVOIDANCE OF DOUBLE RECOVERY

You must not award damages more than once for the same injury. If you find Defendant Moore violated more than one of Plaintiff Gillispie's rights, Gillispie is entitled to be compensated only for the injuries he actually suffered. Thus, if Defendant Moore violated more than one of Gillispie's rights, but the resulting injury was no greater than it would have been had Defendant Moore violated one of those rights, you should award an amount of compensatory damages no greater than you would award if Defendant Moore had violated only one of Gillispie's rights.

## INSTRUCTION NO. 28

### EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## INSTRUCTION NO. 29

## ADDITIONAL ISSUE IF THE JURY FINDS IN FAVOR OF PLAINTIFF ON ANY OF HIS CLAIMS

If, and only if, you find in favor of Plaintiff Gillispie and against Defendant Moore on one or more of Plaintiff's claims, then there is another issue that you must decide.  You must determine whether, at the time of Defendant Moore's act or omission that deprived Plaintiff Gillispie of his Constitutional right, Defendant Moore was not acting in good faith, was acting manifestly outside the scope of his employment or official responsibilities, or was not acting within the scope of his employment or official responsibilities.

This issue does not involve any element of Plaintiff Gillispie's claims, and Plaintiff Gillispie has no burden of proof whatsoever regarding this issue one way or the other.

In the event that you find that Defendant Moore violated the constitutional rights of Plaintiff Gillispie with respect to one or more of Plaintiff's claims, then separately for each of those claims only you must determine whether:

(1) An act of Defendant Moore was not taken in good faith;

(2) Defendant Moore was acting manifestly outside the scope of his employment or official responsibilities when he took the act; and

(3) Defendant Moore was not acting within the scope of his employment or official responsibilities when he took the act.

For purposes of this issue, one does not act in good faith when his conduct evinces a dishonest purpose, conscious wrongdoing, or the breach of a known duty through some ulterior motive. Bad faith is the opposite of good faith, generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud.   Conduct that is reckless may still be in good faith.

Scope of employment means the employee is engaged in an activity that is logically related to the business of the employer.  The determination of whether conduct is within the scope of employment necessarily turns on the perception of whether the employee acted, or believed himself to have acted, at least in part, in his employer's interests.  However, if an employee's actions are self-serving or have no relationship to the employer's business, then the conduct is manifestly outside the scope of employment.  Manifestly is defined as plainly or obviously.

## INSTRUCTION NO. 30

## DELIBERATIONS

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it's necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard to your individual judgment. You must each decide the case for yourself, but only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions if convinced that it had been erroneous. But do not surrender your honest convictions as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Now, remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your independent recollection of the evidence or the lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of this case.

Upon retiring to the jury room you will select one of your number to serve as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

During the trial, several items were received into evidence as exhibits. We will have a computer system in the deliberation room that will enable you to view exhibits electronically. You'll get some instructions on using that system that when you go to begin your deliberations.

**INSTRUCTION NO. 31**

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 4-3, or 6-1, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 32

### VERDICT FORM

I have prepared a verdict form that you should use to record your verdict.  The form reads as follows:

VERDICT

For each claim, if you decide that Plaintiff Gillispie has proved his claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form in Part I. If you decide that Plaintiff has not proved a particular claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form in Part I.

If you decide that Plaintiff Gillispie has proven one or more of his claims against Defendant Moore, then you must complete both Part II and Part III of the verdict form.  On the other hand, if you decide that Plaintiff Gillispie has not proven any of his claims against Defendant Moore, then skip Part II and Part III of the verdict form.

Once completed, sign and date the form.

PART I - LIABILITY

We, the jury, considering each claim individually, unanimously find as follows on Plaintiff Gillispie's claims against Defendant Moore:

**Claim One: Due Process/Fair Trial (Unreliable Identification)**

We, the jury, find:

    _____        _____

       For Plaintiff           For Defendant

**Claim Two: Due Process/Fair Trial (Suppression of Evidence)**

We, the jury, find:

    _____        _____

       For Plaintiff           For Defendant

PART II - DAMAGES

We the jury having found in favor of Plaintiff Gillispie and against Defendant Moore on any one or more of Plaintiff's claims now assess damages as follows:

$_____

35

PART III - ADDITIONAL ISSUE IF THE JURY FINDS IN FAVOR OF PLAINTIFF ON
ANY OF HIS CLAIMS

We the jury having found in favor of Plaintiff Gillispie and against Defendant Moore on any one or more of Plaintiff's claims now assess the following questions.

For **Claim One (Unreliable Identification)**, did we find in favor of Plaintiff?

Yes _____

No _____

If the answer is "No," then skip the next three questions and proceed to the question regarding Claim Two.  If the answer is "Yes," then answer the next three questions.

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting in good faith?

Yes _____

No _____

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was acting manifestly outside the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes _____

No _____

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting within the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes _____

No _____

For **Claim Two (Suppression of Evidence)**, did we find in favor of Plaintiff?

Yes _____

No _____

If the answer is "No," then skip the next three questions and proceed to signing and dating this verdict form.  If the answer is "Yes," then answer the next three questions.

36

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting in good faith?

Yes \_\_\_\_

No  \_\_\_\_

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was acting manifestly outside the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes \_\_\_\_

No  \_\_\_\_

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting within the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes \_\_\_\_

No  \_\_\_\_

 \_[excused by Court for good cause on 11/14/22]\_     _____
Juror #1                                         Juror #2

_____     _____
Juror #3                                          Juror #4

_____     _____
Juror #5                                          Juror #6

_____     _____
Juror #7                                          Juror #8

DATE: _____

That concludes my reading of the Verdict Form.

37