**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **ROGER DEAN GILLISPIE,** | : | |
| | : | **Case No. 3:13-cv-00416** |
| PLAINTIFF, | : | |
| | : | |
| v. | : | **Judge Thomas M. Rose** |
| | : | |
| **THE CITY OF MIAMI TOWNSHIP, *et al.*,** | : | |
| | : | |
| DEFENDANTS. | : | |

---

**VERDICT**

---

For each claim, if you decide that Plaintiff Gillispie has proved his claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form in Part I. If you decide that Plaintiff has not proved a particular claim against Defendant Moore, say so by having your foreperson mark the appropriate place on the form in Part I.

If you decide that Plaintiff Gillispie has proven one or more of his claims against Defendant Moore, then you must complete both Part II and Part III of the verdict form. On the other hand, if you decide that Plaintiff Gillispie has not proven any of his claims against Defendant Moore, then skip Part II and Part III of the verdict form.

Once completed, sign and date the form.

PART I - LIABILITY

We, the jury, considering each claim individually, unanimously find as follows on Plaintiff Gillispie's claims against Defendant Moore:

**Claim One: Due Process/Fair Trial (Unreliable Identification)**

We, the jury, find:

| X | |
|---|---|
| For Plaintiff | For Defendant |

**Claim Two: Due Process/Fair Trial (Suppression of Evidence)**

We, the jury, find:

| X | |
|---|---|
| For Plaintiff | For Defendant |

PART II - DAMAGES

We the jury having found in favor of Plaintiff Gillispie and against Defendant Moore on any one or more of Plaintiff's claims now assess damages as follows:

$ 45,000,000

PART III - ADDITIONAL ISSUE IF THE JURY FINDS IN FAVOR OF PLAINTIFF ON ANY OF HIS CLAIMS

We the jury having found in favor of Plaintiff Gillispie and against Defendant Moore on any one or more of Plaintiff's claims now assess the following questions.

For **Claim One (Unreliable Identification)**, did we find in favor of Plaintiff?

Yes _X_

No ____

If the answer is "No," then skip the next three questions and proceed to the question regarding Claim Two. If the answer is "Yes," then answer the next three questions.

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting in good faith?

Yes ____

No _X_

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was acting manifestly outside the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes ____

No _X_

With respect to Claim One only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting within the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes ____

No _X_

For **Claim Two (Suppression of Evidence)**, did we find in favor of Plaintiff?

Yes _X_

No ____

If the answer is "No," then skip the next three questions and proceed to signing and dating this verdict form. If the answer is "Yes," then answer the next three questions.

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting in good faith?

Yes ____

No _X_

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was acting manifestly outside the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes ____

No _X_

With respect to Claim Two only, was it proven by a preponderance of the evidence that Matthew Scott Moore was not acting within the scope of his employment or official responsibilities as a police officer with Miami Township?

Yes ____

No _X_



[excused by Court for good cause on 11/14/22]
Juror #1

[redacted]
Juror #2

[redacted]
Juror #3

[redacted]
Juror #4

[redacted]
Juror #5

[redacted]
Juror #6

[redacted]
Juror #7

[redacted]
Juror #8

DATE: 11/21/2022