**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | | |
|---|---|---|
| **ROGER DEAN GILLISPIE,** | : | Case No. 3:13-CV-416 |
| *Plaintiff*, | : | Judge Thomas M. Rose |
| v. | : | |
| **THE CITY OF MIAMI TOWNSHIP,** *et al.,* | : | |
| *Defendants.* | : | |
| | : | **INTERVENING PLAINTIFF MIAMI** |
| **MIAMI TOWNSHIP BOARD OF TRUSTEES,** | : | **TOWNSHIP BOARD OF TRUSTEES' MEMORANDUM IN OPPOSITION TO ROGER DEAN GILLISPIE'S** |
| *Intervening Plaintiff*, | : | **MOTION TO BE JOINED AS A NECESSARY PARTY OR** |
| v. | : | **INTERVENE IN THE TOWNSHIP'S ACTION AGAINST MOORE WITHIN** |
| **MATTHEW SCOTT MOORE,** | : | **THIS ACTION** |
| *Defendant in Intervention*. | : | |

**I.      INTRODUCTION**

Roger Dean Gillispie ("Applicant") filed a Motion to be Joined as a Necessary Party or Intervene ("Motion") and is seeking to involve himself in this declaratory action to determine Defendant Miami Township's statutory obligation to one of its employees, Defendant Scott Moore ("Moore"). However, regardless of the outcome of this declaratory action, Applicant's rights will not change; the outcome of this action will not change the jury's verdict rendered on November 21, 2022, nor the judgment entered eight days later.

Arguing mostly in the rhetorical, Applicant's Motion is unconvincing—he claims a right to indemnification, though that right is not his to invoke, and he foresees that Moore's predicted trial strategy to protect Moore's right to indemnification will be unsuccessful. (*See* Doc. 480, PageID#15578, 15581–82.)

1

However, Applicant has no substantial legal interest in this declaratory action, Moore will adequately represent the interest Applicant claims, and none of Applicant's interests will be impaired without intervention. Moreover, Applicant has no claim or defense to invoke that shares with the declaratory action a common issue of law or fact because Applicant has no claim to indemnification—that claim is Moore's. As a result, Applicant may not intervene as of right and should not be permitted to intervene. Miami Township respectfully requests this Honorable Court enter an order overruling Applicant's Motion.

**II.     LAW AND ARGUMENT**

    **A.     Standard of Review**

Federal Rule 19(a)(1) requires joinder of a party if the moving party meets its burden to show that (A) the court cannot accord complete relief among existing parties in that person's absence, or (B) that person claims an interest relating to the subject of the action and proceeding without the putative-intervenor may "(i) as a practical matter impair or impede the persons' ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Here, Applicant's absence does not prevent the Court from granting full relief to Miami Township or Moore, thus joinder is not required under Federal Rule 19(a)(1)(A), and Applicant has no legally protected interest related to the declaratory judgment action requiring joinder under Federal Rule 19(a)(1)(B).

The Federal Rules of Civil Procedure permit non-party intervention as a matter of right only upon a finding that (1) a motion was timely field; (2) a substantial legal interest is involved; (3) an interest will be impaired without intervention; and (4) there is inadequate representation by the current parties. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, *1 (S.D.Ohio 2022), citing *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th

Cir.1997); Fed. R. Civ. P. 24(a)(2). All elements must be satisfied for a party to intervene as of right. However, Applicant has no substantial legal interest that would be impaired without intervention, and Moore adequately represents any interest that Applicant has in the declaratory judgment action.

Courts also have discretion to permit intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, *2 (S.D.Ohio 2022), citing Fed. R. Civ. P. 24(b)(1). When the motion is timely and establishes that there is at least one common question of law or fact, courts consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *See Wyndham Hotels*, 2022 WL 622124, *2, citing *J4 Promotions, Inc. v. Splash Dogs, LLC*, No 2:09-CV-136, 2010 WL 1839036, at *1 (S.D.Ohio 2010). However, Applicant cannot bring a claim or defense that shares at least one common question of law or fact with the Intervening Complaint because Applicant does not have a claim or defense to bring; his "claim or defense" is not his to invoke, it is Moore's.

Because Applicant cannot intervene as of right and should not be permitted to intervene under Federal Rule 24, and is not a party required to be joined under Federal Rule 19, Miami Township respectfully requests this Honorable Court to enter an order overruling Applicant's Motion.

  **B.**  **Applicant Cannot Intervene as of Right**

Applicant cannot intervene as of right. Courts have interpreted Fed.R.Civ.P. 24(a) as establishing a four-part test, requiring a movant to establish each element to intervene as of right: (1) the application must be timely; (2) the applicant must have a substantial legal interest in the case; (3) the applicant's ability to protect its substantial legal interest would be impaired in the

absence of intervention; and (4) the parties already before the court cannot adequately represent the applicant's substantial legal interest. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Each and every element must be met for the applicant to intervene of right. *Id*. Here, Applicant does not have a substantial legal interest in the declaratory judgment action, his ability to protect any "interest" in this action will not be impaired in the absence of intervention, and his claimed interests are adequately protected by Moore, already a party to this litigation. Miami Township thus respectfully requests this Honorable Court enter an order overruling Applicant's Motion.

### i. Applicant, as a Potential Judgment Creditor, Does Not Have a Substantial Legal Interest in Moore's Right to Indemnification

As a potential judgment creditor, Applicant does not have a substantial legal interest in the declaratory judgment action to justify intervention as of right—an issue recently decided by the Supreme Court of Ohio.

At the outset, the legal interest at issue in this action—the right to indemnification under R.C. 2744.07(A)(2)—is not Applicant's right, it is Moore's. Under R.C. 2744.07(A)(1):

> "Except as provided in this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Though a political subdivision is not liable in damages for the actions of its employees, R.C. 2744.07(A)(2) requires the political subdivision to indemnify its employees provided that certain parameters are met. Under R.C. 2744.07(A)(2), a political subdivision is not required to indemnify an employee if punitive or exemplary damages are awarded against the employee, the employee was not acting in good faith, or the employee was not acting in the scope of employment or official responsibilities.

The plain language of the statute is unambiguous. A political subdivision must indemnify an *employee* in the amount of any qualifying judgment, and thus the right of indemnification is personal to the *employee*. *See* R.C. 2744.07(A)(2); *see also Ayers v. City of Cleveland*, 160 Ohio St.3d 288, 292, 156 N.E.3d 848 (2020).[1] Moreover, the statute does *not* "vest any rights in third parties connected to the employee." *Ayers*, 160 Ohio St.3d at 293.

Since Applicant is not an employee of Miami Township, he has no right of indemnification which is the underlying right at issue here. Moreover, R.C. 2744.07(A)(2) does not vest in Applicant any right connected to any Miami Township employee, including Moore. Since Applicant's rights are not at issue, Applicant cannot intervene as of right.

Applicant's attempts to distinguish *Ayers* are unconvincing. If permitted to intervene, Applicant will indeed be proceeding directly against the Township to litigate Moore's right to indemnification. (*See* Doc. 480, PageID#15583.) In fact, since the Court's judgment entry, Miami Township has not been contacted by Moore, or his legal counsel, as to the issue of indemnification, despite Applicant's protest to the contrary. If joined as a plaintiff in this declaratory judgment action seeking to invoke a right to indemnification, Applicant will indeed be proceeding directly against Miami Township—a position Applicant seems to prefer—regardless of the vehicle by which this action started. (*See* Doc. 480, PageID#15581–15583.)

Additionally, the fact that this declaratory action is occurring in the broader context of a civil rights lawsuit is of little significance, as is the fact that the *Ayers* Court did not reach the issue of third-party standing to enforce. *Ayers* stands for the proposition that the right to indemnification related to any judgment against an employee is personal to the employee and arises specifically

---

[1] Federal courts must defer to a State court's interpretation of its own law. *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002) citing *Terminiello v. City of Chicago,* 337 U.S. 1, 4, 69 S.Ct. 894 (1949)

out of the employer-employee relationship; the statutory right to indemnification exists for the benefit of the employee, to "shield [the employee] from financial ruin that may result from an act . . . committed in good faith within the scope of employment," and not for the benefit of third-party judgment creditors. *Ayers*, 160 Ohio St.3d at 289–90, 293. Therefore, Applicant's claimed "interest" in this action is not his to claim—it is Moore's and Moore's alone. As such, Applicant cannot intervene as of right.

If the Court determines that Applicant does have an interest in the declaratory judgment action, it is not "substantial" in a way justifying intervention under Federal Rule 24(a). While this Circuit has accepted an array of interests to be considered "substantial" for purposes of intervention, the applicant must have a "direct and substantial interest in the litigation" such that it is a "real party interest in the transaction which is the subject of the proceeding." *See Reliastar Life Ins. Co., v. MKP Investments*, 565 Fed.Appx. 369, 371–72 (6th Cir.2014) (quoting *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir.1989), and *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir.2005)).

At minimum, the applicant must have a "direct" interest in the litigation. *See Reliastar*, 565 Fed.Appx. at 372. When the applicant's sole interest in the litigation is to ensure its own contingent claims to another party's interest are satisfied, the putative intervenor does not possess the requisite "substantial interest" to intervene as of right. *See id*. at 372 (citing *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir.2007) (An economic interest in the outcome of the litigation is not itself "direct, substantial, and legally protectable" so as to warrant mandatory intervention, nor is an interest that is "contingent upon the occurrence of a sequence of events before it becomes colorable."). Other "circuits have generally concluded that a party may not intervene in support of a defendant solely to protect judgment funds that the party

wishes to recover itself." *Reliastar*, 565 Fed.Appx. at 372 (quoting *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C.Cir.2013), citing *Med. Liab. Mut. Ins. Co.*, 485 F.3d at 1008–09; and *Mt. Hawley Ins. Co. v Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir.2005); and *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir.2004)). The Sixth Circuit has expressed support for this holding, but ultimately concluded that other parties adequately protect such an interest anyway. *Reliastar*, 565 Fed.Appx. at 372 (stating that the other circuits had "good reason" to reject intervention as of right to protect judgment funds, but ultimately concluding that those interests were adequately protected by current parties to the litigation).

Applicant's attempts to distinguish *Reliastar* and others from this case fall short. The proposed intervenors in *Reliastar*, practically speaking, were attempting to protect their ability to collect on a prospective judgment. *See generally, Reliastar*, 565 Fed.Appx. 369 (6th Cir.2014). Here, Applicant is attempting to protect his interest in judgment funds, just as the proposed intervenors in *Reliastar*. Likewise, those proposed intervenors in *Reliastar* were interested in protecting the prospective value of damages assessed to which they were entitled as a result of separate litigation, *see* 565 Fed.Appx. at 371, a chord Applicant strikes throughout his Motion (*see generally*, Doc. 480).

Therefore, any interest that Applicant may have in this action is not "direct, substantial, and legally protectable." Applicant only asserts an interest in the recovery of judgment funds which is contingent upon a separate finding that Moore acted in good faith within the scope of his employment and job responsibilities. In fact, this is the *only* interest that Applicant asserts *at all*. (*See* Doc.480, at PageID#15579–85). Throughout his Motion, he claims that variations of the following justify intervention as of right:

- His ability to "protect the interest he has in the verdict just entered" (PageID# 15580);

7

- His "claim to the money for which Moore must now be indemnified as a result of the jury's findings" (PageID# 15580);

- The Court "must" mandate that the moneys that must be paid to indemnify Moore be paid to Applicant (PageID# 15580);

- To ensure any judgment in Applicant's favor be paid by Miami Township, though the verdict was against Moore (PageID# 15580);

- Refers to himself as a "judgment creditor" who must be allowed to ensure Miami Township indemnifies Moore (PageID# 15581);

- The result of this action that he seeks is payment of a jury award rendered against Moore (PageID# 15581); and

- His legal interest is "indemnification," even though that right belongs to Moore alone (PageID# 15582).

These claims all relate and refer to judgment funds that Applicant wishes to recover as a result of a judgment against Moore. That Applicant fears he will not be able to recover on the judgment against Moore if Miami Township need not indemnify—therefore his interest in the judgment is worth less like the assets at issue in *Reliastar*—is of no concern to this Court. At issue here is a statutory right and obligation of indemnification arising out of the relationship between an employee and his employer. This statutory relationship was created and exists outside of any judgment or verdict in Applicant's favor, and does not change based on Applicant's involvement in this case.

Because the right to indemnification is not Applicant's to invoke, and Applicant's only claimed interest in this litigation is to recover funds contingent upon a finding that Moore acted in good faith and within the scope of his employment and job responsibilities, Applicant has no "substantial legal interest" which would justify intervention as of right. Accordingly, Miami Township respectfully requests this Honorable Court to enter an order overruling Applicant's Motion.

### ii. Applicant's Ability to Protect His Interest Will Not be Impaired

Applicant's ability to protect his "interest" in this action will not be impaired absent intervention because he does not have an interest to protect, and any unfavorable disposition will not affect Applicant's right to any judgment against Moore. Because his ability to protect his "interest" in this declaratory judgment action will not be impaired, he cannot intervene as of right.

When determining whether a party's ability to protect an interest will be impaired, courts are typically concerned with the preclusive effect a judgment may have on future litigation, or whether the time to begin another lawsuit will render moot the ability to exercise a right. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir.1997) (citing *Linton v. Commissioner of Health & Env't*, 937 F.2d 1311, 1319 (6th Cir.1992); and *Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303 (6th Cir.1990)). Similarly, courts evaluate the proposed intervenor's ability to enforce an agreement, such as a consent decree, between the proposed intervenor and a current party to the litigation, or whether the proposed intervenor may be saddled with inconsistent obligations to one or more parties. *Jansen v. City of Cincinnati*, 904 F.2d 336, 342 (6th Cir. 1990).

There is no such risk that Applicant's ability to protect any "interest" he has in this declaratory action will be impaired by any outcome. He is under no agreement with either Moore or Miami Township, and whether Miami Township must indemnify Moore will not produce an adverse preclusive effect or require Applicant to satisfy inconsistent obligations to either party. Because Applicant's ability to protect any "interest" he has in this action will not be impaired without his participation, he cannot intervene as of right. Miami Township therefore respectfully requests this Honorable Court to enter an order overruling Applicant's Motion.

### iii. Applicant's Interests are Adequately Protected by Moore

Any interests Applicant does have in this case are adequately protected by Moore. It is the proposed intervenor's burden to demonstrate that the intervenor's interests are not adequately represented by parties currently named in the action. *Jansen v. Cincinnati*, 904 F.2d 336 (6th Cir.1990) (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987)). The interest must be sufficiently adverse to justify intervention; a slight difference in interests will not show inadequacy when both the proposed intervenor and the supposed representative seek the same outcome. *Jansen*, 904 F.2d at 343 (citing *Neusse v. Camp*, 385 F.2d 694, 703 (D.C.Cir.1967)). When the proposed intervenor shares the same ultimate objective as a current party to the suit, the proposed intervenor must overcome a presumption of adequate representation. *U.S. v. Michigan*, 424 F.3d 438, 443–44 (6th Cir.2005). Further, a "mere disagreement over litigation strategy" is insufficient to establish inadequate representation. *See Board of Trustees of Cleveland Asbestos Workers Pension Fund v. Berry Pipe & Equipment Insulation Company*, No. 1:08-CV-01082, 2008 WL 4619748, *4 (N.D.Ohio, 2008) (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987)).

Applicant has failed to distinguish his interests in this matter from Moore's, and some of Applicant's arguments on this point are counterintuitive. In claiming adverse interests, Applicant asserts that he developed a trial strategy to ensure that Miami Township must indemnify Moore. (Doc. 480, PageID#15580, 15582.) Applicant also claims that in executing that strategy, he "objected to numerous questions raised by the Township attorneys while Moore's counsel sat silent." (Doc. 480, PageID#15580.) However, indemnification is precisely what Moore seeks: if Miami Township need not indemnify Moore, then Moore would be responsible for funding his own defense and paying any judgment against him. Applicant's baseless conclusion that Moore may be content to allow Applicant to recover garnished wages and a lien on Moore's house rather

10

than seek indemnification is similarly flawed—it is in Moore's interest to advocate for indemnification to avoid the negative impact of garnishment or a lien, and to require Miami Township finance his legal defense. In this way, Moore's interests and Applicant's proposed interests are perfectly aligned. Applicant's preferred trial tactics do not entitle him to intervene in every dispute arising from his original lawsuit; determining who funds Moore's defense and payment of any judgment against him is a dispute solely between Moore and Miami Township. *See Ayers v. City of Cleveland*, 160 Ohio St.3d 288, 292, 156 N.E.3d 848 (2020).

Moreover, Applicant claims that Moore will not "adequately protect [Applicant's] interests" because "[Moore] genuinely believes [Applicant] is guilty, and denies any wrongdoing whatsoever." (Doc. 480, PageID#15582.) However, this argument cuts *in favor* of indemnification—which is what both Applicant and Moore claim to seek. If, in this action, Moore argues with full confidence that Applicant is guilty and denies any wrongdoing in his investigation, a court might be more likely to find that Moore was acting in good faith—a finding which would require Miami Township to indemnify Moore. *See* R.C. 2744.07(A)(2). On the other hand, if Moore believed Applicant to be innocent and later attempted to obfuscate wrongdoing in the investigation, then Moore would have certainly been acting in bad faith. Such a finding would release Miami Township from its duty of indemnification. *See id*. If Moore argues the way that Applicant predicts, then Moore would more than adequately protect Applicant's "interest" in indemnification.

Because Moore adequately represents Applicant's claimed interests in Miami Township being responsible for Moore's defense and indemnification, Applicant cannot intervene as of right. Miami Township thus respectfully requests this Honorable Court to enter an order overruling Applicant's Motion.

### C. Applicant Does Not have a Cognizable Claim, Thus May Not Intervene Under Rule 24(b)

Because Applicant does not have a cognizable claim, he may not intervene under Rule 24(b). Additionally, the Township's intervention in Applicant's civil rights suit on the specific issues of defense and indemnification under R.C. 2744.07(A)(2) does not entitle Applicant to intervene here. Applicant has not identified a conditional right to intervene by federal statute and does not have a "claim or defense" which would permit intervention.

Upon a timely motion a court may permit an intervenor who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that share with the main action a common question of law or fact." Fed.R.Civ.P. Rule 24(b)(1). In so doing, the court must also consider whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. Rule 24(b)(3). Thus, if a motion is timely and the movant establishes at least one common question of law or fact, the court will then consider whether intervention would cause undue delay or prejudice to the current parties to the action, as well as "other relevant factors." *M.A. v. Wyndam Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, *2 (S.D.Ohio, 2022).

Applicant's sole assertion in favor of intervention under Rule 24(b) is a bare statement, without elaboration, that "for the same equitable reasons this Court found justified [Miami] Township's intervention in the first place," intervention here is also justified. (Doc. 480, PageID#15584.) It first bears mention that Applicant did not oppose Miami Township's intervention in his civil rights case for the limited purposes it sought to intervene. (*See* Doc. 377, PageID#12766; *see also* Doc. 381, PageID#12825–28.) That is not the case here.

Second, this Court spent a considerable portion of its analysis evaluating whether Miami Township shared a claim or defense that shares with the main action a common question of law or

fact. (Doc. 392, PageID#13690–91.) Other than Applicant's claimed "interest" in Moore's indemnification—an interest for which he has given no explanation—it is unclear what claim or defense Applicant brings that shares with the main action a "common question of law or fact" because Applicant has not complied with the Rule 24(c) requirement to include "a pleading that sets out the claim or defense for which intervention is sought." (*See generally*, Doc. 480.)

Moreover, this Court determined that Miami Township had an interest, under R.C. 2744.07(A)(2), "in a determination regarding whether Moore was not acting in good faith, or was acting outside of his employment or official responsibilities, at the time of his actions or omissions that are subject of [Applicant's civil rights case]." (Doc. 392, PageID#13690.) Further, "the operative complaint in [that civil rights] case [ ] alleges that Moore took actions that (at least arguably) would not be acting in good faith or would have been taken outside of his employment or official responsibilities, while Moore denied those allegations in his Answer." (*Id*. (internal citations omitted).) This Court concluded that there was, therefore, "at least one common question of law or fact." (*Id*.) The resolution of the claim that Moore acted in bad faith or outside the scope of his employment would directly affect whether Miami Township was obliged to indemnify Moore.

Applicant has made no analogous claim or defense. To the extent claiming an interest in Moore's right of indemnification qualifies as a "claim or defense," he has offered no explanation why—whether Miami Township indemnifies or not—the outcome of this declaratory action would affect his right to a judgment against Moore. Put another way, he has not explained how the resolution of Moore's claim that Miami Township must indemnify Moore affects Applicant's right to any judgment that may be awarded against Moore.

13

Because Applicant has made no claim or defense that shares at least on common legal or factual issue with the declaratory action, this court need not analyze whether intervention would work prejudice against either Moore or Miami Township. Accordingly, this Court should deny intervention, and Miami Township respectfully requests this Honorable Court enter an order overruling Applicant's Motion.

### D. Applicant Misstates the Purpose of Rule 19, and is Not a Party Required to be Joined Under Rule 19

Applicant is not a required party under Fed.R.Civ.P. Rule 19, nor should this Court dismiss the declaratory judgment action upon such a finding. Rule 19 of the Federal Rules of Civil Procedure requires a three-step analysis. First, the court must determine whether the party is a "necessary party" under Rule 19. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir.2004). If the court determines that the party is not a "necessary party," then the analysis stops and the party need not be joined. *Id*. (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S.Ct. 315 (1990)). Second, if the party is a "necessary party," the court must then determine if joinder is feasible, or whether joinder will deprive the court of subject matter jurisdiction. *Glancy*, 373 F.3d at 666. Finally, if joinder is not feasible for lack of subject matter jurisdiction, the court must analyze the factors under Federal Rule 19(b) to determine whether "equity and good conscience" require dismissal because the absent party is "indispensable." *Id*.

Thus, a court must determine if the absent party is a "person to be joined if feasible," and if not feasible, it must be determined if "equity and good conscience" allow the action to proceed or if the party should be treated as "indispensable" and the case dismissed. *See U.S. v. Masonry Contractors Ass'n of Memphis, Inc.*, 497 F.2d 871, 875 (6th Cir.1974). Whether a party is a "person to be joined if feasible" depends upon whether (1) complete relief can be granted to the existing parties in his absence; and (2) whether his ability to protect his interests will impaired or

14

impeded and thus be subject to prejudice absent joinder, or those already parties will be subjected to a substantial risk of incurring inconsistent obligations. *Id*. (citing *LeBeau v. Libbey-Owens-Ford Co.*, 484 F.2d 798, 800 (7th Cir.1973)); Fed.R.Civ.P. Rule 19(a)(1)(B)(i).

Here, Applicant cannot demonstrate that he is a "necessary party" that must be joined. Applicant cannot demonstrate that, in his absence, the current parties will not be afforded complete relief, that his legally protected interests will be prejudiced, or that the current parties could be subjected to incurring inconsistent obligations. First, the "complete relief" provision of Federal Rule 19(a)(1)(A) relates only to those already parties to the action into which the applicant is seeking to intervene, here the declaratory judgment action; the effect the court's decision will have on absent parties is immaterial. *See Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1345 (6th Cir.1993); *see also Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D.Ohio 1984); *see also Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC*, 116 F.Supp.3d 447, 462 (E.D.Penn. 2015) (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir.1996)); Fed.R.Civ.P. 19(a)(1)(A). Moreover, the "complete relief" provision concerns the ability of current defendants to satisfy any judgment awarded to the plaintiff. *See Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D.Ohio 1984). Seeking to intervene in this declaratory action, Applicant is not an existing party and analysis of any "relief" to him is immaterial. Moreover, both Miami Township and Moore will be afforded complete relief in Applicant's absence; the result of this action will be a determination of rights and obligations, and Applicant's presence in this action will not help nor harm either party's ability to "satisfy" that judgment—either Moore is entitled to indemnification or Miami Township is under no obligation to indemnify. Applicant's legal interest in the judgment in his civil rights lawsuit against Moore, and his right to enforce that judgment, remains unchanged.

Plaintiff argues rhetorically that he must be joined as a party in the declaratory judgment action because Miami Township intervened in his civil rights case. (*See* Doc. 480, PageID# 15579.) This argument is misplaced because these two cases are deciding distinct and discrete issues, and Applicant's involvement will have no impact on any party's ability to satisfy any judgment. Miami Township had an interest in intervening in the civil rights case because Miami Township may become directly responsible to indemnify Moore based on its outcome and may have been bound by findings in the civil rights case. In contrast, the civil rights case involved laying a foundation for Moore's good or bad faith, and whether he was acting within the scope of his employment and job responsibilities—interests that Miami Township was uniquely situated to represent. In this declaratory judgment action, the court must determine, based on evidence already presented at the two-week civil rights trial, whether Moore in fact acted in good or bad faith, or within the scope of his employment and job responsibilities. Resolution of that question will affect only the rights and obligations between employer and employee. The evidence required to make that determination has already been introduced, and Applicant's involvement in this action will have no impact on either's ability to satisfy any judgment.

Next, resolution of this declaratory judgment action will work no prejudice to any party, including Applicant, absent intervention, and Moore adequately represents any interest Applicant does have in the declaratory judgment action. Federal Rule 19(a)(1)(b)(i) requires joinder only if a party's ability to protect a "substantial legal interest" will be impaired by his absence, and thus prejudice that party's ability to protect his interest. *See Ford v. Kreachbaum*, No. C-2-92-352, 1992 WL 752897, *8 (S.D.Ohio). Additionally, joinder under Federal Rule 19 is not required if a current party to the action adequately represents the absent party's interest. *See Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666–67 (6th Cir.2004). For reasons previously stated,

Applicant does not have a substantial legal interest in this declaratory judgment action, and Moore adequately represents any interest Applicant has in the declaratory judgment action. Moreover, regardless of the outcome of the declaratory judgment action, Applicant will not be impeded from enforcing the judgment against Moore; no claim will be precluded, and he will not be saddled with inconsistent obligations.

In the same way, neither existing party to the declaratory action could be subject to "double, multiple, or otherwise inconsistent obligations because of the interest," if the Court proceeds without Applicant. Fed.R.Civ.P. Rule 19(a)(1)(B)(ii). Incurring "double, multiple, or otherwise inconsistent obligations" requires a showing that a party will not be able to satisfy its obligations under one court order without breaching another court's order concerning the same incident. *Shepard and Associates, Inc. v. Lokring Technology, LLC*, No. 1:20-CV-2488, 2021 WL 4340061, *7 (N.D.Ohio, 2021) (citing *WE Project, Inc. v. Relavistic, LLC*, No. 1:20-CV-2873, 2021 WL 1986672 (N.D.Ohio, 2021)). The only issue for the Court to resolve in this declaratory judgment action is whether Miami Township must indemnify and defend Moore. Applicant has not shown how any possible resolution of this question will subject Moore or Miami Township to double, multiple, or otherwise inconsistent obligations.

Applicant relies on *Belcher ex rel. Belcher v. Prudential Ins. Co. of America* to support his contention that he must be joined under Rule 19 as a "claimant to a limited fund, such as the proceeds of an insurance policy, is ordinarily considered to be an indispensable party to litigation." 158 F.Supp.2d 777 (S.D.Ohio 2001). However, Applicant's reliance is misplaced. In *Belcher*, the plaintiff, Annie Belcher acting as guardian of her two minor children, filed an action seeking the payment of proceeds under her late ex-husband's—Thomas—life insurance policies. *Id.* at 778. However, Thomas had remarried and named his new wife, Sharon Belcher, as the beneficiary of

those same policies. *Id*. In her complaint, Annie Belcher alleged that the proceeds should go to her children, not to Sharon Belcher, and did not include Sharon Belcher as a party. *Id*. After the pleading stage, defendant Continental Casualty Company filed a motion to dismiss for failure to join indispensable parties. *Id*. at 779. To whom the proceeds of the life insurance policies were payable was determined by Thomas' relationship to his children and Sharon, and any award the court granted Annie's children could be inconsistent with a subsequent competing action by Sharon to recover under the same policies. *Id*. at 779.

That is not the case here. Applicant is not the recipient of "proceeds of insurance," in the way contemplated by *Belcher*, nor will the resolution of this declaratory judgment action affect Applicant's right to recover a judgment in his favor in his lawsuit against Moore. The only issue in this declaratory judgment action is whether Miami Township must indemnify Moore. This obligation arises by statute and is due exclusively to the relationship between Miami Township and Moore. Regardless of the outcome of this declaratory action, Applicant's right to recover on a judgment in his favor will remain unchanged.

Because Applicant is not a required party under Federal Rule 19(a)(1), the "equity and good conscience" analysis under Rule 19(b) is unnecessary. Applicant therefore should not be joined into this action either upon motion or by order of this Honorable Court. The parties to this suit will be afforded complete relief and Applicant's legally protected interest will remain unchanged regardless of the outcome of this action. Accordingly, Miami Township respectfully requests this Honorable Court deny Applicant's Motion to Intervene.

### III. CONCLUSION

For the foregoing reasons, Applicant cannot intervene as of right and this Court should not permit Applicant to intervene in a declaratory action to determine an employee's rights vis-à-vis

his employer. Miami Township thus respectfully requests this Honorable Court to enter an order overruling Applicant's Motion.

                Respectfully Submitted,

                */s/ Dawn M. Frick*
                Edward J. Dowd (0018681)
                Dawn M. Frick (0069068)
                Christopher T. Herman (0076894)
                SURDYK, DOWD & TURNER CO., L.P.A.
                8163 Old Yankee St., Suite C
                Dayton, OH 45458
                (937) 222-2333 | (937) 222-1970 (fax)
                edowd@sdtlawyers.com
                dfrick@sdtlawyers.com
                cherman@sdtlawyers.com
                *Attorneys for Miami Township Board of Trustees*

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court on December 23, 2022, using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                */s/ Dawn M. Frick*
                Dawn M. Frick (0069068)