UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ROGER DEAN GILLISPIE**, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| **THE CITY OF MIAMI TOWNSHIP, et al.**, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO BE JOINED AS A NECESSARY PARTY OR INTERVENE IN THE TOWNSHIP'S ACTION AGAINST MOORE WITHIN THIS ACTION (DOC. NO. 480)**

---

Pending before the Court is Plaintiff's Motion to be Joined as a Necessary Party or Intervene in the Township's Action Against Moore within this Action ("Motion") (Doc. No. 480), filed by Plaintiff Roger Dean Gillispie ("Gillispie").  Gillispie moves this Court to either: join him as a necessary party under Fed. R. Civ. P. 19 or, in the alternative, to allow him to intervene under Fed. R. Civ. P. 24 in Intervenor-Plaintiff Miami Township Board of Trustees' ("Township") declaratory judgment action against Intervenor-Defendant Matthew Scott Moore ("Moore").  The declaratory judgment action involves whether the Township has a duty to defend or indemnify Moore pursuant to Ohio Rev. Code § 2744.07 for claims made against him by Gillispie in the underlying action.  (Doc. No. 480 at PageID 15578-79; Doc. No. 397.)  The Township argues that Gillispie does not have a "substantial legal interest in th[e] declaratory action."  (Doc. No. 483 at PageID 15689.)

For the reasons explained below, the Court **DENIES** the Motion.

**I.**     **BACKGROUND**

1

The Court assumes that the parties are familiar with the factual background of this case and will not delve into its extensive history. The Court will briefly address the procedural posture of this case as it is relevant to this Motion.

On September 23, 2022, the Township filed its Motion to Intervene. (Doc. No. 370.) In the Motion to Intervene, the Township argued that it had a "substantial legal interest in any determination as to whether Moore was not acting in good faith or was acting outside of the scope of his employment or official responsibilities" at the relevant time(s) in the underlying action. (*Id*. at PageID 12701.) The Township requested "limited participation in the trial of this matter." (*Id*. at PageID 12694.) This was because Ohio Rev. Code § 2744.01 and § 2744.07 could require the Township to pay the costs of Moore's defense and indemnify him for any compensatory damages awarded against him. (*Id*. at PageID 12701.) The Township further argued that § 2744.07 provides exceptions that would relieve the Township of its duties if Moore did not act in good faith or if he was acting outside the scope of his employment or official responsibilities at the relevant time(s) in the underlying action. (*Id*.) The Township argued that the questions of good faith and scope of employment aligned directly with Gillispie's claims against Moore that would be addressed at trial. (*Id*. at PageID 12701-702.)

On October 11, 2022, the Court granted the Township's Motion to Intervene, with certain parameters. (Doc. No. 392.) Aligning with its request (Doc. No. 370 at PageID 1267), the Township's participation at trial was limited to questioning, argument, and submitting proposed jury instructions and interrogatories on the discrete issues of good faith and scope of employment consistent with Ohio Rev. Code § 2744.07. (Doc. No. 392 at PageID 13693-94.) Gillispie and Moore were also allowed to question, argue, and submit proposed jury instructions on the issues of good faith and scope of employment. (*Id*. at PageID 13694.)

On October 13, 2022, in compliance with the Court's order (Doc. No. 392 at PageID 13693) and Rule 24(c), the Township filed Miami Township Board of Trustees' Intervenor Complaint for Declaratory Judgment and Relief. (Doc. No. 397.) In that Intervenor Complaint, the Township seeks a declaratory judgment that it does not owe a duty to defend or indemnify Moore for claims made against him in Gillispie's Amended Complaint. (*Id*. at PageID 13763.)

Trial began on November 7, 2022 and concluded on November 21, 2022. (Doc. Nos. 455, 474.) At the conclusion of the trial, the jury found for Gillispie on his two remaining claims against Moore and awarded Gillispie $45,000,000. (Doc. No. 475 at PageID 15561-63.) The jury further found that it had <u>not</u> been proven that Moore was not acting in good faith, was acting manifestly outside the scope of his employment or official responsibilities, or was not acting within the scope of his employment or official responsibilities. (*Id*. at PageID 15564-65.)

On December 7, 2022, Gillispie filed the present Motion. (Doc. No. 480.) The Township filed its opposition on December 23, 2022 (Doc. No. 483), and Gillispie filed his reply on January 6, 2023 (Doc. No. 487). Moore did not file any response to the Motion. The Motion is fully briefed and ripe for review and decision.

## II. ANALYSIS

Gillispie argues that, under both Rule 19 and Rule 24, he has an interest in protecting the verdict. (Doc. No. 480 at PageID 15580.) Moreover, Gillsipie argues that Moore's testimony at trial may prevent him from making the types of arguments necessary to protect the verdict. (*Id*. at PageID 15581-82.) For instance, Gillispie argues that Moore denies any wrongdoing and that may make it difficult for him to fully embrace the jury verdict in order to defend it. (*Id*.) Finally, Gillispie argues that *Ayers v. Cleveland*, 2020-Ohio-1047, 156 N.E.3d 848 (Ohio 2020) presents

3

no bar to his ability to be joined under Rule 19 or intervene under Rule 24. (*Id*. at PageID15584-85.)

### a. *Ayers v. Cleveland*

Gillispie and the Township both raise the specter of *Ayers*, which hangs over the analysis of whether Gillispie has a legal interest in the Township's declaratory judgment action within the meaning of Rule 19 and Rule 24.

In *Ayers*, the plaintiff had been released from prison pursuant to a *habeas corpus* action and then filed a civil rights lawsuit against the city of Cleveland and the detectives who had been involved in his case. *Ayers*, 2020-Ohio-1047 at ¶ 2. The district court dismissed the claims against the city of Cleveland, but the plaintiff ultimately obtained a jury verdict against the two officers. *Id*. at ¶ 3. After the verdict, one of the detectives passed away and the other filed chapter 7 bankruptcy, but neither detective sought to enforce their right to indemnification. *Id*. at ¶ 4.

The plaintiff filed a second action against the city of Cleveland, alleging claims of statutory indemnification under Ohio Rev. Code § 2744.07(A)(2), and the case ultimately made its way to the Ohio Supreme Court. *Id*. at ¶¶ 6-10. The Ohio Supreme Court held that the plain language of Section 2744.07(A)(2) requires a political subdivision to indemnify an employee for any judgment qualifying under the statute. *Id*. at ¶ 18. However, the court held that the statute "provides that a political subdivision 'shall indemnify and hold harmless an *employee*.' Thus, the right of indemnification is personal to the employee." *Id*. at ¶ 21 (emphasis in original). The Ohio Supreme Court further held that, "[b]ased on the unambiguous language of the statute, which serves only to indemnify an employee and does not vest any rights in third parties connected to the employee, we conclude that R.C. 2744.07(A)(2) does not permit a judgment creditor to proceed directly against an indemnitor." *Id*.

4

The court declined to address the issue of third-party standing because it was not properly before the court. *Id*. at ¶ 27. However, Ohio's Second District Court of Appeals has since weighed in on this very issue. In *OTARMA v. Miami Township*, 2023-Ohio-733 (Ohio Ct. App. 2023), the plaintiff, "a political-subdivision risk pool providing liability coverage to Ohio townships," sought a declaratory judgment declaring that it had no duty to defend or indemnify the Township in relation to Gillispie's underlying federal action. *OTARMA*, 2023-Ohio-733 at ¶¶ 4-5. In evaluating the plaintiff's obligations to the Township, the court held:

> Moreover, the Ohio Supreme Court has made clear that the statutory right to indemnification is a personal right held by the employee, not a judgment creditor. For that reason, a judgment creditor such as Gillispie may not assert an employee's indemnification right in an action directly against a political subdivision.

*Id*. at ¶ 25 (citing *Ayers*, 2020-Ohio-1047).

Gillispie argues that *Ayers* does not block his joinder or intervention in the Township's declaratory judgment action. (Doc. No. 480 at PageID 15585.) Indeed, Gillispie argues that the case "confirms that it does not apply to block third-party standing." (*Id*.) The Township, on the other hand, argues that *Ayers* makes clear an officer's "right to indemnification related to any judgment against an employee is personal to the employee and arises specifically out of the employer-employee relationship." (Doc. No. 483 at PageID 15692-93.)

The Court agrees that *Ayers* limits who may bring a claim under Ohio Rev. Code § 2744.07 to the <u>employee</u> seeking to be indemnified by a political subdivision. It is apparent that Gillispie would not be able to bring a claim under the statute directly against Miami Township. Indeed, *Ayers* makes clear that § 2744.07 "does not vest any rights in third parties connected to the employee. . . ." *Ayers,* 2020-Ohio-1047 at ¶ 21. To go beyond this rationale and hold that Gillispie possessed the standing to assert and enforce Moore's indemnification rights as a third party would expand Ohio law beyond where it presently sits. It is not the province of this Federal Court to do

5

so. *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (a federal court must apply the substantive law of Ohio "in accordance with the then-controlling decision of the highest court of the State"). Indeed, the holding of *OTARMA* demonstrates that the Court's interpretation of *Ayers* is consistent with the current state of Ohio law.

### b. Joinder

Gillispie first moves the Court to join him as a necessary party under Rule 19. "Assessing whether joinder is proper under Rule 19 is a three step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id*. (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 112 L. Ed. 2d 263, 111 S. Ct. 315 (1990)). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d. at 666 (citing *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)). "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Glancy*, 373 F.3d. at 666 (quoting *W. Md. Ry. Co.*, 910 F.2d at 961). The Court need only address the first step to decide the joinder issue in this case.

A person must be joined under Rule 19(a) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

6

Fed. R. Civ. P. 19. "The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a)." *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 883 (S.D. Ohio 2020) (citing *Eagle Realty Invs., Inc. v. Dumon*, No. 18-cv-362, 2019 U.S. Dist. LEXIS 23121, at *4, 2019 WL 608830, at *2 (S.D. Ohio Feb. 13, 2019)). "'The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence.'" *Norfolk*, 443 F. Supp. 3d at 883 (quoting *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (internal quotations omitted)).

       **i.  Complete Relief**

Regarding Rule 19(a)(1)(A), Gillispie argues that complete relief cannot be afforded without Gillispie because the money used to "indemnify Moore must be paid to Gillispie." (Doc. No. 480 at PageID 15580.)

Under Rule 19(a)(1)(A), the Court must determine whether complete relief can be accorded among the existing parties. "'Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.'" *Sch. Dist. of City of Pontiace v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir.1996) (citations omitted)). Rule 19(a)(1)(A) is "only concerned with whether [p]laintiff may receive complete relief from this defendant." *Norfolk*, 224 F. Supp. 3d at 884.

As to Gillispie's argument that complete relief cannot be afforded without his participation, that is incorrect. In considering whether complete relief can be granted, the Court need only consider "the ability of the existing defendant to satisfy an award to the existing plaintiff." *Cypress Creek Equine, LLC v. N. Am. Specialty Ins. Co.*, No. 5:22-cv-95, 2023 U.S. Dist. LEXIS 966, at *3, 2023 WL 98594, at *1 (E.D. Ky. Jan. 4, 2023) (citing *Phillips v. Sun Life Assurance Co. of*

*Canada*, No. 1:20-cv-937, 2022 U.S. Dist. LEXIS 208466, at *6, 2022 WL 16964176, at *3 (S.D. Ohio Nov. 16, 2022)); *see also Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984). In this case, posture of the parties is slightly different, but the core concept remains the same. The question posed by the declaratory judgment action is, at its most basic level, whether the Township must indemnify Moore. Complete relief can be granted by answering that question in the negative, and allowing the Township to go on its way, or in the positive, and requiring the Township to indemnify Moore for the amount of the judgment against him. While Gillispie may be the ultimate destination of any indemnification funds, the answer to the question of whether Moore must be indemnified pursuant to Ohio Rev. Code § 2744.07 (Doc. No. 397) can be answered without Gillispie.

### ii. Claiming an Interest

As to Rule 19(a)(1)(B), Gillispie argues that his interest in the Intervenor Complaint lies in his "ability to protect the interest he has in the verdict just entered." (Doc. No. 480 at PageID 15580.) Moreover, Gillispie argues that, due to Moore's testimony and Moore's counsel's tactics at trial, his interests will not be adequately represented. (*Id*.)

Rule 19(a)(1)(B) requires the Court to determine whether disposal of the action in the absence of a non-party will impair or impede the non-party's interest. *See* Fed. R. Civ. P. 19(a)(1)(B); *Fort Washington Inv. Advisors, Inc. v. Adkins*, No. 1:19-cv-685, 2021 U.S. Dist. LEXIS 70009, at *28, 2021 WL 1345417, at *9 (S.D. Ohio Apr. 12, 2021). The threshold inquiry is whether the non-party has a legal interest in the dispute that requires protection. *Sch. Dist. of City of Pontiac*, 584 F.3d at 266. Specifically, a party must explain how it has "'a legally protected interest in this case that could be harmed, legally or otherwise, by a judgment in [its] absence.'" *Norfolk*, 224 F. Supp. 3d at 884 (quoting *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215,

8

219 (E.D. Mich. 1995)); *see also Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1347 (6th Cir. 1993) (holding that the district court did not err where it found Red Cliff and Bad River bands had a "legally protected interest in the suit"); *Tillman v. Apostolopoulos*, No. 10-cv-12253, 2010 U.S. Dist. LEXIS 93660, at *6, 2010 WL 3584294, at *2 (E.D. Mich. Sept. 9, 2010) (citation omitted) ("If the absent party has a legally protected interest in the subject matter of the action—i.e., he is a party to a contract at issue—he falls squarely within the terms of [Rule 19(a) (1)(B)]"); *Fort Washington Inv.*, 2021 WL 1345417, at *9-10 (finding that the court must assess whether the non-party had a legally protectable interest).

Gillispie's argument that he has an interest in protecting the verdict is flawed for the purposes of Rule 19(a)(1)(B). Numerous courts across the country have held that a legally protected interest must be more than a merely financial interest. *PaineWebber, Inc. v. Bahr*, 97 F.3d 1460 (9th Cir. 1996) (interest must be more than "merely a financial interest"); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005) (holding that, under Rule 19, "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action"); *Scottsdale Ins. Co. v. B & G Fitness Ctr., Inc.*, No. 4:14-cv-187, 2015 U.S. Dist. LEXIS 101749, at *9, 2015 WL 4641530, at *4 (E.D.N.C. Jul. 3, 2015) ("Courts have held that the financial interest incidental beneficiaries might have in a declaratory judgment action is not a recognized legal interest that would make the absent party 'necessary'"); *Old Colony Ventures I v. SMWNPF Holdings*, 968 F. Supp. 2d 1422, 1430 (D. Kan. 1997) ("This interest must be 'legally protected, not merely a financial interest or interest of convenience'"); *Sac & Fox Nation v. Norton*, 585 F. Supp. 2d 1293, 1304 (W.D. Okla. 2006) ("The relevant inquiry for Rule 19(a) is not whether the absent person has an 'interest,' in the broad sense, in the outcome of the litigation, but whether cognizable legal rights of the absent person will be prejudiced by the suit's continuation"); *Axiom*

9

*Worldwide, Inc. v. Becerra*, No. 08-1918, 2009 U.S. Dist. LEXIS 40214, 2009 WL 1347398, at *4 (M.D. Fla. May 13, 2009) (Rule 19 requires "a legally protected interest, and not merely a financial interest or interest of convenience"); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 622-623 (N.D. Tex. 2013) (finding that an interest must be more than a financial interest); *Lovell v. GEICO Gen. Ins. Co.*, No. 12-CV-00546, 2014 U.S. Dist. LEXIS 187215, at *6 (W.D.N.Y. Jul. 11, 2014) ("This interest must be legally protected, not merely a financial interest or interest of convenience"); *ACI Worldwide Corp. v. Mastercard Techs., LLC*, No. 8:14-cv-31, 2014 U.S. Dist. LEXIS 179068, at *10, n. 1 (D. Neb. Dec. 31, 2014) (finding the non-party did not have an interest, in part, because a financial interest is not sufficient under Rule 19); *New Life Evangelistic Ctr. v. City of St. Louis*, No. 4:15-cv-00395, 2015 U.S. Dist. LEXIS 65132, at *29, 2015 WL 2383499, at *11 (E.D. Mo. May 19, 2015) ("This interest must be legally protected and not merely a financial interest or an interest of convenience"); *Fastcase, Inc. v. Lawriter LLC*, No. 1:17-cv-414, 2019 U.S. Dist. LEXIS 243992, at *5, 2019 WL 13210381, at *2 (N.D. Ga. May 13, 2019) ("Many courts, however, have recognized that a mere financial interest is insufficient under Rule 19(a) to make a party necessary to the litigation"); *Crum & Forster Indem. Co. v. Sidelines Tree Serv.*, LLC, No. 2:20-cv-01030, 2021 U.S. Dist. LEXIS 161416, at *24, 2021 WL 3810178, at *8 (W.D. Pa. Aug. 26, 2021) ("a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action"). While the Sixth Circuit has not directly ruled[1] on this issue, at least one court in this district has found that a financial interest alone is insufficient under Rule 19. *Safelite Grp., Inc. v. Zurich Am. Ins. Co.*, 2005 U.S. Dist. LEXIS 55166, at *9 (S.D. Ohio Dec. 14, 2005) ("the Court agrees with [plaintiff]

---

[1] In *Sch. Dist. v. Sec'y of the United States Dep't of Educ.*, 584 F.3d 253, 281 (6th Cir. 2009), Judge Sutton, in a concurrence, cited the core holding of *Liberty Mut. Ins. Co.*, "that 'merely a financial interest' is not enough under Rule 19(a)(1)(B)." While this is not binding, it corresponds with the large number of courts across the country that have adopted the same position.

10

that an interest in the subject of the cause of action must be a legal interest, not merely a financial interest").

Indeed, the Court has also found that *Ayers* presently limits who may bring a claim under Ohio Rev. Code § 2744.07 to the employee seeking to be indemnified by a political subdivision. Gillispie has no ability to enforce Moore's indemnification rights and, therefore, he cannot state a legal interest based on the statute. *Ayers*, 2020-Ohio-1047 at ¶ 21; *OTARMA*, 2023-Ohio-733 at ¶ 25.

While it may appear odd that a party does not have an interest in an action contained within its own case, the Court is bound by the confines of Rule 19. Gillispie has not stated a <u>legally protectable interest</u> in the Township's action. As the Court has determined that Gillispie does not have an "interest" in the action for purposes of Rule 19, it is unnecessary to evaluate the remaining aspects of Rule 19.

### c. <u>Intervention</u>

In the alternative, Gillispie moves the Court to allow him to intervene under Rule 24. Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

The Sixth Circuit has held that a party seeking to intervene of right must establish four elements: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *U.S. v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *Michigan*, 424 F.3d at 445 (citing *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445 (citing *Michigan State AFL–CIO*, 103 F.3d at 1248).

The Court will assume, without deciding, that the Motion was timely and turn to the issue of interest, for purposes of determining whether intervention of right is appropriate. In support of his intervention, Gillispie argues that he "has a serious legal interest in the Township's duty to indemnify Moore." (Doc. No. 480 at PageID 15583.) He further argues that "Moore cannot be trusted to zealously advocate that Gillispie be paid for his jury award. . . ." (*Id.*)

As a general matter, the proposed intervenor must have "'a significant legal interest in the subject matter of the litigation.'" *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371-72 (6th Cir. 2014) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990)). For

instance, the Sixth Circuit has held that "a putative intervenor does not possess the requisite interest where its 'primary interest' in the litigation is to preserve a party's financial viability in order to protect the intervenor's own economic interests in the party's continued solvency." *Reliastar Life Ins. Co.*, 565 F. App'x at 372 (citing *Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482, 486 (6th Cir. 2006)). Moreover, "'circuits have generally concluded that a party may not intervene in support of a defendant solely to protect judgment funds that the party wishes to recover itself.'" *Reliastar Life Ins. Co.*, 565 F. App'x at 372 (quoting *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013)).

Gillispie's intervention request runs into the same problem as his joinder request. Namely, Gillispie does not have, for purposes of Rule 24(a), a legal interest in the Township's action sufficient to permit intervention. While the Township's declaratory judgment action exists within Gillispie's case and will, presumably, determine who will be required to pay the jury's award to Gillispie, that does not mean Gillispie has a requisite "interest" under Rule 24(a). Indeed, courts in this circuit have found it significant that a proposed intervenor's "'rights under his judgment against [the party] will not in anywise be affected by any judgment or decision of the court as to the rights and liabilities of the parties to the present action.'" *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 U.S. Dist. LEXIS 81511, at *12, 2010 WL 2670853, at *4 (S.D. Ohio June 29, 2010) (quoting *Vaughan v. Dickinson*, 19 F.R.D. 323, 328 (W.D. Mich. 1955), *aff'd Duffy v. Vaughan*, 237 F.2d 168 (6th Cir. 1956)). That is the situation here. Gillispie's rights under his judgment will not be affected by the Township's declaratory judgment action. The declaratory judgment action is to determine whether the Township must indemnify Moore, not whether Gillispie is entitled to the judgment or to determine the amount of the judgment. (Doc. No. 397.) As shown above, Gillispie's economic interests are not sufficient for the purposes of

13

Rule 24. *Reliastar Life Ins. Co.*, 565 F. App'x at 372 (citing *Blount-Hill*, 195 F. App'x at 486). In practical terms, Gillispie wants to intervene to "protect judgment funds that [he] wishes to recover," but this is an insufficient interest under Rule 24. *Reliastar Life Ins. Co.*, 565 F. App'x at 372 (citing *Blount-Hill*, 195 F. App'x at 486).

Furthermore, as with joinder, the Court has found that *Ayers* presently limits who may bring a claim under Ohio Rev. Code § 2744.07(A)(2) to the employee seeking to be indemnified by a political subdivision. Gillispie has no ability to enforce Moore's indemnifications rights. His rights will not be affected by the Court's decision in the Township's declaratory judgment action.

Finally, Gillispie briefly argues that he should be allowed to intervene under Rule 24(b) "for the same equitable reasons this Court found justified the Township's intervention in the first place." (Doc. No. 480 at PageID 15584.) However, Gillispie's situation is markedly different from what the situation was with the Township attempting to intervene in Gillispie's action against Moore; as shown in that order, the "Township has a claim or defense that shares with the main action a common question of law or fact." (Doc. No. 392 at PageID 13690.) Gillispie has not even attempted to make the same showing. The Court will not permit Gillispie to intervene under Rule 24(b).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to be Joined as a Necessary Party or Intervene in the Township's Action Against Moore Within this Action.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 31, 2023.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE