```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                                 AT DAYTON
 _____
                                     )
ROGER DEAN GILLISPIE,                )
                                     )
                    Plaintiff,       ) CASE NO. 3:13-cv-416-TMR
                                     )
             -vs-                    )
                                     )
THE CITY OF MIAMI TOWNSHIP, ET AL., ) JURY TRIAL
                                     )
                    Defendants.      ) VOLUME X
 _____)
                        TRANSCRIPT OF PROCEEDINGS
                     THE HONORABLE THOMAS M. ROSE,
                 UNITED STATES DISTRICT JUDGE, PRESIDING
                       MONDAY, NOVEMBER 21, 2022
                                DAYTON, OH
```

**For the Plaintiff:**        MICHAEL KANOVITZ, ESQ.
                              **DAVID B. OWENS, ESQ.**
                              **MEGAN C. PORTER, ESQ.**
                              Loevy & Loevy
                              311 N. Aberdeen Street
                              3rd Floor
                              Chicago, IL  60607

**For the Defendant**         JOHN T. McLANDRICH, ESQ.
**Matthew Scott Moore:**      Mazanec, Raskin & Ryder Co., LPA
                              3305 Solon Road
                              100 Franklin's Row
                              Cleveland, OH  44139

**For the Intervenor**        DAWN M. FRICK ESQ.
**Miami Township:**           **CHRISTOPHER T. HERMAN, ESQ.**
                              Surdyk, Down & Turner Co., LLP
                              8163 Old Yankee Street
                              Suite C
                              Dayton, OH  45458

Proceedings recorded by mechanical stenography, transcript produced by computer.
                      **Mary A. Schweinhagen, RDR, CRR**
                        Federal Official Court Reporter
                           200 West Second Street
                             Dayton, OH  45402
                              *** *** *** ***

1 Courtroom Deputy: Elizabeth Penski

2 Law Clerks: Michael Mayer, Callum Morris

3 Also Present: Roger Dean Gillispie, plaintiff; Valerie
Barajas, paralegal; Matt Thibodeau, paralegal; Jeff Weber, IT
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1         P-R-O-C-E-E-D-I-N-G-S                          9:00 A.M.
2         (On the record outside the presence of the jury at 11:26
3    a.m.)
4             THE COURT:  We're on the record outside the presence
5    of the jury.
6         We have a question from the jurors.  The question reads,
7    "Question about damages.  Any number we might provide, are
8    lawyers costs and court fees coming out of that or can lawyer
9    costs and court fees be stipulated by -- stipulated to be
10   added to any award?"
11        I'll give everybody an opportunity to say what they want,
12   how they think I should reply to it, and then I'll tell you
13   how I'm going to reply to it.
14            MR. OWENS:  I think on behalf of plaintiff it seems
15   like you should just direct the jurors to the compensatory
16   damage instruction the Court has provided and tell them to,
17   you know, listen to the Court's instruction.
18            MR. McLANDRICH:  We all know there is a fee award in
19   addition to the damage award.  So it seems like that would be
20   the response.
21            MS. FRICK:  I would say that they are not to
22   consider attorney fees at this point.
23            THE COURT:  Anything else?
24        Counsel, I'm going to respond as follows:  "Ladies and
25   gentlemen, the Court has provided you instructions of law as

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1 to damages. These are the instructions that you should
2 consider in your deliberations."
3     I'll make a copy of this. I'll make a copy of the note
4 that I send back to them for your respective files.
5     (Concluded at 11:29 a.m.)
6     (Jury in at 1:17 p.m.)
7     (In open court at 1:18 p.m.)
8     THE COURT: We're back on the record.
9     It's the Court's understanding that the jury has reached
10 a verdict. Is that correct?
11     Who's the foreperson?
12     THE JUROR: I am.
13     THE COURT: Is that correct?
14     THE JUROR: Yes.
15     THE COURT: Could you please hand the verdict to
16 Ms. Penski.
17     Ms. Penski, will you please read the verdicts and the
18 answers to Part III of the additional issues, for the record.
19     Before you do that, ladies and gentlemen, the Court's
20 going to have Ms. Penski read onto the record the verdicts and
21 the answers to the additional questions that were part of the
22 verdict form. As always, the Court will not tolerate any
23 disturbance or any type of reaction, verbal reaction with
24 regard to the verdict.
25     Ms. Penski.

```
 1          THE COURTROOM DEPUTY:  We, the jury, considering
 2   each claim individually, unanimously find as follows on the
 3   Plaintiff Gillispie's claims against Defendant Moore.
 4          Claim One, Due Process, Fair Trial, Unreliable
 5   Identification.  We, the jury, find for the plaintiff.
 6          Claim Two, Due Process, Fair Trial, Suppression of
 7   Evidence.  We, the jury, find for the plaintiff.
 8          We, the jury, having found in favor of Plaintiff
 9   Gillispie and against Defendant Moore on any one or more of
10   the plaintiff's claims now assess damages as follows:
11          45 million.
12          We, the jury, having found in favor of Plaintiff
13   Gillispie and against Defendant Moore on any one or more of
14   the plaintiff's claims now assess the following questions:
15          For Claim One, did we find in favor of the plaintiff?
16          Yes.
17          With respect to Claim One only, was it proven by a
18   preponderance of the evidence that Matthew Scott Moore was not
19   acting in good faith?
20          No.
21          With respect to Claim One only, was it proven by a
22   preponderance of the evidence that Matthew Scott Moore was
23   acting manifestly outside the scope of his employment or
24   official responsibilities as a police officer with Miami
25   Township?
```

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

```
1        No.
2        With respect to Claim One only, was it proven by a
3   preponderance of the evidence that Matthew Scott Moore was not
4   acting within the scope of his employment or official
5   responsibilities as a police officer with Miami Township?
6        Answer:  No.
7        For Claim Two, Suppression of Evidence, did we find in
8   favor of the plaintiff?
9        Yes.
10       With respect to Claim Two only, was it proven by a
11  preponderance of the evidence that Matthew Scott Moore was not
12  acting in good faith?
13       No.
14       With respect to Claim Two only, was it proven by a
15  preponderance of the evidence that Matthew Scott Moore was
16  acting manifestly outside the scope of his employment or
17  official responsibilities as a police officer with Miami
18  Township?
19       No.
20       With respect to Claim Two only, was it proven by a
21  preponderance of the evidence that Matthew Scott Moore was not
22  acting within the scope of his employment or official
23  responsibilities as a police officer with Miami Township?
24       No.
25       This verdict is executed by all jurors.
```

```
1              THE COURT:  Counsel, is there a request to have the
2    jury polled?
3              MR. KANOVITZ:  No, Your Honor.
4              MR. McLANDRICH:  No, sir.
5              MS. FRICK:  Yes, Your Honor.
6              THE COURT:  Ms. Penski, can you poll the jurors by
7    number, please?
8              THE COURTROOM DEPUTY:  Members of the jury, you have
9    heard the reading of the verdict.  Is this your verdict?
10   Answer by saying, "Yes."
11        Juror Number 2, is this your verdict?
12             THE JUROR:  Yes.
13             THE COURTROOM DEPUTY:  Juror Number 3, is this your
14   verdict?
15             THE JUROR:  Yes.
16             THE COURTROOM DEPUTY:  Juror Number 4, is this your
17   verdict?
18             THE JUROR:  Yes.
19             THE COURTROOM DEPUTY:  Juror Number 5, is this your
20   verdict?
21             THE JUROR:  Yes.
22             THE COURTROOM DEPUTY:  Juror Number 6, is this your
23   verdict?
24             THE JUROR:  Yes.
25             THE COURTROOM DEPUTY:  Juror Number 7, is this your
```

1 verdict?

2 THE JUROR: Yes.

3 THE COURTROOM DEPUTY: Juror Number 8, is this your
4 verdict?

5 THE JUROR: Yes.

6 THE COURTROOM DEPUTY: Members of the jury, you have
7 heard the reading of the answer -- the reading of the
8 interrogatory. Is this your answer? Please answer by saying
9 "Yes."

10 Juror Number 2, is this your answer?

11 THE JUROR: Yes.

12 THE COURTROOM DEPUTY: Juror Number 3, is this your
13 answer?

14 THE JUROR: Yes.

15 THE COURTROOM DEPUTY: Juror Number 4, is this your
16 answer?

17 THE JUROR: Yes.

18 THE COURTROOM DEPUTY: Juror Number 5, is this your
19 answer?

20 THE JUROR: Yes.

21 THE COURTROOM DEPUTY: Juror Number 6, is this your
22 answer?

23 THE JUROR: Yes.

24 THE COURTROOM DEPUTY: Juror Number 7, is this your
25 answer?

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1     THE JUROR: Yes.
2     THE COURTROOM DEPUTY: Juror Number 8, is this your
3  answer?
4     THE JUROR: Yes.
5     THE COURT: Ladies and gentlemen, you have been
6  asked to affirm that the answers to the interrogatories were
7  your true answer.
8     I am going to ask you that same question, but I am going
9  to ask you in plural.
10    Were those answers to the interrogatories your true
11 answer?
12    Juror Number 2?
13    THE JUROR: Yes.
14    THE COURT: Juror Number 3?
15    THE JUROR: Yes.
16    THE COURT: Juror Number 4?
17    THE JUROR: Yes.
18    THE COURT: Juror Number 5?
19    THE JUROR: Yes.
20    THE COURT: Juror Number 6?
21    THE JUROR: Yes.
22    THE COURT: Juror Number 7?
23    THE JUROR: Yes.
24    THE COURT: Juror Number 8?
25    THE JUROR: Yes.

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1   THE COURT: All right. Ladies and gentlemen, this
2 has been a long trial. It's taken two weeks-plus of your
3 lives.
4   The Court does, again, on behalf of the parties and the
5 Court, appreciate your patience, your time that you have
6 sacrificed, and gave every attention you could to the
7 evidence, the arguments of counsel, and the instructions of
8 law.
9   I know I appreciate it, and I know counsel appreciate it.
10 So, ladies and gentlemen -- well, just hold on a second.
11   Counsel, is there anything further before I excuse the
12 jury?
13        MR. OWENS: No. Just our thanks.
14        THE COURT: Counsel?
15        MR. McLANDRICH: No, sir.
16        THE COURT: Counsel?
17        MS. FRICK: No, sir.
18        THE COURT: Ladies and gentlemen of the jury, you
19 are excused from your service. I am removing your
20 admonitions.
21   Now, what I will tell you is, I've always said that once
22 I remove the admonition you can talk to anyone you wish and as
23 much as you wish, but right along with that goes you don't
24 have to talk to anyone about this. So although you now have
25 the right to talk, you don't have to. So if you don't want --

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

1  if you don't want to talk, all you need to do is tell whomever
2  that you do not wish to talk about the jury verdict or any
3  part of the case.
4      Ladies and gentlemen, we have -- since you've spent over
5  two-plus weeks with us, we've even got a certificate for you.
6  So, ladies and gentlemen, with the thanks of the Court, I'll
7  let you retire to the jury room.
8      (Jury excused at 1:27 p.m.)
9      THE COURT: Please be seated.
10      I would ask counsel for plaintiff to draft and propose
11  the judgment in accordance with the jury's verdict.
12      Anything further to come before the Court at this time?
13      MR. OWENS: No. We appreciate it, Your Honor.
14      THE COURT: Counsel?
15      MR. McLANDRICH: The only thing that comes to mind,
16  Your Honor, is I think the answers derived from the
17  interrogatories, but the dec action's technically an issue of
18  law for the Court. I presume that that has to be --
19      THE COURT: What I'm planning to do with that is
20  within the next very short, very short future here to get
21  counsel for the defendant and for the intervenor on the phone
22  and we'll talk about that, how we want to proceed.
23      MR. McLANDRICH: Thank you.
24      THE COURT: Anything further?
25      MR. KANOVITZ: Not at present. Thank you, Your

*Mary A. Schweinhagen, RDR, CRR  (937) 512-1604*

1    Honor.
2           MR. McLANDRICH:  No, sir.
3           THE COURT:  Well, counsel, regardless of who you
4    represented, I am -- I am impressed with your professionalism.
5    I am impressed with your knowledge, and I am impressed with
6    your advocacy on behalf of your respective clients.  It was
7    truly a pleasure and honor to have you all appear in this
8    court.
9        Thank you very much.
10          THE COURTROOM DEPUTY:  All rise.  This court stands
11   in recess.
12       (Court concluded at 1:29 p.m.)

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*

```
 1                    CERTIFICATE OF REPORTER

 2

 3            I, Mary A. Schweinhagen, Federal Official Realtime

 4   Court Reporter, in and for the United States District Court

 5   for the Southern District of Ohio, do hereby certify that

 6   pursuant to Section 753, Title 28, United States Code that the

 7   foregoing is a true and correct transcript of the

 8   stenographically reported proceedings held in the

 9   above-entitled matter and that the transcript page format is

10   in conformance with the regulations of the Judicial Conference

11   of the United States.

12

13   s/Mary A. Schweinhagen

14   _____   21st of December, 2023

15   MARY A. SCHWEINHAGEN, RDR, CRR
     FEDERAL OFFICIAL COURT REPORTER
16
```

*Mary A. Schweinhagen, RDR, CRR   (937) 512-1604*