UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROGER DEAN GILLISPIE, : | |
| : | |
| Plaintiff, : | Case No. 3:13-cv-416 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, : | |
| : | |
| Defendants, : | |
| : | |
| : | |
| : | |

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE JUDGMENT (DOC. NO. 539) AND GRANTING MOTION FOR STAY OF EXECUTION/RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE JUDGMENT (DOC. NO. 554)**

This case is currently before the Court on two connected motions. First, Plaintiff Roger Dean Gillispie ("Gillispie") has filed Plaintiff's Motion to Enforce Judgment (the "Motion to Enforce") (Doc. No. 539). Now that the Court has issued a final appealable order requiring Intervenor Miami Township Board of Trustees (the "Township") to indemnify Defendant Matthew Scott Moore ("Moore") for the $45 million jury verdict returned in Gillispie's favor, Gillispie seeks to enforce the verdict against the Township. (Doc. No. 539 at PageID 18315-16.) In short, Gillispie contends that the Township should be required to pay him the $45 million verdict reached against Moore, plus interest. (*Id.* at PageID 18316.) However, as this case has since been appealed, Gillispie submits that, in lieu of enforcement, Moore or the Township must be required to post a full supersedeas bond, "inclusive of the verdict, pre-judgment interest, post-judgment interest, costs, and attorney's fees." (*Id.* at PageID 18320.)

1

Second, Moore has filed Motion for Stay of Execution/Response to Plaintiff's Motion to Enforce Judgment (the "Motion for Stay") (Doc. No. 554). While responding to the Motion to Enforce, Moore additionally moves the Court for a stay of execution regarding Gillispie's judgment against him. (Doc. No. 554 at PageID 20105.) Moore submits in his Motion for Stay that enforcement should be stayed pending appeal and that the Township has the duty to post any supersedeas bond ordered by the Court. In any event, Moore suggests that the Township itself serves as adequate security while the Parties' appeals are pending.

For the reasons discussed below, the Court **DENIES** the Motion to Enforce (Doc. No. 539) and **GRANTS** the Motion for Stay (Doc. No. 554).

I.  BACKGROUND

At this juncture, the Court assumes the Parties are quite familiar with the facts of this case and will not reiterate them here.[1] Instead, the Court will set forth the procedural posture of the Motion to Enforce and the Motion for Stay (collectively, "Motions").

On November 8, 2023, after much deliberation, the Court issued its Order Entering Judgment on Miami Township Board of Trustees' Intervenor Complaint for Declaratory Judgment and Relief (Doc. No. 529). There, the Court found that the Township must "indemnify Moore in the full amount of the verdict entered against him," and "that the Township owes a duty to defend Moore in connection with [Gillispie's] claims," pursuant to Ohio Rev. Code § 2744.07. (Doc. No. 529 at PageID 18294.) With this being the final appealable order in this matter, the Parties subsequently filed their respective appeals. (*See* Doc. Nos. 531, 532, 533.)

On December 21, 2023, Gillispie filed the Motion to Enforce (Doc. No. 539). Moore filed his response in opposition to the Motion to Enforce on January 10, 2024 (Doc. No. 554), and

---

[1] For a full factual background of this case, see Doc. No. 519 at PageID 18084-94.

the Township filed its response in opposition to the same on January 11, 2024 (Doc. No. 555). Gillispie then filed his reply in support of the Motion to Enforce on February 1, 2024 (Doc. No. 565). Hence, the Motion to Enforce is ripe for review and decision.

As previously stated, Moore submitted his Motion for Stay and his response in opposition to the Motion to Enforce as a single document. (Doc. No. 554 at PageID 20105.) As such, Moore filed his Motion for Stay on January 10, 2024 (Doc. No. 554). Pursuant to the Court's order, Gillispie and the Township filed their respective responses in opposition to the Motion for Stay on January 31, 2024 (Doc. Nos. 563; 564). Moore filed his reply in support of the Motion for Stay on February 20, 2024 (Doc. No. 567). Thus, the Motion for Stay is likewise ripe for review and decision.

II.     **ANALYSIS**

Briefly, Gillispie would have the $45 million dollar verdict in this case enforced against the Township. (Doc. No. 539 at PageID 18320.) However, the Township argues that Gillispie lacks standing to assert Moore's right to indemnification when seeking enforcement of the judgment rendered against Moore. (Doc. No. 555 at PageID 20111-12.)

Barring enforcement, Gillispie asks that the Court order Moore or the Township to post a full bond pending appeal. (Doc. No. 539 at PageID 18320.) Conversely, Moore contends that he is entitled to a stay as a matter of right. (Doc. No. 554 at PageID 20106-08.) Though, in the event that the Court finds Moore unentitled to a stay as a matter of right, Moore requests that the Court stay execution of the present judgment pending appeal without bond. (*Id.* at PageID 20105-06.)

The Court will address Gillispie's Motion to Enforce as to the Township and Moore's Motion for Stay accordingly.

3

1. **<u>Gillispie's Standing to Enforce as to the Township</u>[2]**

The Court must first determine whether Gillispie possesses standing to enforce any judgment against the Township. Although Gillispie received a $45 million verdict against Moore, Gillispie seeks to enforce that verdict solely against the Township. (*See* Doc. No. 539 at PageID 18315-16.) Gillispie reasons that the Court has ordered the Township to indemnify Moore for the amount of the jury verdict in this matter pursuant to Ohio Rev. Code § 2744.07 and therefore, the Township is obligated to pay the jury verdict upon enforcement. (*Id.*) On the other hand, the Township argues that Gillispie lacks "standing to assert or enforce Moore's indemnification rights under [Ohio Rev. Code] 2744.07." (*Id.* at PageID 20112.)

The Court previously determined that Gillispie does not have standing to enforce Moore's statutory right to indemnification under Ohio Rev. Code § 2744.07. (Doc. No. 518 at PageID 18072-74.) Section 2744.07 "provides that a political subdivision 'shall indemnify and hold harmless an *employee*.' Thus, the right to indemnification is personal to the employee." *Ayers v. Cleveland*, 2020-Ohio-1047, 156 N.E.3d 848, 853 (Ohio 2020) (emphasis in original). Indeed, the Ohio Supreme Court determined in *Ayers* "that R.C. 2744.07(A)(2) does not permit a judgment creditor to proceed directly against an indemnitor." *Id.*

Based on this principle, the Court presently finds—as it did previously—that Gillispie is without standing to enforce the jury verdict in this case against the Township. Plainly, Gillispie is a judgment creditor and the Township is merely Moore's indemnitor. At no point has the Township been found liable for Gillispie's underlying claims. Further, Moore's indemnification rights, as determined by the Court, are personal to Moore and they are Moore's rights alone to

---

[2] *See also* Doc. No. 518 at PageID 18072-74.

enforce. Therefore, the Court **DENIES** the Motion to Enforce to the extent that it seeks enforcement as to the Township.

2. **Stay of Execution**

As a practical matter, the next issue the Court must address is whether a stay of execution respecting Gillispie's $45 million verdict is warranted. Although Gillispie's Motion to Enforce initially seeks enforcement of the jury verdict, the majority of the Motion to Enforce argues for Moore or the Township to post a full bond pending appeal. (*See* Doc. No. 539 at PageID 18318-20.) Moore's Motion for Stay places the issue of a bond front and center, arguing for either a stay of execution as a matter of right or a stay pending appeal without otherwise requiring bond. (Doc. No. 554.)

Stays of enforcement actions as a matter of right are governed by Fed. R. Civ. P. 62. *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Pertinent here, "Rule [62(b)] entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Id.* (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)); *see also* Fed. R. Civ. P. 62(b).

Specifically, Rule 62(b) provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

To explain, imposing a bond requirement on an appealing party serves to both protect the status quo and provide adequate security to protect the non-appealing party's interest in his judgment. *Volunteer Energy Servs. Inc. v. Option Energy LLC*, No. 1:11-CV-554, 2014 WL 879458, at *1-2 (W.D. Mich. Mar. 5, 2014) (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.* 600 F.2d 1189, 1191 (5th Cir. 1979)). On one hand, posting bond will permit an

appealing party "'to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal.'" *Hamlin v. Charter Twp. Of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (quoting *Poplar Grove*, 600 F.2d at 1190). On the other hand, a bond requirement insulates a "non-appealing party 'from the risk of a later uncollectible judgment' and 'provides compensation for those injuries which can be said to be the natural and proximate result of the stay.'" *Hamlin*, 181 F.R.D. at 351 (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988); *Moore v. Townsend*, 577 F.2d 424, 427 (7th Cir. 1978)) (internal citations omitted). "Because of Rule [62(b)]'s dual protective role, a full supersedeas bond should almost always be required." *Hamlin*, 181 F.R.D. at 351 (internal citations omitted).

However, Rule 62(b)'s bond requirement has not been found to be inflexible. *Pucci v. Somers*, 834 F. Supp. 2d 690, 706-07 (E.D. Mich. 2011) (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Rule 62(b) "in no way necessarily implies that filing a bond is the only way to obtain a stay." *Arban*, 345 F.3d at 409 (internal citations and quotation marks omitted). Rather, courts have discretion to permit a stay secured by a reduced bond or no bond at all in extraordinary circumstances:

> where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and—the opposite case, one of increasing importance in an age of titanic damage judgments—where the requirement would put the defendant's other creditors in undue jeopardy.

*Olympia Equip.*, 786 F.2d at 796; *see also Arban*, 345 F.3d at 409; *see also Hamlin*, 181 F.R.D. at 353; *see also Pucci*, 843 F. Supp. 2d at 706.

As previously stated, Gillispie requests that either Moore or the Township be required to post a full supersedeas bond, despite Moore's request for a stay pending appeal without bond. (Doc. No. 539 at PageID 18318-20.) The Court considers Moore's and the Township's right to a stay in turn.

6

### i. **Moore's Right to a Stay Pending Appeal**

In his Motion for Stay, Moore asserts his entitlement to a stay pending appeal on two grounds. (*See* Doc. No. 554.) To start, Moore contends that he is entitled to a stay of enforcement as a matter of right pursuant to Fed. R. Civ. P. 62(f). Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). To this end, Moore argues that, under Ohio law, the jury verdict against him here constitutes a lien against his property. (Doc. No. 554 at PageID 20106.) Under his theory, Moore would be entitled to a stay pending appeal as a matter of right pursuant to state law. (*Id.* at PageID 20107.)

The Court finds Moore's position regarding Fed. R. Civ. P. 62(f) to be without merit. In Ohio, a money judgment "shall be a lien upon lands and tenements of each judgment debtor within any county. . . from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of judgment. . .." Ohio Rev. Code § 2329.02. Importantly, a money judgment rendered in Ohio "does not independently constitute a lien." *Kennedy v. Cty. Of Zanesville, OH*, No. 2:03-cv-1047, 2008 U.S. Dist. LEXIS 67230, at *1, 2008 WL 3993894, at *1 (S.D. Ohio Aug. 20, 2008). Rather, a judgment creditor must file a "facially compliant certificate of judgment in a specific county" to acquire a judgment lien in Ohio. *In re Purdy*, 591 B.R. 307, 310 (Bankr. N.D. Ohio 2018). Presently, Gillispie has not filed a certificate of judgment to create a judgment lien on Moore's property, nor does Gillispie desire to do so. (Doc. No. 564 at PageID 20884.) Without this, the jury verdict against Moore here does not constitute a lien. Therefore, Moore is not entitled to a stay as a matter of right under Rule 62(f).

Notwithstanding, Moore may still prevail in his request for a stay pending appeal without bond. Moore argues that the Court should grant a stay pending appeal pursuant to Fed. R. Civ. P. 62(b) and utilize its discretion to set aside the typical bond requirement. (Doc. No. 554 at PageID 20105.) Moore submits that the Township is bound to indemnify Moore and must be post adequate security pending appeal if required by the Court. (*Id.*) However, Moore seems to suggest that the Township itself is adequate security in this case because the township is a political subdivision with taxing authority. (*Id.* at PageID 20105-06.)

In response, Gillispie argues broadly against disposing of the typical bond requirement here. (Doc. No. 564 at PageID 20879-83.) Essentially, Gillispie posits that neither Moore nor the Township have established extraordinary circumstances to allow the Court to forego bond pending appeal. (*Id.*)

The Court finds that the circumstances of this case warrant a stay of enforcement proceedings as to Moore without bond. Despite Gillispie's argument that Moore has failed to establish extraordinary circumstances, Gillispie clearly indicates that Moore has insubstantial resources. (*Id.* at PageID 20882.) Moore confirms as much in his reply briefing, stating that he does not have the funds to post a full bond. (Doc. No. 567 at PageID 20918.) Moore does not abandon his assertion that the Township is obligated to post adequate security and the Court will address Moore's argument on this issue below. For purposes of determining whether Moore is entitled to a stay, the Court notes that Moore's inability to post a full bond is apparent to both Gillispie and Moore himself. As it is also apparent to the Court, the Court finds that requiring Moore to post a full bond here would not only unduly burden Moore's right to an appeal, but it would impede the interests of Moore's other creditors. As such, the Court will grant Moore a stay of execution without bond pending appeal.

## ii. The Township's Right to a Stay Pending Appeal

Regardless, the Court otherwise finds that the Township itself constitutes adequate security for a stay pending appeal. As discussed above, Gillispie lacks standing to enforce Moore's indemnification rights. However, Moore may assert his right to be indemnified by the Township for purposes of posting a supersedeas bond and Moore does so in his Motion for Stay. (Doc. No. 554 at PageID 20105-06.) In this regard, Moore's Motion for Stay is effectively a motion to enforce the Court's declaratory judgment finding that the Township must defend and indemnify Moore pursuant to Ohio Rev. Code. § 2744.07. (*See* Doc. No. 529.) Fundamentally, Moore argues that the Township is adequate security for Gillispie's judgment pending appeal because the Township is a sovereign entity with taxing authority. (Doc. No. 554 at PageID 20105-06.) The Township continues to contest its duty to indemnify Moore and maintains that it need not post a supersedeas bond in this matter. (Doc. No. 563 at PageID 20872.)

For the instant analysis, the Court assumes that Moore may enforce his indemnification rights against the Township for purposes of posting a supersedeas bond or other security. While the Township does not set forth an ability or inability to post bond, the Court can make its determination here based on publicly available records. For the 2024 fiscal year, the Township has estimated gross revenues of $23,506,884 and estimated expenses in the amount of $22,219,757. (*See* MIAMI TOWNSHIP, BUDGET, https://www.miamitownship.com/293/Budget (last visited February 21, 2024).) On net, the Township is projected to end the fiscal year with $1,287,127.[3]

---

[3] The Township cannot dedicate its entire operating budget to paying a bond in this case and remain compliant with state law. Pursuant to Ohio Rev. Code § 2744.06, judgments against a political subdivision or one of its employees "shall be paid from funds of the political subdivision[] that have been appropriated for that purpose." Ohio Rev. Code § 2744.06(A).

9

Even if the Township were to indiscriminately use its operating budget to post a supersedeas bond, doing so would cause the Township substantial economic harm.  To be sure, requiring the Township to post a full bond here would almost certainly threaten the interests of the Township's creditors.  For perspective, the Township's list of creditors is not simply made up of financial institutions.  The Township's citizens are its creditors.  Citizens pay property taxes to the Township and in return the Township provides the citizens with municipal services.  If the Township cannot afford to render those services because this Court forced it to pay a bond, then the Township would plainly be in default to its citizenry.

In addition, as Moore suggests, the Township is a sovereign entity with taxing authority.  If ultimately required by the Sixth Circuit to indemnify Moore for the $45 million verdict in Gillispie's favor, the Township can budget accordingly.  But the Township is a constant.  It cannot up and move to avoid the Court's jurisdiction in the interim.

Thus, the Court finds that extraordinary circumstances preclude imposing a supersedeas bond requirement on the Township and, in any event, the Township itself constitutes adequate security for Gillispie's judgment pending appeal.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Enforce Judgment (Doc. No. 539) and **GRANTS** the Motion for Stay of Execution/Response to Plaintiff's Motion to Enforce Judgment (Doc. No. 554).  In accordance with this order, all proceedings to enforce the Court's judgment are **STAYED WITHOUT BOND** pending a final disposition of this case on appeal.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 1, 2024.

                   s/Thomas M. Rose

               _____
                 THOMAS M. ROSE
             UNITED STATES DISTRICT JUDGE

11