UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROGER DEAN GILLISPIE, | : | |
| Plaintiff, | : | Case No. 3:13-cv-416 |
| v. | : | Judge Thomas M. Rose |
| THE CITY OF MIAMI TOWNSHIP, *et al.*, | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING MOTION TO RECONSIDER AND REQUEST FOR HEARING (DOC. NO. 569)**

Presently before the Court is Motion to Reconsider and Request for Hearing (the "Motion") (Doc. No. 569), submitted by Plaintiff Roger Dean Gillispie ("Gillispie") on March 14, 2024. Defendant Matthew Scott Moore ("Moore") and Intervenor Miami Township Board of Trustees (the "Township") filed their responses in opposition to Gillispie's Motion on April 4, 2024 (Doc. Nos. 570; 571). Gillispie filed his reply in support of the Motion with the Court's leave on April 25, 2024 (Doc. No. 573). The Court has considered all of the briefing on this matter and the Motion is now ripe for decision.

The facts of this case are well documented and the Court assumes the Parties' familiarity with them for the purposes of the instant Motion. At present, Gillispie seeks reconsideration with respect to the Court's "Entry and Order Denying Plaintiff's Motion to Enforce Judgment (Doc. No. 539) and Granting Motion for Stay of Execution/Response to Plaintiff's Motion to Enforce Judgment (Doc. No. 554)" (Doc. No. 568). There, the Court stayed Gillispie's judgment against

1

Moore without bond, pending appeal, based on extraordinary circumstances. (Doc. No. 568 at PageID 20931.) Briefly, the Court found that Gillispie lacks standing to enforce Moore's right to indemnification by the Township and, in any event, neither Moore nor the Township have sufficient available funds to satisfy Gillispie's judgment or otherwise post a full supersedeas bond, pending appeal. (*Id.* at PageID 20925-26, 20928-31.)

Gillispie posits that the Court erred in granting a stay without bond, pending appeal. (Doc. No. 569 at PageID 20934.) Specifically, Gillispie avers that the Court ignored his previous arguments regarding the Township's liability insurance. (*Id.*) To this end, Gillispie would have the Court make two rulings. First, Gillispie essentially asks the Court to order the Township to seek indemnification from its insurer, First Mercury Syndicate, Inc. ("First Mercury") for the cost of a full supersedeas bond. (*Id.*) He further submits that ordering the Township's insurer to post a supersedeas bond is in the best interest of all the Parties involved. (Doc. No. 573 at PageID 20959.) Second, Gillispie expressly asks the Court to compel First Mercury's attendance at a hearing on this matter. (Doc. No. 569 at PageID 20934.)

In seeking reconsideration, Gillispie makes no reference to any federal rule of civil procedure, statute, case law, or otherwise. The Court must infer from the tenor of Gillispie's Motion that he seeks reconsideration pursuant to Fed. R. Civ. P. 59(e). There are only three grounds for reconsideration pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and, (3) to correct a clear error of law or to prevent manifest injustice." *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Gillispie's contention that the Court ignored his previous argument suggests an error of law or manifest injustice.

2

Assuming *arguendo* that Gillispie has adequately alleged an error of law or manifest injustice, his argument fails, nonetheless. The Court has already held—on at least two occasions now—that Gillispie does not have standing to take enforcement action against the Township directly, per *Ayers v. Cleveland*, 2020-Ohio-1047, 156 N.E.3d 848, 853 (Ohio 2020). (Doc. Nos. 518 at PageID 18072-18079; 568 at PageID 20925.) The Township is presumably the party insured by First Mercury, and Gillispie lacks standing to seek relief directly from the Township here. The Court will not belabor this point yet again.

Even if Gillispie did have standing to seek relief from the Township, he still lacks the ability to invoke third party standing with respect to First Mercury. Generally, a party will only have standing to "assert [his] own rights, not the claims of third parties." *Util. Serv. Partners, Inc. v. Pub. Util Comm.*, 2009-Ohio-6747, 921 N.E.2d 1038, 1048 (Ohio 2009) (quoting *N. Canton v. Canton*, 2007-Ohio-4005, 871 N.E.2d 586, at ¶ 14 (Ohio 2007)) (internal quotation marks omitted). However, Ohio law recognizes third party standing "when a claimant (i) suffers its own injury in fact, (ii) possesses a sufficiently close relationship with the person who possesses the right, and (iii) shows some hindrance that stands in the way of the claimant seeking relief." *Id.* (quoting *E. Liverpool v. Columbiana Cty. Budget Comm.*, 2007-Ohio-3759, 870 N.E.2d 705, at ¶ 22 (Ohio 2007)) (internal quotation marks omitted).

Here, Gillispie cannot satisfy the second or third prongs of this test. Apart from this litigation, nothing binds Gillispie and the Township together to create a sufficiently close relationship for Gillispie to assert the Township's alleged insurance rights. *See Link v. Wayne Insurance Grp.*, 2018-Ohio-3529, at ¶ 16 (Ohio Ct. App. Sep. 4, 2018) (finding no "close relationship" where plaintiff was assignee of insured's right to sue). Additionally, the Township faces no hinderance in asserting its own rights against First Mercury. Indeed, there is a separate

action between the Township and First Mercury on this very issue.[1]  Ultimately, Gillispie is simply without standing to seek bond from First Mercury.

Given the Court's findings, a hearing will not be held.  Moreover, the Court will certainly not compel the attendance of First Mercury—a non-party and litigant in a related case—at any such hearing.

Accordingly, for the reasons stated above, the Court **DENIES** Motion to Reconsider and Request for Hearing (Doc. No. 569) in all respects.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 30, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] *See* CM/ECF Docket No. 3:22-cv-258-TMR-PBS *First Mercury Syndicate, Inc. v. The City of Miami Township, et al.*