IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROGER DEAN GILLISPIE, | Case No. 3:13-cv-416 |
| Plaintiff, | Judge Thomas M. Rose |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO FILE FEE PETITION** |
| MIAMI TOWNSHIP, ET AL., | |
| Defendants. | |

**Introduction**

Plaintiff's motion to extend the time for filing a fee petition should be granted. Good cause exists to grant that request as the parties have stipulated to moving the deadline until after the Defendants challenges to the verdict and judgment requiring the Township to indemnify Moore have been exhausted. In addition, Moore does not oppose this relief. That should end the matter altogether.

The Township's position—an attempted "gotcha" that contradicts its prior position—should be rejected. Likewise, the Township's efforts to inject into this simple request a litany of irrelevant issues that will be set forth in separate filings must be ignored.[1] Good cause exists here. Fairness requires that Gillispie's counsel now be permitted to file a fee petition for prevailing in litigation that has taken more than a decade.

---

[1] The Township's claim that Plaintiff's motion is not just a "simple request for extension of time," Dkt. 588 at 2, is mistaken. The present motion is just about the timing for filing a 1988 fee petition. The Township' arguments about what Gillispie is entitled to seek for 1988 fees as part of the Judgment against Moore; its arguments about *Ayers v. Cleveland*, 2020-Ohio-1047 (2020), and its arguments about whether Gillispie can seek a writ of execution against just Moore, the Township, or both, are not addressed herein because they are irrelevant. These arguments are attempts to have the court decide the *merits* of the fee petition on a *procedural* motion. The only question before the court is whether Gillispie should be granted additional time to file. Whether the Township is ultimately liable for fees is a question for the fee petition itself, not for this motion.  The Township has put the cart before the horse.

1

Respectfully, the motion should be granted.

## Discussion

### I. Moore Does Not Oppose This Moton

Moore has elected not to object to or oppose this motion. Gillispie's verdict is against Moore, and Moore's judgment against the Township is what triggers its obligation to pay for any fees rendered as part of Gillispie's judgment against Moore (which includes efforts at collection).

That should resolve the matter altogether, on the Township's theory. That is, on the Township's theory, because, the party against whom the fee petition is raised does not contest the relief sought here, then there is no reason for this Court to find this motion properly opposed at all.[2]

### II. The Township Should Be Estopped From Objecting, Given It's Position That Filing a Fee Petition During the Pendency of Its Efforts To Seek Supreme Court Review Would Be Premature

Overall, Gillispie is the prevailing party in this matter, having secured a jury verdict against Defendant Moore while, in the same trial, arguing to the jury that Moore's actions were within the scope of his employment and not in bad faith as a matter of Ohio law. Dkt. 475 at PAGEID#15564-65. Being a prevailing party under 42 U.S.C. § 1983 means that Plaintiff's counsel can seek attorney's fees under 42 U.S.C. § 1988.

All parties understand this. And, understanding the post-trial and appellate process, the parties have recognized that 1988 litigation makes sense only after the judgment is secure and the appeals have been exhausted. To that end, the parties have repeatedly recognized that it

---

[2] The Township notes that an argument could be made it lacks standing to object here. Dkt. 588 at 4 n.1. There is an irony—if not hypocrisy—in the Township arguing Gillispie lacks standing to enforce a valid judgment courts have found the Township must pay while arguing that it has standing to challenge relief that, on its on theory, applies to Moore alone. Gillispie will be consistent: it of course makes sense that the Township has an interest in whether it must pay 1988 fees because it is the Township, not Moore, who will pay that amount and that is why, on the flipside, Gillispie will seek to execute his judgment against both Moore and the Township.

makes sense to defer litigation about the fee petition until Moore and the Township exhausted their post-trial motions and appeals. Dkt. 537, Dkt. December 19, 2023, Notation Order (Granting Dkt 537); Dkt. 520; Dkt. 521. This Court's exercise of its authority to extend these deadlines—and to grant the requests to so so—should apply here.

The Sixth Circuit Court of Appeals affirmed entry of judgement in favor of Gillispie and against Moore for the constitutional claims; and it affirmed entry of judgment in favor of Moore and against Miami Township as it relates to its obligation to indemnify Moore for the Gillispie judgment. *Gillispie v. Miami Twp., Ohio*, No. 23-3999, 2025 WL 1276900 (6th Cir. May 2, 2025). The United States Supreme court subsequently denied certiorari. cert. *Miami Twp. Bd. of Trs. v. Gillispie*, No. 25-607, 2026 WL 189828 (U.S. Jan. 26, 2026)

The Township's opposition rests on an extraordinary contradiction that this Court should not reward. In August 2025, when the 45-day filing window under S.D. Ohio Civil Rule. 54.2 was undisputedly open, the Township's position to Gillispie was that recommencing fee-petition litigation was "premature" because the Township intended to seek Supreme Court review. Dkt. 588-2 at 2.

The Township now argues that Gillispie should have filed his fee petition during the very period the Township was telling him not to. That is hubris, and the Township cannot have it both ways.

While counsel for Gillispie acknowledges that he initially disagreed with the Township's characterization in an August 18, 2025 email, counsel ultimately accepted the Township's position — not out of confusion about the deadline, but as a deliberate, good-faith litigation decision to avoid the waste and inefficiency of

3

simultaneous fee-petition proceedings in the district court while the Township was asking the Supreme Court to vacate the underlying judgment.

That decision was entirely consistent with the pattern the parties had followed throughout this case: deferring fee litigation until liability questions were fully resolved. See Dkt. 537; Dkt. 520; Dkt. 521; December 19, 2023 Notation Order. If Gillispie had filed a fee petition in August 2025, the Township would have opposed it as premature, as it expressly said it would. The Township should not now be heard to argue that the very course of action it advocated should operate to extinguish Gillispie's right to fees altogether.

### III.  Good Cause Exists To Extend the Deadline For Filing a Fee Petition

The history here—including multiple agreed filings, Moore's lack of opposition, and Plaintiff conceding to the Township's position—are sufficient to demonstrate good cause.

Moreover, Plaintiff has been diligent with addressing these issues. The prior filings in 2023 show Plaintiff's diligence. And, Plaintiff's actions in 2025 demonstrate the same.[3]

Here is the correspondence: after the Sixth Circuit's mandate issued, on August 12, 2025 and August 15, 2025, Plaintiff's counsel sent a letter to opposing counsel about, among other things, setting a schedule for counsel's fee petition. Dkt. 588-2 at 3, 5. Counsel for Moore did not ever respond. Counsel for the Township wrote:

> the Township intends to pursue an appeal to the US Supreme Court. Consequently, many of the inquiries you raised in your letter, including a prompt recommencing of the district court fee litigation, are premature.

---

[3] The Township's response includes (surprising and meritless) language accusing Plaintiff's counsel of making "misrepresentations." Dkt. 588 at 2, 4. Plaintiff does not understand what could possibly be misrepresented or why the Township has turned to such inflammatory—and baseless—rhetoric. To set the record state, Plaintiff includes further elaboration about what occurred here.

Dkt. 588-2 at 2.

Plaintiff does not dispute (or seek to ignore) the fact that his counsel did initially respond that Plaintiff disagreed with the Township's assessment, as the Township points out. Dkt. 588-2. But, on this issue, the Township prevailed. As mentioned above, and stated under penalty of perjury as if under oath and beyond the obligations imposed by Rule 11, the undersigned acceded to the Township's position that the fee petition should await the U.S. Supreme Court's determination rather than litigating a potentially "premature" dispute. In addition, the rationale articulated in the history of this case after trial in prior agreed filings was generally that it makes sense to have the liability-based litigation be "complete" before engaging in potential litigation about 1988 fees. *E.g.*, Dkt. 520, Dkt. 537. That being the case, undersigned counsel understood that there was a chance—though it did not come to fruition—that the Supreme Court would call for a response to the Township's petition even after Gillispie (and Moore) waived their opposition. Of course, if the U.S. Supreme Court granted certiorari, additional litigation (and fees accrued) would ensue. In the end, Plaintiff's counsel simply agreed to relent to the Township's position rather than trying to litigate issues with this Court. Accepting the Township's position must be "good cause," as the Township cannot argue that its own suggestion was dilatory or prejudicial. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (good cause involves inquiry into diligence of moving party and prejudice to non-moving party).

In addition, the timing and substance of counsel's subsequent correspondence confirm the understanding expressed in the paragraph above. After its own extension of time for filing a petition, the Township filed a petition for certiorari on November 20, 2025. Supreme Court Docket for 25-607, Exhibit 1 at 1. Moore filed a waiver of response and Gillispie simply did not

5

respond. *Id.* The petition was distributed for conference for January 23, 2026, and then denied on January 26, 2026.

The Township technically still had the right to seek further relief at the Supreme Court by filing a petition for rehearing within 25 days of the denial of certiorari. *See* SUPREME COURT R. 44.2 The next week, on February 3, 2026, and reflecting the Township's potential right to seek rehearing, Plaintif's counsel wrote to the Township that Plaintiff understood "for all intents and purposes, things are finished at the Supreme Court." Exhibit 2 (Correspondence). A litany of emails ensued in early February 2026. Given the Township's assertions, Plaintiff attaches all of them here. *Id*. The substantive issues aside (which are irrelevant here), these emails demonstrate Plaintiff has been diligent in trying to tee-up the timing of the filing of the 1988 fee petition with opposing counsel.

To wit: On February 13, 2026, Plaintiff filed a motion requesting a status conference to address, among other things, a schedule for Plaintiff to file his fee petition. Dkt. 583. On February 18, 2026, the Township filed its opposition. Dkt. 584. The very next day, February 19, 2026, Plaintiff filed his reply. Dkt. 585. On March 2, 2026, Judge Rose denied Plaintiff's motion for a status conference and directed that if Plaintiff intended to seek an extension of time for filing a fee petition, to file a motion requesting that relief. Dkt. 586. Even then, Plaintiff sought to confer with opposing counsel, hoping to proceed by way of agreement—as the parties had done repeatedly before—as it relates to the timing of the fee-petition. To that end, on March 4, 2026, Plaintiff outlined two potential options for proceeding on the response. Dkt. 588-1. Plaintiff filed the instant motion making the request for an extension of time just a few days later, on March 8, 2026. Dkt. 587.

The record here shows: (1) the Parties repeatedly stipulated to conduct the fee-petition litigation after Moore and the Township's post-verdict challenges were exhausted; (2) when the Sixth Circuit litigation was complete the Township indicated it was going to proceed to the United States Supreme Court and, thus, believed that the fee petition was premature; (3) Plaintiff relented in accepting the Township's position; (4) promptly after the Supreme Court ruled, Plaintiff's counsel pursued the issue of scheduling the timing of the fee petition.

Moreover, as shown by this very motion, Plaintiff's reply in support of the motion for status conference, and other conduct in 2026, Plaintiff acted promptly upon learning that the Township was now claiming that the fee petition should have been filed in August, despite in August saying a fee petition would be "premature." *See* Dkt. 585 at PAGEID#21078-39.

Accordingly, because "good cause" is an equitable doctrine that focuses on the diligence of the parties, because Plaintiff has been diligent (for years), because the parties have repeatedly stipulated to continuing the deadlines for filing a fee-petition until after the post-trial litigation was complete, because Moore does not oppose this motion, and because the Township should not be permitted to contradict its position (which Plaintiff ultimately relented to) that fees litigation should follow its efforts to secure Supreme Court review, good cause exists here. *See, e.g., Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (good cause focuses on the diligence of the parties); *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007) (touchtone of whether deadline should be extended is diligence).[4]

---

[4] At minimum, and in the alternative, Counsel's failure to file a fee petition in August 2025 (after the Township indicated it was seeking Supreme Court review and that a fee petition would be "premature), was the result of excusable neglect. This too is an equitable doctrine that should preclude the Township's position here. Beyond that, courts weigh five factors in determining excusable neglect: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S.

7

**Conclusion**

Plaintiff respectfully requests that his motion to extend the time to file a fee petition be GRANTED, and that the time for filing a petition be within 45 days of a final judgment on Plaintiff's efforts to execute the judgment against Miami Township. In the alternative, in light of the issues raised by the Township in its response, Plaintiff asks that this Court set the deadline for filing a fee petition to be within 45 days of its order on this motion. Either way, the motion should be granted.

Dated: April 3, 2026                                 Respectfully submitted,

                                                     /s/ David B. Owens
                                                     Mike Kanovitz
                                                     David B. Owens
                                                     LOEVY & LOEVY
                                                     311 N. Aberdeen St., 3rd Floor
                                                     Chicago, IL 60607
                                                     (312) 243-5900
                                                     david@loevy.com

---

380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). Here, all of these factors weigh in Plaintiff's favor. First, there is no danger of prejudice to Defendnats—Moore has not responded and the Township has not argued prejudice. Second, the length of the delay was short in relative terms for how long the case was pending on appeal (several years) and its impact on judicial proceedings was to *defer* to the Township's invocation of additional judicial proceedings at the U.S. Supreme Court rather than having parallel litigation in two for a. Third, the reason for the delay was Plaintiff relenting to the Township's position that the fee petition was "premature" in August 2025. Fourth, the delay was subject to dispute between the parties. Had Plaintiff filed a fee petition in August the Township presumably would have opposed the request, saying it was premature and so it would have been a question for the Court to decide then. Fifth, Plaintiff has acted in good faith. The record of emails and correspondence demonstrates as much. Gillispie's victory against Moore at trial in November 2022 was hard fought for nearly a decade and then for years since then.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ David B. Owens
*Attorney for Plaintiff*