
**LOEVY + LOEVY**                                          David B. Owens <david@loevy.com>

## Gillispie v. Miami Township - Correspondence

**David B. Owens** <david@loevy.com>                        Tue, Feb 3, 2026 at 9:16 AM
To: "Cox, Jeffrey T." <JCox@ficlaw.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

Hi Jeff:

I understand that we're waiting for the mandate but, for all intents and purposes, things are finished at the Supreme
Court.

That being the case, we wanted to return to the issues addressed in our correspondence.

First, we're still happy to discuss a stipulation regarding our fees. If we have to litigate the fees that results in more fees
being accrued on our end, payment to outside counsel, and potentially additional costs if we retain experts on this issue.

Second, do let us know whether we need to file another moton to enforce the judgment or, instead, when we can expect
payment.

If you'd like to discuss any of this please let us know.

Thanks,

On Mon, Aug 18, 2025 at 11:15 AM Cox, Jeffrey T. <JCox@ficlaw.com> wrote:
[Quoted text hidden]


--
**David B. Owens** (He/Him/They)
**LOEVY + LOEVY**

Office: (312) 243-5900 / Cell: (312) 590-5449
SEATTLE
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110, Seattle, WA 98145-1110

LOS ANGELES
333 S Grand Ave Suite 3310
Los Angeles, CA 90071

CHICAGO
311 N. Aberdeen St. 3FL
Chicago, IL 60607
**www.loevy.com**

**LOEVY + LOEVY**                                    David B. Owens <david@loevy.com>

---

## Gillispie v. Miami Township - Correspondence

---

**Cox, Jeffrey T.** <JCox@ficlaw.com>                          Wed, Feb 4, 2026 at 6:44 AM
To: "David B. Owens" <david@loevy.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

Hi David –


As the District Court has made plain, the judgment your client holds is
against Mr. Moore, not directly against the Township.  I would reiterate
what we have stated in several court filings, that the Township does not
possess the financial capacity to fund the indemnification order.

[Quoted text hidden]
[Quoted text hidden]

 **LOEVY + LOEVY**                                   David B. Owens <david@loevy.com>

## Gillispie v. Miami Township - Correspondence

**David B. Owens** <david@loevy.com>                          Wed, Feb 4, 2026 at 9:08 AM
To: "Cox, Jeffrey T." <JCox@ficlaw.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

Hi Jeff:

This is a disappointing response.

First, you've failed to address the 1988 fees issue.

Second, the Township is required to pay Gillispie's judgment against Moore as an indemnitor, given Moore's final judgment against the Township as part of this suit. We've been willing to work with the Township on how to get that done, but see that this matter is not even part of the Township's current budget (and was not part of the budget for 2022, 2023, 2024, or 2025, when the Township could have been preparing for how it was going to pay this obligation). The Township cannot simply refuse to pay anything.

It seems obvious that it would behoove the Township to stop wasting time and money, including by incurring additional litigation costs in the millions, and approach this process with something more than resistance. The Township has lost that battle and it's time to pay.

As a reminder, by forcing us to litigate further, the Township not only incurs additional fees under Section 1988, but interest on the judgment continues to rack up. If the Township's interest is in its taxpayers, then it seems that avoiding ongoing and increasing costs would be a high priority.


Please let us know if the Township is willing to engage with us about these issues by Monday, February 9, 2026.

If we do not have such engagement, we'll proceed to Judge Rose without further delay.

[Quoted text hidden]

Case: 3:13-cv-00416-ALM Doc #: 599-2 Filed: 04/08/26 Page: 4 of 8 PAGEID #: 21129

**LOEVY + LOEVY**                                   David B. Owens <david@loevy.com>

---

## Gillispie v. Miami Township - Correspondence

---

**Cox, Jeffrey T.** <JCox@ficlaw.com>                     Mon, Feb 9, 2026 at 3:19 PM
To: "David B. Owens" <david@loevy.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

David –

My apologies for the delayed reply.  The Township is, of course, interested
in concluding this matter, but I must here reiterate the realities identified in
my February 4 email to you.

Jeff

[Quoted text hidden]

**LOEVY + LOEVY**

 **LOEVY + LOEVY**                                                    David B. Owens <david@loevy.com>

## Gillispie v. Miami Township - Correspondence

**David B. Owens** <david@loevy.com>                                      Mon, Feb 9, 2026 at 3:24 PM
To: "Cox, Jeffrey T." <JCox@ficlaw.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

Hi Jeff:

I don't really understand what you're saying here.

We intend to file something with Judge Rose this week. Even if we may disagree, I want to make sure I correctly understand (and describe) the Township's position and see if we can at least agree on a process for resolving our differences.

Do you have time for a call tomorrow afternoon?

[Quoted text hidden]

Case: 3:13-cv-00416-ALM Doc #: 590-2 Filed: 04/03/26 Page: 6 of 8 PAGEID #: 21131

**LOEVY + LOEVY**                                    David B. Owens <david@loevy.com>

## Gillispie v. Miami Township - Correspondence

**Cox, Jeffrey T.** <JCox@ficlaw.com>                     Tue, Feb 10, 2026 at 9:14 AM
To: "David B. Owens" <david@loevy.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

David –

I am in trial witness prep this week in another matter, but wanted to respond to your last message.

The District Court's March 1, 2024 ruling states, in part, (a) that as a judgment creditor of Moore "Gillispie is without standing to enforce the jury verdict in this case against the Township", and (b) quoting the Ohio Supreme Court's opinion in *Ayers*, "R.C. 2744.07(A)(2) does not permit a judgment creditor to proceed directly against an indemnitor".  The Township's position aligns with this ruling, that Mr. Gillispie cannot proceed directly against the Township.

Further, as previously indicated in court filings, at the Sixth Circuit mediation, and in my prior correspondence, the Township does not have the financial capacity to fund the indemnification order.  That same constraint would apply to any attorneys' fees ultimately ordered against the Township; the Township cannot stipulate to your fees, and reserves its rights to contest any fee award.

As we each acknowledged during the Sixth Circuit proceedings, the gulf between the jury verdict amount and the fee demand on the one hand, and the Township's financial capacity on the other presents a significant barrier to case resolution.

Case: 3:13-cv-00416-ALM Doc #: 599-2 Filed: 04/03/26 Page: 7 of 8 PAGEID #: 21132

I understand your intention to pursue these issues in filings to the Court.

[Quoted text hidden]
[Quoted text hidden]



David B. Owens <david@loevy.com>

## Gillispie v. Miami Township - Correspondence

**David B. Owens** <david@loevy.com>                                             Tue, Feb 10, 2026 at 3:24 PM
To: "Cox, Jeffrey T." <JCox@ficlaw.com>
Cc: Bethan Gee <gee@loevy.com>, "Burton, Melinda K." <MBurton@ficlaw.com>, "Napier, Morgan K."
<mnapier@ficlaw.com>, "Wright, Brian D." <bwright@ficlaw.com>, Ross Kimbarovsky <ross@loevy.com>, Michael Kanovitz
<mike@loevy.com>, John McLandrich <jmclandrich@mrrlaw.com>, Frank Scialdone <fscialdone@mrrlaw.com>

Hi Jeff:

Thanks for the response.  I might be a little confused, or maybe am being unclear myself. I don't understand how or
why *Ayers* is relevant to anything. Moore invoked his own rights to indemnification (repeatedly) and that right has been
upheld. So, from our perspective, all the legal machinations are over and it's just time for the Township to pay-up.

But, at additional cost to the taxpayers, will see what Judge Rose has to say.

[Quoted text hidden]