IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROGER DEAN GILLISPIE, | Case No. 3:13-cv-416 |
| Plaintiff, | Judge Algenon L. Marbley |
| v. | |
| MIAMI TOWNSHIP, ET AL., | |
| Defendants. | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION
TO DEFENDANT MATTHEW SCOTT MOORE**

NOW COMES Plaintiff, Dean Gillispie, by and through his attorneys, Loevy & Loevy, pursuant to Federal Rules of Civil Procedure 69 and 34, and requests that Defendant produce within thirty days, the following documents and things:

**DEFINITIONS AND INSTRUCTIONS**

1. "Person" means any individual, corporation, partnership, organization, or other legal entity.

2. "Identify" with respect to a Person, shall mean to provide that Person's name, address, and telephone number; with respect to a Document, "Identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document; with respect to a Communication, "Identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

3. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

4. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

5. The terms "you" and "your" shall mean the person to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

6.    The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

7.    Documents that are stored electronically shall be produced in their native format.

8.    Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

9.    If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

10.   If any Documents responsive to these discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

11.   In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

12.   In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

## REQUESTS FOR PRODUCTION

1. Any and all documents relating to your financial and accounting records and statements for the last five years.

2. Any and all Documents relating to current bank, money, or other financial accounts, owned in whole or in part by you.

3. Any and all Documents relating to current bank, money, or other financial accounts, over which you have signing authority.

4. Any and all Documents relating to bank, money, or other financial accounts, including but not limited to bank statements and check ledgers in your name for the past five years. This request includes documents showing the name of the accounts, the location of the account, account numbers, the amount of money currently held in each account and monthly statements for each said account for the past five years.

5. Any and all Documents relating to all other sources of your income, including but not limited to:
   a. Persons who owe you money;
   b. Business entities in which you have or had an interest in over the past five years, such as corporations, partnerships, LLCs, etc.;
   c. Pensions, 401k or other retirement accounts owned by you;
   d. Annuities, whole life insurance policies, certificates of deposit, or any other investment accounts owned by you.

6. Any and all Documents related to tax levies received and receivable, for the past five years, and any and all information regarding where such money is currently being held.

7. Any and all Documents relating to any and all stocks, funds, bonds, securities, and/or other investments held, issued, gained, sold, or lost by you or associated with you in any way, for the past five years.

8. Any and all tax returns for the past five years.

9. Any and all Documents related to property currently owned in whole or in part by you, including but not limited to:
   a. Real property, such as a home, condo, or business property, including real property owned by a land trust in which you have a beneficial interest;
   b. Any personal property, such as stocks, bonds, retirement accounts, automobiles, boats, artwork, jewelry, furniture, and other collectables, such as stamps and/or coins.

10. Any and all Documents related to property owned in whole or in part by you for the past five years, including but not limited to:
   a. Real property, such as a home, condo, or business property, including real

property owned by a land trust in which you had a beneficial interest;
b.  Any personal property, such as stocks, bonds, retirement accounts, automobiles, boats, artwork, jewelry, furniture, and other collectables, such as stamps and/or coins.

11.     Any and all Documents relating to any transactions of property owned by you in whole or in part for the past five years, including but not limited to any property which you bought, sold, transferred, exchanged, leased, deeded, or otherwise acquired, or lost.

12.     Any and all Documents comprising monthly, quarterly, annual and/or all other accounting and financial statements, including but not limited to payroll and accounts receivable records, prepared by or on your behalf for the past five years.

13.     Any and all Documents relating to all businesses currently owned in whole or in part by you.

14.     Any and all Documents related to any rental invoices for all safe deposit boxes or storage facility rentals within the past year, including receipts or verification of content value

15.     Documents sufficient to identify all of your assets and liabilities, regardless of their present location.

Dated: June 22, 2026

Respectfully submitted,

/s/ David B. Owens
Mike Kanovitz
David B. Owens
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
david@loevy.com

## CERTIFICATE OF SERVICE

I, David Owens, an attorney, certify that on June 22, 2026, the foregoing **Plaintiff's Requests for Production Defendant Matthew Scott Moore** were provided to the U.S. District Court for the Southern District of Ohio for service by the U.S. Marshal's Office along with a writ of execution in the above-referenced matter.

/s/ David Owens